UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MAURA O'NEILL, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : |
| | : Civil Action File No.: |
| NYU LANGONE MEDICAL | : 1:22-cv-00011-JPB |
| CENTER, NEW YORK - | : |
| PRESBYTERIAN QUEENS, | : |
| LENOX HILL HOSPITAL, | : |
| GRADY HEALTH SYSTEM, | : |
| MOUNT SINAI BETH ISRAEL, | : |
| NORTHSIDE HOSPITAL | : |
| FORSYTH, COLLEGE PARK | : |
| POLICE DEPARTMENT, | : |
| | |
| Defendants. | |

## MEMORANDUM OF LAW IN SUPPORT OF NYU'S MOTION TO DISMISS AND MOTION FOR PREFILING SCREENING REQUIREMENT

COMES NOW, NYU Langone Hospitals ("NYU Langone"), improperly named as "NYU Langone Medical Center" and respectfully shows as follows:

### FACTS

In her Complaint, plaintiff alleges facts which she admits are "difficult to believe." Upon information and belief, this Court is familiar with the underlying factual allegations that form the basis of this lawsuit. For the purpose of judicial brevity and economy, the allegations will not be outlined here in great detail.

1

Briefly, Plaintiff alleges she was raped by Christopher M. Wilder, a former Deutsche Bank ("DB") co-employee, going all the way back to Plaintiff's employment at DB from 2004 - 2007 and allegedly, thereafter, continuing through 2017. Plaintiff alleges that numerous agencies, including police departments, entities, and professionals are all part of a vast conspiracy over the years to (1) thwart any investigation that would uncover Wilder's and DB's crimes; and (2) undermine, discredit, and silence Plaintiff. As it relates to medical institutions, Plaintiff alleges *inter alia* that the medical records were falsified and various hospitals in multiple states were not acting in good faith when she attempted to have her treatment records amended. This was allegedly done in an effort "to enable a serial rapist like Wilder to rape with impunity."

This Court recently addressed similar allegations made by Ms. O'Neill and noted the following:

> Plaintiff has filed at least seven separate actions that arise from the same series of events that are alleged in this action. In one action, Judge Rudolph E. Greco dismissed Plaintiff's claims and stated that "if this is not a complete abuse of the judicial process[,] this Court does not know what is."

*O'Neill v. Khuzami*, No. 1:20-CV-04632-JPB, 2022 WL 704696, at *6 (N.D. Ga. Mar. 9, 2022).

As to NYU Langone, Plaintiff alleges common law fraud and RICO violations (Doc. 1, Para. 150-163 and 178-195). These claims should be dismissed because: 1) there is no jurisdiction over NYU Langone, 2) Plaintiff's fraud claims fail the heightened pleading requirement, and 3) Plaintiff's RICO claims fail the heightened pleading requirement.

Further, NYU Langone requests that this Court impose a prefiling screening requirement that Ms. O'Neill must satisfy prior to filing a future lawsuit against NYU Langone related to these facts. Specifically, it is requested that Ms. O'Neill be required to seek leave of Court before filing such a lawsuit in the future.

## **LEGAL STANDARD – MOTION TO DISMISS**

This Court explained the legal standard for a motion to dismiss in the *Khuzami* case:

> In evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court "accept[s] the allegations in the complaint as true and constru[es] them in the light most favorable to the plaintiff." *Traylor v. P'ship Title Co.*, 491 F. App'x 988, 989 (11th Cir. 2012). Although detailed factual allegations are not necessarily

3

required, the pleading must contain more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Importantly, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (citation omitted). At bottom, the complaint must contain more than "an unadorned, the-defendant-unlawfully-harmed-me accusation," id., and must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Traylor*, 491 F. App'x at 990 (quoting *Iqbal*, 556 U.S. at 678).

Id. at 1.

## ARGUMENT & CITATION TO AUTHORITY

### A. THERE IS NO PERSONAL JURISDICTION OVER NYU LANGONE.

A three-step analysis is used when a party moves to dismiss for lack of personal jurisdiction. *Diulus v. American Express Travel Related Services Company, Inc.*, 823 Fed. Appx. 843, 848 (11th Cir. 2020). For the first step, the plaintiff bears the burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction. *Id.* (quoting *United Technologies Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009). "If the plaintiff doesn't meet this burden, the district

court doesn't go to the second and third steps of the burden-shifting process, and the motion should be granted." *Diulus*, at 849.

To determine whether a plaintiff has met the initial burden, jurisdiction must "(1) be appropriate under the state long-arm statute and (2) not violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution." *Id.* (quoting *Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc.*, 593 F.3d 1249, 1257-58 (11th Cir. 2010)).

1. **Georgia's Long-Arm Statute**

    Georgia's long-arm statute states:

    A court of this state may exercise personal jurisdiction over any nonresident…in the same manner as if he or she were a resident of this state, if in person or through an agent, he or she:

    (1) Transacts any business within this state;

    (2) Commits a tortious act or omission within this state, …;

    (3) Commits a tortious injury in this state caused by an act or omission outside this state if the tort-feasor regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state;

(4) Owns, uses, or possesses any real property situated within this state[.]

O.C.G.A. § 9-10-91(1) - (4).[1]

Plaintiff's Complaint fails to allege facts to support jurisdiction under any of the above statutory bases. Plaintiff does not allege that NYU Langone transacted business, committed a tortious act or injury, or owns or uses real property within Georgia.

Plaintiff identifies NYU Langone as "a healthcare organization located in New York" with an address in New York and "additional facilities throughout New York." (Doc. 1, p. 2).

Because the Plaintiff has not met the burden of "alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction," the Court should dismiss this case against NYU Langone.

## 2. Due Process

To satisfy due process, courts recognize two kinds of personal jurisdiction: general and specific. *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1024 (2021).

---

[1] The remaining two subsections relate to domestic proceedings, neither of which is applicable to this matter.

### a. General Jurisdiction

General jurisdiction may be exercised over NYU Langone only if it is "essentially at home" in Georgia, such as being incorporated in or having its principal place of business in the state. *Ford Motor Co.*, at 1024 (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)).

Plaintiff's Complaint does not allege that NYU Langone is incorporated in or maintains its principal place of business in Georgia. To the contrary, every reference to NYU Langone relates to actions that allegedly occurred in the state of New York.

### b. Specific Jurisdiction

Specific jurisdiction is "'confined to [the] adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction.'" *HD Supply Const. Supply, Ltd. v. Mowers*, No. 1:19-CV-02750-SDG, 2020 WL 5774786, at *6 (N.D. Ga. Sept. 28, 2020) (quoting *Bristol-Meyers Squibb Co. v. Super. Ct. of Cal., San Francisco Cnty.*, 137 S. Ct. 1773, 1780 (2017)).

To determine whether specific jurisdiction exists, courts examine the following three factors:

> (1) whether the plaintiff's claims "arise out of or relate to" at least one of the defendant's contacts with the forum;

(2) whether the nonresident defendant "purposefully availed" [itself] of the privilege of conducting activities within the forum state, thus invoking the benefit of the forum state's laws; and

(3) whether the exercise of personal jurisdiction comports with "traditional notions of fair play and substantial justice."

*Brantley v. Tiffin Motor Homes, Inc.*, Civil Action No. 1:21-cv-02228-JPB, 2022 WL 444474, *3 (N.D. Ga. Feb. 14, 2022) (quoting *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1355 (11th Cir. 2013); *see also Ford Motor Co.*, at 1024 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)).

The Complaint fails to allege that NYU Langone conducted **any** activity in or had **any** contact with the State of Georgia related to her claims. Plaintiff has failed to establish a prima facie case of personal jurisdiction, thus, NYU Langone should be dismissed.

### B. PLAINTIFF'S FRAUD CLAIMS FAIL THE HEIGHTENED PLEADING REQUIREMENT.

"In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." *Fed. R. Civ. P. 9(b)*. "This heightened pleading requirement serves an important purpose: to 'provide the defendants with sufficient notice of the acts which plaintiff complains to enable them to frame a response, prevent fishing expeditions to uncover imagined wrongs, and protect

defendants from unfounded accusations of immoral and otherwise wrongful conduct.'" *U-Tec Constr., Inc.*, *2 (quoting *U.S. ex rel. Clausen v. Lab'y Corp. of Am.*, 198 F.R.D. 560, 562 (N.D. Ga. 2000), aff'd 290 F.3d 1301 (11th Cir. 2002)).

"When a fraud claim is brought against multiple defendants, '[t]he plaintiff must allege facts with respect to each defendant's participation in the fraud.'" *U-Tec Constr., Inc. v. Phoenix Loss Control, Inc.*, Civil Action No. 1:21-CV-00265-JPB, 2022 WL 902727, *2 (N.D. Ga. Mar. 28, 2022) (quoting *Am. Dental*, at 1291).

To satisfy this heightened pleading standard, "a plaintiff must allege: '(1) the precise statements, documents, or misrepresentations made; (2) the time, place, and person responsible for the statement; (3) the content and manner in which these statements misled the [plaintiff]; and (4) what the defendants gained by the alleged fraud.'" *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1291 (11th Cir. 2010) (quoting *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1380-81 (11th Cir. 1997)).

Plaintiff fails this standard. Plaintiff's fraud allegations against NYU are found in the following paragraphs:

> 154. As shown through the medical records, Defendants ==NYU Langone,== Mount Sinai Beth Israel, LHH, and NYP Queens had ==no intention of providing medical care to O'Neill.==

> 157. In addition, ==fake information== from the fake accounts set-up in messaging apps in O'Neill's name without her knowledge or consent that O'Neill never used ==was added into her medical records== along with the Trump Has Malaria Defense by hospital personnel seeking to aid and abet Wilder despite the fact that 8 NYCRR § 29.2(a)(3) requires physicians to maintain accurate medical records, and under New York, a patient has an absolute right not to have her medical records fraudulently altered by a physician.
>
> 158. Further, ==things O'Neill actually said and did were not included in her medical records.== Instead, vague statements like O'Neill was "==paranoid==" were written in her medical records even though there was no basis for claiming O'Neill was paranoid based on what O'Neill actually said. Instead, the basis of how

Therefore, Plaintiff's fraud allegations are that: 1) NYU Langone had no intention of providing Plaintiff medical care, 2) "fake information" was added into Plaintiff's medical records (later statement that Plaintiff was "paranoid" is identified), and 3) "things O'Neill actually said and did" were omitted. (Doc. 1, p. 49-50). These allegations plainly fail to satisfy the four requirements of the heightened pleading standard. *Am. Dental Ass'n.*, 605 F.3d at 1291. Therefore, Plaintiff's fraud claims should be dismissed as against NYU Langone.

## C. PLAINTIFF'S RICO CLAIMS FAIL THE HEIGHTENED PLEADING REQUIREMENT.

To state a claim for RICO, Plaintiff must allege: (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity. *Durham v. Bus. Mgmt. Assocs.*, 847 F.2d 1505, 1511 (11th Cir. 1988) (quoting *Sedima S.P.R.L. Imrex Co.*, 473 U.S. 479, 496 (1985)). Plaintiff is held to the Rule 9(b) heightened pleading standard for her RICO claim, similar to the fraud claim. *Ambrosia Coal & Constr., Co. v. Pages Morales*, 482 F.3d 1309, 1316 (2007) ("Civil RICO claims, which are essentially a certain breed of fraud claims, must be pled with an increased level of specificity."). "To satisfy the Rule 9(b) standard, RICO complaints must allege: (1) the precise statements, documents, or misrepresentations made; (2) the time and place of and person responsible for the statement; (3) the content and manner in which the statements misled the Plaintiffs; and (4) what the Defendants gained by the alleged fraud." *Ambrosia Coal & Const. Co.*, at 1316–17.

Count Three of Plaintiff's Complaint alleges a civil RICO claim against all the named Defendants. Plaintiff's allegations are vague and disjointed. However, Plaintiff completely fails to meet any of the four heightened pleading requirements for its RICO claims against NYU Langone. Plaintiff fails to identify (1) precise statements, documents, or misrepresentations made, (2) the time and place of and person responsible for the statement, (3) the content and manner in which the

11

statements misled the Plaintiffs, and (4) what NYU Langone gained by the alleged fraud. Plaintiff's Civil RICO claims against NYU Langone should be dismissed.

### D. A PREFILING SCREENING REQUIREMENT IS JUSTIFIED.

A court can limit a plaintiff's ability to file *pro se* lawsuits if it does not "totally deprive [plaintiff] of meaningful access to the court and is reasonable under the circumstances." *Smith v. Adamson*, 226 Ga. App. 698, 700 (11th Cir. 1997) (upholding injunction that required future *pro se* suits to "(1) be accompanied by an affidavit from [plaintiff] that the suit is not frivolous, malicious, or vexatious, and is substantially justified; (2) be accompanied by an affidavit from the clerk of the court stating that the $5,000 sanction in this case has been paid in full; and (3) be approved by the judge assigned to hear the case, who will dismiss the suit sua sponte if it is found to lack substantial justification.").

"[F]ederal courts can protect their dockets from abuse by frequent filers so long as the measures taken are a reasonable response to the abuse and access to the courts is not entirely foreclosed." *Johnson v. 27th Ave. Caraf., Inc.*, 9 F.4th 1300 (11th Cir. 2021) (upholding injunction which required plaintiff to obtain written permission from the court for future ADA complaints); *Cofield v. Ala. Public Serv. Comm.*, 936 F.2d 512, 517-18 (11th Cir. 1991) (upholding injunction requiring plaintiff to send pleadings to judge for pre-filing approval); s*ee also O'Neal v.*

*Allstate Indem. Ins. Co.*, 2021 WL 4852222, *12 (11th Cir. Oct. 19, 2021) (upholding permanent injunction requiring plaintiff to seek leave before *pro se* filings).

Ms. O'Neill has filed at least eight lawsuits in Georgia and New York related to the same allegations of assault by Mr. Wilder. Over time Plaintiff has sued additional defendants alleging a larger and larger conspiracy theory. To this Defendant's knowledge, Plaintiff has offered no competent proof that a conspiracy exists. If this Court grants this motion to dismiss, NYU Langone respectfully requests that Ms. O'Neill be required to seek leave of Court prior to filing such a lawsuit against NYU Langone in the future.

This 21st day of April, 2022.

                        WATSON SPENCE LLP

                        */s/ Michael R. Boorman*
                        Michael R. Boorman
                        Georgia Bar No. 067798
                        999 Peachtree Street, N.E.
                        Suite 1130
                        Atlanta, Georgia, 30309
                        Telephone: (229) 436-1545
                        mboorman@watsonspence.com
                        **Attorney for Defendant NYU Langone Hospitals**

## **FONT CERTIFICATION**

Pursuant to Local Rule 7.1D, I hereby certify that this pleading was prepared using a font and point selection approved by the Court in Local Rule 5.1C.

                                                WATSON SPENCE LLP

                                              */s/ Michael R. Boorman*
                                              Michael R. Boorman
                                              Georgia Bar No. 067798

## **CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will automatically send email notification of such filing to the following participant:

Maura O'Neill
712 H Street, NE, #1707
Washington, DC 20002
moneill@rahillco.com

This 21st day of April, 2022.

*s/ Michael R. Boorman*
Michael R. Boorman
Georgia Bar No. 067798
