# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| Maura Ms. O'Neill, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:22-cv-0011(SEG) |
| | ) | |
| v. | ) | |
| | ) | |
| NYU Langone Medical Center | ) | |
| New York-Presbyterian Queens, | ) | |
| Lenox Hill Hospital, | ) | |
| Grady Health System, | ) | |
| Mount Sinai Beth Israel | ) | |
| Northside Hospital Forsyth | ) | |
| College Park Police Department | ) | |
| | ) | |
| Defendants. | ) | |

**Declaration in Support Motion to Dismiss**

Parks K. Stone, Esq. declares under penalty of perjury, and pursuant to 28 U.S.C. §1746, as follows:

1. I am an attorney with Wilson, Elser, Moskowitz, Edelman & Dicker LLP, attorneys for defendant NewYork-Presbyterian Hospital/Queens (NYPQ). Having reviewed the file maintained for the defense of this action, I am fully familiar with the facts stated herein.

2. This declaration is submitted in support of defendant NYP-Queens' motion for an order pursuant to Rules 12(b)(2), (b)(6) and (c) of the Federal Rules

1

of Civil Procedure dismissing the complaint as against it and for such other and further relief as the court deems just and necessary.

## Exhibit

3.  The following exhibit is annexed to this application:

Exhibit A       Declaration of Vanessa Murphy.

4.  In addition to this exhibit, Ms. O'Neill's complaint (PACER doc. #1) is incorporated here by reference.

## Summary of Argument

5.  It is pro se plaintiff Maura Ms. O'Neill's claim that over many months, she has been repeatedly raped by non-party, Christopher Wilder who is one of Ms. O'Neill's former co-workers. (Complaint at ¶ 10). Ms. O'Neill alleges that Mr. Wilder repeatedly stole her keys, used those keys to break into her apartment, drugged in her sleep her by injecting her under her nails and then assaulted her. (Complaint at ¶ 25).

6.  It is Ms. O'Neill's claim that she sought treatment with the defendant hospitals, including by requesting a "rape kit" and toxicology testing in the aftermath of these assaults. (Complaint at ¶ 29). It is Ms. O'Neill's theory of the case that each of the defendant hospitals, including movant NYPQ, as well as the co-defendant police department and non-party New York City Police Department, conspired with

2

Mr. Wilder to "aid and abet a sex trafficking operation" by Mr. Wilder. (Complaint at ¶ 10, 35).

7. The complaint must be dismissed because there is no jurisdiction in this forum over NYPQ and because the complaint fails to state a cause of action.

\* \* \*

For these reasons and those discussed in the accompanying memorandum of law, NYPQ' motion to dismiss pursuant Rules 12(b)(2), (b)(6) and (c) should be granted.

Dated:   April 25, 2022

        WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

By: _/s/ Parks K. Stone_
Parks K. Stone, Esq.
Attorneys for NewYork-Presbyterian Hospital/Queens
3348 Peachtree Rd. NE Suite 1400
Atlanta, GA 30326
470.419.6656 (Direct)
470.419.6650 (Main)
470.419.6651 (Fax)
parks.stone@wilsonelser.com

3

# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| Maura O'Neill,<br><br>       Plaintiff,<br><br>v.<br><br>NYU Langone Medical Center, New York-Presbyterian Queens, Lenox Hill Hospital, Grady Health System, Mount Sinai Beth Israel, Northside Hospital Forsyth, College Park Police Department,<br><br>       Defendants. | Civil Action No. 22-cv-0011 |

## DECLARATION OF VANESSA M. MURPHY, ESQ.

Comes Vanessa M. Murphy, Esq., who states as follows:

1. I am Associate General Counsel to NewYork-Presbyterian Hospital Office of Legal Affairs & Risk Management and have held this position since 2020. In my capacity as Associate General Counsel, I am fully familiar with the facts set forth herein, based on my personal knowledge as well as my research and review of documents maintained by NewYork-Presbyterian Hospital Queens ("the hospital", s/h/a New York Presbyterian Queens). In my capacity as Associate General Counsel, I have access to the hospital's records, including the medical records of the hospital's patients maintained in the hospital's ordinary course of business. In my role, I am also familiar with the hospital's corporate structure and its operations.

2. I submit this declaration in support of NewYork-Presbyterian Hospital Queens' motion to dismiss the complaint and other relief.

3. Based on my review of the hospital's records, Ms. O'Neill was in the hospital's emergency room once, in the evening of January 1, 2018 (and left the hospital's ER in the early hours of January 2). She has not been treated at the hospital any other time.

4. The hospital consists of a single campus, located on the block of 56-45 Main St, Queens, NY 11355. The hospital has no facilities, offices, real estate, employees or other presence outside of Queens, NY. It has no bank accounts outside of New York State.

5. The hospital is formally known as NewYork-Presbyterian/Queens, a domestic, New York, charitable corporation. Its registered principal place of business is the hospital's main office at 56-45 Main St, Queens, NY.

6. NewYork-Presbyterian /Queens does not have offices, real estate, bank accounts, employees or locations in the state of Georgia. It is not licensed to provide medical care there and neither do, nor have they ever, provided patient care or other services there. It does not have any presence in Georgia or contacts with the state other than incidentally, as a consequence of being a nationally (and internationally) well-known group of world-class medical providers from whom patients from all over the nation and the world seek care.

7. The hospital does not have any directors, officers, employees, agents, or representatives in Georgia. It does not have, nor have they ever had, offices, bank accounts, telephone listings or other assets in the State of Georgia. It does not own real or personal property there. It does not have investments, stock, bonds, security, negotiable or non-negotiable instruments or commercial paper of any kind in Georgia.

8. The hospital does not have a registered agent for service of process in the State of Georgia.

I declare under penalty of perjury that the foregoing is true and correct. This declaration is made the 22 day of April, 2022 in New York, New York.

*Vanessa M Murphy*
Vanessa M. Murphy, Esq.