IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| MAURA O'NEILL, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | |
| NYU LANGONE MEDICAL CENTER, | * | Civil Action No. |
| NEW YORK PRESBYTERIAN QUEENES, | * | |
| LENOK HILL HOSPITAL, | * | 1:22-CV-0011-JPB |
| GRADY HEALTH SYSTEM, | * | |
| MOUNT SINAI BETH ISRALE, | * | |
| NORTHSIDE HOSPITAL FORSYTH, and | * | |
| COLLEGE PARK POLICE DEPARTMENT, | * | |
| | * | |
| Defendants. | * | |

## **MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT GRADY MEMORIAL HOSPITAL CORPORATION'S MOTION TO DISMISS**

COMES NOW Grady Memorial Hospital Corporation ("Grady"), incorrectly identified as "Grady Health System" in Plaintiff's Complaint, and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and Local Rule 7.1(A)(1), respectfully submits this Memorandum of Law in support of its Motion to Dismiss Plaintiff's Complaint, showing the Court as follows:

### INTRODUCTION

Plaintiff brings this action asserting claims of fraud and violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"). She alleges that

Grady and the other defendants willfully deceived her in order to aid an abet a man she claims drugged and raped her. She also alleges Grady and the other defendants engaged in an enterprise with the purpose of enabling the alleged serial rapist to rape with impunity.

STATEMENT OF FACTS

The facts set forth in Plaintiff's voluminous Complaint are difficult to understand and follow. Essentially, Plaintiff alleges she was drugged and raped in New York by a former co-worker at Deutsche Bank, apparently as early as 2004. (Complaint [Doc. 1], ("Complaint") ¶¶ 10, 111.) Plaintiff alleges she came to Georgia on January 24, 2018, where she was stalked by the man she claims had raped her in New York. (Complaint, ¶ 107.) She alleges the man broke into her hotel room on or about January 27, 2018, and stole copies of medical records regarding Plaintiff's previous rape exams. (Complaint, ¶ 109.) She further appears to allege the man raped her again on February 5, 2018, although this allegation is unclear. (Complaint, ¶ 111.) With respect to Grady, Plaintiff alleges that she went to Grady Memorial Hospital on February 6, 2018, to have a rape kit performed. She alleges that the hospital refused to take a urine sample.[1] She alleges that when she went to Grady Memorial Hospital, the alleged rapist's attorney "called and/or had

---

[1] This allegation is untrue but must be taken as true in connection with Grady's motion to dismiss.

others call on her behalf and provided hospitals with the ludicrous Trump Has Malaria Defense." (Complaint, ¶ 169.) Based on her one encounter with Grady, Plaintiff alleges that Grady committed fraud and violated RICO.

## STANDARD OF REVIEW

In considering a Rule 12(b)(6) motion to dismiss, the Court must accept the allegations of the complaint as true and construe those allegations in the light most favorable to the plaintiff. *Jackson v. BellSouth Telecomm.*, 372 F.3d 1250, 1262 (11th Cir. 2004). A claim may be dismissed under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim where the plaintiff fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, (2007). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 678. Although the plausibility standard is not akin to a "probability requirement," it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id.* "Thus, a claim will survive a motion to dismiss only if the factual allegations in the complaint are 'enough to raise a right to relief above the speculative level.'" *F.D.I.C. v. Cameron*, 986 F.Supp.2d 1337 (N.D. Ga. 2013) (citing *Twombly*, 550 U.S. at 555). Moreover, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than

3

labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

## ARGUMENT AND CITATION OF AUTHORITY

<u>Plaintiff's Claims are Insufficiently Pled</u>.

Plaintiff's claims are inadequately pled under Fed. R. Civ. P. 8(a)(2) and the heightened pleading requirement for fraud-based claims under Fed. R. Civ. P. 9(b). As a general matter, a complaint must contain a "plain statement of the claim showing that the pleader is entitled to relief, in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 555 (internal quotation omitted). Dismissal is warranted if the complaint merely contains "naked assertions devoid of further factual enhancement," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555.

The Complaint in the case at bar contains only conclusory allegations and legal recitations devoid of factual support and which do not rise to the level of plausibility. Plaintiff does not allege facts to support the conclusory assertion that Grady committed fraud against her or that it violated the civil provisions of the Racketeer Influenced and Corrupt Organizations Act ("RICO"). *See, e.g.*, Complaint ¶¶ 112, 164-195. The Complaint, therefore, should be dismissed.

The Complaint Fails to Sufficiently Plead Fraud.

Plaintiff's Complaint fails to satisfy the heightened pleading standards embodied in Federal Rule of Civil Procedure 9(b), which requires that a plaintiff alleging fraud "state with particularity the circumstances constituting fraud." *American Dental Ass'n. v. Cigna Corp.*, 605 F.3d 1283, 1291 (11th Cir. 2010). Rule 9(b) is satisfied if the complaint sets forth

> (1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud.

*Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1380-81 (11th Cir. 1997) (citations and quotations omitted). Here, Plaintiff has failed to satisfy the requirements of Rule 9(b).

Plaintiff's fraud claim against Grady—like her RICO claim—appears to center on one interaction that occurred on February 6, 2018, when Plaintiff visited Grady to have a rape kit performed. (Complaint, ¶ 112.) The claims against Grady are based on an alleged refusal by Grady to take a urine sample. *Id*. Although what Plaintiff is alleging is unclear, it appears that her contention is that Grady represented itself as a credible medical provider which follows state and federal laws regarding patient privacy but somehow abused her and falsified medical records to enable a serial rapist. (Complaint, ¶¶ 166-167.)

5

"The tort of fraud has five elements: a false representation by a defendant, scienter, intention to induce the plaintiff to act or refrain from acting, justifiable reliance by plaintiff, and damage to plaintiff." *Bowden v. Medical Center, Inc.*, 309 Ga. 188, fn. 10 (2020) (quoting *Crawford v. Williams*, 258 Ga. 806, 806, 375 S.E.2d 223 (1989)). Plaintiff has not come close to pleading these elements with particularity as required by Federal Rule of Civil Procedure 9(b). She has not plead the precise false representation(s) made by Grady; the time, place, and person responsible for the statement(s); the content and manner in which the statement(s) misled her; how the alleged false representation damaged her; or what Grady gained by the alleged fraud. Thus, her Complaint cannot survive a motion to dismiss.

<u>The Complaint Fails to Sufficiently Plead Violation of the RICO Statute</u>.

Plaintiff's RICO claim is apparently premised on the same allegations underlying her fraud claim. (Complaint, ¶¶ 112, 179-195.) And like her fraud claim, Plaintiff's RICO claim fails to satisfy the heightened pleading requirement for such claims and therefore cannot withstand a motion to dismiss.

Plaintiff brings her claim under 18 U.S.C. § 1962(c), which states

> [i]t shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.

6

A private citizen, like Plaintiff, suing under the civil provisions of RICO must plausibly allege each of the following six elements: that the defendants (1) operated or managed (2) an enterprise (3) through a pattern (4) of racketeering activity that included at least two predicate acts of racketeering, which (5) caused (6) injury to the business or property of the plaintiff. *Cisneros v. Petland, Inc.*, 972 F.3d 1204, 1211 (2020); *Ray v. Spirit Airlines, Inc.*, 836 F.3d 1340, 1348 (11th Cir. 2016). Because Plaintiff has failed to adequately plead each of these elements, she has failed to state a claim upon which relief may be granted, and her Complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6). *Cisneros*, 972 F.3d at 1211.

"Civil RICO claims, which are essentially a certain breed of fraud claims, must be pled with an increased level of specificity." *Ambrosia Coal & Constr. Co. v. Pages Morales*, 482 F.3d 1309, 1316 (11th Cir. 2007). Plaintiff's Complaint completely fails to plead, among other things, facts that plausibly support the inference that Grady and the other defendants shared a common purpose to commit fraud or violate Plaintiff's rights.[2] Further, Plaintiff has failed to allege with particularity that Grady engaged in a pattern of racketeering activity. Thus, Plaintiff has failed to state a claim and her Complaint should be dismissed pursuant to Federal

---

[2] Interestingly, Plaintiff alleges that Grady and the other defendants were all associated with what she calls the "Predator-Protection Enterprise." Complaint, ¶ 180. Plaintiff contends this enterprise included several entities and individuals who are *not* parties to this action. *Id*.

Rule of Civil Procedure 12(b)(6).  *Cisneros v. Petland, Inc.*, 972 F.3d 1204 (11th Cir. 2020); *Ambrosia Coal & Constr. Co.* 482 F.3d. at 1316-1317.

18 U.S.C. § 1961(1) defines "racketeering activity" as

(A) any act or threat involving murder, kidnapping, gambling, arson, robbery, bribery, extortion, dealing in obscene matter, or dealing in a controlled substance or listed chemical (as defined in section 102 of the Controlled Substances Act), which is chargeable under State law and punishable by imprisonment for more than one year; (B) any act which is indictable under any of the following provisions of title 18, United States Code: Section 201 (relating to bribery), section 224 (relating to sports bribery), sections 471, 472, and 473 (relating to counterfeiting), section 659 (relating to theft from interstate shipment) if the act indictable under section 659 is felonious, section 664 (relating to embezzlement from pension and welfare funds), sections 891-894 (relating to extortionate credit transactions), section 1028 (relating to fraud and related activity in connection with identification documents), section 1029 (relating to fraud and related activity in connection with access devices), section 1084 (relating to the transmission of gambling information), section 1341 (relating to mail fraud), section 1343 (relating to wire fraud), section 1344 (relating to financial institution fraud), section 1351 (relating to fraud in foreign labor contracting), section 1425 (relating to the procurement of citizenship or nationalization unlawfully), section 1426 (relating to the reproduction of naturalization or citizenship papers), section 1427 (relating to the sale of naturalization or citizenship papers), sections 1461-1465 (relating to obscene matter), section 1503 (relating to obstruction of justice), section 1510 (relating to obstruction of criminal investigations), section 1511 (relating to the obstruction of State or local law enforcement), section 1512 (relating to tampering with a witness, victim, or an informant), section 1513 (relating to retaliating against a witness, victim, or an informant), section 1542 (relating to false statement in application and use of passport), section 1543 (relating to forgery or false use of passport), section 1544 (relating to misuse of passport), section 1546 (relating to fraud and misuse of visas, permits, and other documents), sections 1581-1592 (relating to peonage, slavery, and trafficking in persons).,[1] sections 1831 and 1832 (relating to economic espionage and theft of trade secrets), section 1951 (relating to interference with commerce, robbery, or extortion), section 1952 (relating to racketeering), section 1953 (relating to interstate transportation of wagering paraphernalia), section 1954 (relating to unlawful welfare fund payments), section 1955 (relating to the prohibition of illegal gambling businesses), section 1956 (relating to the

8

laundering of monetary instruments), section 1957 (relating to engaging in monetary transactions in property derived from specified unlawful activity), section 1958 (relating to use of interstate commerce facilities in the commission of murder-for-hire), section 1960 (relating to illegal money transmitters), sections 2251, 2251A, 2252, and 2260 (relating to sexual exploitation of children), sections 2312 and 2313 (relating to interstate transportation of stolen motor vehicles), sections 2314 and 2315 (relating to interstate transportation of stolen property), section 2318 (relating to trafficking in counterfeit labels for phonorecords, computer programs or computer program documentation or packaging and copies of motion pictures or other audiovisual works), section 2319 (relating to criminal infringement of a copyright), section 2319A (relating to unauthorized fixation of and trafficking in sound recordings and music videos of live musical performances), section 2320 (relating to trafficking in goods or services bearing counterfeit marks), section 2321 (relating to trafficking in certain motor vehicles or motor vehicle parts), sections 2341-2346 (relating to trafficking in contraband cigarettes), sections 2421-24 (relating to white slave traffic), sections 175-178 (relating to biological weapons), sections 229-229F (relating to chemical weapons), section 831 (relating to nuclear materials), (C) any act which is indictable under title 29, United States Code, section 186 (dealing with restrictions on payments and loans to labor organizations) or section 501(c) (relating to embezzlement from union funds), (D) any offense involving fraud connected with a case under title 11 (except a case under section 157 of this title), fraud in the sale of securities, or the felonious manufacture, importation, receiving, concealment, buying, selling, or otherwise dealing in a controlled substance or listed chemical (as defined in section 102 of the Controlled Substances Act), punishable under any law of the United States, (E) any act which is indictable under the Currency and Foreign Transactions Reporting Act, (F) any act which is indictable under the Immigration and Nationality Act, section 274 (relating to bringing in and harboring certain aliens), section 277 (relating to aiding or assisting certain aliens to enter the United States), or section 278 (relating to importation of alien for immoral purpose) if the act indictable under such section of such Act was committed for the purpose of financial gain, or (G) any act that is indictable under any provision listed in section 2332b(g)(5)(B)[.]

"In order to prove a pattern of racketeering in a civil or criminal RICO case, a plaintiff must show at least two racketeering predicates that are related, and that they amount to or pose a threat of continued criminal activity." *American Dental Ass'n.*

*v. Cigna Corp.*, 605 F. 3d at 1290-1291. Although wire and mail fraud are included in this definition of "racketeering activity," Plaintiff has failed to plead with any degree of particularity how Grady engaged in such conduct, let alone two instances of same. Plaintiff merely alleges that "[t]he pattern of racketeering activity here is based on numerous instances of mail and wire fraud, in violation of 18 U.S.C. § 1343." (Complaint, ¶ 182.) This is insufficient and fails to state a claim upon which relief can be granted.

Plaintiff's Claims Are Facially Time-Barred.

A statute of limitations defense may be raised on a motion to dismiss for failure to state a claim for which relief can be granted under Fed. R. Civ. P. 12(b)(6). *See AVCO Corp. v. Precision Air Parts, Inc.*, 676 F.2d 494, 495 (11th Cir. 1982); *Edward J. Goodman Life Income Tr. v. Jabil Circuit, Inc.*, 595 F. Supp. 2d 1253, 1280 (M.D. Fla. 2009), *aff'd* 594 F.3d 783 (11th Cir. 2010). The statute of limitations for Plaintiff's fraud claim is four years. *Copeland v. Miller*, 347 Ga. App. 123, 125 (2018); OCGA § 9-3-31. Plaintiff's RICO claim is likewise governed by a four-year limitations period. *Rotella v. Wood*, 528 U.S. 549, 553, 558-59 (2000).

As stated earlier, Plaintiff's claims against Grady stem from a hospital visit that occurred February 6, 2018. Although Plaintiff filed this action on January 4, 2022 [Doc. 1], the record reveals that a summons was not issued to have Grady

served until April 1, 2022 [Doc. 4] [3], *after* the applicable statutes of limitation had expired. This fact establishes that Plaintiff did not exercise diligence in serving Grady. Thus, her Complaint should be dismissed.

## CONCLUSION

For the foregoing reasons, Grady prays that its motion be granted, and that Plaintiff's Complaint be dismissed with prejudice.

This 25th day of April, 2022.

> Respectfully submitted,
> THOMAS KENNEDY SAMPSON & TOMPKINS LLP
>
> /s/ *Jeffrey E. Tompkins*
> JEFFREY E. TOMPKINS
> Georgia Bar No. 714608
> CANDANCE J. RODGERS
> Georgia Bar No. 142004
> EBONEI B. SIMPKINS
> Georgia Bar No. 837066
> Attorneys for Defendant
> Grady Memorial Hospital Corporation

3355 Main Street
Atlanta, Georgia 30337
(404) 688-4503 Telephone
(404) 761-3224 Telecopier
j.tompkins@tkstlaw.com
c.rodgers@tkstlaw.com

---

[3] To the extent reviewing the docket is deemed the consideration of matters outside the pleadings, Grady respectfully requests that the Court grant summary judgment in its favor based on the expiration of the statute of limitations. *See AVCO Corp. v. Precision Air Parts, Inc.*, 676 F.2d 494, 495 (11th Cir. 1982).

e.simpson@tkstlaw.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| MAURA O'NEILL, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | |
| NYU LANGONE MEDICAL CENTER, | * | Civil Action No. |
| NEW YORK PRESBYTERIAN QUEENES, | * | |
| LENOK HILL HOSPITAL, | * | 1:22-CV-0011-SEG |
| GRADY HEALTH SYSTEM, | * | |
| MOUNT SINAI BETH ISRALE, | * | |
| NORTHSIDE HOSPITAL FORSYTH, and | * | |
| COLLEGE PARK POLICE DEPARTMENT, | * | |
| | * | |
| Defendants. | * | |

## **CERTIFICATE OF FONT, TYPE AND SERVICE**

This is to certify that on this 25th day of April, 2022, the undersigned counsel presented this document in Times New Roman, 14 point type in accordance with L.R. 5.1(C). I further certify that I electronically filed this certificate of service with the Clerk of Court using the CM/ECF system and served a copy of the foregoing

12

**Memorandum of Law in Support of Defendant Grady Memorial Hospital Corporation's Motion to Dismiss** upon Plaintiff by depositing a true and correct copy of same in the United States Mail with adequate postage affixed thereto, addressed as follows:

>Ms. Maura O'Neill
>712 H Street, N.E.
>Apt. 1707
>Washington, D.C. 20002
>
>Michael R. Boorman, Esq.
>Watson Spence LLP
>999 Peachtree Street, N.E.
>Suite 1130
>Atlanta, Georgia, 30309

This 25th day of April, 2022.

>*/s/ Jeffrey E. Tompkins*
>JEFFREY E. TOMPKINS