

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **MAURA O'NEILL,**<br><br>Plaintiff,<br><br>v.<br><br>**NYU LANGONE MEDICAL CENTER, NEW YORK-PRESBYTERIAN QUEENS, LENOX HILL HOSPITAL, GRADY HEALTH SYSTEM, MOUNT SINAI BETH ISRAEL, NORTHSIDE HOSPITAL FORSYTH, COLLEGE PARK POLICE DEPARTMENT,**<br><br>Defendants. | **CIVIL ACTION FILE NO.**<br>**1:22-cv-00011-SEG** |

**PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO**
**FILE OPPOSING PAPERS AND AMENDED COMPLAINT**

Plaintiff, Maura O'Neill, moves this Court to extend the time to file opposing papers to the motions to dismiss filed by Lenox Hill Hospital (Docket No. 18), New York-Presbyterian Queens (Docket No. 23), and Grady Health System (Docket No. 24), and moves this Court to extend the time to file an amended complaint. As grounds therefore, Plaintiff states:

### A. *Extenuating Circumstances*

1. I was materially injured in an unprovoked, criminal assault that is under active police investigation.

2. As a result of the assault, I have a concussion, and suffered several other injuries.

3. Given the concussion, the deadlines for filing opposing papers and an amended complaint are simply not feasible for me. Excess work, like that required to complete the opposing papers and amended complaint will definitely cause me to suffer headaches and other physical pain that is not warranted, particularly under the circumstances.

4. Filing opposing papers and an amended complaint should not make someone physically ill, particularly when the reason for physical illness is injury due to criminal assault.

5. Unfortunately, concussions are tricky, and physicians are not able to accurately predict precisely how long any particular concussion will last. Thus, I am not able to provide a firm date that the headaches and concussion symptoms will cease to be a problem for me.

6. Therefore, I propose a stay until I am able to resume normal research and writing activities, and complete the opposing papers and amended complaint without experiencing headaches.

7. If requested, on an *in camera* basis, I can show the Court police reports, photos, and medical records that prove that I have been seriously injured and filing opposing papers and an amended complaint is simply not feasible under the circumstances.

8. Given each of the Defendants who validly filed and served opposing papers are medical facilities with their own neurologists on staff, none of the Defendants can credibly predict the duration of my concussion. However, if they wish to submit perjured testimony to the court, they are free to do so.

9. If requested, I can present police reports, a video and other documentation to the Defendants that validly served motions to dismiss in a timely fashion.

10. There will be no prejudice to Defendants in granting this request for an extension of time to file opposing papers and an amended complaint.

11. The Court should note that while the Grady Memorial Hospital Corporation ("Grady") claimed in its Certificate of Service that a copy of the motion was mailed to me (Docket No. 24, Page 3), I never received a copy of Grady's Motion in the mail. Thus, I did not learn of Grady's motion until I checked Pacer.

### *B. Defendant NYU Langone's Failure to Serve*

12. The Court should also note that on April 21, 2022, Michael Boorman, an attorney at the firm Watson Spence LLP who represents NYU Langone Medical Center ("NYU Langone"), filed a Motion to Dismiss. (Docket No. 16-1). However, the last page of the filing, page 15, contains a "Certificate of Service" which states the motion was served to Plaintiff "using the CM/ECF system, which will automatically send e-mail notification of such filing." (Docket No. 16-1, Page 15).

13. Defendant NYU Langone failed to check local court rules for the Northern District of Georgia. While some United States District Courts allow *pro se* litigants to receive e-mail notifications, the Northern District of Georgia does not allow litigants who are not attorneys to electronically file documents or receive email notifications. Thus, Plaintiff was never served a copy of NYU Langone's filings.

14. Applicable service rules for this proceeding are defined in the Federal Rules of Civil Procedure as well as the local rules of the court for the Northern District of Georgia. Local Rule 5.1(3) states the following:

> Filing in the Court's electronic case files ("ECF") system constitutes service of the filed documents on registered users. Parties who are not registered users must be served with a copy of any pleading or other

> document filed electronically in accordance with the Federal Rules of Civil Procedure, the Federal Rules of Criminal Procedure, and these Local Rules.
>
> Exhibit A of Standing Order No. 19-01 defines registration for a login to the electronic filing system in Paragraph I(C). As defined in Exhibit A of Standing Order No. 19-01, in order to be a registered user, one must be admitted to the bar of this Court or granted admission *pro hac vice*.

15. Given Plaintiff is not an attorney, Plaintiff does not qualify to be a registered user in the Northern District of Georgia. Thus, Plaintiff was not served with NYU Langone's motion.

### *C. Failure to Serve*

16. The Court should also note that Mount Sinai Beth Israel and Northside Hospital Forsyth did not file answers or motions to dismiss in a timely fashion.

17. Mount Sinai Beth Israel was validly served with a copy of the Summons and Complaint on April 4, 2022. (Docket No. 13).

18. Northside Hospital Forsyth was validly served with a copy of the Summons and Complaint on April 4, 2022. (Docket No. 15).

**WHEREFORE,** Plaintiff respectfully requests this Court grant this motion.

Dated: Washington, DC  
May 3, 2022

Respectfully submitted,

BY: *Maura O'Neill*  
Maura O'Neill, Plaintiff  
712 H Street NE, #1707  
Washington, DC 20002  
moneill@rahillco.com