UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MAURA O'NEILL, | : |
| Plaintiff, | : |
| v. | : |
| | : Civil Action File No.: |
| NYU LANGONE MEDICAL CENTER, NEW YORK - PRESBYTERIAN QUEENS, LENOX HILL HOSPITAL, GRADY HEALTH SYSTEM, MOUNT SINAI BETH ISRAEL, NORTHSIDE HOSPITAL FORSYTH, COLLEGE PARK POLICE DEPARTMENT, | : 1:22-cv-00011-SEG |
| Defendants. | : |

**NYU LANGONE HOSPITAL'S RESPONSE TO PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE OPPOSING PAPERS AND AMENDED COMPLAINT**

COMES NOW, NYU Langone Hospitals ("NYU Langone"), improperly named as "NYU Langone Medical Center," and respectfully shows this Court as follows:

## PROCEDURAL HISTORY

Plaintiff filed her Complaint against these Defendants on January 4, 2022.

1

[Doc. 1]. Three months later, NYU Langone was served with the Complaint on April 4, 2022. [Doc. 12].

NYU Langone filed its Motion to Dismiss and Motion for Prefiling Screening Requirement, with Brief in support, on April 21, 2022. [Docs. 16, 16-1 (collectively, "Motion to Dismiss")]. The certificates of service attached to the Motion to Dismiss indicate that the documents were e-filed using the CM/ECF system with automatic notification to Plaintiff. [Doc. 16, p. 4; Doc. 16-1, p. 15]. Plaintiff recently complained that she is not a registered ECF user, and thus, though obviously aware of NYU Langone's Motion to Dismiss (as it is mentioned in her motion for extension), she was not properly served. [Doc. 26, p. 4-5]. To avoid further service complaints, on May 6, 2022, NYU Langone served its Motion to Dismiss on Plaintiff via first class U.S. mail and e-mail. [Doc. 30].

Plaintiff seeks an **unlimited** extension to respond to several motions to dismiss. [Doc. 26, p. 3]. Plaintiff has not asked for an extension of time to respond to NYU Langone's Motion to Dismiss. [Doc. 26, p. 1]. Regardless, NYU Langone files this response out of an abundance of caution.

## ARGUMENT AND RESPONSE

I. **NYU Langone Does Not Oppose an Extension until June 21, 2022.**

The Local Rules require a response to a Motion to Dismiss not later than 14

days after service.  *Ga. R. USDC ND LR 7.1B*.  Even if the Court agrees with Plaintiff's complaint about service[1], Plaintiff's response would be **due May 20, 2022**.  That said, NYU Langone does not oppose an extension until **June 21, 2022**.

## II.   NYU Langone Opposes an Indefinite Stay on Plaintiff's Response.

Plaintiff claims there will be "no prejudice" to the Defendants if an indefinite stay is granted.  [Doc. 26, p. 3].  NYU Langone disputes this claim.  Plaintiff's allegations against NYU Langone, while completely baseless, are also an offense to its good reputation.  NYU Langone takes this seriously.  NYU Langone would like this Court to consider its Motion to Dismiss as soon as possible to either dismiss Plaintiff's claims or commence discovery so that NYU Langone may uncover the claimed factual basis for Plaintiff's claims.

Plaintiff's basis for her motion to extend is the assertion that she is physically unable to respond to the pending motions.  However, Plaintiff was able to draft and file a motion for extension in which Plaintiff references the local court rules, standing orders, appendices, and the Federal Rules of Civil Procedure.

---

[1] "[I]t is Plaintiff's obligation to monitor the docket and comply with the Court's rulings and deadlines, which should not be an overly burdensome task for her as she has a PACER account." *Smith v. Robin Warren Properties, LLC*, Civil Action File No. 1:18-cv-03785-WMR-JCF, 2019 WL 4138005, *1 (N.D. Ga. Jan. 9, 2019) (citations omitted).

NYU Langone is sympathetic to Plaintiff's most recent claimed assault. However, if this Court considers an extension beyond June 21, 2022, NYU Langone respectfully requests that the Court accepts Plaintiff's offer to provide supporting documents *in camera* to the Court. [Doc. 26, p. 3]. That would give the Court the needed evidence to decide the length of a stay.

## CONCLUSION

NYU Langone does not oppose an extension of time for Plaintiff to respond to its Motion to Dismiss to June 21, 2022. However, NYU Langone respectfully requests the Plaintiff provide evidence to justify a longer extension.

This 17th day of May, 2022.

WATSON SPENCE LLP

*s/ Michael R. Boorman*
Michael R. Boorman
Georgia Bar No. 067798
Erika J. Harris
Georgia Bar No. 483730
999 Peachtree Street, N.E.
Suite 1130
Atlanta, Georgia, 30309
Telephone: (229) 436-1545
mboorman@watsonspence.com
eharris@watsonspence.com
**Attorney for Defendant NYU Langone Hospitals**

## FONT CERTIFICATION

Pursuant to Local Rule 7.1D, I hereby certify that this pleading was prepared using a font and point selection approved by the Court in Local Rule 5.1C.

                                            WATSON SPENCE LLP

                                            */s/ Michael R. Boorman*
                                            Michael R. Boorman
                                            Georgia Bar No. 067798

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will automatically send email notification of such filing to the following participants and served a copy upon Plaintiff via U.S. Mail and e-mail:

Maura O'Neill
712 H Street, NE, #1707
Washington, DC 20002
moneill@rahillco.com
*Plaintiff*

Parks K. Stone
WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
3348 Peachtree Road NE, Suite 1400
Atlanta, GA 30326
parks.stone@wilsonelser.com
*Attorney for New York Presbyterian Hospital/Queens*

S. Chase Parker
Brantley C. Rowlen
LEWIS BRISBOIS BISGAARD & SMITH LLP
24 Drayton Street, Suite 300
Savannah, GA 31401
Chase.parker@lewisbrisbois.com
Brantley.rowlen@lewisbrisbois.com
*Attorneys for Lenox Hill Hospital*

Jeffrey E. Tompkins
Candance J. Rodgers
Ebonei B. Simpkins
THOMAS KENNEDY SAMPSON & TOMPKINS LLP
3355 Main Street
Atlanta, GA 30337
j.tompkins@tkstlaw.com
c.rodgers@tkstlaw.com
e.simpson@tkstlaw.com
*Attorneys for Grady Memorial Hospital*

This 17th day of May, 2022.

s/ Michael R. Boorman
Michael R. Boorman
Georgia Bar No. 067798