IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION



| | |
|---|---|
| MAURA O'NEILL,<br><br>Plaintiff,<br>v.<br><br>NYU LANGONE MEDICAL CENTER, NEW YORK-PRESBYTERIAN QUEENS, LENOX HILL HOSPITAL, GRADY HEALTH SYSTEM, MOUNT SINAI BETH ISRAEL, NORTHSIDE HOSPITAL FORSYTH, COLLEGE PARK POLICE DEPARTMENT,<br><br>Defendants. | CIVIL ACTION FILE NO.<br>1:22-cv-00011-SEG |

## CLERK'S MOTION FOR ENTRY OF DEFAULT

Plaintiff, Maura O'Neill, moves the Clerk of Court to enter a default judgment pursuant to Federal Rule of Civil Procedure 55. As grounds therefore, Plaintiff states:

### A. Failure to Respond

1. Defendants Mount Sinai Beth Israel and Northside Hospital Forsyth did not file answers or motions to dismiss in a timely fashion.

2. Mount Sinai Beth Israel was validly served with a copy of the Summons and Complaint on April 4, 2022. (Docket No. 13).

3. Northside Hospital Forsyth was validly served with a copy of the Summons and Complaint on April 4, 2022. (Docket No. 15).

4. Given neither Mount Sinai Beth Israel or Northside Hospital Forsyth plead or otherwise defended the action, Plaintiff requests the Clerk of Court enter a default judgment pursuant to Federal Rule of Civil Procedure 55.

### B. Failure to Serve

5. On April 21, 2022, Michael Boorman, an attorney at the firm Watson Spence LLP who represents NYU Langone Medical Center ("NYU Langone"), filed a Motion to Dismiss. (Docket No. 16-1). However, the last page of the filing, page 15, contains a "Certificate of Service" which states the motion was served to Plaintiff "using the CM/ECF system, which will automatically send e-mail notification of such filing." (Docket No. 16-1, Page 15).

6. Defendant NYU Langone failed to check local court rules for the Northern District of Georgia. While some United States District Courts allow *pro se*

litigants to receive e-mail notifications, the Northern District of Georgia does not allow litigants who are not attorneys to electronically file documents or receive email notifications. Thus, Plaintiff was never served a copy of NYU Langone's filings.

7. Applicable service rules for this proceeding are defined in the Federal Rules of Civil Procedure as well as the local rules of the court for the Northern District of Georgia. Local Rule 5.1(3) states the following:

> Filing in the Court's electronic case files ("ECF") system constitutes service of the filed documents on registered users. Parties who are not registered users must be served with a copy of any pleading or other document filed electronically in accordance with the Federal Rules of Civil Procedure, the Federal Rules of Criminal Procedure, and these Local Rules.
>
> Exhibit A of Standing Order No. 19-01 defines registration for a login to the electronic filing system in Paragraph I(C). As defined in Exhibit A of Standing Order No. 19-01, in order to be a registered user, one must be admitted to the bar of this Court or granted admission *pro hac vice*.

8. Given Plaintiff is not an attorney, Plaintiff does not qualify to be a registered user in the Northern District of Georgia. Thus, Plaintiff was not served with NYU Langone's motion.

9. After I pointed out that NYU Langone's motion to dismiss had not been served, NYU claimed that it duly served its motion to dismiss on its second attempt

on May 6, 2022 (Docket No. 30), three days after I filed a motion for an extension of time (Docket No. 26).

10. Yet, here too, on its second attempt on May 6, 2022, according to its own certificate of service, NYU Langone failed to comply with court rules. (Docket No. 30). Thus, NYU Langone's motion to dismiss is still not validly served according to the Federal Rules of Civil Procedure and Local Rules.

11. Specifically, applicable service rules for this proceeding are defined in the Federal Rules of Civil Procedure as well as the local rules of the court for the Northern District of Georgia. Specifically, Appendix H: Administrative Procedures For Filing, Signing, and Verifying Pleadings and Papers by Electronic Means in Civile Cases (Appendix H) contains specific rules that are pertinent to this action. Part II(B)3 of Appendix H states:

> A party who is not a registered participant of ECF is entitled to a paper copy of any electronically filed pleading, document, or order. The filing party must therefore provide the non-registered party with the pleading, document, or order according to the Federal Rules of Civil Procedure. When mailing paper copies of documents that have been electronically filed, the filing party must include the "Notice of Electronic Filing" to provide the recipient with proof of the filing.

12. Thus, as described in the rules contained in Appendix H Part II(B)3, NYU was required to serve a paper copy of an Amended Certificate of Service stating its Motion to Dismiss was served via mail on Plaintiff at the address on file with the

court. In addition, NYU was required to serve Plaintiff with a "Notice of Electronic Filing" to provide me with proof of the filing. Yet, NYU failed to serve me with the required "Notice of Electronic Filing." Thus, NYU failed to properly serve its motion to dismiss on its second attempt because NYU yet again failed to follow court rules.

13. Given NYU Langone failed to timely serve its motion to dismiss and has repeatedly failed to follow court rules, Plaintiff requests the Clerk of Court enter a default judgment pursuant to Federal Rule of Civil Procedure 55.

**WHEREFORE,** Plaintiff respectfully requests the Clerk of Court grant this motion.

Dated: Washington, DC  
June 8, 2022

Respectfully submitted,

BY: *Maura O'Neill*  
Maura O'Neill, Plaintiff  
712 H Street NE, #1707  
Washington, DC 20002  
moneill@rahillco.com

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MAURA O'NEILL,<br><br>      Plaintiff,<br><br>v.<br><br>NYU LANGONE MEDICAL CENTER, NEW YORK-PRESBYTERIAN QUEENS, LENOX HILL HOSPITAL, GRADY HEALTH SYSTEM, MOUNT SINAI BETH ISRAEL, NORTHSIDE HOSPITAL FORSYTH, COLLEGE PARK POLICE DEPARTMENT,<br><br>      Defendants. | CIVIL ACTION FILE NO.<br>1:22-cv-00011-SEG |

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that I have this day caused to be served a true and correct copy of the foregoing by emailing and mailing a copy of the foregoing to each Defendant at the following addresses:

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
Brantley Rowlen, Esq.
Chase Parker, Esq.
24 Drayton Street, Suite 300
Savannah, GA 31401
Telephone: 912.525.4960
E-Mail: rowlen@lbbslaw.com
E-Mail: chase.parker@lewisbrisbois.com

**WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**
Parks Kalervo Stone, Esq.
3348 Peachtree Road NE
Suite 1400
Atlanta, GA 30326
Telephone: 470.419.6651
E-Mail: parks.stone@wilsonelser.com

**WATSON SPENCE LLP**
Michael R. Boorman, Esq.
999 Peachtree Street, N.E.
Suite 1130
Atlanta, GA 30309
Telephone: 229.436.1545
E-Mail: mboorman@watsonspence.com

**THOMAS KENNEDY SAMPSON & TOMPKINS, LLP**
Jeffrey Emery Tompkins, Esq.
Candance J. Rodgers, Esq.
Ebonei B. Simpkins, Esq.
3355 Main Street
Atlanta, GA 30337
Telephone: 404.688.4503
E-Mail: j.tompkins@tkstlaw.com
E-Mail: c.rodgers@tkstlaw.com
E-Mail: e.simpson@tkstlaw.com

Dated: Washington, DC  
June 8, 2022

Respectfully submitted,

BY: *Maura O'Neill*  
Maura O'Neill, Plaintiff  
712 H Street NE, #1707  
Washington, DC 20002  
moneill@rahillco.com

Clerk of Court - filing
2211 U.S. Courthouse
75 Ted Turner Drive, SW
Atlanta, GA 30303