## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| MAURA O'NEILL, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | |
| : | **Civil Action File No.:** |
| NYU LANGONE MEDICAL : | **1:22-cv-00011-SEG** |
| CENTER, NEW YORK - : | |
| PRESBYTERIAN QUEENS, : | |
| LENOX HILL HOSPITAL, : | |
| GRADY HEALTH SYSTEM, : | |
| MOUNT SINAI BETH ISRAEL, : | |
| NORTHSIDE HOSPITAL : | |
| FORSYTH, COLLEGE PARK : | |
| POLICE DEPARTMENT, : | |
| : | |
| Defendants. : | |

### NYU LANGONE HOSPITAL'S RESPONSE TO PLAINTIFF'S CLERK'S MOTION FOR ENTRY OF DEFAULT

COMES NOW, NYU Langone Hospitals ("NYU Langone"), improperly named as "NYU Medical Center" and respectfully shows this Court as follows:

### PROCEDURAL HISTORY

On January 4, 2022, Plaintiff filed her Complaint in this action. [Doc. 1]. On April 4, 2022, NYU Langone was served with the Complaint. [Doc. 12].

On April 21, 2022, NYU Langone filed its Motion to Dismiss and Motion for Prefiling Screening Requirement, with Brief in support. [Docs. 16, 16-1 ("NYU Langone's MTD")]. The certificates of service attached to NYU Langone's MTD indicate that the documents were e-filed using the CM/ECF system with automatic notification to Plaintiff. [Doc. 16, p. 4; Doc. 16-1, p. 15]. Plaintiff twice represents in her motion that she "was never served" with NYU Langone's MTD. [Doc. 38, p.3]. Yet Plaintiff actually received notice of or a copy of NYU Langone's MTD three times:

1. Prior to May 5, 2022: the date of filing of her Motion for Extension of Time. [Doc. 26]. In Plaintiff's Motion for Extension of Time, Plaintiff quotes portions of NYU Langone's MTD. [Doc. 26, p. 4]. Obviously, Plaintiff received NYU Langone's MTD before May 5, 2022, as evidenced by her quotations.

2. May 6, 2022: NYU Langone served its Motion to Dismiss on Plaintiff via first class U.S. mail and e-mail (to Plaintiff's "moneill@rahillco.com" address). [Doc. 30]. The undersigned has received several emails from Plaintiff from this email address. However, Plaintiff complained that the single page Notice

of Electronic Filing was not served with the Motion to Dismiss. [Doc. 35].[1] However, Plaintiff received "proof of filing" with this service copy, because it contained the stamp of the document number and date of filing. (Exhibit A).

3. June 9, 2022: NYU Langone again served Plaintiff with its Motion to Dismiss and its other filings in this action, indicating that the Notice of Electronic Filing for each was being served therewith. [Doc. 37].

Plaintiff has had ample opportunity to respond to the Motion to Dismiss and has failed to do so to date. Normally, a plaintiff has 14 days to respond to a motion to dismiss. N.D. LR 7.1(B). Based on the date of filing, Plaintiff's response to NYU Langone's MTD would have been due May 5, 2022. However, Plaintiff continues to delay, stall, and file meritless pleadings to stretch out her response to the parties' motions to dismiss. [Docs. 26, 35 and 38]. Plaintiff's Clerk's Motion for Entry of Default should be denied for the reasons stated below.

## ARGUMENT & CITATION TO AUTHORITY

1. This Motion Should Be Denied for Failure to Follow the Local Rules.

---

[1] "When mailing paper copies of documents that have been electronically filed, the filing party must include the 'Notice of Electronic Filing' **to provide the recipient with proof of the filing**." Standing Order No. 19-01, II.B.3 (emphasis added). It is NYU Langone's position that since Plaintiff knew that the Motion to Dismiss had been filed before May 6, 2022, the Notice of Electronic Filing was unnecessary.

"Every motion presented to the clerk for filing shall be accompanied by a **memorandum of law** which cites **supporting authority**." N.D. LR 7.1(A)(1) (Emphasis added). Plaintiff filed her Motion but failed to file a memorandum of law and failed to cite any authority supporting the relief requested. Plaintiff cites no authority for the proposition that default is proper in a situation where a party disputes proper service of a motion to dismiss.

2. This Motion Should Be Denied as it Not Proper Under the Federal Rules of Civil Procedure.

Plaintiff files this "Clerk's Motion for Entry of Default" apparently asking the Clerk to enter default "pursuant to Federal Rule of Civil Procedure 55." First, Plaintiff failed to show that NYU Langone has "failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). In fact, the opposite has been shown. Plaintiff does not dispute that NYU Langone timely filed a motion to dismiss.

Second, the Clerk may only enter a default judgment when a claim has been made for a sum certain:

> If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk--on the plaintiff's request, with an affidavit showing the amount due--must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.

4

Fed. R. Civ. P. 55(a). Otherwise, a party must apply to the Court. Fed. R. Civ. P. 55(b). Again, Plaintiff's motion should be denied.

3. NYU Langone's Motion to Dismiss was Timely Filed.

"A motion asserting any of [the Rule 12(b)] defenses must be made before pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12(b). A responsive pleading is due "within 21 days after being served with the summons and complaint." Fed. R. Civ. P. 12(a)(1)(A)(i). A plaintiff is not entitled to a default judgment when the defendant timely moves to dismiss the complaint. *Hulbert v. United States*, 2022 WL 706916, *1 (11th Cir. Mar. 9, 2022) ("Hulbert served process on [defendant] on August 3, 2020, and [defendant] timely moved to dismiss the complaint on August 25, 2020.").

Plaintiff never alleges that NYU Langone's MTD is untimely because it is not. NYU Langone filed its motion to dismiss within seventeen (17) days of being served with Plaintiff's Complaint, 4 days before the deadline to do so. Therefore, Plaintiff's motion should be denied.

4. Default Judgment Would Not Be Proper As To NYU Langone.

"When a party…has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default. Fed. R. Civ. P. 55(a). Default judgment should be used sparingly, in favor of a judgment on the

5

merits, because a default judgment "'is a drastic remedy which should be used only in extreme situations.'" *Gilbert v. City of Pine Lake, Georgia*, 2022 WL 1162087, *5 (11th Cir. Apr. 20, 2022) (citing *Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309, 1316-1317 (11th Cir. 2002)).

NYU Langone timely filed its motion to dismiss.  However, even when a party has not timely filed courts often refuse to enter a default judgment when there is no prejudice. *See Owens v. Benton*, 190 Fed. Appx. 762, 763 (11th Cir. 2006); *Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309, 1317 (11th Cir. 2002); *Choate Constr. Co. v. Am. Cas. Co. of Reading, Pa.*, 2006 WL 8431447, *1 (N.D. Ga. Dec. 28, 2006). Other factors that courts may consider in assessing a motion for default judgment include:

> (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

See *Choate Constr. Co. v. Am. Cas. Co. of Reading, Pa.*, 2006 WL 8431447, *1 (N.D. Ga. Dec. 28, 2006) (referencing list of factors in *Creative Tile Mktg. v. SCIS Int'l, S.r.L.*, 922 F. Supp. 1534, 1536-37 (S.D. Fla. Apr. 3, 1996); *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1985).

The Motion for Default as to NYU Langone should be denied because NYU timely filed its motion to dismiss and Plaintiff had **actual notice** of the motion and an opportunity to respond. *See Mucciolo v. Boca Raton Regional Hospital, Inc.*, 824 Fed. Appx. 639, 641-642 (11th Cir. 2020) (service of motion to dismiss not quashed where plaintiff was served only by email because plaintiff had notice of the motion and an opportunity to respond); *Brooks v. Mobilitie Management LLC*, 787 Fed. Appx. 591, 593 (I) (11th Cir. 2019) (summary judgment not denied for improper service where plaintiff stated that he did not receive a copy of the motion because the record reflected that plaintiff learned of the motion, failed to file a timely response, did not allege that he had inadequate time to respond, and was not prejudiced as a result of the purportedly improper service); *Alston v. Eastman*, 2019 WL 11316656, *5-6 (N.D. Ga. Apr. 16, 2019) (sanctions against defendant denied where defendant's counsel misunderstood service rules thinking *pro se* plaintiff received documents through CM/ECF system; defendant corrected service before plaintiff's motion for sanctions and plaintiff suffered no prejudice because he received and responded to each filing); *Choate Constr. Co.*, *2 (motion for default denied because of unlikelihood of prejudice to plaintiff).

In addition to the many other reasons this motion should be denied, Plaintiff has suffered no prejudice by NYU Langone's alleged improper service. Plaintiff has

received notice or a copy of NYU Langone's MTD **three times**. Further, Plaintiff had ample time to respond to NYU Langone's MTD but has still not filed a response. Plaintiff had a copy of NYU Langone's MTD and does not allege that she had inadequate time to respond. Plaintiff has suffered no prejudice. The Motion for Default Judgment should be denied.

5. Default Judgment as to NYU Langone Would Be Improper for Lack of Personal Jurisdiction and Failure to State a Claim.

"In order to enter a valid default judgment, a court must have … personal jurisdiction over the defendant." *Osborn v. White & Assoc., Inc.*, 2021 WL 6113656, *3 (N.D. Ga. Nov. 16, 2021) (citing *Oldfield v. Pueblo De Bahia Lora, S.A.*, 558 F.3dd 1210, 1215 & n. 13 (11th Cir. 2009) (default judgment void if court that granted default judgment lacked jurisdiction over the subject matter or parties) (citations omitted)). "[A] default judgment may not stand on a complaint that fails to state a claim." *United States v. Khan*, 164 Fed. Appx. 855, 858 (11th Cir. 2006).

As stated in NYU Langone's MTD, NYU Langone disputes that this Court has personal jurisdiction over it. [*See* Doc. 16-1, pp. 4-8]. Plaintiff did not allege personal jurisdiction or any facts to which this Court could find personal jurisdiction as to NYU Langone. NYU Langone did not consent to personal jurisdiction in this Court. Further, NYU Langone argues that Plaintiff's Complaint fails to state a claim

for which relief can be granted. NYU Langone hereby incorporates those arguments from its motion to dismiss into this response. [Doc. 16-1, pp. 4-12].

## CONCLUSION

Plaintiff's Motion for Default is improper for multiple reasons, either of which is sufficient to deny it. NYU Langone requests that this Court deny Plaintiff's Motion for Default Judgment as to it.

This 22nd day of June, 2022.

WATSON SPENCE LLP

*/s/ Erika J. Harris*
Michael R. Boorman
Georgia Bar No. 067798
Erika J. Harris
Georgia Bar No. 483730
999 Peachtree Street, N.E.
Suite 1130
Atlanta, Georgia, 30309
Telephone: (229) 436-1545
mboorman@watsonspence.com
eharris@watsonspence.com
*Attorney for Defendant NYU Langone Hospitals*

## FONT CERTIFICATION

Pursuant to Local Rule 7.1D, I hereby certify that this pleading was prepared using a font and point selection approved by the Court in Local Rule 5.1C.

WATSON SPENCE LLP

***/s/ Erika J. Harris***
Erika J. Harris
Georgia Bar No. 483730

## **CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will automatically send email notification of such filing to the following participants and served a copy upon Plaintiff via U.S. Mail and e-mail:

Maura O'Neill
712 H Street, NE, #1707
Washington, DC 20002
moneill@rahillco.com
*Plaintiff*

Parks K. Stone
WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
3348 Peachtree Road NE, Suite 1400
Atlanta, GA 30326
parks.stone@wilsonelser.com
*Attorney for New York Presbyterian Hospital/Queens*

S. Chase Parker
Brantley C. Rowlen
LEWIS BRISBOIS BISGAARD & SMITH LLP
24 Drayton Street, Suite 300
Savannah, GA 31401
Chase.parker@lewisbrisbois.com
Brantley.rowlen@lewisbrisbois.com
*Attorneys for Lenox Hill Hospital*

Jeffrey E. Tompkins
Ebonei B. Simpkins
THOMAS KENNEDY SAMPSON & TOMPKINS LLP
3355 Main Street
Atlanta, GA 30337
j.tompkins@tkstlaw.com
e.simpson@tkstlaw.com
*Attorneys for Grady Memorial Hospital Corporation*

This 22nd day of June, 2022.

/s/ *Erika J. Harris*
Erika J. Harris
Georgia Bar No. 483730