**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**



FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

JUL  5 2022

KEVIN P. WEIMER, Clerk
By_____ Clerk

---

**MAURA O'NEILL,**

              Plaintiff,

   v.

**NYU LANGONE MEDICAL CENTER, NEW YORK-PRESBYTERIAN QUEENS, LENOX HILL HOSPITAL, GRADY HEALTH SYSTEM, MOUNT SINAI BETH ISRAEL, NORTHSIDE HOSPITAL FORSYTH, COLLEGE PARK POLICE DEPARTMENT,**

              Defendants.

**CIVIL ACTION FILE NO.**
**1:22-cv-00011-SEG**

---

## MEMORANDUM OF LAW IN OPPOSITION TO MOTION TO STAY

---

June 21, 2022

Maura O'Neill
712 H Street, NE, #1707
Washington, DC 20002
Email: moneill@rahillco.com

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ........................................................................ 1

LEGAL ARGUMENT ................................................................................. 5

  POINT I:  STANDARD OF REVIEW FOR MOTION TO STAY .................. 5

  POINT II:  TWO DEFENDANTS ALREADY BROKE LR 3.3. ..................... 6

  POINT III:  DEFENDANTS DO NOT NEED DISCOVERY.  PLAINTIFF
  DOES .................................................................................................... 8

  POINT III:  DEFENDANTS BROKE LOCAL RULE 26.1 ............................. 9

  POINT IV:  DEFENDANTS FAILED TO ARTICULATE COGNIZABLE
  LEGAL REASONS WHY THEIR MOTIONS TO DISMISS WILL
  SUCCEED ON THE MERITS ........................................................................ 12

  POINT V:  LIMITED DISCOVERY IS NEEDED. ......................................... 13

  POINT VI:  THE REQUIREMENTS OF LOCAL RULE 16.1 AND 16.2 ARE
  NOT BURDENSOME. .................................................................................. 14

CONCLUSION ......................................................................................... 16

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Arriaga-Zacarias v. Lewis Taylor Farms, Inc.,*
2008 WL 4544470 (M.D. Ga. Oct. 10, 2008)................................................... 5

*Chudasama v. Mazda Motor Corp.,*
123 F.3d 1366 (11th Circuit, 1997).................................................................. 14

*Clinton v. Jones,*
520 U.S. 681, 706 (1997) ................................................................................. 5

*Massey v. Fed. Nat. Mortg. Ass'n,*
No. CV412-102, 2012 WL 3685959 (S.D. Ga. Aug. 24, 2012) ................... 5, 6

*SP Frederica, LLC v. Glynn County,*
No. 2:15-cv-73, 2015 WL 5242830 (S.D. Ga. Sept. 8, 2015) ........................ 14

*U.S. ex rel. Smith v. Serenity Hospice Care, LLC,*
No. CV 313-001, 2014 WL 4269063 (S.D. Ga. Aug. 28, 2014) ..................... 5

**Rules**

Federal Rule of Civil Procedure 7.1 .................................................................. 6
Federal Rule of Civil Procedure 26(c) ......................................................... 4, 5
Federal Rule of Civil Procedure 26(f) ............................................................ 14

Local Rule 3.3 ......................................................................................... 1, 6, 7
Local Rule 16.1 ......................................................................................... 1, 13
Local Rule 16.2 ......................................................................................... 1, 14
Local Rule 26.1 ................................................................................... 1, 3, 4, 9

**Statutes**

45 CFR 164.501 ........................................................................................... 2, 8
PHL § 18(2) .................................................................................................... 10

Maura O'Neill ("Plaintiff") respectfully submits this memorandum of law in opposition to Defendants' Joint Motion to Stay Proceedings Under Local Rules 3.3 16.1, 16.2, and 26.1 and Memorandum of Law (the "Stay Motion") (Docket No. 36).

## PRELIMINARY STATEMENT

On June 7, 2022, in the Stay Motion (Docket No. 36), counsel for Defendants requested the Court stay the requirement for all Defendants to submit initial disclosures pursuant to Local Rule ("LR") 3.3 even though two of four defendants already filed initial disclosures as required by LR 3.3.  While all defendants were required to file initial disclosures pursuant to LR 3.3 when they first appeared in this proceeding, NYU Langone Medical Center ("NYU") and Grady Health System ("Grady") failed to file their initial disclosures pursuant to LR 3.3.

As described in detail in a prior filing (Docket No. 35, Page 6-14, ¶18-55), NYU has clear conflicts of interest given my brother in law was on NYU's board of directors at the time NYU commit its tortious and criminal acts described in the Complaint for this action (Docket No. 1).  NYU and Grady cited no case law in the Stay Motion to support the claim that a stay in filing initial disclosures pursuant to LR 3.3 was warranted because there is no authority to support this claim.  Rather,

1

LR 3.3 contains blatant black letter law which explicitly makes clear that initial disclosures are meant "to enable judges…of this Court to evaluate possible disqualification or recusal." *LR 3.3.*  Thus, the judge in this case should not rule on either NYU's or Grady's motion to dismiss prior to knowing whether the judge should be recused from the case.  Thus, NYU and Grady must file initial disclosures **PRIOR** to the judge in the case ruling on the motions to dismiss since, given it is clearly illegal for NYU and Grady to ask the Court to violate Court rules to aid and abet their criminal acts.

The Health Insurance Portability and Accountability Act ("HIPAA") requires organizations to disclose all records, data, and information used to make decisions about Plaintiff's healthcare to Plaintiff.  *45 CFR 164.501.*  HIPAA and state laws also explicitly state that Plaintiff has a right to see all protected health information that a healthcare provider has on record about Plaintiff.  *45 CFR 164.501, PHL 18.*  Given all Defendants who signed the Stay Motion are healthcare organizations governed by HIPAA and state health laws, all data and information these Defendants need to defend their cases is required by law to be in Plaintiff's designated record sets and protected health information.  Thus, none of the four defendants that signed the Stay Motion have a legal basis to claim any

need for discovery, and the stay on discovery only hurts Plaintiff, not the Defendants in this action.

Given public healthcare laws require all data and information the Defendants need to defend their cases to be in Plaintiff's designated record sets and protected health information and HIPAA and state laws mandate Plaintiff has access to all her protected healthcare information and designated record sets, none of the four defendants that signed the Stay Motion have a legal basis to claim any need to stay discovery pursuant to LR 26.1. The fact the four defendants that signed the Stay Motion would even move the court to stay LR 26.1 proves all four defendants are frauds.

More specifically, LR 26.1 requires initial disclosure pursuant to Federal Rule of Civil Procedure ("FRCP" or "Rule") 26(a)(1) of the names of witnesses with discoverable information, as well as initial disclosure of all documents that are discoverable and relevant to Plaintiff's claims. However, since all data and information pertinent to this action is required by healthcare laws to be contained in Plaintiff's designated record sets and protected health information, and the healthcare defendants are required by HIPAA and state laws to provide this information to Plaintiff, by law, the four Defendants that signed the Stay Motion are not legally allowed to have other witnesses with discoverable information or

3

other documents with discoverable information that is not already contained in Plaintiff's designated record sets and protected health information since HIPAA and state laws mandate that Plaintiff already has access to all this information. Thus, not only do the four defendants that signed the Stay Motion have no legal basis to stay LR 26.1, but in requesting to stay LR 26.1, all four healthcare defendants have stated to the Court that they have been, and plan to continue to violate federal and state healthcare laws.  Blatantly violating federal and state health laws is clearly fraudulent behavior given the Defendants had a duty to provide healthcare to Plaintiff to protect Plaintiff's interests, but instead each Defendant illegally took phone calls without having a valid authorization / Power of Attorney or legal basis to speak to anyone about Plaintiff.

In the Stay Motion, Defendants requested this Court stay all pretrial and discovery proceedings (Docket No. 36, Page 1-2).  The Court may stay discovery pursuant to FRCP 26(c) where the moving party shows good cause and reasonableness, however, a pending motion to dismiss alone is not a basis to delay discovery.  Ultimately, the proponent of the stay bears the burden of demonstrating its necessity, appropriateness, and reasonableness.  Here, Defendants failed to meet that burden, since Defendants did not cite a single fact to support the request to stay discovery in the Stay Motion.

4

## LEGAL ARGUMENT

### POINT I:  STANDARD OF REVIEW FOR MOTION TO STAY.

Courts have broad discretion in managing their own dockets.  *Clinton v. Jones*, 520 U.S. 681, 706 (1997).  In general, motions to stay discovery are not favored by the Court.  *Massey v. Fed. Nat'l Mortg. Ass'n,* 2012 WL 3685959, (S.D.Ga. Aug.24, 2012).  While motions to stay discovery may be granted pursuant to FRCP 26(c), the moving party bears the burden of showing good cause and reasonableness for the stay.  *U.S. ex rel. Smith v. Serenity Hospice Care, LLC*, No. CV 313-001, 2014 WL 4269063 (S.D. Ga. Aug. 28, 2014).

When reviewing a motion to stay discovery, "a district court 'must balance the harm produced by the delay in discovery against the possibility that the [pending] motion will be granted and entirely eliminate the need for such discovery.' "  *Arriaga-Zacarias v. Lewis Taylor Farms, Inc.*, 2008 WL 4544470 (M.D. Ga. Oct. 10, 2008).  In making a determination on the merits of a stay it may be helpful for the court to take a "preliminary peek" at the dispositive motion to assess the likelihood that such motion will be granted.  *Id.*

Ultimately, the proponent of the stay bears the burden of demonstrating its necessity, appropriateness, and reasonableness.  *Massey v. Fed. Nat. Mortg. Ass'n,*

No. CV412-102, 2012 WL 3685959 (S.D. Ga. Aug. 24, 2012). Here, Defendants

failed to meet that burden as further described below.

### POINT II:  TWO DEFENDANTS ALREADY BROKE LR 3.3.

LR 3.3, which addresses Certificates of Interested Persons, states:

[A]ll private (non-governmental) parties in civil cases must at the time of first appearance file with the clerk a certificate containing:

**(1)** A complete list of the parties and the corporate disclosure statement required by FRCP 7.1.

**(2)** A complete list of other persons, associations, firms, partnerships, or corporations having either a financial interest in or other interest which could be substantially affected by the outcome of this particular case.

Thus, according to LR 3.3, Defendants were required to file their

Certificates of Interested Persons at the time they made their first appearance in

this proceeding.  Both New York-Presbyterian Queens ("NYP-Queens") and

Lenox Hill Hospital ("Lenox Hill") filed their initial disclosures pursuant to LR

3.3.  Thus, neither of these two defendants had any need to request a stay.

Therefore, the request to stay the requirement in LR 3.3 is designed to account for

the fact that perpetual rule breaker NYU yet again failed to follow the rules of the

court, and Grady also failed to file its initial disclosures pursuant to LR 3.3.

NYU and Grady cited no case law in the Stay Motion to support the claim

that a stay in filing initial disclosures pursuant to LR 3.3 was warranted because

there is no authority to support their request given LR 3.3 is black letter law and its meaning is unambiguous.  As proof Defendants clearly knew this was the case when filing their Stay Motion, the Stay Motion is entirely silent on any rationale for staying the requirement for NYU or Grady to file initial disclosures pursuant to LR 3.3 because they do not have any valid legal basis to make this request, and they are flagrantly asking the Court to violate black letter law.

LR 3.3 explicitly makes clear that initial disclosures are meant "to enable judges …of this Court to evaluate possible disqualification or recusal." *LR 3.3*. Thus, the judge in this case should not rule on either NYU's or Grady's motions to dismiss prior to knowing whether or not the judge should be recused from the case. Thus, NYU and Grady must file initial disclosures **PRIOR** to the judge in the case ruling on the motions to dismiss since, without initial disclosures, Plaintiff is not able to discern whether the judge should be recused due to conflicts of interest. NYU and Grady have no reasonable or legal basis for their request to stay LR 3.3, and the Court should not entertain breaking the law to aid and abet criminals at NYU and Grady.

## POINT III:  DEFENDANTS DO NOT NEED DISCOVERY.  PLAINTIFF DOES.

HIPAA and state laws require healthcare organizations to disclose all records used to make decisions about Plaintiff's healthcare.  *45 CFR 164.501, PHL § 18.*  The plain language of the statutes is not ambiguous.  It is clear all information regarding healthcare decisions should be included in protected health information and designated record sets.  The rationale is obvious.  HIPAA and state lasw also explicitly state Plaintiff has a right to see all protected health information and designated record sets that each healthcare provider has on record about Plaintiff.  *45 CFR 164.501.*  Again, the rationale is obvious.  Yet, despite the obvious nature of the laws, in a prior filing, NYU claimed,

> NYU Langone would like this Court to consider its Motion to Dismiss as soon as possible to either dismiss Plaintiff's claims or commence discovery so that NYU Langone may uncover the claimed factual basis for Plaintiff's claims. (Docket No. 33, Page 3, ¶1).

The problem with NYU's claim it needs "discovery" is obvious.  Plaintiff was a patient at NYU.  Thus, any information NYU needs to defend this case is required by federal and state regulations and laws to be contained in Plaintiff's medical record.  No other information should be needed.  Thus, NYU has no cognizable legal reason to request discovery given federal and state regulations

and laws require all information NYU used to make its healthcare decisions be contained in Plaintiff's designated record sets and protected health information.

Given all Defendants who signed the Stay Motion are healthcare organizations governed by HIPAA as well as other federal and state laws, all data and information they need to defend their cases is required by law to be in Plaintiff's designated record sets and protected health information.  Thus, none of the four defendants that signed the Stay Motion have a legal basis to claim any need for discovery, and the stay on discovery only hurts Plaintiff not the Defendants in this action.

### POINT III:  DEFENDANTS BROKE LOCAL RULE 26.1.

LR 26.1, which addresses Initial Disclosures, states as follows:

The parties to civil actions shall make the initial disclosures required by Fed. R. Civ. P. 26(a)(1) at or within thirty (30) days after the appearance of a defendant by answer or motion. *LR 26.1.*

Thus, since all four defendants filed motions to dismiss over thirty days ago, all defendants were required to file and serve their initial disclosures pursuant to LR 26.1, and broke court rules by failing to do so.

Given all discoverable information known by Defendants was required by federal and state laws and regulations to be contained in Plaintiff's designate record sets and protected health information, Defendants' request to stay LR 26.1

9

shows that Defendants violated federal and state laws and regulations.  Given the crux of Plaintiff's Complaint (Docket No. 1) is that the four Defendants who signed the Stay Motion took phone calls, and made medical decisions based on false and fraudulent information provided about Plaintiff in illegal and criminal phone calls, it is clear that Defendants are seeking to continue to cover-up for their illegal activities.

First, no one had a legal means of knowing Plaintiff was at any of the Defendants hospitals when she was there.  In fact, the only way the Wilder team knew of Plaintiff's whereabouts was by illegally stalking Plaintiff to the four Defendants' institutions.  Legally, if Defendants intended to make medical decisions based on information provided to them during phone calls, then the healthcare organizations were required to note the source of the information in Plaintiff's designated record sets and protected health information.  Yet, all healthcare organizations failed to note the source of the information they used to make decisions to harm Plaintiff in Plaintiff's medical records, or even that their decisions were based on fraudulent information from third parties that was obtained by breaking various state and federal laws.

In addition, NYU, NYP-Queens and Lenox Hill are all subject to New York State's Public Health Law ("PHL").  PHL § 18(2) provides that healthcare

10

organizations must permit visual inspection of all Plaintiff's healthcare records within 10 days of Plaintiff's written request. Thus, both state and federal laws make clear that not only is no discovery necessary for Defendants, but all information Defendants used to make decisions about Plaintiff's healthcare is required to be on file and available for to Plaintiff for visual inspection.

The fact Defendants believe it is valid to make medical decisions without having facts and then rely on witnesses and documents it uncovers through the discovery process to validate medical decisions these organizations made several years ago entails a level of stupidity and craziness that is difficult to understand. You cannot diagnosis someone with a heart attack, and then state you need to uncover records through discovery to prove someone had a heart attack and your diagnosis is correct. If you need witness statements or other records to make a diagnosis, then you are required to procure those records BEFORE you make a diagnosis, not after. It is absurd and completely stupid for Defendants to claim they do not know this.

Here, NYU physicians prescribed drugs to Plaintiff to prevent a HIV infection due to sexual assault, and a NYU nurse put Plaintiff through the grueling process of having a rape kit collected. The anti-HIV medication has dangerous side effects. Yet, NYU lied to enable the NYPD to destroy the rape kit NYU

11

procured from O'Neill.  The Wilder team subsequently admitted that it had to get

the rape kit NYU collected from Plaintiff destroyed because there was evidence

Plaintiff was drugged with benzodiazepines and other drugs on the rape kit NYU

collected.  If that NYU rape kit had been tested, then the NYPD would have had to

investigate the crimes O'Neill reported.  Since the NYPD was determined to aid

and abet Wilder, and so too was NYU, both organizations conspired to obstruct

justice and destroy Plaintiff's rape kit.

Thus, the fact NYU is now claiming that it prescribed anti-HIV medication

that has a dangerous side effects to O'Neill, and destroyed Plaintiff's rape kit, but

NYU does not have any data or information on record to support the decision to

commit a crime and obstruct justice by destroying a rape kit, while at the same

time clearly lying to O'Neill by prescribing her anti-HIV medication due to the

sexual assault, is a stunning and gross admission and clearly shows NYU's

fraudulent and criminal intent.

## POINT IV:  DEFENDANTS FAILED TO ARTICULATE COGNIZABLE LEGAL REASONS WHY THEIR MOTIONS TO DISMISS WILL SUCCEED ON THE MERITS.

Defendants' Stay Motion ultimately rests on the assumption that discovery is

futile because Defendants' motions to dismiss will succeed on the merits. (Docket

No. 36, Page 3, ¶2).  Yet, in the Stay Memo, Defendants fail to state compelling

legal arguments why their motions to dismiss will succeed while at the same time admitting to violating federal and state health care laws.

Defendants also claimed Plaintiff's claims would be dismissed based on a lack of subject-matter jurisdiction in this Court and Plaintiff's failure to state a claim upon which relief can be granted, however, given all four defendants who signed the Stay Motion violated federal and state laws in the exact same manner and destroyed evidence to harm Plaintiff, it is clear that Plaintiff has valid causes of action against each of the four Defendants. (Docket No. 36, Page 3, ¶1).

Plaintiff will file and serve a First Amended Complaint ("FAC"). The FAC will detail Plaintiff's RICO claim. After the filing of Plaintiff's FAC, Defendant's subject matter jurisdiction claim will fail as well. Given each of the four Defendants have all violated federal and state healthcare laws and regulations in the same manner to destroy evidence to aid and abet Wilder, it is obvious that the Defendants cases should be heard together. Given some of the events clearly took place in Atlanta, there is also no question that this Court has jurisdiction.

### POINT V: LIMITED DISCOVERY IS NEEDED.

When "deciding whether to stay discovery pending resolution of a pending motion, the Court inevitably must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely

13

eliminate the need for such discovery." *SP Frederica, LLC v. Glynn County*, No. 2:15-cv-73, 2015 WL 5242830 (S.D. Ga. Sept. 8, 2015). The Court should also determine whether the parties "have any need for discovery before the court rules on the [dispositive] motion." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1366 (11th Circuit, 1997). Thus, resolution of a pretrial motion that turns on findings of fact may require some limited discovery before a meaningful ruling can be made.

Here, there is a need for limited discovery to address the factual issues Defendants questioned in their motions to dismiss. Here, for example, limited discovery is necessary to prove Defendants violated O'Neill's confidentiality, deliberately withheld testing of Plaintiff's fluid samples to prove she was drugged, destroyed evidence, and falsified Plaintiff's medical records in order to aid and abet Wilder's sex trafficking operation and the NYPD's efforts to cover-up several sexual assaults of Plaintiff.

## POINT VI:  THE REQUIREMENTS OF LOCAL RULE 16.1 AND 16.2 ARE NOT BURDENSOME.

Under Local Rule 16.1, all parties to an action are required to conduct a FRCP 26(f) conference within sixteen (16) days after the appearance of a defendant by answer or motion. If the case does not settle at the FRCP 26(f) conference, a completed Joint Preliminary Report and Discovery Plan must be

filed within thirty (30) days after the appearance of the first defendant by answer or motion. *LR 16.2.* Appendix B of the Civil Rules of the Court lists only fourteen basic issues the parties are required to address in the Joint Preliminary Report and Discovery Plan. *LR 16.2.*

Given the costs associated with the steps in question are minimal, and Plaintiff has a right to speedy resolution, staying discovery prejudices Plaintiff's rights.

## **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests the Court deny the

motion and grant such other further relief the Court deems equitable.

Dated:  Washington, DC
June 21, 2022

Respectfully submitted,


BY: Maura O'Neill
Maura O'Neill, Plaintiff
712 H Street NE, #1707
Washington, DC 20002
moneill@rahillco.com

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MAURA O'NEILL,

         Plaintiff,

    v.

NYU LANGONE MEDICAL
CENTER, NEW YORK-
PRESBYTERIAN QUEENS,
LENOX HILL HOSPITAL, GRADY
HEALTH SYSTEM, MOUNT
SINAI BETH ISRAEL,
NORTHSIDE HOSPITAL
FORSYTH, COLLEGE PARK
POLICE DEPARTMENT,

         Defendants.

CIVIL ACTION FILE NO.
1:22-cv-00011-SEG

## LR 7.1(D) FONT COMPLIANCE CERTIFICATION

The undersigned certifies that the within and foregoing **OPPOSITION TO MOTION TO STAY** was prepared using Times New Roman 14 point font in accordance with Local Rule 5.1 of the United States District Court for the Northern District of Georgia.

Dated:  Washington, DC
June 21, 2022

Respectfully submitted,


BY: *Maura O'Neill*
Maura O'Neill, Plaintiff
712 H Street NE, #1707
Washington, DC 20002
moneill@rahillco.com

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

|  |  |
|---|---|
| **MAURA O'NEILL,**<br><br>            Plaintiff,<br>      v.<br><br>**NYU LANGONE MEDICAL CENTER, NEW YORK-PRESBYTERIAN QUEENS, LENOX HILL HOSPITAL, GRADY HEALTH SYSTEM, MOUNT SINAI BETH ISRAEL, NORTHSIDE HOSPITAL FORSYTH, COLLEGE PARK POLICE DEPARTMENT,**<br><br>            Defendants. | **CIVIL ACTION FILE NO. 1:22-cv-00011-SEG** |

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that I have this day caused to be served a true and correct copy of the foregoing by emailing and mailing a copy of the foregoing to each Defendant at the following addresses:

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
Brantley Rowlen, Esq.
Chase Parker, Esq.
24 Drayton Street, Suite 300
Savannah, GA 31401
Telephone: 912.525.4960
E-Mail:  rowlen@lbbslaw.com
E-Mail:  chase.parker@lewisbrisbois.com

**WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**
Parks Kalervo Stone, Esq.
3348 Peachtree Road NE
Suite 1400
Atlanta, GA 30326
Telephone: 470.419.6651
E-Mail: parks.stone@wilsonelser.com

**WATSON SPENCE LLP**
Michael R. Boorman, Esq.
999 Peachtree Road, N.E.
Suite 1130
Atlanta, GA 30309
Telephone: 229.436.1545
E-Mail: mboorman@watsonspence.com

**THOMAS KENNEDY SAMPSON & TOMPKINS, LLP**
Jeffrey Emery Tompkins, Esq.
Candance J. Rodgers, Esq.
Ebonei B. Simpkins, Esq.
3355 Main Street
Atlanta, GA 30337
Telephone: 404.688.4503
E-Mail: j.tompkins@tkstlaw.com
E-Mail: c.rodgers@tkstlaw.com
E-Mail: e.simpson@tkstlaw.com

in accordance with Rule 5(b)(2)(E).

Dated:  Washington, DC
June 21, 2022

Respectfully submitted,


BY: _Maura O'Neill_

Maura O'Neill, Plaintiff
712 H Street NE, #1707
Washington, DC 20002
moneill@rahillco.com

CLEARED DATE

JUL 05 2012

U.S. Marshals Service
Atlanta, GA 30303

Clerk of Court
U.S. Courthouse
75 Ted Turner Dr, SW
Atlanta, GA 30303



O'Neill
712 H Street NE, #1707
Washington, DC 20002