UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MAURA O'NEILL,<br><br>    Plaintiff,<br><br>v.<br><br>NYU LANGONE MEDICAL CENTER, NEW YORK-PRESBYTERIAN QUEEENS, LENOX HILL HOSPITAL, GRADY HEALTH SYSTEM, MOUNT SINAI BETH ISRAEL, NORTHSIDE HOSPITAL FORSYTH, and COLLEGE PARK POLICE DEPARTMENT,<br><br>    Defendants. | CIVIL ACTION NO.<br>1:22-CV-0011-SEG |

## **O R D E R**

Plaintiff Maura O'Neill filed this lawsuit on January 4, 2022, against Defendants NYU Langone Medical Center, New York-Presbyterian Queens, Lenox Hill Hospital, Grady Health System, Mount Sinai Beth Israel, Northside Hospital Forsyth, and College Park Police Department. (Doc. 1.) She brings claims of common law fraud against the defendant hospitals, alleging they falsified her medical records, failed to provide her with medical care, and worked to "aid and abet a sex trafficking operation" after she was allegedly raped on several occasions by a former co-worker, Christopher

Wilder.  She further alleges that all the defendants were acting in concert with Wilder and others in an enterprise to protect both his reputation and that of her former employer, Deutsche Bank Securities, Inc., in violation of the federal RICO statute, 18 U.S.C. § 1962(c).

1. **Plaintiff's Motion for Indefinite Stay and the Pending Motions to Dismiss**

Defendants NYU Langone Medical Center, Lenox Hill Hospital, New York-Presbyterian Queens, and Grady Health System have each filed separate motions to dismiss the complaint.  (Doc. 16, 20, 23, 24.)  On May 5, 2022, O'Neill filed a motion seeking an indefinite extension of time to respond to these motions because she had recently been injured in an assault.  (Doc. 26.)  New York-Presbyterian Queens responded that although it does not object to a brief stay, it is opposed to an indefinite stay.  (Doc. 31.)  That position was echoed by NYU Langone Medical Center (Doc. 33) and Grady Health System (Doc. 34).  Lenox Hill Hospital has not filed a response to O'Neill's request.

The Court finds that an indefinite stay would be prejudicial to the defendants.  Finality and certainty of judicial proceedings are "bedrock principles" of law.  *Fisher v. Jones*, No. 5:16-cv-108-MW-HTC, 2019 WL 2361167, at *4 (N.D. Fla. May 16, 2019) (quoting *Baucom v. Sisco*

*Stevedoring, LLC*, No. 06-0785-WS-B, 2008 WL 2428930, at *4 (S.D. Ala. June 12, 2008)). The Eleventh Circuit Court of Appeals has "repeatedly held that a stay order which is immoderate and involves a protracted and indefinite period of delay is impermissible." *King v. Cessna Aircraft Co.*, 505 F.3d 1160, 1172 (11th Cir. 2007) (citing cases) (internal quotations omitted).

Recent filings, moreover, suggest that O'Neill is prepared to proceed with this litigation. In recent weeks, she has filed a motion seeking the Clerk's entry of default as to several defendants (Doc. 38) and a response to the hospital defendants'[1] joint motion to stay certain case deadlines (Doc. 41). The motions to dismiss have been pending since late April 2022. Accordingly, O'Neill shall have until August 8, 2022, to file her responses to the motions to dismiss (Doc. 16, 20, 23, 24).

## 2. Hospital Defendants' Motion to Stay Certain Deadlines

The hospital defendants have moved to stay certain case deadlines pending this Court's ruling on their motions to dismiss. (Doc. 36.) They seek to stay the deadlines to (1) file their certificates of interested persons and disclosure statements, (2) hold the Rule 26(f) conference, (3) submit a Joint

---

[1] For the sake of brevity, the Court refers to NYU Langone Medical Center, New York-Presbyterian Queens, Lenox Hill Hospital, and Grady Health System collectively as the "hospital defendants."

3

Preliminary Report and Discovery Plan, and (4) exchange initial disclosures. O'Neill has filed a response in opposition, asserting that any stay of discovery will prejudice her, as she needs medical records that are in the defendants' possession. (Doc. 41 at 6.)

A district court has "broad discretion over the management of pre-trial activities, including discovery and scheduling," *Johnson v. Bd. of Regents of Univ. of Ga.*, 263 F.3d 1234, 1269 (11th Cir. 2001), and has "broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706, (1997). Resolution of the motions to dismiss may dispose of the claims against certain defendants, and compliance with the applicable deadlines would be potentially premature and result in an unnecessary expenditure of the parties' time and resources. The Court therefore STAYS the requirements for the parties to conduct the Rule 26(f) early planning conference, file the Joint Preliminary Report and Discovery Plan, and exchange initial disclosures.

The Court will not, however, stay the requirement for the parties to file their certificates of interested persons and corporate disclosure statements. Those documents must be filed at the time of a private (non-governmental) party's first appearance "[i]n order to enable judges and magistrate judges of this Court to evaluate possible disqualification or recusal." LR 3.3, NDGa.

Thus, the requirement to file these documents has no bearing on discovery or the claims being litigated. Lenox Hill Hospital and New York-Presbyterian Hospital Queens have already filed their certificates of interested persons and corporate disclosure statements. (Doc. 17, 18, 19, 32). O'Neill has also filed a certificate of interested persons. (Doc. 40.) Defendants Grady Health System and NYU Langone Medical Center are ORDERED to file their certificates of interested persons and corporate disclosure statements within 7 days of the entry date of this order.

Local Rule 26.2(A), NDGa, provides that "[t]he discovery period shall commence thirty days after the appearance of the first defendant by answer to the complaint, unless the parties mutually consent to begin earlier." To date, no answers have been filed in the case, so the discovery period has not yet begun. If the motions to dismiss are denied, the defendants will be required to file answers to O'Neill's complaint, at which point the countdown to the start of the discovery period will begin. Staying the deadlines above has no impact on O'Neill's ability to conduct discovery.

### 3. Plaintiff's Motion for Clerk's Entry of Default Against Mount Sinai Beth Israel, Northside Hospital Forsyth, and NYU Langone Medical Center

The other defendants in this case, Mount Sinai Beth Israel, Northside Hospital Forsyth, and College Park Police Department, have not yet filed a

5

response to O'Neill's complaint. On June 10, 2022, O'Neill moved for the Clerk's entry of default as to Mount Sinai Beth Israel and Northside Hospital Forsyth due to this failure to respond. (Doc. 38.) She has filed executed returns of service indicating the complaint was served on these two defendants on April 4, 2022. (Doc. 13, 15.) The motion is GRANTED as to these two defendants. The Clerk is DIRECTED to enter default as to Mount Sinai Beth Israel and Northside Hospital Forsyth.

### 4. Absence of Proof of Service on College Park Police Department

As for College Park Police Department, there is no indication on the docket of the case that it has been served with the complaint. A summons was issued on April 1, 2022 (Doc. 3), but no executed return of service has been filed, nor did O'Neill move for the Clerk's entry of default as to this defendant. If a defendant is not served within 90 days of the filing of the complaint, the Court, either on motion or on its own after notice to the plaintiff, must dismiss the action without prejudice as to that defendant or order that service be made within a specified time. O'Neill is ORDERED to SHOW CAUSE by August 8, 2022, why her claims against College Park Police Department should not be dismissed without prejudice pursuant to Rule 4(m).

### 5. Plaintiff's Motion for Clerk's Entry of Default as to NYU Langone Medical Center

O'Neill has also moved for the Clerk's entry of default as to NYU Langone Medical Center. (Doc. 38 at 2.) She seeks the entry of default as a sanction for NYU Langone Medical Center's failure to properly serve its motion to dismiss on her. She refers the Court to the certificate of service attached to the motion (Doc. 16-1 at 15) that states she was served with the motion via the Court's electronic filing system. She notes that as a *pro se* litigant, she is not allowed to electronically file or receive court documents. NYU Langone Medical Center has filed a separate certificate of service indicating that it also served the motion to dismiss on O'Neill via regular mail on May 6, 2022. (Doc. 30.) O'Neill states that the May 6, 2022, service by mail is also inadequate because it did not include an amended certificate of service or notice of electronic filing. (Doc. 38 at 4-5.)

NYU Langone Medical Center has filed a response to the motion for entry of default. (Doc. 39.) It contends that O'Neill "received notice of or a copy of" its motion to dismiss on three separate occasions: (1) at some point prior to filing her motion for an extension of time to respond to the motion to dismiss, (2) on May 6, 2022, when the motion was served via regular mail, and (3) on June 9, 2022, when it served her with the motion via both regular

7

mail and email, as indicated in the certificate of service that it filed on that date (Doc. 37).

The entry of default sanction that O'Neill seeks is "severe" and "appropriate only as a last resort." *Malauetea v. Suzuki Motor Co., Ltd.*, 987 F.2d 1536, 1542 (11th Cir. 1993). O'Neill does not argue that she still has not received the motion to dismiss nor does she make any argument that the motion to dismiss was untimely. New York Langone Medical Center has rectified its failure to properly serve the motion to dismiss, and the Court has afforded O'Neill an extension of time to respond. The motion for the Clerk's entry of default as to NYU Langone Medical Center is DENIED.[2]   !

**6. Conclusion**

The Court summarizes the rulings in this order as follows:

- O'Neill's motion for an extension of time to respond to the pending motions to dismiss is GRANTED IN PART. (Doc. 26.)

---

[2] Counsel is referred to Federal Rule of Civil Procedure 5 and its instructions that service via the Court's electronic filing system is proper only on "registered users" and that service by "other electronic means" is only proper when the person has consented to such in writing. As a *pro se* litigant in this district, O'Neill is not a "registered user" of the Court's electronic filing system, nor could the Court find any indication in the record that she has consented in writing to service by email.

O'Neill SHALL HAVE until August 8, 2022, to file her responses to the motions to dismiss (Doc. 16, 20, 23, 24).

- The hospital defendants' motion to stay certain case deadlines pending this Court's ruling on their motions to dismiss is GRANTED IN PART.  (Doc. 36.)  The requirements for the parties to conduct the Rule 26(f) early planning conference, file the Joint Preliminary Report and Discovery Plan, and exchange initial disclosures are STAYED pending the Court's ruling on the pending motions to dismiss.  The deadline for the parties to complete the Rule 26(f) early planning conference is STAYED until 16 days after the Court issues its ruling on the pending motions to dismiss.  The deadline for the parties to serve their initial disclosures and file the Joint Preliminary Report and Discovery Plan is STAYED until 30 days after the Court issues its ruling on the pending motions to dismiss. Defendants Grady Health System and NYU Langone Medical Center are ORDERED to file their certificates of interested persons and corporate disclosure statements within 7 days of the entry date of this order.

- O'Neill's motion for the Clerk's entry of default is GRANTED IN PART.  (Doc. 38.)  The Clerk is DIRECTED to enter default as to Mount Sinai Beth Israel and Northside Hospital Forsyth. The motion for entry of default as to NYU Langone Medical Center is DENIED.

- O'Neill is ORDERED to SHOW CAUSE by August 8, 2022, why her claims against College Park Police Department should not be dismissed without prejudice pursuant to Rule 4(m).

**SO ORDERED** this 20th day of July, 2022.

_____
SARAH E. GERAGHTY
United States District Judge