IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| MAURA O'NEILL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No.: |
| v. | ) | 1:22-CV-0011-SEG |
| | ) | |
| NYU LANGONE MEDICAL | ) | |
| CENTER, NEW YORK | ) | |
| PRESBYTERIAN QUEENS, | ) | |
| LENOX HILL HOSPITAL, GRADY | ) | |
| HEALTH SYSTEM, MOUNT | ) | |
| SINAI BETH ISRAEL, | ) | |
| NORTHSIDE HOSPITAL | ) | |
| FORSYTH, and COLLEGE PARK | ) | |
| POLICE DEPARTMENT, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT NORTHSIDE HOSPITAL, INC.'S MOTION TO DISMISS**

COMES NOW Northside Hospital, Inc. (hereinafter "Northside Hospital" or
"this Defendant"), incorrectly identified as "Northside Hospital Forsyth" in
Plaintiff's Complaint, and pursuant to the Federal Rules of Civil Procedure
12(b)(4), (5), and (6) respectfully submits this memorandum of law in support of
its motion to dismiss Plaintiff's Complaint, showing the Court as follows:

## INTRODUCTION

Plaintiff's Complaint must be dismissed because Plaintiff failed to properly serve this Defendant with a copy of the Summons and Complaint as required by Fed. R. Civ. P. 4(a) and (h) and the statutes of limitation have now lapsed, because Plaintiff failed to plead facts and allegations sufficient to show that Plaintiff is entitled to relief under both Fed. R. Civ. P. 8(a)(2) and 9(b), and because Plaintiff failed to attach an expert affidavit to the Complaint as required by Georgia law. Rotella v. Wood, 528 U.S. 549 (2000); O.C.G.A. § 9-3-31; O.C.G.A. § 9-11-9.1. For all these reasons, this Defendant respectfully requests that the Court GRANT this motion and dismiss Plaintiff's Complaint.

## STATEMENT OF FACTS

Plaintiff filed her Complaint on January 3, 2022 (Doc. 1). On April 15, 2022, Plaintiff filed an affidavit executed by a person named Jason Garmon, in which Mr. Garmon asserts he served the Complaint on "Northside Hospital Forsyth" through Ms. Cheryl Pruitt at 200 Northside Forsyth Drive, Cumming, Georgia 30041. (Doc. 15).

Ms. Pruitt, however, is not an officer, director, or managing agent of Northside Hospital, or otherwise authorized to accept service on behalf of Northside Hospital.  (Affidavit of Cheryl Pruitt, Ex. 1, ¶¶ 3, 6-8; Affidavit of

Madison Radake, Ex. 2, ¶¶4-8).  Rather, Ms. Pruitt (who, it should be noted, denies accepting service and denies that she would accept service on behalf of Northside Hospital) is an administrative employee with no managerial responsibilities and no authority to accept service on behalf of Northside Hospital. (Pruitt Aff., Ex. 1, ¶¶ 3-8; Radake Aff, Ex. 2 ¶¶4-8).  Indeed, the affidavit of service itself indicates that it was served upon "Cheryl Pruitt *Secretary, Admin Office*" (Doc. 15) (emphasis added).  Plaintiff and/or Mr. Garmon nonetheless elected to attempt to serve the Summons and Complaint upon an administrative employee despite the fact Northside Hospital maintains a registered agent with the Georgia Secretary of State. (Radake Aff, Ex. 2, ¶9).   Further, notwithstanding the labels on the Summons and Complaint, "Northside Hospital Forsyth" is not a legal entity. Instead, this Defendant's correct legal name is Northside Hospital, Inc. (Radake Aff., Ex. 2, ¶10; see also, Doc. 1, Doc. 6).

Plaintiff's Complaint, though seemingly replete with factual allegations, is actually a prolonged but threadbare Complaint, asserting insufficient factual support for its claims, especially as against Northside Hospital. In the 48 pages of Plaintiff's Complaint leading up to her actual claim for relief, she mentions Northside Hospital but once, stating only that "Plaintiff went to NHF for treatment."  (Pl. Cmplt. ¶ 108).  Count One is directed entirely at New York state

defendants.  (Pl. Cmplt. ¶¶ 150-163).  Count Two, aside from reciting the elements of a fraud claim, only claims that Northside Hospital falsified her medical records and failed to run the right tests on her urine sample.  (Pl. Cmplt. ¶164-177).

Count Three, alleging RICO violations, consistently refers only collectively to "defendants," and fails to state a single fact concerning Northside Hospital. (Pl. Cmplt. ¶¶ 178-196).  Plaintiff claims the "Predator-Protection Enterprise" used wire transfers, telephone calls, and emails, to defraud her, destroy evidence, and create false stories that she has certain medical and psychological conditions.  (Pl. Cmplt. ¶¶ 181-185).  She further alleges that the "medical providers that conducted rape exams denied Plaintiff's requests for appropriate tests" and falsified her records, but notably, she never claims that Northside Hospital conducted a rape exam. (Pl. Cmplt. ¶187).  These scant factual allegations in the Complaint filed on January 4, 2022, fail to meet federal pleading requirements and as such Plaintiff's Complaint, in addition to being subject to dismissal for insufficient service and process of service, should be dismissed for failure to state a claim.

Lastly, despite asserting claims of professional negligence against Northside Hospital, Plaintiff failed to submit an expert affidavit contemporaneously with the Complaint. (See generally, Cmplt).[1]

## ARGUMENT AND CITATION OF AUTHORITY

### I.      Plaintiff Failed to Properly Serve the Summons and Complaint and the Claims are Now Time Barred

The Complaint must be dismissed as Plaintiff has failed to properly serve Northside Hospital. "[A] party who has not been properly served may raise a defense of . . . insufficient service of process pursuant to Fed. R. Civ. P. 12(b)(4) or 12(b)(5)." Dixon v. Aldridge Conners, LLP, No. 1:12-CV-03409-CAP-JFK, 2013 U.S. Dist. LEXIS 204025, at *3 (N.D. Ga. Mar. 26, 2013). Of course, "[a] court lacks jurisdiction over the person of a defendant when the defendant has not been served." Id. at 4. Therefore, "[t]he court must consider [a] Rule 12(b)(5) motion to determine whether the court has personal jurisdiction over Defendant before proceeding to consider the merits of any cause of action." Id. Further, "[o]nce the defendant suitably challenges the sufficiency of service, 'the burden shifts to the plaintiff to prove a *prima facie* case of proper service of process.'" Sholes v.

---

[1] Given that it has not been properly served and given the plain deficiencies in Plaintiff's allegations against Northside Hospital, this Defendant has also filed a motion to set aside the clerk's entry of default (see Doc. 42) contemporaneously herewith.

Anesthesia Dep't, No. CV 119-022, 2020 U.S. Dist. LEXIS 49853, at *5 (quoting,

Fru Veg Mktg., Inc. v. Ve fruitworld Corp., 896 F. Supp. 2d 1175, 1182 (S.D. Fla.

2012)).

Corporations may be served either as prescribed by the relevant state law or

by delivering a copy of the summons and complaint to an "agent authorized by

appointment or by law to receive service of process." Fed. R. Civ. P. 4(h). Under

Georgia law, in an action against a corporation the summons and complaint must

be delivered "to the president or other officer of such corporation or foreign

corporation, a managing agent thereof, or a registered agent thereof." O.C.G.A. §

9-11-4(e). "Service upon low-level employees without managerial or supervisory

authority and who have not specifically been authorized to accept service, such as

secretaries… has been found to be insufficient *under both the Federal Rules and*

*Georgia law*." Crystal Commodore Pippen v. Ga.-Pacific, LLC, No. 1:07-CV-

1565-BBM/AJB, 2008 U.S. Dist. LEXIS 126496, at *19 (N.D. Ga. May 20, 2008)

(emphasis added); see also Bowers v. Economation, Inc., 208 Ga. App. 661 (1993)

(service on a receptionist will not suffice); Whatley's Interiors, Inc. v. Anderson,

176 Ga. App. 406 (1985) (finding service on a defendant-corporation was improper

where service papers were left with a corporate officer's secretary).

Here, the Summons and Complaint were supposedly served on "Cheryl Pruitt Secretary, Admin Office as Secretary for Northside Hospital Forsyth," (Doc. No. 15). However, Ms. Pruitt is not an officer, director, or managing agent of Northside Hospital, or otherwise authorized to accept service on behalf of Northside Hospital.  (Pruitt Aff., Ex. 1, ¶¶ 3, 6-8; Radake Aff., Ex. 2, ¶¶4-8). Instead, Ms. Pruitt is an administrative employee with no managerial responsibilities and no authority to accept service on behalf of Northside Hospital. (Pruitt Aff., Ex. 1, ¶¶ 3-8; Radake Aff, Ex. 2, ¶¶4-8).[2]  Indeed, the affidavit of service itself indicates that it was served upon "Cheryl Pruitt *Secretary, Admin Office*" (Doc. 15) (emphasis added).  Plaintiff's attempted service upon Northside Hospital was plainly insufficient and, accordingly, this Defendant must be dismissed pursuant to Federal Rules 4(h) and 12(b)(5).  <u>Crystal Commodore</u>, <u>supra</u>; <u>Bowers</u>, <u>supra</u>; <u>Whatley's Interiors</u>, <u>supra</u>.

Furthermore, Plaintiff's Summons itself was insufficient.  A summons must be "directed to the defendant."  Fed. R. Civ. P. 4(a)(1).  The Summons here was not directed to this Defendant in that was addressed to "Northside Hospital

---

[2] Northside Hospital notes that Ms. Pruitt denies accepting service of the Summons and Complaint and denies that she would accept service on behalf of Northside Hospital. (Pruitt Aff., Ex. 1, ¶¶5-7).

Forsyth" as opposed to "Northside Hospital, Inc."  (Doc. No. 6).  Therefore, the action should also be dismissed under Rules 4(a)(1) and 12(b)(4).

Additionally, a complaint may also be dismissed under Fed. R. Civ. P. 12(b)(6) if it is not filed by the time the statute of limitations has lapsed.  AVCO Corp. v. Precision Air Parts, Inc., 676 F.2d 494, 495 (11th Cir. 1982).  The statutes of limitation for both fraud and RICO claims are four years from the time the plaintiff discovered the injury.  Copeland v. Miller, 347 Ga. App. 123, 125 (2018); Rotella v. Wood, 528 U.S. at 557.  Regarding her RICO claims, Plaintiff admits that the "Predator-Protection Enterprise… existed and sought to accomplish its purposes since no later than 2005," years before the Complaint was filed on January 4, 2022. (Pl. Cmplt. 180).  She also claims that she reported the rapes, break-ins, and medical record forgery to NYPD in 2017, and thus at the very least knew of the alleged fraud and RICO violations at that time.  (Pl. Cmplt. ¶ 10). Therefore, Plaintiff's Complaint should also be dismissed as the four-year statutes of limitation ran in 2021.

As to Northside Hospital specifically, the Complaint states that Plaintiff flew to Georgia on January 24, 2018 and was drugged with opiates the same day.  (Pl. Cmplt. ¶107).  She then states that she "went to NHF for treatment," where Northside Hospital supposedly "failed to run the right tests on the urine sample."

(Pl. Cmplt. ¶ 173).  While she does not state the specific date on which she went to Northside Hospital for treatment and thus the precise date the statute of limitation ran is uncertain, the Complaint should be dismissed nonetheless because, under Georgia law, diligent service of process is an "integral part" of compliance with statutes of limitation.  Johnson v. Am. Meter Co., 412 F. Supp. 2d 1260, 1263-1264 (N.D. Ga. 2004) (citation and punctuation omitted).

Moreover, "[i]f a defendant is not served within 90 days after the complaint is filed, the court…must dismiss the action."  Fed. R. Civ. P. 4(m).  Plaintiff filed her Complaint on January 4, 2022, over five months ago and Northside Hospital has yet to be properly served.  While Rule 4(m) gives the Court discretion to provide Plaintiff with an extension to serve the Complaint, and the running of the statute of limitations is a factor to consider, it is not determinative and does not require a court to extend the time for service.  Mann v. Ameris Bank, No. 7:16-CV-146 (WLS), 2017 U.S. Dist. LEXIS 221276, at *7-8 (M.D. Ga. May 11, 2017) (dismissing a complaint *with prejudice*, despite the statute of limitation running, because service was inconsistent with the rules and plaintiff's attempts to reserve the defendant were untimely).  Given Plaintiff's insufficient process, insufficient service of process, and failure to serve within the required 90-days, in addition to the fact that the Complaint fails to state any cognizable claim against Northside

Hospital, as discussed below, an extension would be futile, and the Complaint should be dismissed with prejudice.

## II. Plaintiff's Claims are Insufficiently Plead and Should be Dismissed for Failure to State a Claim

### A. Motion to Dismiss Standard

In order to survive a motion to dismiss, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) and 12(b)(6).   While this does not require detailed factual allegations, the complaint must cross the line from conceivable to plausible and allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  This requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Id. at 557.  "In keeping with these principles, a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth."  Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).  Neither Plaintiff's RICO nor fraud claims meet this standard, and thus the Complaint cannot withstand a motion to dismiss.

### B. The Complaint Fails to Sufficiently Plead Common Law Fraud

Plaintiff's allegations in Count Two of the Complaint contain nothing more than legal conclusions that fail to satisfy the heightened pleading standards for

fraud claims.   Plaintiffs who allege fraud must "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b).  This requires the plaintiff to allege (1) the precise misrepresentations made, (2) the time, place, and person responsible for the statement, (3) the content and manner in which the statements misled her, and (4) what the defendant gained from the fraud.  Price v. Lakeview Loan Servicing, LLC, No. 21-11806, 2022 U.S. App. LEXIS 8007, at *5 (11th Cir. Mar. 28, 2022).

Despite these heightened requirements, Plaintiff does little more than recite the elements of a fraud cause of action.  Northside Hospital's supposed fraud arises out of the single occasion where "Plaintiff went to NHF for treatment," however the Complaint fails to even state the date, let alone time, she received treatment. (Pl. Cmplt. ¶ 108).  She also claims that Northside Hospital falsified her medical records by adding the "Trump Has Malaria Defense," and failed to run the correct tests on her urine sample.  (Pl. Cmplt. ¶ 171, 173).  Plaintiff offers no other facts in support of her fraud claim other than that the police closed criminal cases because of her reliance on Northside Hospital, which at most asserts that another party gained from Northside Hospital's alleged fraud. (Pl. Cmplt. ¶ 176).  Thus, even reading the Complaint liberally, Plaintiff still only alleged where the statements were made and the content of one statement, i.e., the Trump Has Malaria Defense.

She does not assert who said them, when they were said, the content of any other statements, how they misled her, or how Northside Hospital gained from them. These bare-boned allegations come nowhere close to meeting the heightened pleading requirements above. Thus, Plaintiff's fraud claims should be dismissed for failure to state a claim.

### C. The Complaint Fails to Sufficiently Plead Violation of the RICO Statute

Count Three of the Complaint also fails to state a claim upon which relief can be granted because RICO claims, "which are essentially a certain breed of fraud claims, must be pled with an increased level of specificity." Ambrosia Coal & Constr. Co. v. Pages Morales, 482 F.3d 1309, 1316 (11th Cir. 2007); Brooks v. Blue Cross & Blue Shield, 116 F.3d 1364 (11th Cir. 1997) (finding RICO claims did not meet the heightened pleading standard because the complaint was devoid of specific allegations for each defendant and lumped all of the defendants together in their fraud allegations). Instead, a complaint with multiple defendants should inform each defendant of the nature of his alleged participation in the fraud. Id. at 1381. The same is true here. Plaintiff's RICO claim only ever refers to "defendants" and never sets forth a single separate act to inform Northside Hospital of the nature of its alleged participation in the fraud. Therefore, the conclusory statements that all defendants are liable for a "pattern of racketeering activity," with no further facts,

do not meet the heightened pleading standard, and the Complaint must be dismissed for failure to state claim.

### III.   Plaintiff Failed to File the Required Expert Affidavit

While Plaintiff's Complaint does not expressly allege professional negligence, out of an abundance of caution and to avoid waiving any defense under O.C.G.A § 9-11-9.1, Northside Hospital also notes that Plaintiff failed to file an expert affidavit.[3]   Under O.C.G.A §§ 9-11-9.1 and 9-11-12(b)(6) a motion to dismiss is properly granted where plaintiff failed to file an expert affidavit contemporaneously with a complaint which alleges professional negligence, and such dismissal should be with prejudice.   Candler Hosp. v. Carter, 224 Ga. App. 425, 426 (1997).   "Whether an action alleges professional [negligence] or simple [negligence] depends on whether the professional's alleged negligence required the exercise of professional judgment and skill [and] is a question of law for the court to decide."   MCG Health, Inc. v. Casey, 269 Ga. App. 125, 128 (2004).

"A suit is a [professional] malpractice action where… it calls into question the conduct of a professional in his area of expertise."   Presto v. Sandoz Pharmaceuticals

---

[3] Northside Hospital acknowledges the ruling in Baird v. Celis, 41 F. Supp. 2d 1358 (N.D. Ga 1999), holding that federal courts are not bound by O.C.G.A. § 9-11-9.1 and instead abide by Fed. R. Civ. P. 8(a)'s notice pleading standard. Nonetheless, Northside Hospital raises this should this or another court find that the filing of an expert affidavit is required under the circumstances presented by this case.

Corp., 226 Ga. App. 547, 550 (1998) (citation omitted).  "Ultimately, when 'the failure to do a thing, or the negligen[ce] of doing it, is proved by a reliance upon a general standard of care or by rules of procedure used by others competently performing the same service, it is a 'professional' act of practice.'" Oduok v. Fulton Dekalb Hospital Authority, 340 Ga. App. 205, 207 (2017) (citation omitted).

If Plaintiff's allegations that Northside Hospital falsified her medical records and failed to run appropriate tests on her urine sample are deemed sufficiently plead, such claims would involve negligent conduct and decision making by medical professionals in their area of expertise.  See e.g., Walls v. Sumter Reg'l Hosp., Inc., 292 Ga. App. 865, 869 (2008) (hospital and its employees exercised medical judgment in determining whether to follow recommended protocol, how to treat patient under protocol, and to assess the seriousness of the patient's condition). Accurately documenting in medical records is similarly a decision to follow protocol and requires medical judgment.  Plaintiff even admits several times that medical professionals must abide by specific rules and standards in creating and maintaining medical records.  (Pl. Cmplt. ¶¶ 33, 94, 146, 148, 149, 171).  Also, determining whether to run diagnostic tests on a urine sample involves medical judgment, as diagnosing a medical condition is clearly a professional act.  Therefore, Plaintiff was

required to file an expert affidavit under O.C.G.A §§ 9-11-9.1 and her Complaint

should be dismissed with prejudice pursuant to 9-11-12(b)(6).

## CONCLUSION

For the foregoing reasons, this Defendant respectfully requests that this

Court grant its Motion to Dismiss Plaintiff's Complaint.

## LOCAL RULE 7.1(D) CERTIFICATION

I hereby certify that this document has been prepared in accordance with

Local Rule 5.1(B) of the Northern District of Georgia.

Respectfully submitted this 9th day of August, 2022.

**SCRUDDER, BASS, QUILLIAN, HORLOCK, LAZARUS & ADELE LLP**

*/s/ Henry E. Scrudder, Jr.*

_____

Henry E. Scrudder, Jr.
Georgia Bar No.: 632825
Teddy L. Sutherland
Georgia Bar No.: 693189
Sophia Welf
Georgia Bar No.: 237556
*Attorneys for Defendant Northside Hospital, Inc.*

15

900 Circle 75 Parkway
Suite 850
Atlanta, Georgia 30339-3053
Telephone: (770) 612-9200
Facsimile: (770) 612-9201
hscrudder@scrudderbass.com
tsutherland@scrudderbass.com
swelf@scrudderbass.com

**CERTIFICATE OF SERVICE**

I hereby certify that I have this day electronically filed the within and foregoing **MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT NORTHSIDE HOSPITAL, INC.'S MOTION TO DISMISS** using the CM/ECF system which will automatically send e-mail notification of such filing  to the following attorneys of record:

Erika J. Harris
Watson Spence LLP
999 Peachtree St., NE
Suite 1130
Atlanta, GA  30309
*Attorney for Defendant NYU Langone Hospitals*

Parks K. Stone
Wilson, Elser, Moskowitz, Edelman & Dicker LLP
3348 Peachtree Rd., NE, Suite 1400
Atlanta, GA  30326
*Attorney for New York Presbyterian Hospital/Queens*

S. Chase Parker
Brantley C. Rowlen
Lewis Brisbois Bisgaard & Smith LLP
24 Drayton St., Suite 300
Savannah, GA  31401
*Attorneys for Lenox Hill Hospital*

Jeffrey E. Tompkins
Candance J. Rodgers
Ebonei B. Simpkins
Thomas Kennedy Sampson & Tompkins, LLP
3355 Main St.
Atlanta, GA  30337
***Attorneys for Grady Memorial Hospital***

and by placing a copy of same in the U.S. Mail, postage pre-paid, addressed as

follows:

Maura O'Neill
712 H Street, NE
#1707
Washington, DC  20002
***Pro Se Plaintiff***

This 9th day of August, 2022.

/s/ Henry E. Scrudder, Jr.
_____
Henry E. Scrudder, Jr.