IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| MAURA O'NEILL, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | Civil Action No.: |
| v. | ) | 1:22-CV-0011-SEG |
| | ) | |
| NYU LANGONE MEDICAL | ) | |
| CENTER, NEW YORK | ) | |
| PRESBYTERIAN QUEENS, | ) | |
| LENOX HILL HOSPITAL, GRADY | ) | |
| HEALTH SYSTEM, MOUNT | ) | |
| SINAI BETH ISRAEL, | ) | |
| NORTHSIDE HOSPITAL | ) | |
| FORSYTH, and COLLEGE PARK | ) | |
| POLICE DEPARTMENT, | ) | |
| | ) | |
|     Defendants. | ) | |

## DEFENDANT NORTHSIDE HOSPITAL, INC.'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO SET ASIDE CLERK'S ENTRY OF DEFAULT

COMES NOW Northside Hospital, Inc. (hereinafter "Northside Hospital" or "Defendant"), incorrectly identified as "Northside Hospital Forsyth" in Plaintiff's Complaint, and respectfully submits this motion to set aside clerk's entry of default, showing the Court as follows:

## INTRODUCTION AND STATEMENT OF FACTS

Plaintiff filed her Complaint on January 3, 2022, and on June 10, 2022, moved for an entry of default. (Doc. 1, 38). On July 20, 2022, the Court granted her motion and directed the Clerk to enter default, citing to an affidavit of service in which a person by the name of Jason Garmon asserts he served the Summons and Complaint on "Northside Hospital Forsyth."[1]   (Doc. 15, 42).   However, Mr. Garmon's purported service of process upon Northside Hospital was plainly insufficient inasmuch as it was not served upon someone authorized by law to receive service of process.

The affidavit of service states that the Summons and Complaint was served on Ms. Cheryl Pruitt at 200 Northside Forsyth Drive, Cumming, Georgia 30041. (Doc. 15).  However, Ms. Pruitt is not an officer, director, or managing agent of Northside Hospital, or otherwise authorized to accept service on behalf of Northside Hospital. (Affidavit of Cheryl Pruitt, Ex. 1, ¶¶ 3, 6-8; Affidavit of Madison Radake, Ex. 2, ¶¶4-8).   Rather, Ms. Pruitt (who, it should be noted, denies accepting service and denies that she would accept service on behalf of Northside Hospital) is an administrative employee with no managerial responsibilities and no authority to

---

[1] This is not the name of a legal entity.  Defendant's legal name is Northside Hospital, Inc. (Radake Aff, Ex. 2, ¶10).

accept service on behalf of Northside Hospital. (Pruitt Aff., Ex. 1, ¶¶ 3-8; Radake Aff, Ex. 2, ¶¶4-8). Indeed, the affidavit of service itself indicates that it was served upon "Cheryl Pruitt *Secretary, Admin Office*" (Doc. 15) (emphasis added). Given the foregoing, Ms. Pruitt was not authorized to accept service on behalf of Northside Hospital as a matter of law and the entry of default must be set aside.

Moreover, even assuming (contrary to fact) that Plaintiff properly served Northside Hospital, good cause would *still* exist to set aside the entry of default. As detailed in Defendant's motion to dismiss filed contemporaneously herewith, Defendant has several meritorious defenses against each one of Plaintiff's claims, including but not limited to, defenses that Plaintiff failed to comply with the statute limitations and that her complaint fails to state a claim upon which relief can be granted. (See Mot. to Dismiss). Further, the default was not willful, and Plaintiff will not be prejudiced if default is set aside.

For all these reasons, Northside Hospital respectfully requests this Court to vacate the Clerk's entry of default.

## ARGUMENT AND CITATION OF AUTHORITY

### I.    The Entry of Default Must be Set Aside because Northside Hospital has Not been Properly Served

Federal Rule 55 allows a court to set aside a default for "good cause." Fed R. Civ. P. 55(c); see e.g., African Methodist Episcopal Church, Inc. v. Ward, 185 F.3d

1201, 1202 (1999); Ley v. Suntrust Bank, No. 1:09-CV-2972-JEC-CCH, 2010 U.S. Dist. LEXIS 156196, at *6 (N.D. Ga. July 26, 2010); Duncan v. Trans Union LLC, No. 1:19-CV-02468-CAP-JCF, 2019 U.S. Dist. LEXIS 235812, at *4 (N.D. Ga. Oct. 31, 2019).  When there is an insufficiency of service of process, "good cause" to set aside the default *necessarily* exists.  "A finding of insufficient service of process *requires* a Court to vacate the entry of default."  Duncan, 2019 U.S. Dist. at *5 (citing Cross v. Equityexperts.org, LLC, No. 1:17-CV-03804-AT-JCF, 2019 U.S. Dist. LEXIS 104196, at *5 (N.D. Ga. April 17, 2019)) (emphasis added); see also, Sholes v. Anesthesia Dep't, No. CV 119-022, 2020 U.S. Dist. LEXIS 49853, at *4-5 (S.D. Ga. Mar. 23, 2020) ("there must be strict compliance with the legal prerequisites establishing the court's power to render the judgment… therefore, default is not available against a party who has not been properly served with process") (internal citations omitted).

Here, Plaintiff has plainly failed to properly serve Northside Hospital.  Under federal law, a corporation must be served either according to state law or "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law."  Fed. R. Civ. P. 4(h).  Under Georgia law, corporations must be served by delivering the summons and complaint "to the president or other officer of such corporation or

4

foreign corporation, a managing agent thereof, or a registered agent thereof."
O.C.G.A. § 9-11-4(e).  Plaintiff's summons was allegedly served on a Ms. Pruitt, a
secretary and "low-level employee[] without managerial or supervisory authority."
See Crystal Commodore Pippen v. Ga.-Pacific, LLC, No. 1:07-CV-1565-
BBM/AJB, 2008 U.S. Dist. LEXIS 126496, at *19 (N.D. Ga. May 20, 2008).[2]  This
simply will not suffice, under either federal or Georgia law. Crystal Commodore,
2008 U.S. Dist. LEXIS 126496, at *19 ("Service upon low-level employees without
managerial or supervisory authority and who have not specifically been authorized
to accept service, such as secretaries… has been found to be insufficient under both
the Federal Rules and Georgia law."); Bowers v. Economation, Inc., 208 Ga. App.
661 (1993) (service on a receptionist found to be insufficient); Whatley's Interiors,
Inc. v. Anderson, 176 Ga. App. 406 (1985) (finding service on a defendant
corporation was improper where service papers were left with a corporate
officer's secretary).

    In short, because Plaintiff has clearly failed to properly serve Northside
Hospital, the Court must set aside the clerk's entry of default.  See e.g., Duncan,

---

[2] Northside Hospital notes that Ms. Pruitt denies accepting service of the
Summons and Complaint and denies that she would accept service on behalf of
Northside Hospital. (Pruitt Aff., Ex. 1, ¶¶5-7).

2019 U.S. Dist. LEXIS 235812, at *7; <u>Ley</u>, 2010 U.S. Dist. LEXIS 156196, at *6-7 (granting motion to set aside default because service on a member of the corporation's legal department, who was not the registered agent, was insufficient as a matter of law).

## II.     Good Cause Otherwise Exists to Set Aside the Entry of Default

The "good cause" standard of Rule 55(c) is a "liberal" one, and courts, including the Eleventh Circuit, generally look upon default judgments with disfavor because there is a strong policy of determining cases on their merits. <u>Duncan</u>, 2019 U.S. Dist. LEXIS 235812, at *4; <u>see also</u>, <u>Ley</u>, 2010 U.S. Dist. LEXIS 156196, at *6; <u>see also</u>, <u>Valdez v. Feltman (In re Worldwide Web Sys.)</u>, 328 F.3d 1291, 1295 (11th Cir. 2003).  Accordingly, the "good cause" standard is "less rigorous" than the "excusable neglect" standard applicable to final judgments. <u>Duncan</u>, 2019 U.S. Dist. LEXIS 235812, at *4.  Indeed, as there is no final judgment, the "defaulting party's neglect or oversight need not always be excusable" to set aside an entry of default. <u>Ley</u>, 2010 U.S. Dist. LEXIS 156196, at *9.   Courts consider three factors to determine whether good cause exists: (1) whether the default was culpable or willful; (2) whether setting it aside would prejudice the non-defaulting party; and (3) whether the party in default has a meritorious defense.  <u>See</u> e.g., <u>Duncan</u>, 2019 U.S. Dist. LEXIS 235812, at *3.

Here, it cannot be seriously contended that Northside Hospital's conduct has been "culpable" or "willful."  In fact, even as of the date of the filing of this motion to set aside, Northside Hospital is not legally obligated to respond at all to Plaintiff's Complaint inasmuch as it has not been properly served.

However, even assuming *arguendo* that Northside Hospital had been properly served, good cause for setting aside the default would still exist, because Plaintiff will not be prejudiced if the default is set aside and because Northside Hospital has meritorious defenses.  See e.g., Udoinyion v. Guardian Sec. Mgmt., No. 1:08-CV-1729-CC, 2013 U.S. Dist. LEXIS 200362, at *6 (N.D. Ga. Mar. 27, 2013) (setting aside default, despite assuming culpability on the part of the defendant, when the plaintiff could not show prejudice and the defendant appeared to have possibly meritorious defenses).

It is clear that Plaintiff will suffer no prejudice if the Court grants this motion. A plaintiff is only prejudiced by setting aside an entry of default if "the delay will result in the loss of evidence, increased difficulties in discovery, [] greater opportunities for fraud or collusion," or "where plaintiff's costs will increase to an unfair degree." Udoinyion, 2013 U.S. Dist. LEXIS 200362, at *7 (citations omitted). Here, the Court has granted Plaintiff's requests for extensions of time to respond to co-defendants' motions to dismiss and stayed discovery as to several co-defendants.

As such, any slight delay that might theoretically be caused by vacating default as to Northside Hospital will not be harmful to Plaintiff and there will not be any increased difficulties relating to discovery.

Also, as the Court is likely aware, Ms. O'Neill "has filed at least [eight] separate actions that arise from the same series of events that are alleged in this action." O'Neill v. Khuzami, No. 1:20-CV-04632-JPB, 2022 U.S. Dist. LEXIS 42004, at *16 n.3 (N.D. Ga. Mar. 9, 2022). Therefore, any incidental increase in cost to Plaintiff that might be caused by vacating the entry of default as to Northside Hospital cannot be considered "unfair."

Further, in addition to its insufficiency of service defense, Northside has asserted multiple other meritorious defenses to Plaintiff's claims, as detailed in its motion to dismiss. (See Mot. to Dismiss). Northside Hospital's additional defenses include: (a) insufficiency of process; (b) Plaintiff's failure to serve the Complaint within 90 days of filing the Complaint as required by Fed. R. Civ. P. 4(m); (c) the running of statutes of limitations; and (d) perhaps most notably, Plaintiff's failure to allege sufficient factual matter to state a claim to relief that is plausible on the face of the Complaint. (See id). Moreover, "[w]hen making a determination as to whether or not a defaulting party has properly asserted an affirmative defense to warrant the setting aside of an entry of default, likelihood of success is not the

8

measure." <u>Udoinyion</u>, 2013 U.S. Dist. 200362 at *8 (citation omitted).  Instead, "a defendant need only give the court a hint of a suggestion that he ha[s] a meritorious defense." <u>Id</u>. (citation omitted).  Northside respectfully submits there is much, much more than a "hint" that it has meritorious defenses, as can be determined upon review of its motion to dismiss.[3]

## CONCLUSION

For the foregoing reasons, this Defendant respectfully requests that this Court grant this Motion to Set Aside Clerk's Entry of Default and review its Motion to Dismiss on the merits.

## LOCAL RULE 7.1(D) CERTIFICATION

I hereby certify that this document has been prepared in accordance with Local Rule 5.1(B) of the Northern District of Georgia.

---

[3] This is especially true when one considers Plaintiff's remarkable history of filing suits arising out the same events that are the subject of her Complaint in the case at bar.  "[Ms. O'Neill] has filed at least [eight] separate actions that arise from the same series of events that are alleged in this action. In one action, Judge Rudolph E. Greco [of the New York Supreme Court in Queens County] dismissed Plaintiff's claims and stated that "if this is not a complete abuse of the judicial process, this Court does not know what is." <u>O'Neill v. Khuzami</u>, 2022 U.S. Dist. LEXIS 42004, at *16 n.3 (citation omitted).

Respectfully submitted this 9th day of August, 2022.

                         **SCRUDDER, BASS, QUILLIAN, HORLOCK,**
                         **LAZARUS & ADELE LLP**

                         */s/ Henry E. Scrudder, Jr.*
                         _____

                         Henry E. Scrudder, Jr.
                         Georgia Bar No.: 632825
                         Teddy L. Sutherland
                         Georgia Bar No.: 693189
                         Sophia Welf
                         Georgia Bar No.: 237556
                         *Attorneys for Defendant Northside Hospital, Inc.*

900 Circle 75 Parkway
Suite 850
Atlanta, Georgia 30339-3053
Telephone: (770) 612-9200
Facsimile: (770) 612-9201
hscrudder@scrudderbass.com
tsutherland@scrudderbass.com
swelf@scrudderbass.com

## CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically filed the within and foregoing **DEFENDANT NORTHSIDE HOSPITAL, INC.'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO SET ASIDE CLERK'S ENTRY OF DEFAULT** using the CM/ECF system which will automatically send e-mail notification of such filing  to the following attorneys of record:

Erika J. Harris
Watson Spence LLP
999 Peachtree St., NE
Suite 1130
Atlanta, GA  30309
*Attorney for Defendant NYU Langone Hospitals*

Parks K. Stone
Wilson, Elser, Moskowitz, Edelman & Dicker LLP
3348 Peachtree Rd., NE, Suite 1400
Atlanta, GA  30326
*Attorney for New York Presbyterian Hospital/Queens*

S. Chase Parker
Brantley C. Rowlen
Lewis Brisbois Bisgaard & Smith LLP
24 Drayton St., Suite 300
Savannah, GA  31401
*Attorneys for Lenox Hill Hospital*

Jeffrey E. Tompkins
Candance J. Rodgers
Ebonei B. Simpkins
Thomas Kennedy Sampson & Tompkins, LLP
3355 Main St.
Atlanta, GA  30337
***Attorneys for Grady Memorial Hospital***

and by placing a copy of same in the U.S. Mail, postage pre-paid, addressed as

follows:

Maura O'Neill
712 H Street, NE
#1707
Washington, DC  20002
***Pro Se Plaintiff***

This 9th day of August, 2022.

*/s/ Henry E. Scrudder, Jr.*

_____

Henry E. Scrudder, Jr.