IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MAURA O'NEILL,<br><br>    Plaintiff,<br><br>v.<br><br>MOUNT SINAI BETH ISRAEL et al.,<br><br>    Defendants. | NO.: 1:22-CV-0011-SEG |

**MOUNT SINAI BETH ISRAEL'S BRIEF IN SUPPORT OF ITS MOTION TO SET ASIDE ENTRY OF DEFAULT**

## INTRODUCTION

The Court should set aside the entry of default against Defendant Mount Sinai Beth Israel ("Beth Israel"). As a threshold matter, the Court lacks personal jurisdiction over Beth Israel. To the extent the Court disagrees on that issue, though, it should set aside the entry of default for good cause under Federal Rule of Civil Procedure 55(c): Beth Israel did not willfully fail to appear, Plaintiff's claims fail on the merits, and Plaintiff will face no prejudice if the Court sets aside the entry of default.

1

## BACKGROUND

Plaintiff filed this lawsuit in January 2022 against seven Defendants, including Beth Israel. Doc. 1. Beth Israel is a hospital located in New York City and is part of the Mount Sinai Health System, a hospital system in New York. Ex. A, Korzenik Aff. ¶¶ 1, 5.[1] Beth Israel is not registered to do business in Georgia, does not maintain a registered agent in Georgia, and does not transact business in Georgia. *Id.* ¶ 6. Thus, Plaintiff had to serve Beth Israel with the summons in this litigation in New York. According to the proof of service she filed for Beth Israel, Plaintiff served the summons on someone named "Frite Fils-aime" at 281 First Avenue, New York, NY 10003 on April 4, 2022, exactly 90 days after Plaintiff filed suit. Doc. 13; *see* Fed. R. Civ. P. 4(m). Beth Israel's inquiry into the issue indicates that Plaintiff left the complaint and summons with a security guard at the entrance to the hospital. *See* Korzenik Aff. ¶¶ 7–8.

The protocol Beth Israel implemented after the start of the COVID-19 pandemic allows security guards to receive service and deliver the documents served to the hospital's risk-management department ("Mount Sinai Beth

---

[1] Beth Israel notes that the final page of Exhibit A contains a page number that does not align. This was the result of formatting issue during the signing and notarization process.

Israel Risk," which this filing refers to as "MSBI Risk." *Id.* ¶ 8. The Mount Sinai Health System—which Beth Israel is a part of—has an in-house legal department ("Mount Sinai Legal"). *Id.* ¶ 4. MSBI Risk, however, normally sends any summons or complaint Beth Israel receives to the proper insurance carrier. *Id.* ¶ 12.

Here, after receiving the summons and complaint, MSBI Risk emailed a copy of the documents to Mount Sinai Legal. *See id.* ¶¶ 9–10. In response, counsel from Mount Sinai Legal called and left a voicemail with the MSBI Risk employee who forwarded copies of the documents. *Id.* ¶ 11. Although it was unknown at the time of the call, Beth Israel has learned that this MSBI Risk employee had either already started a period of paid time off or did so soon after the call. *Id.* Mount Sinai Legal had no reason to think the MSBI Risk employee had not sent the summons and complaint to the proper carrier for handling. *Id.* ¶¶ 13–14. But unfortunately, it turns out, she had not sent the documents because she mistakenly believed Mount Sinai Legal was handling the matter. *Id.* ¶¶ 13–14.

Beth Israel's response to Plaintiff's Complaint was due April 25, 2022. But because of the internal misunderstanding, Beth Israel did not respond by that day. Beth Israel did not realize its mistake until July 21, 2022, when it learned that the Court had directed the Clerk to enter a default against Beth

Israel the day before. Doc. 42; Korzenik Aff. ¶ 14. The hospital immediately retained counsel and began preparing to ask the Court to set aside the default. Korzenik Aff. ¶ 15.

Since Plaintiff filed suit, four Defendants have moved to dismiss Plaintiff's Complaint, and the Court has stayed discovery pending its resolution of those motions. Docs. 16, 20, 23, 24, 42. Plaintiff has not yet responded to those motions, and the Court's extended deadline for her to do so has expired. Doc. 42 (setting August 8, 2022 deadline). Beth Israel now asks the Court to set aside the entry of default.[2]

## ARGUMENT

**I.   The Court Should Set Aside the Default Because It Lacks Personal Jurisdiction.**

**A.   Beth Israel May Properly Challenge Jurisdiction.**

As an initial matter, a defendant does not waive its right to raise jurisdictional defects when it fails to appear, so Beth Israel may still challenge this Court's jurisdiction. *IOU Cent., Inc. v. Krychev*, No. 1:20-CV-2675-MHC, 2021 WL 2561771, at *4 (N.D. Ga. June 1, 2021) (permitting challenge to

---

[2] Beth Israel intends to move to dismiss Plaintiff's Complaint if the Court sets aside the entry of default. It has thus provided with this filing a proposed motion to dismiss for the Court's consideration and asks that the Court either deem the motion to dismiss filed as is or allow Beth Israel an opportunity to file the motion separately.

4

jurisdiction after entry of default).[3] Indeed, a default *judgment* entered against a defendant by a court that lacks jurisdiction is unenforceable. *See Baragona v. Kuwait Gulf Link Transp. Co.*, 594 F.3d 852, 854 (11th Cir. 2010) (highlighting that a "defendant is always free to ignore the judicial proceedings, risk a default judgment, and then challenge that judgment on jurisdictional grounds." (citing *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694 (1982)). And because the entry of a default is a procedural hurdle a plaintiff must clear before obtaining a default judgment, it makes sense that a defendant may challenge jurisdiction *before* the entry of a default judgment. *See IOU*, 2021 WL 2561771, at *4.

### B.  This Court Lacks Personal Jurisdiction Over Beth Israel.

To show that a court has personal jurisdiction over a defendant, a plaintiff must first identify a statutory basis for the Court's exercise of jurisdiction. *See KDC Direct, LLC v. Ravage Holding, Inc.*, No. 1:19-CV-1708-TWT, 2020 WL 4938364, at *2 (N.D. Ga. July 30, 2020). Plaintiff has not attempted to identify a statutory basis for jurisdiction, though it was her

---

[3] *See also Reynolds v. Int'l Amateur Athletic Fed'n*, 23 F.3d 1110, 1120 (6th Cir. 1994) ("[C]ourts have generally held that [d]efects in personal jurisdiction . . . are not waived by default when a party fails to appear or to respond." (citation and internal quotation marks omitted) (second and third alterations in original)).

burden to do so. *See Future Tech. Today, Inc. v. OSF Healthcare Sys.*, 218 F.3d 1247, 1249 (11th Cir. 2000). Only two *potential* statutes are relevant: Georgia's long-arm statute and 18 U.S.C. § 1965 (a RICO-related statute).

> 1. *Jurisdiction does not exist under Georgia's long-arm statute or the Fourteenth Amendment's Due Process Clause.*

In most cases, of course, the forum state's long-arm statue controls. *See KDC Direct*, 2020 WL 4938364, at *2. Georgia's long-arm statute, at bottom, confers jurisdiction over any party who "[t]ransacts any business within [the state]," commits a tortious act in the state, or owns real property in the state. O.C.G.A. § 9-10-9.1. Plaintiff has not alleged that Beth Israel transacts business in Georgia, committed a tort in Georgia, or otherwise has any connection to the state. She has thus failed to allege facts "support[ing] long arm jurisdiction." *Future Tech.*, 218 F.3d at 1249 (citation omitted). And those facts do not exist. *See* Korzenik Aff. ¶ 6.

Under this analysis, moreover, Plaintiff cannot show Beth Israel had sufficient "minimum contacts" with the State of Georgia to satisfy due process under the Fourteenth Amendment. *Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc.*, 593 F.3d 1249, 1273 (11th Cir. 2010). Beth Israel does not conduct business in Georgia, and Plaintiff has not attempted to identify any contacts the hospital has had with the state. Korzenik Aff. ¶ 6. In any event,

the conduct Plaintiff complains about occurred in New York—where Beth Israel is located—and thus do not "arise out of relate to" any connection to this state. Doc. 1 ¶¶ 70–71; *Diamond Crystal*, 593 F.3d at 1273 (citation and internal quotation marks omitted); *see Carroll v. Experian Info. Sols., Inc.*, No. 121CV03034MLBJCF, 2022 WL 1285689, at *4 (N.D. Ga. Feb. 4, 2022) (plaintiff failed to establish minimum contacts where the plaintiff pleaded no facts showing the defendant engaged in business in the state).[4]

>  2.  *Section 1965(d) does not confer jurisdiction.*

Federal statutes also occasionally confer personal jurisdiction in certain cases. *See KDC Direct*, 2020 WL 4938364, at *3. Relevant to civil RICO claims, § 1965(d) allows service of process "in any judicial district in which such person resides, is found, has an agent, or transacts his affairs." 18 U.S.C. § 1965(d). The Eleventh Circuit has concluded that § 1965(d)'s "nationwide service of process provision" creates a statutory basis for personal jurisdiction in civil RICO cases. *Republic of Panama v. BCCI Holdings (Luxembourg) S.A.*, 119

---

[4] The second step in any personal-jurisdiction inquiry requires a court to examine whether exercising jurisdiction is constitutional. *See 360 Imaging, LLC v. ITXPros LLC*, No. 1:21-CV-5237-TWT, 2022 WL 3043406, at *4 (N.D. Ga. Aug. 2, 2022). Beth Israel addresses the constitutional issue under the traditional long-arm-based analysis only because this minimum-contacts test would not apply if a federal statute created jurisdiction. *See Republic of Panama v. BCCI Holdings (Luxembourg) S.A.*, 119 F.3d 935, 942 (11th Cir. 1997)

F.3d 935, 942 (11th Cir. 1997).[5] But § 1965(d) confers jurisdiction only when the plaintiff has pleaded a "colorable" civil RICO claim. *Id.* at 941–42. *See, e.g.*, *Courboin v. Scott*, 596 F. Appx 729, 733 (11th Cir. 2014) (rejecting jurisdiction under § 1965(d) because the plaintiff had alleged only conclusory allegations in support of his RICO claim). Here, as discussed more in Beth Israel's proposed motion to dismiss, Plaintiff has failed to allege any facts in support of her civil RICO claim. Mot. Dismiss § III. Section 1965(d) therefore does not confer jurisdiction here. *Courboin*, F. App'x at 733.

Because Beth Israel is not subject to personal jurisdiction in this Court, in sum, any judgment entered against will be unenforceable. *See Baragona*, 594 F.3d at 854. The Court should thus set aside the entry of default and dismiss Plaintiff's claims. *See IOU*, 2021 WL 2561771, at *7–8.

## II. **Even If Beth Israel Were Subject to Personal Jurisdiction, the Court Should Set Aside the Entry of Default Because Good Cause Exists.**

Even if the Court disagrees and exercises jurisdiction, the Court should set aside the entry of default for good cause under Federal Rule of Civil Procedure 55(c). The Eleventh Circuit maintains a "strong policy of

---

[5] The Eleventh Circuit—although its approach is controlling here—is one of only two circuits to consider § 1965(d) jurisdictional. *See Peters Broad. Eng'g, Inc. v. 24 Cap., LLC*, 40 F.4th 432, 438 (6th Cir. 2022).

determining cases on their merits," and decisions by default "are generally disfavored." *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1244 (11th Cir. 2015) (citation and internal quotation marks omitted). In deciding whether to set aside a default for good cause, courts consider a non-exhaustive list of factors, including the cause of the default, the promptness of the defendant's response, the prejudice (if any) setting aside the entry of default will cause, and the defenses available to the defendant. *Insituform Techs., Inc. v. AMerik Supplies, Inc.*, 588 F. Supp. 2d 1349, 1352 (N.D. Ga. 2008). The Court should set aside the entry default against Beth Israel.

### A. Beth Israel Did Not Act Willfully and Promptly Responded to the Entry of Default.

To start, the Court should set aside the entry to default because Beth Israel did not willfully disregard its obligation to appear, and it immediately sought to remedy the issue after learning about the entry of default. *Stanton v. Union Gen. Hosp., Inc.*, No. 222CV00051RWSJCF, 2022 WL 3336457, at *2 (N.D. Ga. May 16, 2022), *report and recommendation adopted*, 2022 WL 3336437 (N.D. Ga. June 8, 2022) (good cause present where the defendant's "mishandling of the Complaint was not culpable or willful" and the defendant responded quickly). Instead, an unfortunate internal miscommunication caused Beth Israel to default. *See* Korzenik Aff. ¶¶ 13, 15. But

9

miscommunications—even those amounting to negligence—do not justify decisions by default. *Stanton*, 2022 WL 3336457, at *2; *Accredited Roofing Techs., LLC*, No. 8:14-CV-210-T-33TBM, 2014 WL 1572614, at *1 (M.D. Fla. Apr. 17, 2014) (setting aside entry of default where a "breakdown in communication" caused the default). Beth Israel then took prompt action after discovering the issue: It immediately began investigating the cause of the default and retained counsel within days. Korzenik Aff. ¶¶ 14–15.; *see Stanton*, 2022 WL 3336457, at *2.

### B. Plaintiff's Claims are Meritless.

Next, good cause exists because Beth Israel can show it holds meritorious defenses to Plaintiff's claims. *See Stanton*, 2022 WL 3336457, at *2 (considering defenses available). To do so, it need only highlight that setting aside the entry of default "will not be an empty exercise or a futile gesture." *Marino v. Drug Enf't Admin.*, 685 F.3d 1076, 1080 (D.C. Cir. 2012). Beth Israel can do more: As detailed in Beth Israel's motion to dismiss, Plaintiff's claims fail at the pleading stage because they are untimely, *see* Beth Israel Mot.

Dismiss §§ II.A., III.A, and because Plaintiff failed to allege enough facts supporting either claim.[6] *See id.* §§ II.B., III.B.[7]

### C. Setting Aside the Default Would Not Prejudice Plaintiff.

Plaintiff, moreover, would face no prejudice if the Court sets aside the default. A plaintiff may face prejudice only when setting aside an entry of default will cause "a loss of evidence, increased opportunities for fraud, or discovery difficulties." *Suntrust Bank v. Armsey*, No. 09-80606-CIV, 2010 WL 731802, at *2 (S.D. Fla. Feb. 26, 2010). None of these issues is present here. The Court has, in fact, stayed discovery pending its resolution of four pending motions to dismiss, which Plaintiff has failed to respond to. Docs. 16, 20, 23, 24. Because Beth Israel intends to move to dismiss, moreover, setting aside the default will only place Beth Israel on the same footing as the other Defendants. *See Ley v. SunTrust Bank*, No. 1:09-CV-2972-JEC-CCH, 2010 WL 11647044, at *3 (N.D. Ga. July 26, 2010), *report and recommendation adopted*, (N.D. Ga. Aug. 16, 2010) (no prejudice because discovery stayed pending a ruling on motions to dismiss).

---

[6] As noted, Plaintiff also has not established (and cannot establish) personal jurisdiction.

[7] What is more, a plaintiff is may only ever secure to a default judgment on claims arising from "well-pleaded allegations of fact," not "conclusions of law." *Surtain*, 789 F.3d at 1245. Thus, because Plaintiff's Complaint is devoid of any well-pleaded facts, she would not otherwise be entitled to a default judgment.

11

In sum, then, if the Court concludes jurisdiction exists, it should set aside the entry of default for good cause and allow this matter to proceed on the merits.

## CONCLUSION

The Court should set aside the entry of default against Mount Sinai Beth Israel because it lacks personal jurisdiction. If the Court concludes otherwise, it should set aside the entry of default for good cause, allow the matter to proceed on the merits, and dismiss Plaintiff's claims.

Respectfully submitted on August 19, 2022.

>*/s/ Austin Atkinson*
>Tiffany R. Winks
>Georgia Bar No. 626413
>Austin Atkinson
>Georgia Bar No. 935864
>HALL BOOTH SMITH, PC
>191 Peachtree St. NE
>Suite 2900
>Atlanta, GA 30303
>404-954-5000
>twinks@hallboothsmith.com
>aatkinson@hallboothsmith.com

## LOCAL RULE 7.1(D) CERTIFICATE OF COMPLIANCE

Counsel for Mount Sinai Beth Israel certifies that this filing is prepared with one of the font and point selections approved by the Court in Local Rule 5.1(B).

Date August 19, 2022.

                                              */s/  Austin Atkinson*
                                              Tiffany R. Winks
                                              Georgia Bar No. 626413
                                              Austin Atkinson
                                              Georgia Bar No. 935864
                                              HALL BOOTH SMITH, PC
                                              191 Peachtree St. NE
                                              Suite 2900
                                              Atlanta, GA 30303
                                              404-954-5000
                                              twinks@hallboothsmith.com
                                              aatkinson@hallboothsmith.com

Certificate of Compliance

## CERTIFICATE OF SERVICE

I hereby certify that I have filed a copy of the foregoing **MOUNT SINAI BETH ISRAEL'S BRIEF IN SUPPORT OF ITS MOTION TO SET ASIDE ENTRY OF DEFAULT** on counsel of using the Court's ECF/CM E-file system and on Plaintiff via mail to the address Plaintiff has provided to the Court:

> Maura O'Neill
> 712 H. Street, NE
> No. 1707
> Washington, DC 20002

Dated August 19, 2022.

> /s/   Austin Atkinson
> Tiffany R. Winks
> Georgia Bar No. 626413
> Austin Atkinson
> Georgia Bar No. 935864
> HALL BOOTH SMITH, PC
> 191 Peachtree St. NE
> Suite 2900
> Atlanta, GA 30303
> 404-954-5000
> twinks@hallboothsmith.com
> aatkinson@hallboothsmith.com