IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MAURA O'NEILL,<br><br>    Plaintiff,<br><br>v.<br><br>MOUNT SINAI BETH ISRAEL et al.,<br><br>    Defendants. | NO.: 1:22-CV-0011-SEG |

**DEFENDANT MOUNT SINAI BETH ISRAEL'S
MOTION TO DISMISS AND BRIEF IN SUPPORT**

In accordance with Federal Rule of Civil Procedure 12(b)(2) and (6), Defendant Mount Sinai Beth Israel ("Beth Israel") respectfully moves the Court to dismiss Plaintiff's claims against it with prejudice.

**INTRODUCTION**

Plaintiff alleges she visited Beth Israel (a hospital in New York) in December 2017 after she was sexually assaulted that morning. Plaintiff has not raised any concerns with the care she received at Beth Israel. Rather, she claims that a Beth Israel employee knew information about Plaintiff that Plaintiff maintains she did not disclose. From that alleged encounter, Plaintiff

maintains that Beth Israel was complicit in a plan to protect the person who assaulted her. She has asserted a fraud claim and civil RICO claim against Beth Israel. Both claims are untimely, and Plaintiff has not adequately pleaded either. The Court should thus dismiss Plaintiff's claims.

## PLAINTIFF'S ALLEGATIONS

Plaintiff alleges she worked for Deutsche Bank in the early 2000s, and she claims that one of her coworkers (Christopher Wilder) routinely sexually harassed her during that time. Doc. 1 ¶¶ 10–11. In January 2017, years after Plaintiff had left her employment at Deutsche Bank, according to her Complaint, Wilder drugged and raped. *Id.* ¶ 15, 42. Plaintiff alleges a second assault occurred in December 2017, when someone drugged and raped her in her home, though she does not explicitly state that Wilder committed the assault. *See id.* ¶¶ 68–79. Plaintiff now claims at least 10 unrelated individuals and entities—including the New York Police Department—worked together to cover up the crimes and silence Plaintiff. *See* Doc. 1.

Plaintiff has named Beth Israel (a hospital in New York) as part of this group and a Defendant. According to Plaintiff, after she awoke on December 10, 2017, she went to Beth Israel for treatment. *Id.* ¶¶ 70–71. She contends that during that visit a Beth Israel employee "had information about Plaintiff [that she] did not give them." *Id.* 71. Plaintiff alleges that unidentified

information "came from agents of Wilder"—even though Wilder has no connection to Beth Israel—and accuses Beth Israel of participating in a scheme to protect Wilder. *See, e.g.*, *id.* ¶ 180. She now asserts fraud and civil RICO claims against Beth Israel in this Court. *Id.* at 49–52, 55–59.

## PROCEDURAL BACKGROUND

Beth Israel is currently in default. As discussed in more detail in its Motion to Set Aside Default (which this filing accompanies), a chain of miscommunications unfortunately resulted in Beth Israel not timely responding to Plaintiff's Complaint. Beth Israel, though, respectfully offers this Motion to Dismiss to emphasize the strengths of it defenses and highlight why setting aside the entry of default is proper.

## ARGUMENT

### I.  This Court Lacks Personal Jurisdiction Over Beth Israel.

Plaintiff, as noted, asserts a fraud claim and civil RICO claim against Beth Israel. Doc. 1 49–52, 55–59. Plaintiff, however, has not shown (and cannot show) that personal jurisdiction exists in this Court. As explained in more detail in Beth Israel's motion to set aside, Georgia's long-arm statute, O.C.G.A. § 9-10.9.1 does not create jurisdiction, and exercising jurisdiction under the long-arm statute would not comport with due process. *See* Mot. Set Aside § I.B.1. To the extent Plaintiff intends to rely on 18 U.S.C. § 1965(d), which

provides a statutory basis for personal jurisdiction in certain civil RICO cases, that statute is inapplicable. Mot. Set Aside § I.B.2. Section 1965(d) creates jurisdiction only when a plaintiff has alleged a "colorable" civil RICO claim. *See Republic of Panama v. BCCI Holdings (Luxembourg) S.A.*, 119 F.3d 935, 942 (11th Cir. 1997). As discussed below, Plaintiff's civil RICO allegations are not colorable, *see* discussion *supra* § III, and the Court should dismiss Plaintiff's claims under Rule 12(b)(2). *See IOU Cent., Inc. v. Krychev*, No. 1:20-CV-2675-MHC, 2021 WL 2561771, at *7–8 (N.D. Ga. June 1, 2021) (dismissing for lack of personal jurisdiction).

## II.     Plaintiff's Fraud Claim Against Beth Israel Fails.

### A.     Plaintiff's Fraud Claim Is Untimely.

Plaintiff alleges she sought treatment at Beth Israel on December 10, 2017.[1] Doc. 1 ¶ 71. During that visit, according to Plaintiff, Beth Israel employees "had information about Plaintiff [that she] did not give them." *Id.* ¶ 71. And because Beth Israel allegedly possessed that information, Plaintiff contends that the hospital misrepresented itself as a "credible medical provider[]." *Id.* ¶ 152–153. Thus, she asserts a fraud claim, which accrued (and

---

[1] Plaintiff appears to allege she visited Beth Israel a second time in early 2018, but she does not base her claims on that visit. Doc. 1 ¶ 113.

the statute of limitations began to run) on December 10, 2017. *Haygood v. Cmty. & S. Bank*, No. 1:12-CV-295-WSD, 2012 WL 6681732, at *8 (N.D. Ga. Dec. 21, 2012) ("A statute of limitations begins to run on the date that suit on the claim can first be brought." (citation and quotation omitted)); *Green v. White*, 494 S.E.2d 681, 684 (Ga. Ct. App. 1997).[2] Plaintiff did not file suit until after the statute of limitations had expired, and her fraud claim is time-barred.

> 1. *A one-year statute of limitations applies to Plaintiff's fraud claim.*

Plaintiff suggests Beth Israel's alleged fraud "harm[ed] [Plaintiff's] reputation" causing her to lose employment opportunities. Doc. 1 ¶ 163. And under O.C.G.A. § 9-3-33, actions "for injuries to the reputation . . . shall be brought within one year after the right of action accrues." O.C.G.A. § 9-3-33. To be sure, Georgia courts have stated, in general, that a four-year statute of limitations applies to fraud claims. *Willis v. City of Atlanta*, 595 S.E.2d 339, 343 (Ga. Ct. App. 2004). But this is because plaintiffs typically assert fraud claims to recover for harm to personal property triggering O.C.G.A. § 9-3-31,

---

[2] Plaintiff filed her claims in this Court, and a federal court applies the forum state's substantive law to claims before it on diversity or supplemental jurisdiction. *Horowitch v. Diamond Aircraft Indus., Inc.*, 645 F.3d 1254, 1257 (11th Cir. 2011); *Palm Beach Golf Ctr.-Boca, Inc. v. John G. Sarris, D.D.S., P.A.*, 781 F.3d 1245, 1260 (11th Cir. 2015) (quoting *McCoy v. Iberdrola Renewables, Inc.*, 760 F.3d 674, 684 (7th Cir. 2014)).

which sets a four-year limitations period on "[a]ctions for injuries to personalty." *See, e.g.*, *Willis*, 595 S.E.2d 343 (damages related to property interest job). Indeed, the statute of limitations that applies in any case is "determined by the nature of the injury sustained," not by the plaintiff's chosen legal theory. *Reaugh v. Inner Harbour Hosp.*, 447 S.E.2d 617, 619 (Ga. Ct. App. 1994). So § 9-3-31 does not apply when a plaintiff seeks to recover for reputational harm. *Cf. Brent v. Hin*, 561 S.E.2d 212, 214 (Ga. Ct. App. 2002) (explaining that § 9-3-33 (and not § 9-33-31) applies in cases involving personal injuries even if the plaintiff seeks monetary damages). A one-year statute of limitations thus applies to Plaintiff's fraud claim, and she filed over three years too late.

> 2. *Plaintiff's claim is untimely even if a four-year statute of limitations applies.*

Even assuming Plaintiff had four years to file suit, her fraud claim is untimely. Plaintiff bases her claim on a misrepresentation that allegedly occurred on December 10, 2017, and the statute of limitations began to run that day. Doc. 1 ¶¶ 71, 152–53. Thus, if a four-year statute of limitations applied, Plaintiff had until December 10, 2021 to bring her claim. She did not file suit until January 4, 2022. *See id.* Thus, her claim is time-barred no matter which statute of limitations applies, and the Court should dismiss Plaintiff's

6

fraud claim. *See U.S. ex rel. Hunt v. Cochise Consultancy, Inc.*, 887 F.3d 1081, 1085 (11th Cir. 2018) (dismissal on statute-of-limitations grounds at pleading stage is proper when it is "apparent from the face of the complaint that the claim is time-barred").

**B.  Plaintiff Failed to Plead Her Fraud Claim with Particularity.**

Even if it were timely, Plaintiff's fraud claim would fail because Plaintiff did not plead enough facts supporting her allegations. Five elements comprise a fraud claim: "'(1) false representation by [the] defendant; (2) scienter; (3) intent to induce the plaintiff to act or refrain from acting; (4) justifiable reliance by the plaintiff; and (5) damage to the plaintiff.'" *Next Century Commc'ns Corp. v. Ellis*, 318 F.3d 1023, 1027 (11th Cir. 2003) (quoting *Ades v. Werther*, 567 S.E.2d 340, 343 (Ga. Ct. App. 2002)).[3] And at the pleading stage, a plaintiff must comply with Federal Rule of Civil Procedure 9(b) and "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). To do so, a plaintiff must plead detailed factual allegations:

> Rule 9(b) is satisfied if the complaint sets forth (1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such

---

[3] *See* discussion *supra* note 2.

7

statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud.

*Ziemba v. Cascade Int'l, Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001) (internal citations and quotation marks omitted). Plaintiff has not satisfied this standard.

To start, she has failed to identify "a single specific misrepresentation by" Beth Israel.[4] *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1291 (11th Cir. 2010). Plaintiff instead alleges only that Beth Israel falsely held itself out as a "credible medical provider[]," but she has not pleaded any factual support for this contention. Doc. 1 ¶ 153. Nor has she alleged "the time and place of" or the person who made the purported representation. *Ziemba*, 256 F.3d at 1202. And "vague and conclusory allegations" do not satisfy Rule 9(b)'s (or any other) pleading standard. *Hernandez v. EMC Mortg. Corp.*, No. 2:10-CV-266-WCO, 2011 WL 13227982, at *3 (N.D. Ga. May 31, 2011).

Plaintiff's Complaint similarly contains insufficient conclusory allegations of justifiable reliance: She alleges only that she "justifiably relied on [Beth Israel's] false representations." Doc. 1 ¶ 153. *Stroman v. Bank of Am.*

---

[4] And even if she had alleged someone made this purported representation, Plaintiff's claim would still fall short because "expressions of opinion, hope, [or] expectation" cannot support a fraud claim. *Sims v. Bayside Cap., Inc.*, 755 S.E.2d 520, 524 (Ga. Ct. App. 2014).

8

*Corp.*, 852 F. Supp. 2d 1366, 1381 (N.D. Ga. 2012) (dismissal proper where the plaintiff did not "allege[] (other than in a conclusory manner) that she relied on [the defendant's] omissions"). Plaintiff's theory, moreover, is that Beth Israel received the false information about Plaintiff from Wilder (or his agent) as part of a scheme to protect Wilder. Doc. 1 ¶ 153. Even if she had pleaded facts showing this, however, Plaintiff admits she knew the information was false, so she could not have justifiably (or at all) relied on it. *Cf. Kuchenmeister v. HealthPort Techs., LLC*, 309 F. Supp. 3d 1342, 1348–49 (N.D. Ga. 2018) (plaintiff could not show justifiable reliance where it knew the information to be false).[5]

Plaintiff, in sum, has not pleaded her allegations with particularity, and the Court should dismiss her fraud claim. *Roberts v. Primestar Fund I TRS, Inc.*, No. 116CV01620MHCAJB, 2017 WL 10927066, at *10–11 (N.D. Ga. Jan.

---

[5] Plaintiff also suggests that, in the alternative, Beth Israel is "vicariously liable for the intentional torts of Wilder." Doc. 1 ¶ 161. Plaintiff, however, has not alleged a single fact supporting this contention, and the Court should reject Plaintiff's allegation. *See Hosch v. Wachovia Bank, N.A.*, 815 F. App'x 352, 356 (11th Cir. 2020) (affirming dismissal of claim based on vicarious liability because the plaintiff failed to plead supporting facts).

3, 2017) (recommending dismissal with prejudice for failure to comply with Rule 9).[6]

### III.     Plaintiff's Civil RICO Claim Against Beth Israel Fails.

#### A.     Plaintiff's RICO Claim Is Untimely.

Plaintiff also asserts a civil RICO claim. Doc. 1 ¶¶ 178–95. She alleges that Defendants (including Beth Israel) operated a racketeering enterprise—which Plaintiff insists has existed since 2005—aimed at protecting Wilder from punishment for his alleged assaults. *Id.* ¶ 180. She contends, for example, that Defendants worked together to "defraud" Wilder's accusers, including Plaintiff. *Id.* ¶¶ 183–84. And as noted, Plaintiff claims Beth Israel defrauded Plaintiff by falsely representing itself as credible in December 2017. *Id.* ¶ 152–53. But the "statute of limitations for civil RICO actions is four years." *Lehman v. Lucom*, 727 F.3d 1326, 1330 (11th Cir. 2013) (citation and internal quotation marks omitted). And that period begins to run the moment the alleged "injury was or should have been discovered." *Id.* (citation and internal quotation marks omitted)). Plaintiff's claim is thus untimely.

---

[6] Beth Israel recognizes that Plaintiff is proceeding pro se and is entitled to some level of leniency in how she pleaded her claims. But "the particularity requirement of Rule 9(b) applies to pro se litigants." *Roberts*, 2017 WL 10927066, at *10.

At most, Plaintiff alleges Beth Israel received information about Plaintiff from Wilder, which she maintains the hospital intended to use to help Wilder. Doc. 1 ¶¶ 71, 152–53. But according to her Complaint, Plaintiff discovered (and was injured by) this alleged scheme no later than December 10, 2017, when she visited Beth Israel. *Id.* ¶ 71. Indeed, she acknowledges she has been aware of the alleged enterprise "[s]ince 2017." *Id.* ¶ 185 ("Since 2017 Plaintiff has been forced to disprove a series of false and ludicrous medical claims.").[7] Still, Plaintiff did not file suit until January 4, 2022, and the Court should reject her time-barred claim. *Lehman*, 727 F.3d at 1330–34.

### B. Plaintiff Failed to Adequately Plead Her RICO Claim.

Plaintiff alleges Beth Israel participated in a racketeering enterprise in violation of 18 U.S.C. § 1962(c) and asserts a civil RICO claim. Doc. 1 ¶¶ 178–95. But even if Plaintiff's civil RICO claim were timely, Plaintiff has not pleaded sufficient facts supporting her allegations.

### 1. Plaintiff has not alleged she was "injured in [her] business or property."

Under 18 U.S.C. § 1964(c), a party aggrieved by another's involvement in "racketeering activity," *see* 18 U.S.C. § 1962, may sometimes bring a civil

---

[7] Plaintiff, in fact, claims the enterprise "has existed . . . since no later than 2005." Doc. 1 ¶ 180.

11

RICO claim in federal court. 18 U.S.C. § 1964(c); *Blevins v. Aksut*, 849 F.3d 1016, 1021 (11th Cir. 2017). Section 1964(c)'s text limits the remedy to a small class of plaintiffs: "Any person injured in his business or property." 18 U.S.C. § 1964(c). It thus excludes claims for "personal injuries, including the pecuniary losses therefrom." *Blevins*, 849 F.3d at 1021. To prevail on a civil RICO claim, then, a plaintiff "must show a proprietary type of damage." *Grogan v. Platt*, 835 F.2d 844, 847 (11th Cir. 1988).

Here, the only injury Plaintiff has attempted to identify is "harm to [her] reputation" (and arguably unspecified pecuniary losses related to that harm). Doc. 1 ¶ 195. But reputational damage is not considered an injury to "business or property" and thus cannot support a claim under § 1964(c). *Hamm v. Rhone-Poulenc Rorer Pharms., Inc.*, 187 F.3d 941, 954 (8th Cir. 1999) ("Damage to reputation is generally considered personal injury and thus is not an injury to 'business or property' within the meaning of 18 U.S.C. § 1964(c)."); *see Grogan*, 835 F.2d at 847 (noting that Congress did not intend to create civil RICO liability for, among other things, "injury to reputation" (citing *Morrison v. Syntex Labs.*, 101 F.R.D. 743, 744 (D.D.C. 1984)). Plaintiff has thus failed to plead that she suffered an injury to her "business or property," and the Court should dismiss her civil RICO claim. *See Grogan*, 835 F.2d at 847–48 (affirming

dismissal of civil RICO claims because the plaintiffs did not allege injury to business or property).

Plaintiff, to be sure, alleges she "has been injured in her business and property" and has "suffer[ed] concrete financial losses." Doc. 1 ¶ 195. Plaintiff, however, has not attempted to support this position, and she may not rely on conclusory allegations of harm to avoid dismissal. *Simpson v. Sanderson Farms, Inc.*, 744 F.3d 702, 709 (11th Cir. 2014) (affirming dismissal of civil RICO claims because "the plaintiffs [] pled injury at only the highest order of abstraction and with only conclusory assertions").

### 2. *Plaintiff has not pleaded a violation of 18 U.S.C. § 1962.*

Section 1964(c), as explained, creates a private right of action for a violation of 18 U.S.C. § 1962. Plaintiff maintains Beth Israel flouted § 1962(c), which makes it illegal to participate in an "enterprises affairs through a pattern of racketeering activity." 18 U.S.C. § 1962(c). So to prevail on a civil RICO claim, a plaintiff must plead and prove that the defendant "(1) operated or managed (2) an enterprise (3) through a pattern (4) of racketeering activity that included at least two racketeering acts." *Ray v. Spirit Airlines, Inc.*, 836 F.3d 1340, 1348 (11th Cir. 2016) (citation and internal quotation marks omitted).

To begin, Plaintiff has not pleaded facts showing Beth Israel participated in an "enterprise." *See* 18 U.S.C. § 1962(c). For purposes of RICO liability, an enterprise is defined as "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4). Plaintiff does not suggest Defendants comprise a legal entity and thus seems to believe Defendants operated an "association-in-fact" enterprise. *Ray*, 836 F.3d at 1352. She therefore had to plead facts showing Defendants operated "a continuing unit that function[ed] with a common purpose." *Id.* (citation and internal quotation marks omitted).

To support this position, Plaintiff has alleged only that "Defendants were all associated with an enterprise" with the "common purpose" of protecting Wilder. Doc. 1 ¶ 180.[8] But she has not offered facts explaining how (or why) Defendants were associated: Indeed, even assuming Beth Israel improperly held information about Plaintiff, nothing suggests it was working with any other Defendant, and "not merely independent." *Almanza v. United Airlines, Inc.*, 851 F.3d 1060, 1068 (11th Cir. 2017). Plaintiff instead relies on conclusory

---

[8] *See also* Doc. ¶ 182 ("Defendants agreed to and did conduct and participate in conducting the [enterprise's] affairs.").

statements. *See, e.g.*, Doc. ¶ 182 ("Defendants agreed to and did conduct and participate in conducting the [enterprise's] affairs."). Those allegations, however, are not enough, and the Court should dismiss Plaintiff's claim. *See id.* at 1352–52 (affirming dismissal where the plaintiff failed to plead facts showing an enterprise existed); *Dysart v. BankTrust*, 516 F. App'x 861, 863 (11th Cir. 2013) (dismissal of pro se complaint proper because the plaintiff "failed to plead facts sufficient to prove the existence of an enterprise"); *Goodman Est. v. Select Portfolio Servicing, Inc.*, No. 1:19-CV-03935-AT-RGV, 2019 WL 11499130, at *17 (N.D. Ga. Dec. 19, 2019), *report and recommendation adopted*, 2020 WL 5049204 (N.D. Ga. Feb. 27, 2020) (same).

Plaintiff has similarly failed to allege that Beth Israel (and the enterprise) participated in "a pattern of racketeering activity." 18 U.S.C. § 1962(c). To do so, she had to allege that Beth Israel engaged in "at least two racketeering acts," which 18 U.S.C. § 1961 defines to include a list of offenses. *Ray*, 836 F.3d at 1348 (citation and internal quotation marks omitted); 18 U.S.C. § 1961(1) (listing offenses). Of those crimes, Plaintiff claims Beth Israel

committed wire and mail fraud in violation of 18 U.S.C. §§ 1341 (mail) and 1343 (wire).[9] Doc. 1 ¶ 182; 18 U.S.C. § 1961(1) (including mail and wire fraud).

To prove mail or wire fraud, a plaintiff must show that the defendant "(1) intentionally participate[d] in a scheme to defraud another of money or property and (2) use[d] the mails or wires in furtherance of that scheme." *Am. Dental*, 605 F.3d at 1290. Because these claims require proof of fraud, Rule 9(b)'s particularity requirement applies. *Id.* at 1291. Plaintiff therefore had to plead, among other things, "the precise" misrepresentations involved and when they occurred. *Id.*; *Ziemba*, 256 F.3d at 1202.

She did not do so. First, RICO-specific considerations aside, Plaintiff has not identified a single misrepresentation Beth Israel made, as discussed. *See* discussion *supra* § II.B. (discussing fraud). But even if she had, Plaintiff has not attempted to allege a single mail or wire communications and thus necessarily has not alleged wire or mail fraud. *See Am. Dental*, 605 F.3d at 1292 (insufficient to even identify mail and wire communications without highlighting fraud involved). Plaintiff instead claims broadly that the alleged "pattern of racketeering activity [] is based on numerous instances of mail and

---

[9] Plaintiff, to be sure, cites only § 1343, but she accuses Defendants of mail fraud, Doc. 1 ¶ 182, and § 1341 covers mail fraud and is listed in § 1961(1).

16

wire fraud." *See* Doc. 1 ¶ 182; *see, e.g., id.* ¶ 181. She cannot rely on a "recitation of the elements," and the Court should dismiss Plaintiff's civil RICO claim. *See Am. Dental*, 605 F.3d at 1289, 1291–92.

## CONCLUSION

The Court should dismiss Plaintiff's claims against Mount Sinai Beth Israel with prejudice.

Respectfully submitted on August 19, 2022.

>*/s/ Austin Atkinson*
>Tiffany R. Winks
>Georgia Bar No. 626413
>Austin Atkinson
>Georgia Bar No. 935864
>HALL BOOTH SMITH, PC
>191 Peachtree St. NE
>Suite 2900
>Atlanta, GA 30303
>404-954-5000
>twinks@hallboothsmith.com
>aatkinson@hallboothsmith.com

## LOCAL RULE 7.1(D) CERTIFICATE OF COMPLIANCE

Counsel for Mount Sinai Beth Israel certifies that this filing is prepared with one of the font and point selections approved by the Court in Local Rule 5.1(B).

Date August 19, 2022.

/s/   *Austin Atkinson*
Tiffany R. Winks
Georgia Bar No. 626413
Austin Atkinson
Georgia Bar No. 935864
HALL BOOTH SMITH, PC
191 Peachtree St. NE
Suite 2900
Atlanta, GA 30303
404-954-5000
twinks@hallboothsmith.com
aatkinson@hallboothsmith.com

# CERTIFICATE OF SERVICE

I hereby certify that I have filed a copy of the foregoing **MOUNT SINAI BETH ISRAEL'S MOTION TO DISMISS** on counsel of using the Court's ECF/CM E-file system and on Plaintiff via mail to the address Plaintiff has provided to the Court:

> Maura O'Neill
> 712 H. Street, NE
> No. 1707
> Washington, DC 20002

Dated August 19, 2022.

> /s/   Austin Atkinson
> Tiffany R. Winks
> Georgia Bar No. 626413
> Austin Atkinson
> Georgia Bar No. 935864
> HALL BOOTH SMITH, PC
> 191 Peachtree St. NE
> Suite 2900
> Atlanta, GA 30303
> 404-954-5000
> twinks@hallboothsmith.com
> aatkinson@hallboothsmith.com