IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

AUG 29 2022

KEVIN P. WEIMER, Clerk
By: _____ Deputy Clerk

| | |
|---|---|
| MAURA O'NEILL,<br><br>      Plaintiff,<br>v.<br><br>NYU LANGONE MEDICAL CENTER, NEW YORK-PRESBYTERIAN QUEENS, LENOX HILL HOSPITAL, GRADY HEALTH SYSTEM, MOUNT SINAI BETH ISRAEL, NORTHSIDE HOSPITAL FORSYTH, COLLEGE PARK POLICE DEPARTMENT,<br><br>      Defendants. | CIVIL ACTION FILE NO.<br>1:22-cv-00011-SEG |

## PLAINTIFF'S MOTION TO EXTEND TIME

**COMES NOW** Plaintiff Maura O'Neill ("Plaintiff"), and, hereby files this Motion to Extend Time pursuant to Federal Rule of Civil Procedure ("Rule") 6(b), showing this Court as follows:

On January 4, 2022, Plaintiff filed a complaint alleging several hospitals, where she went to have rape kits performed from 2017 to 2018, including NYU

1

Langone Medical Center ("NYU Langone"), Grady Health System ("Grady"), Mount Sinai Beth Israel Hospital ("Beth Israel"), New York-Presbyterian Queens, ("NYP-Queens"), Lenox Hill Hospital ("Lenox Hill"), and Northside Hospital Forsyth ("Northside"), together ("Defendants"), commit fraud and violated RICO statutes. (Docket No. 1).[1]

Plaintiff logged onto her Pacer on August 22, 2022 to check whether documents she sent to the court had been filed. When she logged onto Pacer, she noticed an order dated July 20, 2022 (Docket No. 42). While the Court mailed Plaintiff a copy of the order, the order was returned to the Clerk's office, and Plaintiff never received a copy as shown in Docket No. 49.

## A. Mail Service Change

On July 18, 2022, Plaintiff's prior mail service sent her an email stating she received a letter from Apple. On July 22, 2022, Plaintiff went to retrieve the letter from Apple and other mail at her mail service. However, on July 22, 2022, the owner of her former mail service told her that he was "taking the Fifth," "refusing to answer questions," and all the mail in her box was gone even though O'Neill had not picked up her mail, including the letter from Apple.

---

[1] In 2017 and 2018, Plaintiff lived in New York, but worked as a Chief Financial Officer for a company based in Forsyth County, Georgia.

Stealing mail is a crime. Since the owner of the mail service stated he was "taking the Fifth," it was clear he was well aware of the fact that he stole O'Neill's mail, including a letter from Apple, in order to materially harm Plaintiff and aid and abet Wilder.

As a result, on July 22, 2022, O'Neill was forced to cancel her mail service, and on July 23, 2022, O'Neill set up a new service with a different address. Plaintiff also submit change of address request forms to the Post Office, and sent change of address notices to Defendants. Thus, O'Neill acted in good faith, and expected her mail to be forwarded. However, given the timing of the mailing of the Court's order dated July 20, 2022 (Docket No. 42), and the date O'Neill was forced to change her mail service (July 23, 2022), it is clear that, given the circumstances, O'Neill was never going to receive a copy of the Court's order dated July 20, 2022 (Docket No. 42) in the mail.

The letter from Apple was material because on October 3, 2019, Plaintiff hired Jim Stafford from Eclipse Forensics to analyze her i-Phone. O'Neill hired Stafford to perform a forensic review of her i-Phone because she had been informed that Wilder claimed she had sent him messages. O'Neill never sent Wilder any messages, however, she believed it was possible Wilder was

impersonating her. Thus, she hired Stafford to determine if there were any signs on her phone of any form of communication to Wilder.

On October 4, 2019, O'Neill learned Stafford found there were four accounts set-up in Plaintiff's name that were shown in her iCloud Keychain, but were not used from her i-Phone (i.e., there was one Viber account, one WhatsApp account, and two Line accounts). O'Neill never set-up, much less used the Viber or Line accounts. In fact, prior to October 4, 2019, O'Neill did not even know Viber and Line provided messaging services.

In addition, the Viber, Line and WhatsApp accounts were linked to apps that had never been used or downloaded on O'Neill's i-Phone. Since Viber can only be accessed from a phone, there had to be another i-Phone, other than O'Neill's i-Phone that stored the Viber information in O'Neill's iCloud Keychain account.

In October through December of 2019, not only did Stafford fail to help O'Neill track down any information about the four accounts, but Stafford outright refused to give O'Neill a copy of the image of her i-Phone and all associated files, even though O'Neill paid for the image and files to be produced. In addition, O'Neill learned in December of 2021 that Stafford destroyed the image of O'Neill's phone and all associated files in order to aid

4

and abet Wilder. Thus, by failing to give O'Neill a copy of the image, Stafford failed to make any credible effort to ensure O'Neill received a copy of the work she paid to be produced. The letter from Apple was material because it proved there was another phone linked to O'Neill's iCloud Keychain account that Wilder purchased and used to impersonate O'Neill without her knowledge or consent.

### *B. Motion to Compel*

The court should take notice of the fact Plaintiff served a motion to compel each of the hospital Defendants to produce information that The Health Insurance Portability and Accountability Act ("HIPAA") required Defendants to produce, but which each Defendant has failed to produce. Without the information requested in the Motion to Compel, it is worthless for O'Neill to respond to Defendants' motions to dismiss or amend her complaint.

According to Rule 15, O'Neill has the right to submit an Amended Complaint by September 2, 2022. However, filing an Amended Complaint will be a waste of time for both Plaintiff and Defendants at this juncture given Defendants have failed to comply with HIPAA and send O'Neill the information she requested as described at length in Plaintiff's Motion to Compel. Thus, O'Neill also asks the Court to delay the deadline for O'Neill to file an Amended Complaint until after

she receives the information she requested from Defendants as described at length in Plaintiff's Motion to Compel.

## C. Extension of Time

Given O'Neill did not receive a copy of the Court's Order dated July 20, 2022 (Docket No. 42), Plaintiff requests an extension of time to file the following:

- An Amended Complaint. As stated above, it is a waste of time for Plaintiff to file an Amended Complaint until after she receives the information Defendants are withholding in violation of HIPAA as described in the Motion to Compel.

- Opposing papers to Northside's motion to dismiss. Plaintiff also requests the court determine if it is planning to consider Northside's Motion to Dismiss at this juncture given the excuse offered by Northside in its Motion to Set Aside Clerk's Entry of Default is clearly dishonest (Docket No. 51-1). More specifically, Northside claimed in its Motion to Set Aside Clerk's Entry of Default that Cheryl Pruitt, a secretary at Northside, was not authorized accept service of process on behalf of Northside (Docket No. 51-1). However, the state certified process server O'Neill hired, Jason Garmon, arrived at Northside shortly after 8:30 AM on April 4, 2022, had all day to serve the initiating papers for this action on

6

Northside, and will testify under oath that he left the summons and complaint with Pruitt because Pruitt told him he she was authorized to accept service of process. Given Garmon is certified by the state, arrived at Northside early in the morning, and knows the statutes governing service in the state of Georgia, the excuse offered by Northside for failing to appear is simply not credible.

- Opposing papers to NYU Langone's, Grady's, NYP-Queens', and Lenox Hill's motions to dismiss. Plaintiff also requests the court stagger the deadlines for each Defendant rather than having one date for four sets of opposing papers. Plaintiff would like to inform the Court that she is *pro se*, is recovering from an injury, and the two weeks she was given in the order dated July 20, 2022 (Docket No. 42) is simply not feasible for a *pro se* litigant recovering from an injury. While O'Neill is doing her best to move the process forward, there are limits to what she is able to do, and two weeks to respond to four motions to dismiss is simply not feasible under the circumstances. Given law firms with multiple attorneys and support staff typically receive two weeks to respond to one motion to dismiss, it is difficult to understand how two weeks to respond to four

7

motions to dismiss is feasible for one *pro se* litigant recovering from an injury.

There was "good cause" for Plaintiff not to file timely responses to Defendants' motions to dismiss as described above. Under Rule 6(b)(1)(B), "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time ... on motion made after the time has expired if the party failed to act because of excusable neglect." Rule. 6(b) (1)(B).

In determining whether the movant's failure to act within the mandated time period was the result of excusable neglect, district courts may consider the following non-exclusive factors including the: (1) danger of prejudice to the [nonmovant], (2) length of delay and its potential impact on judicial proceedings, (3) reason for the delay, including whether it was within the reasonable control of the movant, and (4) factors that support whether the movant acted in good faith. *Cordell v. Pac. Indem. Co.*, 335 F. App'x 956, 960 (11th Cir. 2009). Here, there is no question that Plaintiff's deadlines should be extended given there is no danger of prejudice to Defendants, it was clearly not Plaintiff's idea to change her address, and Plaintiff clearly acted in good faith. Since all Defendants have failed to comply with HIPAA and send responses to Plaintiff's request for information as described in the Motion to Compel, no Defendant has any just cause to complain

about a delay on O'Neill's part in filing an Amended Complaint or responses to Defendants motions to dismiss.

***D. Support***

In support of her Motion, Plaintiff relies upon all other pleadings, documents, and other materials of record filed in this action.

**WHEREFORE,** Plaintiff Maura O'Neill respectfully requests that this Court **GRANT** the instant Motion.

Dated: Alexandria, VA  
August 25, 2022

Respectfully submitted,

BY: *Maura O'Neill*  
Maura O'Neill, Plaintiff  
601 King Street, Suite 200-#465  
Alexandria, VA 22314  
moneill@rahillco.com

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| MAURA O'NEILL,<br><br>　　　　Plaintiff,<br>　v.<br><br>NYU LANGONE MEDICAL CENTER, NEW YORK-PRESBYTERIAN QUEENS, LENOX HILL HOSPITAL, GRADY HEALTH SYSTEM, MOUNT SINAI BETH ISRAEL, NORTHSIDE HOSPITAL FORSYTH, COLLEGE PARK POLICE DEPARTMENT,<br><br>　　　　Defendants. | CIVIL ACTION FILE NO.<br>1:22-cv-00011-SEG |

## LR 7.1(D) FONT COMPLIANCE CERTIFICATION

The undersigned certifies that the within and foregoing **MOTION TO EXTEND TIME** was prepared using Times New Roman 14 point font in accordance with Local Rule 5.1 of the United States District Court for the Northern District of Georgia.

11

Dated: Alexandria, VA  
August 25, 2022

Respectfully submitted,

BY: *Maura O'Neill*  
Maura O'Neill, Plaintiff  
601 King Street, Suite 200-#465  
Alexandria, VA 22314  
moneill@rahillco.com

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MAURA O'NEILL,<br><br>        Plaintiff,<br>v.<br><br>NYU LANGONE MEDICAL CENTER, NEW YORK-PRESBYTERIAN QUEENS, LENOX HILL HOSPITAL, GRADY HEALTH SYSTEM, MOUNT SINAI BETH ISRAEL, NORTHSIDE HOSPITAL FORSYTH, COLLEGE PARK POLICE DEPARTMENT,<br><br>        Defendants. | CIVIL ACTION FILE NO.<br>1:22-cv-00011-SEG |

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that I have this day caused to be served a true and correct copy of the foregoing by emailing and mailing a copy of the foregoing to each Defendant at the following addresses:

13

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
Brantley Rowlen, Esq.
Chase Parker, Esq.
24 Drayton Street, Suite 300
Savannah, GA 31401
Telephone: 912.525.4960
E-Mail: rowlen@lbbslaw.com
E-Mail: chase.parker@lewisbrisbois.com

**WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**
Parks Kalervo Stone, Esq.
3348 Peachtree Road NE
Suite 1400
Atlanta, GA 30326
Telephone: 470.419.6651
E-Mail: parks.stone@wilsonelser.com

**WATSON SPENCE LLP**
Michael R. Boorman, Esq.
999 Peachtree Road, N.E.
Suite 1130
Atlanta, GA 30309
Telephone: 229.436.1545
E-Mail: mboorman@watsonspence.com

**THOMAS KENNEDY SAMPSON & TOMPKINS, LLP**
Jeffrey Emery Tompkins, Esq.
Candance J. Rodgers, Esq.
3355 Main Street
Atlanta, GA 30337
Telephone: 404.688.4503
E-Mail: j.tompkins@tkstlaw.com
E-Mail: c.rodgers@tkstlaw.com

**SCRUDDER, BASS, QUILLIAN, HORLOCK, LAZARUS & ADELE LLP**
Henry E. Scrudder, Jr.
Teddy L. Sutherland
Sophia Welf
900 Circle 75 Parkway
Suite 850
Atlanta, Georgia 30339-3053
Telephone: (770) 612-9200
Facsimile: (770) 612-9201
hscrudder@scrudderbass.com
tsutherland@scrudderbass.com
swelf@scrudderbass.com

**HALL BOOTH SMITH, PC**
Tiffany R. Winks
Georgia Bar No. 626413
Austin Atkinson
Georgia Bar No. 935864
191 Peachtree St. NE
Suite 2900
Atlanta, GA 30303
404-954-5000
twinks@hallboothsmith.com
aatkinson@hallboothsmith.com

in accordance with Rule 5(b)(2)(E).

Dated: Alexandria, VA
August 25, 2022

Respectfully submitted,

BY: *Maura O'Neill* (signature)
Maura O'Neill, Plaintiff
601 King Street, Suite 200-#465
Alexandria, VA 22314
moneill@rahillco.com

Maura O'Neill
601 King Street, Suite 200 - #46
Alexandria, VA 22314



CLEARED DATE

U.S. Marshals Service
Atlanta, GA 30303

U.S. Marshals Service
Atlanta, GA 30303
AUG 29 2022
CLEARED DATE

Clerk of Court - Filing
U.S. District Court
75 Ted Turner Drive, SW
Atlanta, GA 30303