UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MAURA O'NEILL, : | |
| : | |
|    Plaintiff, : | |
| : | |
| v. : | |
| : | |
| : | Civil Action File No.: |
| NYU LANGONE MEDICAL : | 1:22-cv-00011-SEG |
| CENTER, NEW YORK - : | |
| PRESBYTERIAN QUEENS, : | |
| LENOX HILL HOSPITAL, : | |
| GRADY HEALTH SYSTEM, : | |
| MOUNT SINAI BETH ISRAEL, : | |
| NORTHSIDE HOSPITAL : | |
| FORSYTH, COLLEGE PARK : | |
| POLICE DEPARTMENT, : | |
| : | |
|    Defendants. : | |

## NYU LANGONE HOSPITAL'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL

COMES NOW, NYU Langone Hospitals ("NYU Langone"), improperly named as "NYU Medical Center", in response to Plaintiff's Motion to Compel [Doc. 58], respectfully shows this Court as follows:

**RELEVANT PROCEDURAL HISTORY**

On June 7, 2022, NYU Langone, New York Presbyterian Hospital/Queens,

Lenox Hill Hospital, and Grady Memorial Hospital Corporation ("Grady") filed a Joint Motion to Stay Discovery in this action. [Doc. 36].

On July 20, 2022, this Court granted the Motion to Stay, with the exception of the deadlines for Grady's and NYU Langone's Certificate of Interested Persons and Corporate Disclosures. [Doc. 42]. Within the Order, the Court iterated that the discovery period has yet to begin as no defendant has filed an Answer to the Complaint. [Doc. 42, p. 5]. To date, it remains true that no Defendant has filed an Answer to the Complaint, due to pending Motions to Dismiss. As such, the discovery period has not yet opened.

On August 18, 2022 at 12:13 a.m., Plaintiff served "Plaintiff's Motion to Compel" and memorandum of law in support, dated August 17, 2022, on NYU Langone. A search of this Court's docket confirms Plaintiff's Motion has not been filed with this Court. The basis of Plaintiff's Motion is a HIPAA request letter sent by Plaintiff to NYU Langone and the other hospital defendants. Plaintiff states that on June 6, 2022, she sent HIPAA letters to each hospital defendant requesting information from her medical records. The crux of Plaintiff's argument in her Motion to Compel is that the hospital defendants' responses to her HIPAA request were insufficient to respond to her inquiries. Plaintiff's misplaced Motion now appears to seek to compel defendants to:

2

> a. Produce copies of Plaintiff's medical records that comply with Medicare standards stated in *CMS Manual System, Pub 100-08 Medicare Program Integrity, 3.32.5 A & B*. Specifically, each Defendant should be required to comply with federal rules, and send O'Neill a copy of her medical record that:
>    1. Clearly and permanently identify any amendment, correction or delayed entry as such,[10] and
>    2. Clearly indicate the date and author of any amendment, correction or delayed entry, and
>    3. Clearly identify all original content, without deletion. *CMS Manual System, Pub 100-08 Medicare Program Integrity, 3.32.5 B*
>
> b. Provide the following information:
>    1. [Defendant] [has / does not have], and [has had since (date) / has never had], an authorization on file that would allow any person or entity to speak to any person at [Defendant] about Maura O'Neill or receive any information about Maura O'Neill's medical records or have access to information about Maura O'Neill's medical care.
>    2. [Defendant] [did/did not] have [an authorization] to speak with law enforcement about O'Neill.
>    3. [Defendant's] electronic medical record system as of 2017 [had features to allow users to comply with Medicare's requirements to / was and is not able to]:
>       a. Clearly and permanently identify any amendment, correction or delayed entry as such, and
>       b. Clearly indicate the date and author of any amendment, correction or delayed entry, and
>       c. Clearly identify all original content, without deletion
>    4. [Defendant] does not have any additional records, data, or information that Defendant used to make decisions about Maura O'Neill's healthcare that are not included in Maura O'Neill's medical records from her visit(s) to [Defendant] in [2017 and/or 2018].
>    5. No related entity, LLC, SPV, parent company, individual, partnership, corporation, or any other entity, or law firm hired by [Defendant] has any additional records, data, or information that Defendant used to make decisions about Maura O'Neill's healthcare that are not included in Maura O'Neill's medical records from her visit(s) to [Defendant] in [2017 and/or 2018].[11]

[Doc. 58, pp. 17-18].

Among other reasons, Plaintiff's Motion to Compel should be denied because discovery has not yet begun, so Plaintiff has not propounded any valid discovery

requests to Defendants. Therefore, there is no discovery dispute or response to compel, and the Motion is moot and premature.

## ARGUMENT & CITATION TO AUTHORITY

1. <u>This Discovery Period Has Not Begun.</u>

"The discovery period shall commence thirty days after the appearance of the first defendant by answer to the complaint, unless the parties mutually consent to begin earlier." N.D. Ga Local Rule 26.2(A). No answer has been filed by any defendant in this action to date. [*See* Docket, generally]. Further, the parties have not mutually assented to begin the discovery period earlier than what is contemplated by Rule 26.2(A). As such, the discovery period has not begun.

2. <u>Plaintiff's Motion is Not Proper Under the Federal Rules of Civil Procedure.</u>

"On notice to other parties and all affected persons, a party may move for an order compelling <u>disclosure of discovery</u>." Fed. R. Civ. P. 26(a)(1). Rule 37 is a rule governing discovery, not Plaintiff's extraneous, extra-judicial requests for information. Discovery in this action has not yet begun. Plaintiff has served no discovery request on any defendant. Therefore, there is no discovery disclosure to be compelled. For the foregoing reasons, Plaintiff's Motion is premature and moot and should be denied.

## **CONCLUSION**

Plaintiff's Motion to Compel is improper under the Federal Rules of Civil Procedure and the Local Rules of this District. NYU Langone requests that this Court deny Plaintiff's Motion to Compel. NYU Langone further states its intention to seek attorneys' fees from Plaintiff if it is forced to continue to respond to this type of harassing, stubbornly litigious behavior and frivolous filings before this Court can rule on the pending Motions to Dismiss.

This 31st day of August, 2022.

                                            WATSON SPENCE LLP

                                            ***/s/ Erika J. Harris***
                                            Michael R. Boorman
                                            Georgia Bar No. 067798
                                            Erika J. Harris
                                            Georgia Bar No. 483730
                                            999 Peachtree Street, N.E.
                                            Suite 1130
                                            Atlanta, Georgia, 30309
                                            Telephone: (229) 436-1545
                                            mboorman@watsonspence.com
                                            eharris@watsonspence.com
                                            ***Attorney for Defendant NYU Langone Hospitals***

## **FONT CERTIFICATION**

Pursuant to Local Rule 7.1D, I hereby certify that this pleading was prepared using a font and point selection approved by the Court in Local Rule 5.1C.

WATSON SPENCE LLP

*/s/ Erika J. Harris*
Erika J. Harris
Georgia Bar No. 483730

# CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will automatically send email notification of such filing to the following participants and served a copy upon Plaintiff via e-mail:

Maura O'Neill
601 King Street, Suite 200, #465
Alexandria, VA 22314
moneill@rahillco.com
***Plaintiff***

Parks K. Stone
WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
3348 Peachtree Road NE, Suite 1400
Atlanta, GA 30326
parks.stone@wilsonelser.com
***Attorney for New York Presbyterian Hospital/Queens***

Henry E. Scrudder, Jr.
Teddy L. Sutherland
Sophia Welf
SCRUDDER, BASS, QUILLAN, HORLOCK, LAZARUS & ADELE LLP
900 Circle 75 Parkway, Suite 850
Atlanta, GA 30339
hscrudder@scrudderbass.com
tsutherland@scrudderbass.com
swelf@scrudderbass.com
***Attorneys for Northside Forsyth***

S. Chase Parker
Brantley C. Rowlen
LEWIS BRISBOIS BISGAARD & SMITH LLP
24 Drayton Street, Suite 300
Savannah, GA 31401
Chase.parker@lewisbrisbois.com
Brantley.rowlen@lewisbrisbois.com
***Attorneys for Lenox Hill Hospital***

Jeffrey E. Tompkins
Ebonei B. Simpkins
THOMAS KENNEDY SAMPSON & TOMPKINS LLP
3355 Main Street
Atlanta, GA 30337
j.tompkins@tkstlaw.com
e.simpson@tkstlaw.com
***Attorneys for Grady Memorial Hospital Corporation***

Tiffany R. Winks
Austin Atkinson
HALL BOOTH SMITH PC
191 Peachtree Street NE, Suite 2900
Atlanta, GA 30303
twinks@hallboothsmith.com
aatkinson@hallboothsmith.com
***Attorneys for Mount Sinai Beth Israel***

This 31st day of August, 2022.

                                              ***/s/ Erika J. Harris***
                                              Erika J. Harris
                                              Georgia Bar No. 483730