IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| MAURA O'NEILL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No.: |
| v. | ) | 1:22-CV-0011-SEG |
| | ) | |
| NYU LANGONE MEDICAL CENTER, NEW YORK PRESBYTERIAN QUEENS, LENOX HILL HOSPITAL, GRADY HEALTH SYSTEM, MOUNT SINAI BETH ISRAEL, NORTHSIDE HOSPITAL FORSYTH, and COLLEGE PARK POLICE DEPARTMENT, | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**DEFENDANT NORTHSIDE HOSPITAL, INC.'S
RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL**

COMES NOW, Defendant Northside Hospital, Inc. (hereinafter "Northside Hospital"), incorrectly identified as "Northside Hospital Forsyth," and files this response in opposition to Plaintiff's Motion to Compel, showing the Court as follows:

**PROCEDURAL HISTORY**

Plaintiff's Complaint (Doc. 1) and Summons (Doc. 6), filed on January 4, 2022, and April 1, 2022, respectively, were never properly served on Northside

1

Hospital. (*See* Northside Hospital's Memorandum of Law in Support of its Motion to Dismiss, Doc. 50-1). Accordingly, this Court has no jurisdiction over Northside Hospital, and Northside Hospital is under no legal obligation to answer Plaintiff's Complaint. (*Id*.). Plaintiff filed a Motion for Clerk's Entry of Default against Northside Hospital on June 10, 2022, which the Clerk entered on July 20, 2022. (Docs. 38, 42). Northside Hospital then filed a Motion to Set Aside Default contemporaneously with a Motion to Dismiss on August 9, 2022, (Docs. 50, 51). Northside Hospital has yet to file an Answer, and the Court has not ruled on the Motions to Set Aside Default and Dismiss.

Moreover, no other Defendant has filed an Answer. Defendant Mount Sinai Beth Israel has filed only a Motion to Set Aside Default (Doc. 55) and Defendants NYU Langone Medical Center, New York Presbyterian Queens, Lenox Hill Hospital, and Grady Memorial Hospital Corporation filed a Joint Motion to Stay Discovery, which the Court granted. (Docs. 36, 42). Additionally, the parties have not mutually assented to begin discovery earlier than provided for in the rules. Therefore, the discovery period has not begun. In fact, in its order granting the stay, the Court expressly found that discovery has yet to begin as no Defendant has filed an Answer to the Complaint, and this remains true to date. (Doc. 42, p. 5, *see generally* Docket). Despite the foregoing, Plaintiff filed a Motion to Compel on

August 25, 2022, citing to Health Insurance Portability and Accountability Act ("HIPAA") regulations. Plaintiff seeks to compel responses, *not* to discovery she served, but to letters requesting information she sent to the hospital defendants. (Doc. 58).

The Court must deny Plaintiff's Motion to Compel as it is both premature (because discovery has not begun) and otherwise procedurally improper (because it does not seek to compel responses to discovery requests).

## ARGUMENT AND CITATION OF AUTHORITY

Discovery does not commence until "thirty days after the appearance of the first defendant by answer to the complaint, unless the parties mutually consent to begin earlier." N.D. Ga Local Rule 26.2(A). Again, no defendant has filed an Answer in this case to date, and the parties have not mutually agreed to begin discovery on an earlier date. Simply put, discovery has not commenced. (*See generally* Docket).

Motions to compel may only be granted if: (i) a deponent fails to answer a question; (ii) a corporation fails to make a designation; (iii) a party fails to answer an interrogatory; or (iv) a party fails to produce documents. Fed. R. Civ. P. 37(a)(3). However, as discovery has not commenced, Northside Hospital cannot possibly have failed to answer, designate, or produce. *Clay v. Toombs Cty. Sheriff's Office*, No.

6:18-cv-92, 2019 U.S. Dist. LEXIS 148723, at *15 (S.D. Ga. Aug. 8, 2019) ("[a]s discovery has yet to begin, there is no basis to grant [p]laintiff's [m]otion to [c]ompel."). Plaintiff's Motion to Compel is particularly premature as to Northside Hospital, as Plaintiff has not even served Northside Hospital with the Summons and Complaint. (Doc. 50-1); *Robinson v. Johnson*, No. 6:19-cv-53, 2020 U.S. Dist. LEXIS 164439, at *1-2 (S.D. Ga. Sep. 9, 2020) (denying plaintiff's motion to compel as premature solely on the ground that defendants had not been served with the complaint). Notably, "these rules apply equally to all litigants, whether proceeding pro se or represented by counsel." *Id*. at 3. Accordingly, Plaintiff's Motion to Compel should be denied as premature.

Further, Federal Rule 37 provides a mechanism for compelling responses to *discovery*, not to extra-judicial requests for information, such as Plaintiff's letters to the hospital defendants. Fed. R. Civ. P. 37(a)(1) ("On notice to other parties and all affected persons, a party may move for an order compelling disclosure or *discovery*)(emphasis added).[1] For this additional reason, Plaintiff's request that the Court compel a response to her letter request to Northside Hospital is procedurally improper.

---

[1] The reference to a "disclosure" in Rule 37(a) relates to the mandatory disclosures described in Rule 26(a).

4

## CONCLUSION

For the foregoing reasons, Northside Hospital respectfully request this Honorable Court to deny Plaintiff's Motion to Compel.

## LOCAL RULE 7.1(D) CERTIFICATION

I hereby certify that this document has been prepared in accordance with Local Rule 5.1(B) of the Northern District of Georgia.

Respectfully submitted this 8th day of September, 2022.

                                        **SCRUDDER, BASS, QUILLIAN, HORLOCK, LAZARUS & ADELE LLP**

                                        */s/ Teddy L. Sutherland*
                                        Henry E. Scrudder, Jr.
                                        Georgia Bar No.: 632825
                                        Teddy L. Sutherland
                                        Georgia Bar No.: 693189
                                        Sophia Welf
                                        Georgia Bar No.: 237556
                                        *Attorneys for Defendant Northside Hospital, Inc.*

900 Circle 75 Parkway
Suite 850
Atlanta, Georgia 30339-3053
Telephone: (770) 612-9200
Facsimile: (770) 612-9201
hscrudder@scrudderbass.com
tsutherland@scrudderbass.com
swelf@scrudderbass.com

5

## CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically filed the within and foregoing **DEFENDANT NORTHSIDE HOSPITAL, INC.'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL** using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorneys of record:

Erika J. Harris
Watson Spence LLP
999 Peachtree St., NE, Suite 1130
Atlanta, GA  30309
*Attorney for Defendant NYU Langone Hospitals*

Parks K. Stone
Wilson, Elser, Moskowitz, Edelman & Dicker LLP
3348 Peachtree Rd., NE, Suite 1400
Atlanta, GA  30326
*Attorney for New York Presbyterian Hospital/Queens*

S. Chase Parker
Brantley C. Rowlen
Lewis Brisbois Bisgaard & Smith LLP
24 Drayton St., Suite 300
Savannah, GA  31401
*Attorneys for Lenox Hill Hospital*

Jeffrey E. Tompkins
Candance J. Rodgers
Ebonei B. Simpkins
Thomas Kennedy Sampson & Tompkins, LLP
3355 Main St.
Atlanta, GA  30337
*Attorneys for Grady Memorial Hospital*

and by placing a copy of same in the U.S. Mail, postage pre-paid, addressed as follows:

Maura O'Neill
601 King Street, Suite 200-#465
Alexandria, Virginia 22314
**_Pro Se Plaintiff_**

and that I have sent Ms. O'Neill a courtesy copy of the same via email to moneill@rahillco.com.

This 8th day of September, 2022.

_/s/ Teddy L. Sutherland_
Teddy L. Sutherland