IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| MAURA O'NEILL, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | |
| NYU LANGONE MEDICAL CENTER, | * | CIVIL ACTION NO. |
| NEW YORK PRESBYTERIAN QUEENES, | * | |
| LENOK HILL HOSPITAL, | * | 1:22-CV-0011-SEG |
| GRADY HEALTH SYSTEM, | * | |
| MOUNT SINAI BETH ISRALE, | * | |
| NORTHSIDE HOSPITAL FORSYTH, and | * | |
| COLLEGE PARK POLICE DEPARTMENT, | * | |
| | * | |
| Defendants. | * | |

**DEFENDANT GRADY MEMORIAL HOSPITAL CORPORATION'S
RESPONSE TO PLAINTIFF'S MOTION TO COMPEL**

COMES NOW Grady Memorial Hospital Corporation ("Grady"), incorrectly identified as "Grady Health System" in Plaintiff's Complaint, pursuant to Local Rule 7.1(B), and respectfully submits this response in opposition to Plaintiff's Motion to Compel [Doc. 58], showing the Court as follows:

PROCEDURAL HISTORY

Plaintiff instituted this action on January 4, 2022 (Doc. 1). Plaintiff alleges in the Complaint claims sounding in fraud and violation of the Racketeer Influenced and Corrupt Organizations Act. Grady moved to dismiss the complaint on April 25,

2022 (Doc. 24). Plaintiff sought an indefinite extension of time within which to respond to Grady's motion to dismiss (Doc. 26, ¶¶ 5-6). On June 7, 2022, Grady, NYU Langone Hospitals, New York Presbyterian Hospital/Queens, and Lenox Hill Hospital jointly moved to stay certain case deadlines pending the Court's ruling on the motions to dismiss (Doc. 36). The Court entered an order on July 20, 2022 (Doc. 42) giving Plaintiff until August 8, 2022, to respond to the pending motions to dismiss (Doc. 42). Noting that resolution of the motions to dismiss might dispose of the claims against certain defendants, the Court's order also stayed the requirements for the parties to conduct the Rule 26(f) early planning conference, file the Joint Preliminary Report and Discovery Plan, and exchange initial disclosures (Doc. 42). Plaintiff's motion to compel was filed August 25, 2022 (Doc. 58). Plaintiff seeks in the motion to compel Grady and the other Defendants to:

a. Produce copies of Plaintiff's medical records that comply with Medicare standards stated in *CMS Manual System, Pub 100-08 Medicare Program Integrity, 3.32.5 A & B*. Specifically, each Defendant should be required to comply with federal rules, and send O'Neill a copy of her medical record that:

1. Clearly and permanently identify any amendment, correction or delayed entry as such, and

2. Clearly indicate the date and author of any amendment, correction or delayed entry, and

3. Clearly identify all original content, without deletion. *CMS Manual System, Pub 100-08 Medicare Program Integrity, 3.32.5 B*

b. Provide the following information:

1. [Defendant] [has/does not have], and [has had since (date) / has never had], an authorization on file that would allow any person or entity to speak to any person at [Defendant] about Maura O'Neill or receive any information about Maura O'Neill's medical records or have access to information about Maura O'Neill's medical care.

2. [Defendant] [did/did not] have [an authorization] to speak with law enforcement about O'Neill.

3. [Defendant's] electronic medical record system as of 2017 [had features to allow users to comply with Medicare's requirements to/was and is not able to]:

   a. Clearly and permanently identify any amendment, correction or delayed entry as such, and

   b. Clearly indicate the date and author of any amendment, correction or delayed entry, and

      c. Clearly identify all original content, without deletion

4. [Defendant] does not have any additional records, data, or information that Defendant used to make decisions about Maura O'Neill's healthcare that are not included in Maura O'Neill's medical records from her visit(s) to [Defendant] in [2017 and/or 2018].

5. No related entity, LLC, SPV, parent company, individual, partnership, corporation, or any other entity, or law firm hired by [Defendant] has any additional records, data, or information that Defendant used to make decisions about Maura O'Neill's healthcare that are not included in Maura O'Neill's medical records from her visit(s) to [Defendant] in [2017 and/or 2018].

c. Produce a list of names of all individuals and entities Defendants spoke to about O'Neill. (e.g., NYU Langone spoke to the NYPD, Beth Israel spoke to Grady, and Grady spoke to the College Park Police).

d. Provide detailed statement of all information procured from any third party (e.g., NYPD, College Park Police, other healthcare provider).

e. Comply with Certificate of Interested Person requirement.

f. Stop using deceptive legalese in an attempt to thwart and deceive Plaintiff (e.g., Accounting of Disclosures).

Plaintiff also asserts in the motion, incorrectly, that Grady had not filed its certificate of interested persons.[1]

## ARGUMENT AND CITATION OF AUTHORITY

1. Discovery In This Action Has Not Yet Begun

Rule 26.2(A) of the Local Rules for the Northern District of Georgia provides that "[t]he discovery period shall commence thirty days after the appearance of the first defendant by answer to the complaint, unless the parties mutually consent to begin earlier." Here, no Defendant has answered the complaint, and the parties have not consented to begin discovery early. Indeed, the Court noted in its July 20, 2022, order that "the discovery period has not yet begun." (Doc. 42 at 5). Accordingly, there is no discovery to compel.

2. Plaintiff's Motion in Premature and Improper

Because discovery in this action has not yet begun, no interrogatories under Fed. R. Civ. P. 33 or requests for production of documents under Fed. R. Civ. P. 34 have been served by any party. Instead, Plaintiff seeks to have this Court compel Grady and the other hospital defendants to provide documents and information

---

[1] Grady filed its Certificate of Interested Persons and Corporate Disclosure Statement on July 26, 2022 (Doc. 46).

5

Plaintiff claims to have requested *outside* this litigation. Thus, Plaintiff's motion is improper and not sanctioned by Rule 37. *See* Fed. R. Civ. P. 37(a)(1).

## CONCLUSION

For the foregoing reasons, Grady respectfully requests that Plaintiff's Motion to Compel be denied.

The 8th day of September, 2022.

>Respectfully submitted,
>
>THOMAS KENNEDY SAMPSON & TOMPKINS LLP
>
>/s/ Jeffrey E. Tompkins
>JEFFREY E. TOMPKINS
>Georgia Bar No. 714608
>EBONEI B. SIMPKINS
>Georgia Bar No. 837066
>Attorneys for Defendant
>Grady Memorial Hospital Corporation

3355 Main Street
Atlanta, Georgia 30337
(404) 688-4503 Telephone
(404) 761-3224 Telecopier
j.tompkins@tkstlaw.com
e.simpson@tkstlaw.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| MAURA O'NEILL, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | |
| NYU LANGONE MEDICAL CENTER, | * | CIVIL ACTION NO. |
| NEW YORK PRESBYTERIAN QUEENES, | * | |
| LENOK HILL HOSPITAL, | * | 1:22-CV-0011-SEG |
| GRADY HEALTH SYSTEM, | * | |
| MOUNT SINAI BETH ISRALE, | * | |
| NORTHSIDE HOSPITAL FORSYTH, and | * | |
| COLLEGE PARK POLICE DEPARTMENT, | * | |
| | * | |
| Defendants. | * | |

## CERTIFICATE OF SERVICE, FONT AND TYPE

This is to certify that on this 8th day September, 2022, the undersigned electronically filed **Defendant Grady Memorial Hospital Corporation's Response to Plaintiff's Motion to Compel** (in Times New Roman, 14-point type in accordance with L.R. 5.1(C)), with the Clerk of Court using the CM/ECF system and served a copy of the foregoing upon Plaintiff by depositing a true and correct copy of same in the United States Mail with adequate postage affixed thereto, addressed as follows:

>Ms. Maura O'Neill
>601 King Street, Suite 200, #465
>Alexandria, Virginia 22314

Further, the CM/ECF system will serve the following counsel of record:

>Michael R. Boorman, Esquire
>Erika J. Harris, Esquire
>Watson Spence LLP
>999 Peachtree Street, N.E.
>Suite 1130
>Atlanta, Georgia, 30309
>mboorman@watsonspence.com
>eharris@watsonspence.com
>
>Parks K. Stone, Esquire
>Wilson, Elser, Moskowitz, Edelman & Dicker, LLP
>3348 Peachtree Road, N.E.
>Suite 1400
>Atlanta, Georgia 30326
>parks.stone@wilsonelser.com
>
>Brantley Cole Rowlen, Esquire
>Chase Parker, Esquire
>Lewis Brisbois Bisgaard & Smith LLP
>24 Drayton Street, Suite 300
>Savannah, Georgia 31401
>brantley.rowlen@lbbslaw.com
>chase.parker@lbbslaw.com

This 8th day of September, 2022.

>/s/ Jeffrey E. Tompkins
>JEFFREY E. TOMPKINS