IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MAURA O'NEILL,<br><br>　　Plaintiff,<br><br>v.<br><br>MOUNT SINAI BETH ISRAEL et al.,<br><br>　　Defendants. | NO.: 1:22-CV-0011-SEG |

**MOUNT SINAI BETH ISRAEL'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL**

**SUMMARY OF ISSUES AND BACKGROUND**

Plaintiff, who is proceeding pro se, filed this lawsuit in January 2022, naming seven Defendants: NYU Langone Medical Center, New York Presbyterian Queens, Lenox Hill Hospital, Grady Health System, Beth Israel,[1] Northside Hospital Forsyth, and the College Park Police Department. Doc. 1. Four Defendants (NYU Langone, Lenox Hill, Presbyterian Queens, and Grady Health) have moved to dismiss Plaintiff's claims. Docs. 16, 20, 23, 24. The Clerk

---

[1] Plaintiff named Mount Sinai Beth Israel. This entity's formal name is Beth Israel Medical Center, and to avoid confusion, this filing refers to hospital as Beth Israel. Counsel for Beth Israel intends to move the Court to correct the style of the case.

1

has entered default against two Defendants (Beth Israel and Northside Hospital). Doc. 42. Those Defendants, however, have moved to set aside the entries of default and intend to move the Court to dismiss Plaintiff's claims if the Court grants their motions.[2] Docs. 50, 51, 55. No Defendant has filed an answer, discovery has not begun, and the Court has stayed all other Rule 26 deadlines. Doc. 42 at 4 (staying deadlines "for the parties to conduct the Rule 26(f) early planning conference, file the Joint Preliminary Report and Discovery Plan, and exchange initial disclosures"); *see* LR 26.2(A), NDGa.

Still, Plaintiff has filed a "Motion to Compel" directed at Beth Israel, Northside Hospital, Grady Health, Lenox Hill, NYU Langone, and Presbyterian Queens. Doc. 58. Plaintiff claims she sent each of these Defendant (which she says are hospitals) a letter requesting:

> Confirmation the hospital does not have, and has never had, any authorization on file that would allow any person or entity to speak to any person at the hospital about O'Neill or receive any information about her medical records or have access to information about her medical care; and

> Confirmation the hospital does not have any additional records, data, or information that the hospital used to make decisions about O'Neill's healthcare that are not included in her medical record.

---

[2] The Court has indicated that it will dismiss Plaintiff's claims against the College Park Police Department under Federal of Civil Procedure 4(m). Doc. 42 at 6.

2

*Id.* at 9. Plaintiff, it seems, either did not receive responses from these Defendants or was unhappy with the responses she did receive. *Id.* at 9–10. So she now asks this Court to compel Beth Israel to respond to the *letter* she claims she sent Beth Israel. *Id.* at 17–18. Plaintiff, to be sure, has not (and could not have) served *discovery* requests on Beth Israel.

The Court should deny Plaintiff's Motion to Compel.

## ARGUMENT

**I.  Because Discovery Has Not Begun (and Plaintiff Could Not Have Served Discovery), the Court Should Deny Plaintiff's Motion.**

As an initial matter, Plaintiff has not served Beth Israel with any discovery requests. Nor could she have: A party may not serve discovery requests before the discovery period begins. *Ekokotu v. Fed. Express Corp.*, No. 110CV04227RLVGGB, 2011 WL 13137363, at *2 (N.D. Ga. June 8, 2011) ("[S]ervice of discovery requests on a defendant before the discovery period begins is not authorized and does not alter the times provided under the federal and local rules for responding to the requests."). And because no Defendant has answered, "the discovery period has not yet begun," at the Court has noted. Doc. 42 at 5; LR 26.2(A), NDGa ("The discovery period shall commence thirty days after the appearance of the first defendant by answer to the complaint."). In any event, moreover, under Rule 26(d), "[a] party may not seek discovery

3

from any source before the parties have conferred as required by Rule 26(f)." The Court has stayed the deadline for the parties to conduct a Rule 26(f) conference, so the parties have done so. Doc. 42 at 4.

In sum, even assuming Plaintiff had attempted to serve Beth Israel with discovery requests, she could not move to compel responses, and the Court should deny Plaintiff's motion. *See Ekokotu*, 2011 WL 13137363, at *2 (holding that motion to compel was "premature and without legal basis" because the plaintiff served discovery requests before discovery began).

## II. The Court Could Also Deny Plaintiff's Motion Because She Failed to Comply with Rule 37.

Under Rule 37(a), a party may move to compel discovery responses only after the party has "conferred or attempted to confer," in good faith, with the opposing party. Fed. R. Civ. P. 37(a)(1). And the moving party must certify that he or she did so. *Id.*; *see also* LR 37, NDGa. Plaintiff has not attempted to confer with Beth Israel about the issue (and thus has not included a Rule 37 certification). So even assuming discovery had begun, and that Plaintiff served discovery requests, her motion would still be improper. *See Ekokotu*, 2011 WL 13137363, at *2 ("Although Plaintiff's pro se motion must be liberally construed, it must also comply with the threshold requirements of the Federal

Rules of Civil Procedure."). The Court could deny Plaintiff's motion for this reason, too. *See id.*

## CONCLUSION

The Court should deny Plaintiff's Motion to Compel (1) because Plaintiff has not served Beth Israel with discovery requests, (2) because discovery has not begun even if Plaintiff had done so, and (3) because Plaintiff has not attempted to comply with Rule 37.

Respectfully submitted on September 8, 2022.

/s/ Austin Atkinson
Tiffany R. Winks
Georgia Bar No. 626413
Austin Atkinson
Georgia Bar No. 935864
HALL BOOTH SMITH, PC
191 Peachtree St. NE
Suite 2900
Atlanta, GA 30303
404-954-5000
twinks@hallboothsmith.com
aatkinson@hallboothsmith.com

## LOCAL RULE 7.1(D) CERTIFICATE OF COMPLIANCE

Counsel for Beth Israel certifies that this filing is prepared with one of the font and point selections approved by the Court in Local Rule 5.1(B).

Dated September 8, 2022.

                                                        */s/  Austin Atkinson*
                                                        Tiffany R. Winks
                                                        Georgia Bar No. 626413
                                                       Austin Atkinson
                                                        Georgia Bar No. 935864
                                                        HALL BOOTH SMITH, PC
                                                        191 Peachtree St. NE
                                                        Suite 2900
                                                        Atlanta, GA 30303
                                                        404-954-5000
                                                        twinks@hallboothsmith.com
                                                        aatkinson@hallboothsmith.com

## CERTIFICATE OF SERVICE

I hereby certify that I have filed a copy of the foregoing on counsel of using the Court's ECF/CM E-file system and on Plaintiff via mail to the address Plaintiff has provided to the Court:

>Maura O'Neill
>601 King Street
>Suite 200, #465
>Alexandria, VA 22314

Dated September 8, 2022.

>/s/   Austin Atkinson
>Tiffany R. Winks
>Georgia Bar No. 626413
>Austin Atkinson
>Georgia Bar No. 935864
>HALL BOOTH SMITH, PC
>191 Peachtree St. NE
>Suite 2900
>Atlanta, GA 30303
>404-954-5000
>twinks@hallboothsmith.com
>aatkinson@hallboothsmith.com