IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MAURA O'NEILL, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>NYU LANGONE MEDICAL )<br>CENTER, NEW YORK )<br>PRESBYTERIAN QUEENS, )<br>LENOX HILL HOSPITAL, GRADY )<br>HEALTH SYSTEM, MOUNT )<br>SINAI BETH ISRAEL, )<br>NORTHSIDE HOSPITAL )<br>FORSYTH, and COLLEGE PARK )<br>POLICE DEPARTMENT, )<br>)<br>Defendants. ) | Civil Action No.:<br>1:22-CV-0011-SEG |

**DEFENDANT NORTHSIDE HOSPITAL, INC.'S
REPLY BRIEF IN SUPPORT OF ITS MOTION
TO SET ASIDE CLERK'S ENTRY OF DEFAULT**

COMES NOW Defendant Northside Hospital, Inc. ("Northside Hospital" or "this defendant"), and respectfully submits this Reply Brief in further support of its Motion to Set Aside Clerk's Entry of Default, showing this Court as follows:

### I.     INTRODUCTION

As set forth Northside Hospital's Motion to Set Aside Clerk's Entry of Default ("Motion to Set Aside;" Doc. 51) and its Motion to Dismiss (Doc. 50), Plaintiff's

purported service upon one of its non-managerial, administrative employees (Ms. Cheryl Pruitt) is plainly insufficient as a matter of law. Moreover, even assuming *arguendo* that service was proper, "good cause" would *still* exist to set aside the default given that, *inter alia*, Northside Hospital clearly has meritorious defenses and given that Plaintiff cannot show she would be prejudiced by setting aside the default. (*See generally*, Docs. 50 & 51).

In response, Plaintiff relies on irrelevant double hearsay (i.e., what the process server allegedly told Plaintiff that Ms. Pruitt told him) and what is tantamount to an apparent agency argument (which is inapplicable when considering whether a defendant has been properly served). (Pl.'s Resp. Br., pp. 6-7; Doc. 59). Further, while her responsive brief is replete with fantastical assertions on irrelevant subjects, at no point does Plaintiff come close to rebutting Northside Hospital's meritorious defenses or to demonstrating prejudice. Northside Hospital respectfully submits that the Court must GRANT its Motion to Set Aside.

## II.     ARGUMENT AND CITATION OF AUTHORITY

### A.     Northside Hospital Was Not Properly Served

Northside Hospital has a registered agent who has never been served. (Doc. 51-1). Instead, Plaintiff attempted to serve a nonentity, "Northside Hospital

Forsyth," by leaving a Summons and Complaint with Ms. Pruitt, who is not an agent authorized to accept service on behalf of Northside Hospital. Id.

In her responsive brief, Plaintiff essentially claims that Pruitt is Northside Hospital's apparent agent and was thus authorized to accept service on behalf of Northside Hospital. (Doc. 59, pp. 6-7). Plaintiff alleges that because, Pruitt is a secretary in the administrative department, "it was reasonable for the process server to assume" she was knowledgeable about Northside Hospital's procedures for legal service. Id. However, "[s]ervice of process on merely an apparent agent is not sufficient. It must be made on an actual agent." Standard Guar. Ins. Co. v. Landers, 206 Ga. App. 803, 804, 426 S.E.2d 574, 575 (1992); Muse v. Bank of N.Y., No. 1:08-CV-0108-GET-JFK, 2008 U.S. Dist. LEXIS 133811, at *13 (N.D. Ga. Aug. 12, 2008); Walker v. MERS, No. 1:08-CV-0377-JEC-JFK, 2009 U.S. Dist. LEXIS 143621, at *11 (N.D. Ga. Jan. 21, 2009). As shown by her affidavit, Pruitt was not an actual agent of Northside Hospital, but merely an administrative employee. (Doc. 51-2).

An "affidavit denying the existence of an agency relationship is a statement of fact when made by one of the purported parties to the relationship[.]" Standard Guar. Ins. Co., 206 Ga. App. at 804 (finding service of process on an insurance broker was insufficient because his affidavit attested that he was not an agent

3

authorized to accept service on behalf of the defendant insurance company). Ms. Pruitt's Affidavit attached to the Motion to Set Aside similarly stated that she is an administrative employee, is not an officer, director, or managing agent, has no managerial or supervisory authority, and has never had authority to accept service on behalf of Northside Hospital. (Doc. 51-2). Given that Pruitt, the purported apparent agent, denies the agency relationship, the Court must accept that as a statement of fact.

Furthermore, "[t]he affidavit…denying the existence of agency must be received as evidence of fact, *which cannot be overcome by conclusionary affidavits*." News-Press Pub. Co. v. Kalle, 173 Ga. App. 411, 411 (1985) (emphasis added) (the process server attested that the defendant's secretary said she was authorized to accept service; nonetheless, service was insufficient because the defendant denied an agency relationship with the secretary by affidavit and the process server's assertion was hearsay). See also Thaxton v. Ga. Insurer's Insolvency Pool, 158 Ga. App. 407, 408-09 (1981). The facts here are analogous to those cases, except that here, both parties to the purported agency relationship, Northside Hospital and Pruitt, acknowledge that she was not authorized to accept service on Northside Hospital's behalf. (Docs. 51-2, 51-3). Also, Plaintiff's statement that she *will file* an affidavit by the process server attesting that Pruitt said she was authorized to accept service,

it not merely hearsay, but double hearsay. (See Doc. 59). Further, for the reasons outlined above, even if Ms. Pruitt did make such a statement to the process server (which Northside Hospital adamantly denies), such statement would be irrelevant to the questions before the Court. -As such, Plaintiff's assertions are wholly insufficient to prove that Pruitt was an authorized agent, and Pruitt's own affidavit denying the relationship must be accepted as fact to prove she was not authorized to accept service on behalf of Northside Hospital.

### B. Plaintiff will Not be Prejudiced if the Entry of Default is Set Aside

"[T]o establish prejudice . . . the plaintiff must show the delay will result in the loss of evidence, increased difficulties in discovery, or greater opportunities for fraud or collusion." Udoinyion v. Guardian Sec. Mgmt., No. 1:08-CV-1729-CC, 2013 U.S. Dist. LEXIS 200362, at *6-7 (N.D. Ga. Mar. 27, 2013). Here, Plaintiff fails to address Northside Hospital's arguments that she will not be prejudiced given that her requests for extension of time have been granted and that discovery has been stayed.

Instead, Plaintiff claims that "given Northside's clear collusion and prior fraudulent activities" setting aside default will create substantial prejudice. (Doc. 59, p. 8). Of course, Plaintiff presents no evidence of "collusion" or "fraudulent activities." Rather, she offers a conspiracy theory in which Northside Hospital,

along with the other hospital defendants, violated the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") when they did not, in her estimation, adequately respond to extra-judicial letters requesting information[1] because they "had been assured DHHS would not act against them because DB and the Wilder team would abuse power to protect them." (Doc. 59, p. 4). Plaintiff's assertions of a "collusion" and "fraudulent activities" on the part of Northside Hospital are manifestly outlandish on their face and clearly fail to establish Plaintiff will be prejudiced if the entry of default is set aside.

### C.  Northside Hospital Has Asserted Multiple Meritorious Defenses

Plaintiff further argues that Northside Hospital's motion should be denied because it failed to sufficiently assert a meritorious defense, one of the elements of showing "good cause" to set aside. (Doc. 59). As a threshold matter, and as Northside Hospital stated in its Motion to Set Aside, when there is an insufficiency of service of process "good cause" to set aside default *necessarily exists*. Duncan v. Trans Union LLC, No. 1:19-CV-02468-CAP, 2019 U.S. Dist. LEXIS 235812, at *4 (N.D. Ga. Oct. 31, 2019); (Doc. 51-1).

---

[1] Plaintiffs' letters to the hospital defendants are the subject of her Motion to Compel (Doc. 58) to which Northside Hospital has already responded (Doc. 63).

Additionally, the cases Plaintiff cites to in order to support her position that Northside Hospital does not have a meritorious defense are completely irrelevant. (Doc. 59). Plaintiff claims that Northside Hospital's argument in its Motion to Dismiss that she must plead fraud with particularity is incorrect "as a matter of fact and law." Id. However, the cases to which she cites merely support the proposition that, in malpractice actions involving a confidential relationship between a physician and patient or lawyer and client, fraud by the physician or lawyer may serve to toll the statute of limitations. See e.g., Carroll v. Piedmont Med. Care Corp., 352 Ga. App. 348 (2019); Hunter, Maclean, Exley & Dunn, P.C. v. Frame, 269 Ga. 844 (1998). Not a single case she cites stands for the proposition that plaintiffs are not required to plead RICO and fraud claims with particularity, nor is Northside Hospital aware of any such caselaw. Moreover, Northside Hospital has asserted multiple other meritorious defenses—i.e., Plaintiff's failure to serve the Complaint within 90 days of filing along with statute of limitations and insufficiency of process defenses. (Doc. 51-1).

Again, when deciding whether a defaulting party has asserted defenses warranting the setting aside default, only a "hint of a suggestion" of a meritorious defense is required. Udoinyion, 2013 U.S. Dist. LEXIS 200362, at *6; (Doc. 51-1). Northside Hospital has shown much more than a "hint of a suggestion" of a

meritorious defense and, accordingly, the Court should set aside the Clerk's entry of default.

### D. Plaintiff's Remaining Arguments are Irrelevant and Addressed by the Court's Most Recent Order

Plaintiff also argues (1) that Northside's Hospital's records contain unreliable opinions and (2) that those records have been criminally altered. (Doc. 59, pp. 11-14). Regarding (1), the Court is not now presented with any questions concerning admissibility of expert opinions under Rule 702. Regarding (2), Northside Hospital, of course, denies any allegation that it improperly altered Plaintiff's records. In any event, neither (1) nor (2) has any relevance whatsoever regarding the issue presented by the instant motion—namely, whether the entry of default as to Northside should be set aside.

Plaintiff also asserts that she should "be given every opportunity to cure pleading defects." (Id. at 15). Again, this argument has no bearing upon the Motion to Set Aside. Moreover, the Court entered an order covering this subject earlier today. (Order, dated September 12, 2022; Doc. 67).

### III. CONCLUSION

For the foregoing reasons, this Defendant respectfully requests that this Court GRANT this Motion and Set Aside the Clerk's Entry of Default as to Northside Hospital.

## LOCAL RULE 7.1(D) CERTIFICATION

I hereby certify that this document has been prepared in accordance with Local Rule 5.1(B) of the Northern District of Georgia.

Respectfully submitted this 12th day of September, 2022.

                **SCRUDDER, BASS, QUILLIAN, HORLOCK, LAZARUS & ADELE LLP**

                */s/ Teddy L. Sutherland*

                _____
                Henry E. Scrudder, Jr.
                Georgia Bar No.: 632825
                Teddy L. Sutherland
                Georgia Bar No.: 693189
                Sophia Welf
                Georgia Bar No.: 237556
                *Attorneys for Defendant Northside Hospital, Inc.*

900 Circle 75 Parkway
Suite 850
Atlanta, Georgia 30339-3053
Telephone: (770) 612-9200
Facsimile: (770) 612-9201
hscrudder@scrudderbass.com
tsutherland@scrudderbass.com
swelf@scrudderbass.com

## CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically filed the within and foregoing **DEFENDANT NORTHSIDE HOSPITAL, INC.'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO SET ASIDE CLERK'S ENTRY OF DEFAULT** using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorneys of record:

Erika J. Harris
Watson Spence LLP
999 Peachtree St., NE, Suite 1130
Atlanta, GA  30309
*__Attorney for Defendant NYU Langone Hospitals__*

Parks K. Stone
Wilson, Elser, Moskowitz, Edelman & Dicker LLP
3348 Peachtree Rd., NE, Suite 1400
Atlanta, GA  30326
*__Attorney for New York Presbyterian Hospital/Queens__*

S. Chase Parker
Brantley C. Rowlen
Lewis Brisbois Bisgaard & Smith LLP
24 Drayton St., Suite 300
Savannah, GA  31401
*__Attorneys for Lenox Hill Hospital__*

Jeffrey E. Tompkins
Candance J. Rodgers
Ebonei B. Simpkins
Thomas Kennedy Sampson & Tompkins, LLP
3355 Main St.
Atlanta, GA  30337
*__Attorneys for Grady Memorial Hospital__*

and by placing a copy of same in the U.S. Mail, postage pre-paid, addressed as follows:

> Maura O'Neill
> 601 King Street, Suite 200-#465
> Alexandria, Virginia 22314
> ***Pro Se Plaintiff***

and that I have sent Ms. O'Neill a courtesy copy of the same via email to moneill@rahillco.com.

This 12th day of September, 2022.

>  */s/ Teddy L. Sutherland*
> Teddy L. Sutherland