### IN THE UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

MAURA O'NEILL,

          Plaintiff,

   v.

BETH ISRAEL **MEDICAL CENTER, NEW YORK-PRESBYTERIAN QUEENS, LENOX HILL HOSPITAL, GRADY HEALTH SYSTEM, MOUNT SINAI BETH ISRAEL, BETH ISRAEL HOSPITAL FORSYTH, COLLEGE PARK POLICE DEPARTMENT,**

          Defendants.

**CIVIL ACTION FILE NO.
1:22-cv-00011-SEG**



FILED IN CLERK'S OFFICE
.J.S.D.C. Gainesville

SEP 2 6 2022

KEVIN P WEIMER, Clerk
By: _____ Deputy Clerk

---

## MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION TO COMPEL

---

September 14, 2022

Maura O'Neill
601 King Street, Suite 200-#465
Alexandria, VA 22314
moneill@rahillco.com

Maura O'Neill ("Plaintiff") submits this memorandum of law in further support of her Motion to Compel (Docket No. 58) and in opposition to the response filed by NYU Langone Hospitals. ("NYU Langone") (Docket No. 61).[1]

## PRELIMINARY STATEMENT

On August 17, 2022, Plaintiff served a motion to compel each of the Hospital Defendants in this action, including NYU Langone, to produce information The Health Insurance Portability and Accountability Act ("HIPAA") and state laws required the Hospital Defendants to produce, but which each Hospital Defendant, including NYU Langone, failed to produce (Docket No. 61). Not only is it not typical for hospitals to violate HIPAA and state laws and fail to provide the information O'Neill requested as described in the Motion to Compel, but hospitals typically provide the information O'Neill requested within only a few hours or days because failing to do so warrants corrective action from the Department of Health and Human Services ("HHS") or other agencies.

---

[1]Together, NYU Langone Hospitals ("NYU Langone"), Lenox Hill Hospital ("Lenox Hill"), New York-Presbyterian Hospital/Queens ("NYPQ"), Beth Israel Medical Center ("Beth Israel"), Grady Memorial Hospital Corporation ("Grady"), and Northside Hospital, Inc. ("Northside") constitute the Hospital Defendants ("Hospital Defendants").

New York Public Health Law § 18(2) states NYU Langone had ten days to respond to O'Neill's June 2022 requests for information, however, NYU Langone violated New York statutes weeks ago, in coordination and collusion with the other Hospital Defendants in this action and the DB/Wilder team.

On August 31, 2022, NYU Langone filed opposing papers to O'Neill's motion to compel and lied in an incredibly stupid manner. (Docket No. 61). Specifically, despite the fact, HIPAA and New York laws state in plain black letter law that O'Neill has an absolute right to receive the information she requested, NYU Langone claimed that the information O'Neill sought constituted "discovery" (Docket No. 61, Page 4, ¶1). According to NYU Langone, since discovery had not commenced, O'Neill did not have a right to receive information HIPAA and New York state law stated she had a right to receive. (Docket No. 61, Page 4, ¶1).

NYU Langone's "arguments," if you can call them that, are absurd. This court and NYU Langone do not have any right or ability to overturn black letter federal and state statutes. Rather, the Hospital Defendants and this court are required to comply with HIPAA and state laws. Whether or not discovery is or is not occurring in this action has no bearing on HIPAA or state laws. The fact NYU Langone would seek to lie and conflate discovery and HIPAA and state laws is so downright foolish, it is clear NYU Langone is simply lying yet again.

2

## LEGAL ARGUMENT

### POINT I:  HIPAA REQUIREMENTS TO SEND LETTER OF DENIAL.

HIPAA contains grounds and conditions for denial of access to protected health information, 45 CFR 164.524(a)(2)-(4).  An individual is not required to provide a reason for requesting access to her information, and the individual's rationale for requesting access, if voluntarily offered or known by the healthcare provider, is not a permitted reason to deny access.[2]  Thus, the reason offered by NYU Langone for denying access to O'Neill, namely "discovery," is not a legally permissible reason under HIPAA or New York state laws.

In addition, under HIPAA, if a healthcare provider denies access, in whole or in part, to protected health information ("PHI") requested by the individual based on one or more permitted grounds, the healthcare provider *MUST* provide a denial in writing to the individual no later than 30 calendar days after the request (or no more than 60 calendar days if the covered entity notified the individual of an extension) according to 45 CFR 164.524(b)(2).[3]  In addition, under federal regulations, the denial must be in plain language and describe the basis for denial;

---

[2]https://www.hhs.gov/hipaa/for-professionals/faq/2046/under-what-circumstances-may-a-covered-entity/index.html
[3]https://www.hhs.gov/hipaa/for-professionals/faq/2046/under-what-circumstances-may-a-covered-entity/index.html

if applicable, the individual's right to have the decision reviewed and how to request such a review; and how the individual may submit a complaint to the healthcare provider or the HHS Office for Civil Rights. 45 CFR 164.524(d).[4] In addition, under HIPAA, all healthcare providers must, to the extent possible, provide the individual with access to any other protected health information ("PHI") requested, after excluding the PHI to which the entity has a ground to deny access.  45 CFR 164.524(d)(1).[5]

The laws are clear.  All the Hospital Defendants had to do was read an HHS website to know that each Hospital Defendant was violating federal statutes. However, NYU Langone and the other Hospital Defendants are clearly violating black letter federal and state statutes.  NYU Langone was required to send O'Neill a plain language letter explaining why it was declining to provide access to O'Neill to her health information if that is what NYU Langone intended to do.

---

[4]https://www.hhs.gov/hipaa/for-professionals/faq/2046/under-what-circumstances-may-a-covered-entity/index.html
[5]https://www.hhs.gov/hipaa/for-professionals/faq/2046/under-what-circumstances-may-a-covered-entity/index.html

## POINT II:  NYU LANGONE IS VIOLATING STATE LAWS IN ADDITION TO FEDERAL STATUTES.

In addition to violating federal statutes, NYU Langone and the other

Hospital Defendants are clearly violating state laws as well.  Under New York law,

"upon the written request of any subject, a health care provider shall provide an

opportunity, within ten days, for such subject to inspect any patient information

concerning or relating to the examination or treatment of such subject in the

possession of such health care provider."  New York Public Health Law § 18(2).

"Patient information" or "information" under New York Public Health Law means:

> *any information concerning or relating to the examination, health assessment* including, but not limited to, a health assessment for insurance and employment purposes or treatment of an identifiable subject *maintained or possessed by a health care facility or health care practitioner who has provided or is providing services for assessment of a health condition* including, but not limited to, a health assessment for insurance and employment purposes or has treated or is treating such subject.  New York Public Health Law § 18. (Emphasis added.)

Thus, under New York law, O'Neill has a right to examine "any information

concerning or relating to the examination, health assessment."

Again, under New York law, if NYU Langone or the New York Hospital

Defendants wanted to deny access to O'Neill to information, then New York

Public Health Law § 18 (3), "Limitations on access," specified a process for

denying access.  Specifically, under New York Public Health Law § 18 (3)(e), "In

5

the event of a denial of access, the qualified person shall be informed by the provider of such denial." However, Hospital Defendants have failed to follow either federal or state statutes. Instead, NYU Langone hid behind an entirely bogus defense knowing full well that the information O'Neill sought in her June 2022 letters did not constitute "discovery."

NYU Langone and the New York Hospital Defendants also clearly violated state laws governing hospitals as well. Under New York law 10 NY ADC 405.10 hospitals are required to:

> Have a department that has administrative responsibility for medical records. ***An accurate, clear, and comprehensive medical record shall be maintained for every person evaluated or treated*** as an inpatient, ambulatory patient, emergency patient or outpatient of the hospital. 10 NY ADC 405.10. *(Emphasis Added.)*

Clearly the medical records provided to O'Neill by NYU Langone, Beth Israel, NYPQ and Lenox Hill are not accurate, clear or comprehensive. Like HIPAA, New York law also states, ***"The hospital shall allow patients and other qualified persons to obtain access to their medical records."*** 10 NY ADC 405.10. *(Emphasis Added.)*. New York law also states:

> The medical record shall contain information to justify admission and continued hospitalization, support the diagnosis, and describe the patient's progress and response to medications and services. 10 NY ADC 405.10. *(Emphasis Added.)*

6

Despite this requirement, O'Neill's medical records from NYU Langone, Lenox Hill, NYPQ, and Beth Israel present shining examples of *ipse dixit*--i.e., the expert claims that it is so merely because he says that it is so. There is no factual support for the information contained in O'Neill's medical records from any of the New York based Hospital Defendants even though each Hospital Defendant clearly knows that without more than credentials and a subjective opinion, an expert's testimony that 'it is so' is not admissible." *Viterbo v. Dow Chemical Co.*, 826 F.2d 420, 424 (5th Cir. 1987). Thus, O'Neill's medical records from NYU Langone, NYPQ, Lenox Hill, and Beth Israel are inadmissible as evidence as a matter of law and completely insufficient to justify the destruction of evidence in her rape kits even though all four New York Hospital Defendants destroyed evidence to aid and abet Wilder and his sex trafficking operation.

O'Neill's medical records from the four New York based Hospital Defendants do not contain results of all consultative evaluations or findings by clinical and other staff involved in O'Neill's mistreatment. Thus, the medical records from all four New York based Hospital Defendants are fraudulent on their faces, and show clear intent to defraud O'Neill to aid Wilder, despite the fact all hospital defendants had a fiduciary duty to protect O'Neill.

7

## <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff respectfully requests the Court **GRANT**

the motion and grant such other further relief the Court deems equitable.

Dated:  Alexandria, VA
September I4, 2022

Respectfully submitted,


BY: _____
Maura O'Neill, Plaintiff
601 King Street, Suite 200-#465
Alexandria, VA 22314
moneill@rahillco.com

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

|  |  |
|---|---|
| MAURA O'NEILL,<br><br>        Plaintiff,<br>v.<br><br>BETH ISRAEL **MEDICAL CENTER, NEW YORK-PRESBYTERIAN QUEENS, LENOX HILL HOSPITAL, GRADY HEALTH SYSTEM, MOUNT SINAI BETH ISRAEL, BETH ISRAEL HOSPITAL FORSYTH, COLLEGE PARK POLICE DEPARTMENT,**<br><br>        Defendants. | **CIVIL ACTION FILE NO.**<br>**1:22-cv-00011-SEG** |

**LR 7.1(D) FONT COMPLIANCE CERTIFICATION**

The undersigned certifies that the within and foregoing **MEMORANDUM IN FURTHER SUPPORT OF MOTION TO COMPEL** was prepared using Times New Roman 14 point font in accordance with Local Rule 5.1 of the United States District Court for the Northern District of Georgia.

Dated: Alexandria, VA
September 14, 2022

Respectfully submitted,

BY: _Maura O'Neill_

Maura O'Neill, Plaintiff
601 King Street, Suite 200-#465
Alexandria, VA 22314
moneill@rahillco.com

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

|  |  |
|---|---|
| MAURA O'NEILL,<br><br>    Plaintiff,<br>    v.<br><br>BETH ISRAEL **MEDICAL CENTER, NEW YORK-PRESBYTERIAN QUEENS, LENOX HILL HOSPITAL, GRADY HEALTH SYSTEM, MOUNT SINAI BETH ISRAEL, BETH ISRAEL HOSPITAL FORSYTH, COLLEGE PARK POLICE DEPARTMENT,**<br><br>    Defendants. | **CIVIL ACTION FILE NO.** **1:22-cv-00011-SEG** |

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that I have this day caused to be served a true and correct copy of the foregoing by emailing and mailing a copy of the foregoing to each Defendant at the following addresses:

12

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
Brantley Rowlen, Esq.
Chase Parker, Esq.
24 Drayton Street, Suite 300
Savannah, GA 31401
Telephone: 912.525.4960
E-Mail:  rowlen@lbbslaw.com
E-Mail:  chase.parker@lewisbrisbois.com

**WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**
Parks Kalervo Stone, Esq.
3348 Peachtree Road NE
Suite 1400
Atlanta, GA 30326
Telephone: 470.419.6651
E-Mail: parks.stone@wilsonelser.com

**WATSON SPENCE LLP**
Michael R. Boorman, Esq.
999 Peachtree Road, N.E.
Suite 1130
Atlanta, GA 30309
Telephone: 229.436.1545
E-Mail: mboorman@watsonspence.com

**THOMAS KENNEDY SAMPSON & TOMPKINS, LLP**
Jeffrey Emery Tompkins, Esq.
Candance J. Rodgers, Esq.
3355 Main Street
Atlanta, GA 30337
Telephone: 404.688.4503
E-Mail: j.tompkins@tkstlaw.com
E-Mail: c.rodgers@tkstlaw.com

**SCRUDDER, BASS, QUILLIAN, HORLOCK,**
**LAZARUS & ADELE LLP**
Henry E. Scrudder, Jr.
Teddy L. Sutherland
Sophia Welf
900 Circle 75 Parkway
Suite 850
Atlanta, Georgia 30339-3053
Telephone: (770) 612-9200
Facsimile: (770) 612-9201
hscrudder@scrudderbass.com
tsutherland@scrudderbass.com
swelf@scrudderbass.com

**HALL BOOTH SMITH, PC**
Tiffany R. Winks
Georgia Bar No. 626413
Austin Atkinson
Georgia Bar No. 935864
191 Peachtree St. NE
Suite 2900
Atlanta, GA 30303
404-954-5000
twinks@hallboothsmith.com
aatkinson@hallboothsmith.com

in accordance with Rule 5(b)(2)(E).


Dated: Alexandria, VA          Respectfully submitted,
September 14, 2022


BY: _Maura O'Neill_____
Maura O'Neill, Plaintiff
601 King Street, Suite 200-#465
Alexandria, VA 22314
moneill@rahillco.com