IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION



FILED IN CLERK'S OFFICE
U.S.D.C. - Gainesville

OCT 06 2022

KEVIN P. WEIMER, Clerk
By: _____ Deputy Clerk

| | |
|---|---|
| MAURA O'NEILL,<br><br>        Plaintiff,<br>v.<br><br>NYU LANGONE HOSPTIALS, BETH ISRAEL MEDICAL CENTER, NEW YORK-PRESBYTERIAN QUEENS, LENOX HILL HOSPITAL, GRADY HEALTH SYSTEM, MOUNT SINAI BETH ISRAEL, BETH ISRAEL HOSPITAL FORSYTH, COLLEGE PARK POLICE DEPARTMENT,<br><br>        Defendants. | CIVIL ACTION FILE NO.<br>1:22-cv-00011-SEG |

COMES NOW Plaintiff Maura O'Neill ("Plaintiff"), and hereby files this Response to Defendant Beth Israel's Notice of Its Intent to Reply in Support of Its Motion to Set Aside ("Intent to Reply"), and states as follows:

A. Background

1. Plaintiff filed this lawsuit in January 2022 naming, among others,

1

Defendant Beth Israel Medical Center ("Beth Israel"). (Docket No. 1)

2. The Court directed the Clerk to enter a default against Beth Israel July 20, 2022. (Docket No. 42).

3. On August 19, 2022, Beth Israel moved to set aside the entry of default. (Docket No. 55).

4. On September 7, 2022, Plaintiff emailed a copy of her opposition papers to Beth Israel's motion to set aside default (the "Opposing Papers") to all hospital Defendants in this action and Stephanie Pittman, the clerk for the judge assigned to the action. Plaintiff also printed a copy of the Opposing Papers and mailed a copy of the Opposing Papers to the clerk of court for filing. (Docket No. 74).

5. Because Plaintiff is *pro se*, Plaintiff is not allowed to use the electronic filing system. Thus, while defendants' counsel have had the luxury of filing and serving at the same time which is much simpler, Plaintiff is forced to submit hard copies of all filings to the clerk of court, adding both time and significant expense with absolutely no benefit.

6. On September 21, 2022, Beth Israel filed its Intent to Reply (Docket No. 72). In the Intent to Reply, Beth Israel stated, "Plaintiff's response to Beth Israel's motion to set aside was…due September 2, 2022." (Docket No. 72, ¶3).

7. However, what Beth Israel failed to note in its Intent to Reply is that the

Federal Rules of Civil Procedure ("FRCP") requires litigants to add three days for mail. FRCP 6(d). Thus, the deadline was never September 2, 2022 because Beth Israel failed to account for the mail.

8. In addition, Beth Israel also failed to note in the Intent to Reply that Beth Israel mailed its Motion to Set Aside Default to O'Neill at an address Plaintiff was forced to stop using in July of 2022. Thus, Plaintiff never received Beth Israel Motion to Set Aside Default in the mail.

9. It was not until August 23, 2022 that O'Neill received a copy of Beth Israel's Motion to Set Aside Default. Thus, seventeen days (LR 7.1 and FRCP 6(d)) from the day Plaintiff received the Motion to Set Aside Default on August 23, 2022 would have given Plaintiff until September 9, 2022 to serve her papers under FRCP 6(d).

10. Plaintiff served her opposing papers on Beth Israel on September 7, 2022 by emailing a copy in compliance with the signed stipulation with Beth Israel. (Docket No. 68).

**B. Mail Problems**

11. As described in a prior filing, (Docket No. 60), on July 18, 2022, Plaintiff's prior mail service sent her an email stating she received a letter from Apple. On July 22, 2022, Plaintiff went to retrieve the letter from Apple and

3

other mail at her mail service. However, on July 22, 2022, the owner of her former mail service told her that he was "taking the Fifth," "refusing to answer questions," and all the mail in her box was gone even though O'Neill had not picked up her mail, including the letter from Apple.

12. Stealing mail is a crime. Since the owner of the mail service stated he was "taking the Fifth," it was clear he was well aware of the fact that he stole O'Neill's mail, including a letter from Apple, in order to materially harm Plaintiff.

13. As a result, on July 22, 2022, O'Neill was forced to cancel her mail service, and on July 23, 2022, O'Neill set up a new service with a different address.

14. Plaintiff also submit change of address request forms to the Post Office, and sent change of address notices to Defendants. Thus, O'Neill acted in good faith, and expected her mail to be forwarded.

15. However, clearly O'Neill had no way of knowing that Beth Israel intended to file a motion to set aside the default judgement, and O'Neill never received Beth Israel's motion in the mail.

16. However, after receiving a copy of the Motion to Set Aside Default, O'Neill acted promptly to reply.

## C. Filing

17. In the Intent to Reply, Beth Israel also stated, "On September 7, 2022… Plaintiff emailed a copy of" her opposing papers…Plaintiff, however, has not filed that document." (Docket No. 72, ¶4).

18. Plaintiff placed a copy of her opposing papers to Beth Israel's Motion to Set Aside Default in the mail with the proper postage. Thus, Plaintiff is unaware of what precisely happened to a copy of the mailing she sent to be filed. However, Plaintiff does have her receipt showing that she printed copies of her Opposing Papers to be mailed from Fedex.

19. After receiving a copy of the Intent to Reply on September 21, 2022, to avoid future problems with mail, Plaintiff hired a process server on September 23, 2022 to personally file a copy of her opposing papers at the U.S. District Court in Gainesville, GA.

20. On September 26, 2022, the process server O'Neill hired filed a copy of O'Neill's opposing papers. However, her opposing papers were not docketed.

21. On October 3, 2022, O'Neill called the clerk of court to find out why the document she paid to be filed on September 26, 2022 was not docketed.

22. The clerk of court had to find the filing, and after locating the missing filing, the clerk of court was able to docket O'Neill's Opposing Papers on

5

October 3, 2022 even though the filing is marked "filed" as of September 26, 2022, the date the filing was delivered to the Court.

23. In its Intent to Reply Beth Israel invented a requirement that does not exist in court rules or case law that O'Neill's filings be docketed before Beth Israel should file a reply. However, Beth Israel has no court rules or case law to support its false claim that O'Neill's documents must be docketed to be responded to when in fact the court rules state Plaintiff must serve her opposing papers (LR 7.1). Thus, the important date according to the court rules is the date of service. (LR 7.1).

24. Given O'Neill served her Opposing Papers on September 7, 2022, Beth Israel has fabricated a docketing requirement that does not exist under the law.

25. Surely Beth Israel must know its fake "docketing" requirement makes no sense because Beth Israel was unable to provide any case law or court rules to support its ridiculous claim.

26. Instead, Beth Israel quoted completely inappropriate case law that contained facts that were entirely different from the facts here. For example, Beth Israel quoted a case of a Navy Officer who sent a "letter" to the Court to initiate an action rather than file a complaint.

27. Thus, as Beth Israel is surely well aware, there is no basis in law for Beth

6

Israel to claim that Beth Israel does not have to respond because a filing because it has not been docketed.

28. Had Beth Israel simply called the Clerk of Court, there is no doubt the Clerk of Court would have informed Beth Israel that there are sometimes delays of several days from the date the Court receives a filing in the mail to the date the filing is docketed.

29. Delays are not the exception. Delays are the norm.

30. Thus, it is clearly wrong to attempt to hold O'Neill accountable for docketing and filing, two activities she does not control.

31. Given Beth Israel was unable to quote a single credible case, clearly Beth Israel must know that is the case as well and is wasting Plaintiff's and the Court's time..

Dated: Alexandria, VA
October 4, 2022

Respectfully submitted,

BY: *Maura O'Neill*
Maura O'Neill, Plaintiff
601 King Street, Suite 200-#465
Alexandria, VA 22314
moneill@rahillco.com

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MAURA O'NEILL,<br><br>Plaintiff,<br><br>v.<br><br>BETH ISRAEL **MEDICAL CENTER, NEW YORK-PRESBYTERIAN QUEENS, LENOX HILL HOSPITAL, GRADY HEALTH SYSTEM, MOUNT SINAI BETH ISRAEL, BETH ISRAEL HOSPITAL FORSYTH, COLLEGE PARK POLICE DEPARTMENT,**<br><br>Defendants. | CIVIL ACTION FILE NO.<br>1:22-cv-00011-SEG |

## LR 7.1(D) FONT COMPLIANCE CERTIFICATION

The undersigned certifies that the within and foregoing **RESPONSE TO INTENT TO REPLY** was prepared using Times New Roman 14 point font in accordance with Local Rule 5.1 of the United States District Court for the Northern District of Georgia.

8

Dated: Alexandria, VA
October 4, 2022

Respectfully submitted,

BY: *Maura O'Neill*
Maura O'Neill, Plaintiff
601 King Street, Suite 200-#465
Alexandria, VA 22314
moneill@rahillco.com

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MAURA O'NEILL,<br><br>Plaintiff,<br><br>v.<br><br>BETH ISRAEL MEDICAL CENTER, NEW YORK-PRESBYTERIAN QUEENS, LENOX HILL HOSPITAL, GRADY HEALTH SYSTEM, MOUNT SINAI BETH ISRAEL, BETH ISRAEL HOSPITAL FORSYTH, COLLEGE PARK POLICE DEPARTMENT,<br><br>Defendants. | CIVIL ACTION FILE NO.<br>1:22-cv-00011-SEG |

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that I have this day caused to be served a true and correct copy of the foregoing by emailing and mailing a copy of the foregoing to each Defendant at the following addresses:

10

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
Brantley Rowlen, Esq.
Chase Parker, Esq.
24 Drayton Street, Suite 300
Savannah, GA 31401
Telephone: 912.525.4960
E-Mail: rowlen@lbbslaw.com
E-Mail: chase.parker@lewisbrisbois.com

**WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**
Parks Kalervo Stone, Esq.
3348 Peachtree Road NE
Suite 1400
Atlanta, GA 30326
Telephone: 470.419.6651
E-Mail: parks.stone@wilsonelser.com

**WATSON SPENCE LLP**
Michael R. Boorman, Esq.
999 Peachtree Road, N.E.
Suite 1130
Atlanta, GA 30309
Telephone: 229.436.1545
E-Mail: mboorman@watsonspence.com

**THOMAS KENNEDY SAMPSON & TOMPKINS, LLP**
Jeffrey Emery Tompkins, Esq.
Candance J. Rodgers, Esq.
3355 Main Street
Atlanta, GA 30337
Telephone: 404.688.4503
E-Mail: j.tompkins@tkstlaw.com
E-Mail: c.rodgers@tkstlaw.com

**SCRUDDER, BASS, QUILLIAN, HORLOCK, LAZARUS & ADELE LLP**
Henry E. Scrudder, Jr.
Teddy L. Sutherland
Sophia Welf
900 Circle 75 Parkway
Suite 850
Atlanta, Georgia 30339-3053
Telephone: (770) 612-9200
Facsimile: (770) 612-9201
hscrudder@scrudderbass.com
tsutherland@scrudderbass.com
swelf@scrudderbass.com

**HALL BOOTH SMITH, PC**
Tiffany R. Winks
Georgia Bar No. 626413
Austin Atkinson
Georgia Bar No. 935864
191 Peachtree St. NE
Suite 2900
Atlanta, GA 30303
404-954-5000
twinks@hallboothsmith.com
aatkinson@hallboothsmith.com

in accordance with Rule 5(b)(2)(E).

Dated: Alexandria, VA
October 4, 2022

Respectfully submitted,

BY: *Maura O'Neill*
Maura O'Neill, Plaintiff
601 King Street, Suite 200-#465
Alexandria, VA 22314
moneill@rahillco.com