**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

FILED IN CLERK'S OFFICE
U.S.D.C. - Gainesville

OCT 06 2022

KEVIN P WEIMER, Clerk
By: _____ Deputy Clerk

**MAURA O'NEILL,**

Plaintiff,

v.

**NYU LANGONE HOSPITALS,**
**NEW YORK- PRESBYTERIAN**
**QUEENS, LENOX HILL**
**HOSPITAL, GRADY MEMORIAL**
**HOSPITAL CORPORATION,**
**BETH ISRAEL MEDICL CENTER,**
**NORTHSIDE HOSPITAL, INC.,**
**COLLEGE PARK POLICE**
**DEPARTMENT,**

Defendants.

**CIVIL ACTION FILE NO.**
**1:22-cv-00011-SEG**

     **COMES NOW** Plaintiff Maura O'Neill ("Plaintiff"), and, pursuant to

Rule 6(b)(1)(A) of the Federal Rules of Civil Procedure ("FRCP"), requests this

Court grant an enlargement of time of one week to file opposing papers to the

motions to dismiss filed by NYU Langone Hospitals (Docket No. 16).  In support

of this request, Plaintiff states the following:

     1.  On January 4, 2022, Plaintiff filed a complaint alleging several hospitals,

where she went to have rape kits performed from 2017 to 2018, including NYU

1

Langone Hospitals ("NYU Langone"), Grady Memorial Hospital Corporation

("Grady"), Beth Israel Medical Center ("Beth Israel"), New York-Presbyterian

Queens, ("NYPQ"), Lenox Hill Hospital ("Lenox Hill"), and Northside Hospital,

Inc.  ("Northside"), together ("Hospital Defendants"), commit fraud and violated

RICO statutes. (Docket No. 1).

2.  On August 24, 2022, O'Neill served a motion for an Extension of Time

(Docket No. 60) because her mail had been stolen and she was forced to change

her mailing address even though it was clearly not her intent to do so.  As a result

of the forced and unanticipated address change, O'Neill never received any filings

sent by the court or Hospital Defendants, despite the fact O'Neill filed change of

address forms with the U.S. Post Office and acted in good faith.

3.  In response to O'Neill's motion for an extension of time filed in August of

2022, this Court filed an order on September 9, 2022 (the "Order"), stating

Plaintiff's opposing papers to Hospital Defendant's Motions to Dismiss are due on

October 11, 2022.  (Docket No. 67).

4.  Although Plaintiff has been working diligently to prepare her opposing

papers, the fact Hospital Defendants have failed to comply with HIPAA and state

laws has created additional complications, and forced O'Neill to perform

additional research to prove not only that Hospital Defendants are blatantly lying

by claiming the information O'Neill sought in letters she sent in June 2022

constituted "discovery," (Docket Nos. 61, 63, 64, 65), but that Hospital Defendants

are committing criminal acts to cover-up for their crimes as described in the

Motion to Enjoin filed on October 6, 2022.

5.  As noted in the Motion for Extension of Time (Docket No. 60) filed in

August of 2022, filing an Amended Complaint and responding to Hospital

Defendants' motions to dismiss will be a waste of time for both Plaintiff and

Hospital Defendants at this juncture given Hospital Defendants have failed to

comply with HIPAA and state statutes and send O'Neill the information she

requested as described at length in Plaintiff's Motion to Compel (Docket No. 58).

Thus, O'Neill also asked the Court to delay the deadline for O'Neill to file an

Amended Complaint until after she received the information she requested from

Hospital Defendants in Plaintiff's Motion to Compel (Docket No. 58).

6.  Despite the fact O'Neill made clear in the Motion to Compel (Docket No.

58), that Hospital Defendants were violating both state and federal statutes, the

Court completely ignored the facts presented by Plaintiff in the Motion to Compel

(Docket No. 58) and Motion for an Extension to Time (Docket No. 60).

7.  In addition, as also noted in the Motion for Extension of Time (Docket No.

60), Plaintiff is *pro se*, is recovering from an injury, and the four weeks she was

3

given in the order dated September 9, 2022 (Docket No. 67) is simply not feasible for a *pro se* litigant recovering from an injury. While O'Neill is doing her best to move the process forward, there are limits to what she is able to do, and four weeks to respond to five motions to dismiss is simply not feasible under the circumstances.

8. Given law firms with multiple attorneys and support staff typically receive two weeks to respond to one motion to dismiss, it is difficult to understand how four weeks to respond to five motions to dismiss is feasible for one *pro se* litigant recovering from an injury

9. In addition, Plaintiff has had several other time sensitive deadlines and filings to prepare other than opposing papers to the Hospital Defendants motions to dismiss filed in this action. Plaintiff's other obligations include, but are not limited to, the following:

    a. Amended Complaint was due on September 22, 2022.

    b. Order to Show Cause was due on September 27, 2022.

    c. Motion to Stay and Vacate filed on September 29, 2022.

    d. Response to Intent to Reply served on October 4, 2022.

    e. Motion for Hearing and Subpoenas served on October 6, 2022.

    f. Motion to Enjoin served on October 6, 2022.

4

10. Thus, giving Plaintiff only four weeks to respond to five motions to dismiss given Plaintiff's other obligations and injuries is clearly not feasible.

11. The Court is asking Plaintiff to perform at levels no injured and recovering, *pro se* litigant is capable of performing.

12. Setting unrealistic deadlines and setting up Plaintiff for failure, strips O'Neill of her due process rights and allows the Hospital Defendants to continue to violate one of Plaintiff's most basic human rights, control of her own healthcare.

13. Counsel for NYU Langone was contacted and indicated NYU Langone does not oppose delaying the filing of opposing papers by one week.

**WHEREFORE**, Plaintiff requests the Court extend her time to file her opposing papers to NYU Langone's Motion to Dismiss until October 18, 2022.

5

Dated:  Alexandria, VA
October 6, 2022

Respectfully submitted,


BY: _Maura O'Neill_
Maura O'Neill, Plaintiff
601 King Street, Suite 200-#465
Alexandria, VA 22314
moneill@rahillco.com

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MAURA O'NEILL,

      Plaintiff,

  v.

NYU LANGONE HOSPITALS,
NEW YORK- PRESBYTERIAN
QUEENS, LENOX HILL
HOSPITAL, GRADY MEMORIAL
HOSPITAL CORPORATION,
BETH ISRAEL MEDICL CENTER,
NORTHSIDE HOSPITAL, INC.,
COLLEGE PARK POLICE
DEPARTMENT,

      Defendants.

CIVIL ACTION FILE NO.
1:22-cv-00011-SEG

## ORDER

Upon the motion of Plaintiff, Maura O'Neill, and for good cause shown, it is

hereby:

**ORDERED** that Plaintiff will have until October 18, 2022 to submit

opposing papers to the Motions to Dismiss filed by NYU Langone Hospitals.

7

Date: _____


_____
**SARAH GERAGHTY**
United States District Judge

8

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MAURA O'NEILL,

        Plaintiff,

v.

NYU LANGONE HOSPITALS,
NEW YORK- PRESBYTERIAN
QUEENS, LENOX HILL
HOSPITAL, GRADY MEMORIAL
HOSPITAL CORPORATION,
BETH ISRAEL MEDICL CENTER,
NORTHSIDE HOSPITAL, INC.,
COLLEGE PARK POLICE
DEPARTMENT,

        Defendants.

CIVIL ACTION FILE NO.
1:22-cv-00011-SEG

## LR 7.1(D) FONT COMPLIANCE CERTIFICATION

The undersigned certifies that the within and foregoing **MOTION TO
EXTEND TIME** was prepared using Times New Roman 14 point font in
accordance with Local Rule 5.1 of the United States District Court for the Northern
District of Georgia.

9

Dated: Alexandria, VA
October 6, 2022

Respectfully submitted,


BY: *Maura O'Neill*
Maura O'Neill, Plaintiff
601 King Street, Suite 200-#465
Alexandria, VA 22314
moneill@rahillco.com

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MAURA O'NEILL,

        Plaintiff,

   v.

NYU LANGONE HOSPITALS,
NEW YORK- PRESBYTERIAN
QUEENS, LENOX HILL
HOSPITAL, GRADY MEMORIAL
HOSPITAL CORPORATION,
BETH ISRAEL MEDICL CENTER,
NORTHSIDE HOSPITAL, INC.,
COLLEGE PARK POLICE
DEPARTMENT,

        Defendants.

CIVIL ACTION FILE NO.
1:22-cv-00011-SEG

## **CERTIFICATE OF SERVICE**

    **I HEREBY CERTIFY** that I have this day caused to be served a true and

correct copy of the foregoing by emailing and mailing a copy of the foregoing to

each Defendant at the following addresses:

11

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
Brantley Rowlen, Esq.
Chase Parker, Esq.
24 Drayton Street, Suite 300
Savannah, GA 31401
Telephone: 912.525.4960
E-Mail:  rowlen@lbbslaw.com
E-Mail:  chase.parker@lewisbrisbois.com

**WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**
Parks Kalervo Stone, Esq.
3348 Peachtree Road NE
Suite 1400
Atlanta, GA 30326
Telephone: 470.419.6651
E-Mail: parks.stone@wilsonelser.com

**WATSON SPENCE LLP**
Michael R. Boorman, Esq.
999 Peachtree Road, N.E.
Suite 1130
Atlanta, GA 30309
Telephone: 229.436.1545
E-Mail: mboorman@watsonspence.com

**THOMAS KENNEDY SAMPSON & TOMPKINS, LLP**
Jeffrey Emery Tompkins, Esq.
Candance J. Rodgers, Esq.
3355 Main Street
Atlanta, GA 30337
Telephone: 404.688.4503
E-Mail: j.tompkins@tkstlaw.com
E-Mail: c.rodgers@tkstlaw.com

12

**SCRUDDER, BASS, QUILLIAN, HORLOCK,**
**LAZARUS & ADELE LLP**
Henry E. Scrudder, Jr.
Teddy L. Sutherland
Sophia Welf
900 Circle 75 Parkway
Suite 850
Atlanta, Georgia 30339-3053
Telephone: (770) 612-9200
Facsimile: (770) 612-9201
hscrudder@scrudderbass.com
tsutherland@scrudderbass.com
swelf@scrudderbass.com

**HALL BOOTH SMITH, PC**
Tiffany R. Winks
Georgia Bar No. 626413
Austin Atkinson
Georgia Bar No. 935864
191 Peachtree St. NE
Suite 2900
Atlanta, GA 30303
404-954-5000
twinks@hallboothsmith.com
aatkinson@hallboothsmith.com

in accordance with Rule 5(b)(2)(E).

Dated:  Alexandria, VA                    Respectfully submitted,
October 6, 2022


                                          BY: _Maura O'Neill_____
                                          Maura O'Neill, Plaintiff
                                          601 King Street, Suite 200-#465
                                          Alexandria, VA 22314
                                          moneill@rahillco.com