IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. - Gainesville
OCT 06 2022
KEVIN P. WEIMER, Clerk
By: ___ Deputy Clerk

| | |
|---|---|
| MAURA O'NEILL,<br><br>    Plaintiff,<br><br>v.<br><br>NYU LANGONE HOSPITALS, NEW YORK- PRESBYTERIAN QUEENS, LENOX HILL HOSPITAL, GRADY MEMORIAL HOSPITAL CORPORATION, BETH ISRAEL MEDICL CENTER, NORTHSIDE HOSPITAL, INC., COLLEGE PARK POLICE DEPARTMENT,<br><br>    Defendants. | CIVIL ACTION FILE NO.<br>1:22-cv-00011-SEG<br><br><br><br><br><br><br><br><br><br><br><br><br><br>**EMERGENCY MOTION** |

**PLAINTIFF'S REQUEST FOR HEARING AND SUBPOENA**

1. The Motions to Set Aside Default filed by Defendant Northside Hospital, Inc. ("Northside") and Defendant Beth Israel Medical Center ("Beth Israel") are set for submission, without a hearing.

2. Federal Rule of Civil Procedure ("FRCP") 43(c) permits the Court to take evidence at a hearing when a motion relies on facts outside the record.

3. Plaintiff requests a hearing to establish the following facts: (1) Northside was properly served, and (2) Beth Israel provided false information to the Court. Thus, this court should not set aside either default judgment. Further details follow:

**A. Northside**

4. As part of its Motion to Set Aside the Clerk's Entry of Default, Northside filed a Memorandum of Law in Support (the "Memo") (Docket No. 51-1) and an affidavit from Cheryl Pruitt (Docket No. 51-2).

5. In the Memo, Defendant falsely claimed Plaintiff's summons and complaint were not properly served, and Northside was never served because the process server hired by Plaintiff, Jason Garmon (GA CPS #356), served Cheryl Pruitt, a secretary at Northside.

6. Serving a secretary in the administration department of a hospital is not in and of itself improper service. Rather, the courts have held, it is not necessary that the employee served be an officer or manager. Instead, all that is necessary is that the employee served has the ability to inform her corporate principal that process has been served.

7. Northside was served on April 4, 2022 in compliance with applicable laws as described in the attached Affidavit from the process server O'Neill hired, Jason Garmon.

8. On August 26, 2022, in a conversation with Plaintiff, Garmon stated that he distinctly remembered Pruitt informing him she was authorized to accept service on behalf of Northside, and Northside was properly served in compliance with applicable laws. Garmon is also willing to testify at a hearing that Pruitt stated she had authority to accept the summons, complaint, and civil cover sheet to initiate this action, and Northside was properly served.

9. On the other hand, Pruitt's affidavit contained questionable statements, including that she did not "recall," being served with a 60+ page complaint. Clearly, 60+ page complaints do not walk away on their own.

10. Garmon arrived at Northside a little after 8:30 AM on April 4, 2022 and had all day to serve the initiating papers. Garmon is certified by the state of Georgia to serve process. It is not believable that Garmon would not know to ask if Pruitt could accept service, nor is it believable that a 60+ complaint simply walked away on its own.

11. Rather, Garmon informed Plaintiff on August 26, 2022 that he explicitly asked Pruitt if she was authorized to accept service, as he always does when he is serving businesses, and Pruitt stated she was authorized to accept process.

12. Thus, while according to Pruitt's own affidavit she "cannot recall" receiving a copy of the Summons, Complaint and Civil Cover Sheet, Garmon distinctly remembers meeting Pruitt, and Pruitt informing him she was authorized to accept service on behalf of Northside.

**B. HIPAA Violations**

13. On August 18, 2022, Plaintiff served a motion to compel each of the hospital Defendants to produce information The Health Insurance Portability and Accountability Act ("HIPAA") required Defendants to produce, but which each Defendant, including Northside and Beth Israel, failed to produce (Docket No. 58).

14. Not only is it not typical for hospitals to violate HIPAA laws and fail to provide the information O'Neill requested as described in the Motion to Compel, but hospitals typically provide the information O'Neill requested within only a few days because failing to do so warrants corrective action from the Department of Health and Human Services ("HHS").

15. HIPAA statutes stated Northside had 30 days to respond to O'Neill's June 2022 requests for information, however, Northside violated HIPAA statutes weeks

ago, in coordination and collusion with the other Hospital Defendants in this action. Northside knew that its failure to comply with HIPAA warranted action from HHS, but Northside broke the law with impunity anyway.

16. Given Northside's and Beth Israel's willful breaches of HIPAA statutes, it is clear Northside and Beth Israel have been colluding with the other hospitals to deprive O'Neill of her rights since at least June of 2022.

17. It is simply not believable that during the course of the past several weeks in which Northside and Beth Israel have been colluding to violate HIPAA to harm O'Neill, that Northside and Beth Israel would not have been told that O'Neill filed affidavits with the court claiming Northside and Beth Israel were served with initiating papers for this action (Docket Nos. 13 and 15), and O'Neill filed a motion for the clerk to enter a default judgment against Northside and Beth Israel (Docket No 38).

18. Since Northside and Beth Israel clearly knew about this action for the last several months, but did not appear until August, it is clear that Northside's and Beth Israel's failures to appear were willful.

## C. Beth Israel

19. On August 19, 2022, Beth Israel filed a Motion to Set Aside the Clerk's Entry of Default and Mount Sinai Beth Israel's Brief in Support it is Motion to Set

Aside Entry of Default (the "Brief") (Docket No. 55-1) as well as an affidavit from Deborah Korzenik, Senior Associate General Counsel for Mount Sinai Health System (Docket No. 55-2) (the "Korzenik Affidavit").

20. In the Korzenik Affidavit, Korzenik claimed Beth Israel's security officer was properly served on April 4, 2022, and Beth Israel's security team properly forwarded the initiating papers according to protocol to Mount Sinai Beth Israel Office of Risk Management ("MSBI Risk"), and the following day, April 5, 2022 MSBI Risk forwarded the summons and complaint to the legal administrator who then forwarded the initiating documents to Korzenik on April 11, 2022. (Korzenik Affidavit, ¶7-9).

21. In the Korzenik Affidavit, Korzenik states that "typically" MSBI Risk is responsible for sending summons and complaints to insurance carriers, and Korzenik "assumed" MSBI Risk forwarded Plaintiff's complaint. (Korzenik Affidavit, ¶12).

22. This explanation fails. By Korzenik's own admission MSBI Risk does not always contact insurance carriers, and, thus, it was improper for Korzenik to "assume" that MSBI Risk had done so since MSBI Risk does not always contact insurance carriers.

23. In addition, and tellingly, nowhere in the Korzenik Affidavit does Korzenik provide a reason why MSBI Risk did not send Plaintiff's initiating papers to an insurance carrier (Korzenik Affidavit) even though Korzenik claims she "investigated" what went wrong with Beth Israel's failure to timely respond. (Korzenik Affidavit, ¶3).

24. Korzenik does state that on April 11, 2022, she received an email stating MSBI Risk wanted to discuss the summons and complaint with legal (Korzenik Affidavit, ¶10), and Korzenik called and left a voice mail in response to the request for a conversation about Plaintiff's initiating papers. (Korzenik Affidavit, ¶11).

25. Yet, Korzenik fails to specify why MSBI Risk wanted to speak to legal, or what concerns MSBI Risk had, although, clearly there were concerns or there would have been no need for a phone call and email. (Korzenik Affidavit).

26. Korzenik states that the MSBI Risk officer who she left a voice mail message for, who is unnamed in the Korzenik Affidavit, took vacation around that time in the form of paid time off ("PTO").

27. Yet, again, however, Korzenik's explanation is not compelling given Korzenik claimed to investigate, but failed to provide dates of the MSBI Risk employee's PTO, or facts to demonstrate the PTO materially impacted MSBI Risk's or Beth Israel's failure to respond to Plaintiff's initiating papers.

28. Clearly, there must be regulations in place when MSBI Risk employees go on vacation, particularly when MSBI Risk employees are responsible for time sensitive matters.

29. In addition, it is simply not believable that in a division of a company that is responsible for the timely handling of responses to lawsuits within deadlines, that there is not someone to cover when an employee takes PTO.

30. It is also hard to believe that an employee would not have an outgoing message or email stating he or she was on vacation if the vacation was for more than a few days.

31. Thus, the fact Korzenik failed to state for how many days the MSBI Risk employee was on vacation or why the matter addressed in the April 11, 2022 email and voicemail was not addressed when the employee returned from vacation presents huge holes in Beth Israel's story.

32. Also notable is the fact Beth Israel failed to submit an affidavit from the MSBI Risk employee stating the specific dates he or she took paid time off or the reason why the employee did not contact Korenzik after returning to the office.

33. There is also no explanation why the MSBI Risk employee did not forward the summons and complaint to an insurance carrier if that is what was "typically" done. (Korenzik Affidavit).

34. Thus, the huge holes in Korenzik's Affidavit leave more questions than answers, and fail to sufficiently account for Beth Israel's failure to respond.

35. The Korenzik Affidavit also stated, "Mount Sinai Beth Israel did not intentionally fail to respond to Plaintiff's complaint or otherwise disregard its responsibilities... And immediately after learning about the entry of default [on July 21, 2022],...Mount Sinai Beth Israel began investigating what led to this result." (Korenzik Affidavit, ¶15). However, this is clearly not true because in June and early July 2022, Beth Israel violated HIPAA and New York statutes, attempted to mislead Plaintiff using deceptive legalese, and clearly knew the Complaint (Docket No. 1) had been served (Docket No. 13) as described below.

**D. HIPAA**

36. HIPAA gives an individual the right to access information about her healthcare, 45 CFR § 164.524, and requires healthcare organizations to disclose all records it used to make healthcare decisions. 45 CFR § 164.501. Thus, on June 6, 2022, Plaintiff started sending letters to hospitals requesting two basic pieces of information.

37. Despite the fact that the two requests for information are incredibly basic, not a single one of the Hospital Defendants fully complied with HIPAA and state laws and responded to O'Neill's request. Given the Hospital Defendants lack of

responsiveness, in June of 2022, O'Neill went to New York, and spoke to Beth Israel's medical records department.

38. Beth Israel stated it does not have a Power of Attorney or authorization on file. It also stated the only information it has on record is in O'Neill's medical record, and referred O'Neill to Heather Chamides, Director, HIPAA Compliance Assurance and Compliance Services at MSHS.

39. However, Chamides refused to directly respond to O'Neill's requests for information or state whether MSHS has records about O'Neill Beth Israel does not possess. Disturbingly, Chamides did so using the same deceptive legalese used by other Hospital Defendants. It is simply not believable that Chamides and other Hospital Defendants, including NYU Langone and NYPQ would all adopt the exact same dishonest strategy of sending HIPAA Accounting of Disclosures.

40. After it became obvious Chamides and MSHS were attempting to use deceptive legalese to fail to provide the information O'Neill requested, O'Neill sent an email to Chamides in June of 2022 requesting that MSHS not provide an accounting of disclosures pursuant to 45 CFR § 164.528, and instead requested plain language responses to the requests in her letters.

41. Despite the simple nature of O'Neill's requests, Chamides and MSHS had no intention of providing the information O'Neill sought even though HIPAA states O'Neill has a right to that information.

42. While O'Neill has an absolute right under HIPAA to view information used to make decisions about her, MSHS, in coordination with the DB/Wilder team and other Hospital Defendants have made a concerted effort to cover-up the fact that the Wilder team made phone calls about O'Neill, and Plaintiff's healthcare was dictated by the DB/Wilder team

**E. HIPAA Access Requirements**

43. HIPAA contains grounds and conditions for denial of access to protected health information, 45 CFR 164.524(a)(2)-(4).

44. In addition, under HIPAA, if a healthcare provider denies access, in whole or in part, to protected health information requested by the individual based on one or more permitted grounds, the healthcare provider *MUST* provide a denial in writing to the individual no later than 30 calendar days after the request (or no more than 60 calendar days if the covered entity notified the individual of an extension) according to 45 CFR 164.524(b)(2).[1]

---

[1] https://www.hhs.gov/hipaa/for-professionals/faq/2046/under-what-circumstances-may-a-covered-entity/index.html

45. The laws are clear. However, MSHS and the other Hospital Defendants are clearly violating black letter statutes. MSHS was required to send O'Neill a plain language letter explaining why it was declining to provide access to O'Neill to her health information if that is what MSHS intended to do.

46. Given Chamides stopped responding to O'Neill's requests in early July of 2022, or over six weeks before Beth Israel filed its motion to set aside the default judgement (Docket No. 55) on August 19, 2022, Beth Israel's claim it acted promptly to respond O'Neill's Complaint is simply not believable since MSHS was clearly colluding with the DB/Wilder team and other Hospital Defendants in late June and early July, and Beth Israel did not appear in this action until August of 2022.

47. Given the Beth Israel legal team was also directing the Mount Sinai HIPAA Compliance department to provide dishonest responses to O'Neill's HIPAA requests for information in June and early July of 2022, the claim by Korenzik that the first time she was aware of the default was on July 21, 2022 is simply not believable. (Korenzik Affidavit, ¶11).

**F. Subpoena and Witness Request**

48. For the reasons stated above, Plaintiff therefore asks the Court to set this motion for hearing so Plaintiff and Northside and Beth Israel can present evidence.

49. Plaintiff also asks the Court to waive the time requirements of the motion rule and grant an immediate hearing. An expedited procedure is necessary so that Northside's and Beth Israel's motions to set aside the default judgments can be adjudicated as quickly as possible, particularly in light of Beth Israel's and Northside's motions to dismiss.

50. Plaintiff also requests this Court issue a subpoena to the process server Jason Garmon as shown in Exhibit B.

51. In addition, the following witnesses should appear at the hearing:

Northside: Cheryl Pruitt, Emily Rohrer

Process Server: Jason Garmon

Beth Israel: Deborah Korzenik, Heather Chamides.

**WHEREFORE,** Plaintiff Maura O'Neill respectfully requests that this Court **GRANT** the instant Motion

Dated: Alexandria, VA
October 6, 2022

Respectfully submitted,

BY: *Maura O'Neill*
Maura O'Neill, Plaintiff
601 King Street, Suite 200-#465
Alexandria, VA 22314
moneill@rahillco.com

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MAURA O'NEILL,<br><br>    Plaintiff,<br>v.<br><br>NYU LANGONE HOSPITALS, NEW YORK- PRESBYTERIAN QUEENS, LENOX HILL HOSPITAL, GRADY MEMORIAL HOSPITAL CORPORATION, BETH ISRAEL MEDICL CENTER, NORTHSIDE HOSPITAL, INC., COLLEGE PARK POLICE DEPARTMENT,<br><br>    Defendants. | CIVIL ACTION FILE NO.<br>1:22-cv-00011-SEG |

## ORDER

Upon the motion of Plaintiff, Maura O'Neill, and for good cause shown, it is hereby:

**ORDERED** that a hearing will be set on _____ at _____. The hearing will be held at _____.

**ORDERED** that Cheryl Pruitt, Emily Rohrer, Jason Garmon, Deborah Korzenik, and Heather Chamides will appear at the hearing to be held on _____.

**ORDERED** that a subpoena for Jason Garmon will be signed and issued by the Court.

Date: _____

_____
United States District Judge

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MAURA O'NEILL,<br><br>Plaintiff,<br><br>v.<br><br>NYU LANGONE HOSPITALS, NEW YORK- PRESBYTERIAN QUEENS, LENOX HILL HOSPITAL, GRADY MEMORIAL HOSPITAL CORPORATION, BETH ISRAEL MEDICL CENTER, NORTHSIDE HOSPITAL, INC., COLLEGE PARK POLICE DEPARTMENT,<br><br>Defendants. | CIVIL ACTION FILE NO.<br>1:22-cv-00011-SEG |

## LR 7.1(D) FONT COMPLIANCE CERTIFICATION

The undersigned certifies that the within and foregoing **MOTION FOR HEARING AND SUBPOENA** was prepared using Times New Roman 14 point font in accordance with Local Rule 5.1 of the United States District Court for the Northern District of Georgia.

Dated: Alexandria, VA  
October 4, 2022

Respectfully submitted,

BY: *Maura O'Neill*
Maura O'Neill, Plaintiff
601 King Street, Suite 200-#465
Alexandria, VA 22314
moneill@rahillco.com

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MAURA O'NEILL,<br><br>Plaintiff,<br><br>v.<br><br>NYU LANGONE HOSPITALS, NEW YORK- PRESBYTERIAN QUEENS, LENOX HILL HOSPITAL, GRADY MEMORIAL HOSPITAL CORPORATION, BETH ISRAEL MEDICL CENTER, NORTHSIDE HOSPITAL, INC., COLLEGE PARK POLICE DEPARTMENT,<br><br>Defendants. | CIVIL ACTION FILE NO.<br>1:22-cv-00011-SEG |

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that I have this day caused to be served a true and correct copy of the foregoing by emailing and mailing a copy of the foregoing to each Defendant at the following addresses:

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
Brantley Rowlen, Esq.
Chase Parker, Esq.
24 Drayton Street, Suite 300
Savannah, GA 31401
Telephone: 912.525.4960
E-Mail: rowlen@lbbslaw.com
E-Mail: chase.parker@lewisbrisbois.com

**WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**
Parks Kalervo Stone, Esq.
3348 Peachtree Road NE
Suite 1400
Atlanta, GA 30326
Telephone: 470.419.6651
E-Mail: parks.stone@wilsonelser.com

**WATSON SPENCE LLP**
Michael R. Boorman, Esq.
999 Peachtree Road, N.E.
Suite 1130
Atlanta, GA 30309
Telephone: 229.436.1545
E-Mail: mboorman@watsonspence.com

**THOMAS KENNEDY SAMPSON & TOMPKINS, LLP**
Jeffrey Emery Tompkins, Esq.
Candance J. Rodgers, Esq.
3355 Main Street
Atlanta, GA 30337
Telephone: 404.688.4503
E-Mail: j.tompkins@tkstlaw.com
E-Mail: c.rodgers@tkstlaw.com

**SCRUDDER, BASS, QUILLIAN, HORLOCK, LAZARUS & ADELE LLP**
Henry E. Scrudder, Jr.
Teddy L. Sutherland
Sophia Welf
900 Circle 75 Parkway
Suite 850
Atlanta, Georgia 30339-3053
Telephone: (770) 612-9200
Facsimile: (770) 612-9201
hscrudder@scrudderbass.com
tsutherland@scrudderbass.com
swelf@scrudderbass.com

**HALL BOOTH SMITH, PC**
Tiffany R. Winks
Georgia Bar No. 626413
Austin Atkinson
Georgia Bar No. 935864
191 Peachtree St. NE
Suite 2900
Atlanta, GA 30303
404-954-5000
twinks@hallboothsmith.com
aatkinson@hallboothsmith.com

in accordance with Rule 5(b)(2)(E).

Dated: Alexandria, VA
October 4, 2022

Respectfully submitted,

BY: *Maura O'Neill*
Maura O'Neill, Plaintiff
601 King Street, Suite 200-#465
Alexandria, VA 22314
moneill@rahillco.com