IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MAURA O'NEILL,<br><br>    Plaintiff,<br><br>v.<br><br>MOUNT SINAI BETH ISRAEL et al.,<br><br>    Defendants. | NO.: 1:22-CV-00011-SEG |

**MOUNT SINAI BETH ISRAEL'S REPLY IN SUPPORT
OF ITS MOTION TO SET ASIDE DEFAULT**

Defendant Mount Sinai Beth Israel[1] has moved the Court to set aside the default entered against it under Federal Rule of Civil Procedure 55(c). Doc. 55. Plaintiff has responded.[2] And except for a few misguided arguments

---

[1] Plaintiff named Mount Sinai Beth Israel. This entity's formal name is Beth Israel Medical Center, and to avoid confusion, this filing refers to the hospital as Beth Israel. Counsel for Beth Israel intends to move the Court to correct the style of the case.

[2] As explained in previously filings, Plaintiff emailed her response brief to the Court and counsel on September 7, 2022. Doc. 72 ¶ 3. Plaintiff's brief, however, was not docketed until October 3, and it is stamped September 26. Doc. 83 ¶ 4.

Plaintiff makes, Plaintiff's response highlights why the Court should set aside the entry of default.

The Court should grant Beth Israel's motion and consider this matter on the merits.

**I.      Beth Israel Did Not Willfully Fail to Appear.**

Plaintiff argues first that setting aside the entry of default is improper because Beth Israel failed to show excusable neglect, citing *Robinson v. Bantam Books, Inc.*, 49 F.R.D. 139 (S.D.N.Y. 1970). Doc. 74 at 5–6. Beth Israel, though, need not show excusable neglect, and Plaintiff's reliance on *Robinson* is misplaced. The excusable-neglect standard controls whether a court may set aside a default *judgment*, not whether it may set aside an entry of default. Fed. R. Civ. P. 55(c) ("[A court] may set aside a final default judgment under Rule 60(b)."); Fed. R. Civ. P. 60(b)(1) (excusable neglect considered when a party seeks relief from a judgment). And to the extent the issue was ever in dispute, the Advisory Committee Notes have cleared up the confusion: "The demanding standards set by Rule 60(b) apply only in seeking relief from a final judgment." Fed. R. Civ. P. 55, advisory committee notes (2015).

Courts instead consider whether there is "good cause" to set aside an entry of default. Fed. R. Civ. P. 55(c). And under the "liberal" good-cause standard, setting aside an entry of default is proper anytime the defaulting

2

party did not willfully fail to appear. *Stanton v. Union Gen. Hosp., Inc.*, No. 222CV00051RWSJCF, 2022 WL 3336457, at *1–2 (N.D. Ga. May 16, 2022). Indeed, setting aside an entry of default is warranted even if a party failed to appear because of its own negligent "mishandling" of a complaint. *See id.* at *2. A miscommunication caused Beth Israel to not timely appear. Doc 55-2 ¶¶ 13, 15. Beth Israel did not intentionally avoid its responsibilities, *id.*, and this Court should set aside the entry of default.

II.     **Beth Israel Has Identified Meritorious Defenses.**

Courts also consider whether a defendant can raise "meritorious defense[s]" when deciding whether to set aside an entry of default under Rule 55(c). *Stanton*, 2022 WL 3336457, at *1. As Beth Israel explains in its opening brief, Plaintiff's claims all fail at the pleading stage: She has failed to adequately plead any of her claims, her claims are untimely, and personal jurisdiction is lacking. *See* Docs. 55-1, 55-3.

In response, Plaintiff attempts to rebut only one of the defenses Beth Israel has raised.[3] She argues that her fraud claim is timely under New York law.[4] Doc. 74 at 20. But even if Plaintiff is correct, setting aside the entry of

---

[3] Plaintiff also argues that jurisdiction is proper but only addresses subject-matter jurisdiction. Doc. 74 at 18–19.
[4] Because Plaintiff filed suit here, Georgia "law applies by default." *See Videojet Techs. Inc. v. Garcia*, No. 8:07-CV-1407T30MAP, 2008 WL 2415042,

3

default is still proper. As an initial matter, Beth Israel need not show it will necessarily succeed on every defense it raises. *Barron v. Lampley*, No. 4:15-CV-0038-HLM, 2015 WL 12618785, at *1 (N.D. Ga. July 8, 2015) (setting aside entry of default because the defendants raised "a meritorious defense to at least some of the claims alleged"). More important, though: Plaintiff failed to adequately plead her fraud claim, regardless of whether the claim is timely (which Plaintiff acknowledges). Doc. 55-3 at 7–9; *see* Doc. 74 at 20 (Plaintiff explaining her plan to cure the defects in her complaint). So Plaintiff's (arguably) otherwise timely fraud claim still fails. Doc. 55-3 at 7–9.

### III. Setting Aside the Entry of Default Will Not Prejudice Plaintiff, Which Plaintiff's Arguments Emphasize.

Good cause typically exists, moreover, when the plaintiff would not face serious prejudice from setting aside the entry of default. *Insituform Techs., Inc. v. AMerik Supplies, Inc.*, 588 F. Supp. 2d 1349, 1352 (N.D. Ga. 2008). Plaintiff would face no prejudice here, as explained, because the Court has stayed discovery. Doc. 55-1 at 11. Plaintiff's response only emphasizes the point.[5]

---

at *4 (M.D. Fla. June 12, 2008). But for purposes of this filing, Beth Israel assumes New York law applies.

[5] Plaintiff argues that there exists "clear collusion and prior fraudulent activities" between Defendants that shows Plaintiff will suffer prejudice if the Court sets aside the entry of default. Doc. 74 at 18. But Plaintiff does not identify Defendants' purported "collusion" or explain how it is relevant to this issue.

Plaintiff claims she "intends to alter her complaint." Doc. 74 at 25. But the "filing of an amended complaint [] cures a party's default as to the superseded original complaint." *Montgomery Bank, N.A. v. Alico Rd. Bus. Park, LP*, No. 2:13-CV-802-FTM-29CM, 2014 WL 757994, at *2 (M.D. Fla. Feb. 26, 2014) (collecting cases). A plaintiff therefore cannot obtain default judgment for a defendant's failure to answer a complaint after the plaintiff amends that pleading. *Id.* So if Plaintiff implements her plan to amend her complaint—which she has tried to do once (Doc. 69)—it will "effectively set aside the default entered against" Beth Israel. *Hooks v. Women's Health Inst. of Georgia, LLC*, No. 118CV01833MLBRGV, 2019 WL 2720813, at *2 (N.D. Ga. Apr. 11, 2019).

The Court, in sum, should set aside the entry of default against Beth Israel.

Respectfully submitted on October 10, 2022.

*/s/  Austin Atkinson*
Tiffany R. Winks
Georgia Bar No. 626413
Austin Atkinson
Georgia Bar No. 935864
HALL BOOTH SMITH, PC
191 Peachtree St. NE
Suite 2900
Atlanta, GA 30303
404-954-5000
twinks@hallboothsmith.com
aatkinson@hallboothsmith.com

5

## CERTIFICATE OF SERVICE

I hereby certify that I have filed a copy of the foregoing **MOUNT SINAI BETH ISRAEL'S REPLY IN SUPPORT OF ITS MOTION TO SET ASIDE DEFAULT** using the Court's ECF/CM E-file system, which will serve counsel of record, and that I served the same on Plaintiff via email at moneill@rahillco.com.

Dated October 10, 2022.

*/s/ Austin Atkinson*
Tiffany R. Winks
Georgia Bar No. 626413
Austin Atkinson
Georgia Bar No. 935864
HALL BOOTH SMITH, PC
191 Peachtree St. NE
Suite 2900
Atlanta, GA 30303
404-954-5000
twinks@hallboothsmith.com
aatkinson@hallboothsmith.com