IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MAURA O'NEILL,   )<br>   )<br>   Plaintiff,   )<br>   )<br>   )   Civil Action No.:<br>v.   )   1:22-CV-0011-SEG<br>   )<br>NYU LANGONE MEDICAL   )<br>CENTER, NEW YORK   )<br>PRESBYTERIAN QUEENS,   )<br>LENOX HILL HOSPITAL, GRADY   )<br>HEALTH SYSTEM, MOUNT   )<br>SINAI BETH ISRAEL,   )<br>NORTHSIDE HOSPITAL   )<br>FORSYTH, and COLLEGE PARK   )<br>POLICE DEPARTMENT,   )<br>   )<br>   Defendants.   ) | |

**DEFENDANT NORTHSIDE HOSPITAL, INC.'S RESPONSE TO PLAINTIFF'S REQUEST FOR HEARING AND SUBPOENA**

COMES NOW Defendant Northside Hospital, Inc. ("Northside Hospital" or this "Defendant"), and respectfully submits this Response to Plaintiff's Request for Hearing and Subpoena, showing the Court as follows:

**A.   Introduction**

Plaintiff never properly effectuated service on Northside Hospital by serving it with the Summons and Complaint in compliance with Fed. R. Civ. P. 4(a) and (h). As such, Northside Hospital filed a Motion to Dismiss and Motion to Set Aside

1

Clerk's Entry of Default ("Motion to Set Aside"), in part for insufficient service, attaching to the former the supporting affidavits of Cheryl Pruitt ("Pruitt") and Madison Radake ("Radake"). (Doc. 50, 51). Plaintiff filed a Memorandum of Law in Opposition to Northside Hospital's Motion to Set Aside to which Northside Hospital replied. (Doc. 59,70). On October 6, 2022, filed a "Request for Hearing and Subpoena" on the motion pursuant to Fed. R. Civ. P. 43(c), attaching the affidavit of process server Jason Garmon ("Garmon"). (Doc. 79).

     Plaintiff's motion for a hearing should be denied for a host of reasons. Firstly, the undisputed facts demonstrate that Northside Hospital was not properly served *even if* the Garmon affidavit is taken as true. Thus, there is no disputed *material* fact that would be a proper subject for a hearing. Additionally, as Plaintiff herself admits, the Complaint with which Northside Hospital was supposedly served is defective and Plaintiff will clearly sustain no prejudice if the Court sets aside the clerk's entry of default. Further, as there has been sufficient opportunity to develop the record through the aforementioned affidavits, there is no need for a hearing on the service issue. Accordingly, Northside Hospital respectfully requests this Court use its broad discretion and deny Plaintiff's Request for a Hearing and Subpoena.

### B.     Plaintiff's Request for a Hearing Should be Denied

Notwithstanding the Garmon affidavit, it is still clear that Northside Hospital was not properly served and, therefore, no hearing on this subject is necessary. As Defendant noted in its reply brief supporting its motion to dismiss, "[s]ervice of process on merely an apparent agent is not sufficient. It must be made on an actual agent." Standard Guar. Ins. Co. v. Landers, 206 Ga. App. 803, 804 (1992); Muse v. Bank of N.Y., No. 1:08-CV-0108-GET-JFK, 2008 U.S. Dist. LEXIS 133811, at *13 (N.D. Ga. Aug. 12, 2008); Walker v. MERS, No. 1:08-CV-0377-JEC-JFK, 2009 U.S. Dist. LEXIS 143621, at *11 (N.D. Ga. Jan. 21, 2009). As shown by the Pruitt and Radake affidavits, Pruitt was not an actual agent of Northside Hospital, but merely an administrative employee. (Doc. 51-2, 51-3).

"Once sufficiency of service has been challenged, Plaintiff has the burden of establishing proper service," which Plaintiff here attempts to do through Garmon's affidavit. McDaniel v. Dekalb Cty. Watershed Dep't, No. 1:16-CV-04596-SCJ-CMS, 2017 U.S. Dist. LEXIS 232704, at *9 (N.D. Ga. Aug. 3, 2017). However, Garmon's claim that Pruitt told him she was authorized to accept service on behalf of Northside Hospital is of no consequence, because "for service of process to be proper, the agent so served must be an actual, and not simply an apparent, agent of the defendant." Ross v. Preston, No. 1:08-cv-1811-WSD, 2008 U.S. Dist. LEXIS

127594, at *5-6 (N.D. Ga. Oct. 29, 2008). In Ross, the plaintiff claimed service was proper because the defendants' personal assistants answered affirmatively when the process server asked whether they were authorized to receive the summons and complaint. Id. However, the court held that because under Fed. R. Civ. P. 4(e) an agent only becomes authorized either by law or appointment, and the plaintiff offered no evidence that the defendants authorized the assistants to accept service, they were not actual agents. Id. Further, the assistants' affidavits asserted that they did not have the authority to accept service. Id.

The facts of this case are closely analogous to those in Ross and other cases in which courts have concluded that a defendant was not properly served. Plaintiff offers no evidence that Pruitt was *actually* authorized by Northside Hospital to accept service on its behalf, and Pruitt's and Radake's affidavits assert that she was not authorized. *At most*, Garmon's affidavit creates a dispute on an immaterial issue—namely, what Pruitt *said* to Garmon. However, the Garmon affidavit is plainly insufficient to overcome Defendant's positive evidence that no actual agency relationship existed—i.e., the affidavit of the alleged agent herself (the Pruitt affidavit) and an affidavit on the part of a person with knowledge of who within Northside Hospital is authorized to accept service (the Radake affidavit).

In this regard, "[t]he affidavit [by a party to the alleged agency relationship] denying the existence of agency must be received as evidence of a fact, which cannot be overcome by conclusionary affidavits." News-Press Pub. Co. v. Kalle, 173 Ga. App. 411, 411 (1985). Thus, when the non-managerial employee and/or principal present testimony that the employee was not authorized to accept service (as is the case here), a plaintiff cannot simply rely on alleged statements made by the employee to the process server. See Ross, supra; see also, Holmes v. Georgia, No. 1:07-CV-202 (WLS), 2010 U.S. Dist. LEXIS 147275, at *7 (M.D. Ga. Mar. 4, 2010) (service on person in defendant's office who identified herself "as the person in charge of receiving legal documents" for defendant, was insufficient because "service must be made an actual agent" and "service of process on merely an apparent agent is not sufficient"); Kalle, 173 Ga. App. at 411 (concluding that service was insufficient even after making a finding of fact that a secretary told a deputy she was authorized to accept service in light of the defendant's affidavit denying such relationship); Khawaja v. Lane Co., 239 Ga. App. 93, 98-99 (1999) (finding that a process server's affidavit that the receptionist told him that she was authorized to accept service was insufficient to overcome the defendant's testimony that she was not so authorized). As such, there is no need for a hearing on this matter, because, despite Garmon's claim that Pruitt told him she was authorized, Plaintiff

5

offers no evidence that Northside Hospital actually gave any authority to Pruitt to accept service on its behalf.

Further, although there is a relative dearth of authority dealing specifically with a hearing request in connection with a motion to set aside an entry of default, it is clear that "[d]istrict courts enjoy broad discretion in deciding how best to manage the case before them…and Rule 12 does not require an oral hearing before a court rules on a motion to dismiss." Roberts v. FNB S. of Alma, 716 F. App'x 854, 857 (11th Cir. 2017). It is proper for a judge to consider facts outside the pleadings and resolve factual disputes in ruling on motions to dismiss where the motion is not an adjudication on the merits, but instead involves a jurisdictional or procedural matter. Bryant v. Rich, 530 F.3d 1368, 1376 (11th Cir. 2008). Where a factual issue arises in connection with such a motion, "the court has a broad discretion as to the method to be used in resolving the factual dispute," including by utilizing affidavits. Id.

In fact, "any factual question raised by the affidavits or other evidence presented on a Rule 12(b)(4) or a Rule 12(b)(5) motion *should be determined by the district court*," as long as "the factual disputes do not decide the merits and the parties have sufficient opportunity to develop a record." Bryant, 530 F.3d at 1376 (emphasis added) (citations omitted). Moreover, where the Court is able to resolve the factual issue on which the motion relies without hearing testimony, it is not an

abuse of discretion to deny an evidentiary hearing on that issue. United States SEC v. Reinhard, 352 F. App'x 309, 313 (11th Cir. 2009); see also, Johnson v. Ocwen Loan Servicing, 374 F. App'x 868, 874 (11th Cir. 2010) (a district court's decision to deny plaintiff's request for a hearing because the motion to dismiss did not require a hearing and such a hearing would not be an "appropriate expenditure of the Court's time and resources," was not an abuse of discretion, especially as the complaint clearly showed that plaintiff lacked standing); Kasbekar v. Ivy Station Cmty. Ass'n, No. 1:18-cv-05928-JPB, 2020 U.S. Dist. LEXIS 181678, at *25-26 (N.D. Ga. Jan. 13, 2020).

    Here, Plaintiff is requesting a hearing on a procedural issue (whether Northside Hospital was served) and not an issue involving the merits. See e.g., Bryant, 530 F.3d at 1376 (noting that it is "common" for judges to resolve motions to dismiss that do not adjudicate the merits and stating that "a judge may make factual findings necessary to resolve motions to dismiss for . . . ineffective service of process."). Likewise, both parties have had "sufficient opportunity to develop a record." Id. Northside Hospital attached Pruitt's and Radake's affidavits to its 12(b)(4) and (5) Motion to Dismiss, and Plaintiff attached Garmon's affidavit to her hearing request. These affidavits go directly to the issue Plaintiff wishes to address in the hearing. As such, both parties have had sufficient opportunity to develop the

record, and the Court may rely on these affidavits instead of oral testimony. Bryant, 530 F.3d at 1376; Reinhard, 352 F. App'x 309 at 313. In fact, since it is plain that Pruitt was not authorized to accept service on behalf of Northside Hospital, it is clear that "a hearing would not be an "appropriate expenditure of the court's time and resources." Ocwen Loan Servicing, 374 F. App'x 868 at 874; Reinhard, 352 F. App'x 309 at 313.

And clearly, Plaintiff will not be prejudiced if the Motion to Dismiss is granted without a hearing on the service issue. When deciding whether a defaulting party has asserted defenses warranting the setting aside default, only a "hint of a suggestion" of a meritorious defense is required. Udoinyion v. Guardian Sec. Mgmt., No. 1:08-CV-1729-CC, 2013 U.S. Dist. LEXIS 200362, at *6-7 (N.D. Ga. Mar. 27, 2013). As set forth in Defendant's motion, there are multiple alternative grounds for dismissing Plaintiff's Complaint beyond insufficient service, including statute of limitations issues and, perhaps most fundamentally, Plaintiff's failure to state a claim for relief. (Doc. 50). See e.g., Kasbekar v. Ivy Station Cmty. Ass'n, 2020 U.S. Dist. LEXIS 181678, at *25-26 (declining to hear oral arguments on a factual issue prior to ruling on motion to dismiss where the complaint clearly showed that the plaintiff lacked standing); Ocwen Loan Servicing, 374 F. App'x 868 at 874. Given that the Complaint clearly shows on its face that Plaintiff has not alleged enough facts to

state a plausible claim for relief, this Court should grant Northside Hospital's Motion to Dismiss without a hearing.

Under Fed. R. Civ. P. 8(a)(2) and 12(b)(6) a complaint must cross the line from conceivable to plausible and allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). This requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Id. at 557. Yet, both Plaintiff's RICO and fraud claims contain nothing more than legal conclusions and bare-boned allegations. Additionally, both RICO and fraud claims require plaintiffs to go beyond the normal plausible pleading standard, and instead "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b); Ambrosia Coal & Constr. Co. v. Pages Morales, 482 F.3d 1309, 1316 (11th Cir. 2007) (RICO claims "which are essentially a certain breed of fraud claims, must be pled with an increased level of specificity.").

Plaintiff comes nowhere close to meeting the heightened pleading standards required for fraud and RICO claims and does little more than recite the elements of a fraud cause of action. See Price v. Lakeview Loan Servicing, LLC, No. 21-11806, 2022 U.S. App. LEXIS 8007, at *5 (11th Cir. Mar. 28, 2022) (fraud requires the plaintiff to allege (1) the precise misrepresentations made, (2) the time, place, and

person responsible for the statement, (3) the content and manner in which the statements misled her, and (4) what the defendant gained from the fraud.) Although her allegations arise out of her medical treatment at Northside Hospital, the Complaint fails to even state the date, let alone time, she received treatment. (Pl. Cmplt. ¶ 108). Plaintiff also failed to plead facts showing who made the fraudulent statements, when they were said, the content of the statements, how they misled her, or how Northside Hospital gained from them. (See generally Pl. Cmplt.).

Additionally, when RICO claims are brought against multiple defendants, a plaintiff is required to inform each defendant of the nature of his alleged participation in the fraud instead of merely lumping defendants together. Brooks v. Blue Cross & Blue Shield, 116 F.3d 1364 (11th Cir. 1997). Yet, that is exactly what Plaintiff did in her Complaint and in almost every filing since, making it unclear what she alleges each Defendant is guilty of. The Complaint fails to allege even one single, separate act by Northside Hospital that would support a RICO claim against it. Therefore, granting Plaintiff's request for a hearing would be a complete waste of judicial time and resources, given that her Complaint is subject to dismissal on multiple other grounds.

Indeed, Plaintiff herself acknowledges that "there are deficiencies in [her] pleadings" (although she blames those deficiencies on Northside Hospital). (Doc. 90, p. 4). Therefore, in her most recent filing, she indicates that "Plaintiff intends to

person responsible for the statement, (3) the content and manner in which the statements misled her, and (4) what the defendant gained from the fraud.) Although her allegations arise out of her medical treatment at Northside Hospital, the Complaint fails to even state the date, let alone time, she received treatment. (Pl. Cmplt. ¶ 108). Plaintiff also failed to plead facts showing who made the fraudulent statements, when they were said, the content of the statements, how they misled her, or how Northside Hospital gained from them. (See generally Pl. Cmplt.).

Additionally, when RICO claims are brought against multiple defendants, a plaintiff is required to inform each defendant of the nature of his alleged participation in the fraud instead of merely lumping defendants together. Brooks v. Blue Cross & Blue Shield, 116 F.3d 1364 (11th Cir. 1997). Yet, that is exactly what Plaintiff did in her Complaint and in almost every filing since, making it unclear what she alleges each Defendant is guilty of. The Complaint fails to allege even one single, separate act by Northside Hospital that would support a RICO claim against it. Therefore, granting Plaintiff's request for a hearing would be a complete waste of judicial time and resources, given that her Complaint is subject to dismissal on multiple other grounds.

Indeed, Plaintiff herself acknowledges that "there are deficiencies in [her] pleadings" (although she blames those deficiencies on Northside Hospital). (Doc. 90, p. 4). Therefore, in her most recent filing, she indicates that "Plaintiff intends to

alter her complaint." (Doc. 90, p. 23). On the other hand, Plaintiff has also previously stated that "filing an Amended Complaint will be a waste of time for both plaintiff and Defendants at this juncture" of the case. (Doc. 60, p. 5; see also Order, dated September 9, 2022, p. 3). In any event, it is clear that Plaintiff will not be prejudiced by the setting aside of an entry of default relating to a complaint (1) that is deficient on its face in multiple respects, (2) that Plaintiff herself admits is deficient, and (3) that Plaintiff plans to amend, and certainly, no evidentiary hearing is required to avoid prejudice to Plaintiff under these circumstances.

**C.     Conclusion**

For the foregoing reasons, this Defendant respectfully requests that this Court deny Plaintiff's Request for Hearing and Subpoena.

**LOCAL RULE 7.1(D) CERTIFICATION**

I hereby certify that this document has been prepared in accordance with Local Rule 5.1(B) of the Northern District of Georgia.

[SIGNATURE FOLLOWS ON NEXT PAGE]

Respectfully submitted this 20th day of October, 2022.

**SCRUDDER, BASS, QUILLIAN, HORLOCK, LAZARUS & ADELE LLP**

*/s/ Teddy L. Sutherland*
_____
Henry E. Scrudder, Jr.
Georgia Bar No.: 632825
Teddy L. Sutherland
Georgia Bar No.: 693189
Sophia K. Welf
Georgia Bar No.: 237556
*Attorneys for Defendant Northside Hospital, Inc.*

900 Circle 75 Parkway
Suite 850
Atlanta, Georgia 30339-3053
Telephone: (770) 612-9200
Facsimile: (770) 612-9201
hscrudder@scrudderbass.com
tsutherland@scrudderbass.com
swelf@scrudderbass.com

## CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically filed the within and foregoing ***DEFENDANT NORTHSIDE HOSPITAL, INC.'S RESPONSE TO PLAINTIFF'S REQUEST FOR HEARING AND SUBPOENA*** using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorneys of record:

Erika J. Harris
Watson Spence LLP
999 Peachtree St., NE
Suite 1130
Atlanta, GA  30309
***Attorney for Defendant NYU Langone Hospitals***

Parks K. Stone
Wilson, Elser, Moskowitz, Edelman & Dicker LLP
3348 Peachtree Rd., NE, Suite 1400
Atlanta, GA  30326
***Attorney for New York Presbyterian Hospital/Queens***

S. Chase Parker
Brantley C. Rowlen
Lewis Brisbois Bisgaard & Smith LLP
24 Drayton St., Suite 300
Savannah, GA  31401
***Attorneys for Lenox Hill Hospital***

Jeffrey E. Tompkins
Candance J. Rodgers
Ebonei B. Simpkins
Thomas Kennedy Sampson & Tompkins, LLP
3355 Main St.
Atlanta, GA  30337
***Attorneys for Grady Memorial Hospital***

and by placing a copy of same in the U.S. Mail, postage pre-paid, addressed as follows:

Maura O'Neill
601 King Street
Suite 200-465
Alexandria, VA  22314
***Pro Se Plaintiff***

and that I have sent Ms. O'Neill a courtesy copy of the same via email to moneill@rahillco.com.

This 20th day of October, 2022.

*/s/ Teddy L. Sutherland*
_____
Teddy L. Sutherland