IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| MAURA O'NEILL, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | |
| NYU LANGONE MEDICAL CENTER, | * | CIVIL ACTION NO. |
| NEW YORK PRESBYTERIAN QUEENES, | * | |
| LENOK HILL HOSPITAL, | * | 1:22-CV-0011-SEG |
| GRADY HEALTH SYSTEM, | * | |
| MOUNT SINAI BETH ISRALE, | * | |
| NORTHSIDE HOSPITAL FORSYTH, and | * | |
| COLLEGE PARK POLICE DEPARTMENT, | * | |
| | * | |
| Defendants. | * | |

## DEFENDANT GRADY MEMORIAL HOSPITAL CORPORATION'S RESPONSE TO PLAINTIFF'S MOTION TO ENJOIN AND HEARING REQUEST

COMES NOW Grady Memorial Hospital Corporation, incorrectly identified as "Grady Health System" in Plaintiff's Complaint, and pursuant to Local Rule 7.1 respectfully submits this Response to Plaintiff's Motion to Enjoin and Hearing Request, showing the Court as follows:

Plaintiff seeks a permanent injunction, purportedly to enjoin Defendants Grady Memorial Hospital Corporation and Northside Hospital, Inc. "from withholding information O'Neill has a right to under the law." Plaintiff also seeks

1

expedited consideration of her motion. For the reasons that follow, Plaintiff's motion should be denied.

PROCEDURAL HISTORY

Plaintiff instituted this action on January 4, 2022. (Doc. 1.) Plaintiff alleges in her complaint claims sounding in fraud and violation of the Racketeer Influenced and Corrupt Organizations Act. Grady moved to dismiss the complaint on April 25, 2022. (Doc. 24). On June 7, 2022, Grady, NYU Langone Hospitals, New York Presbyterian Hospital/Queens, and Lenox Hill Hospital jointly moved to stay certain case deadlines pending the Court's ruling on the motions to dismiss. (Doc. 36.) The Court entered an order on July 20, 2022 (Doc. 42), giving Plaintiff until August 8, 2022, to respond to the pending motions to dismiss. (Doc. 42.) Noting that resolution of the motions to dismiss might dispose of the claims against certain defendants, the Court's order also stayed the requirements for the parties to conduct the Rule 26(f) early planning conference, file the Joint Preliminary Report and Discovery Plan, and exchange initial disclosures until 30 days after the Court issues its ruling on the pending motions to dismiss. (Doc. 42.) Plaintiff filed a motion to compel on August 25, 2022. (Doc. 58.) Following the grant of an extension, Plaintiff responded to Grady's motion to dismiss on October 18, 2022. (Doc. 91.) Prior to doing so, however, she filed the instant motion to enjoin and hearing request (Doc.

86[1]), which alleges that Grady has withheld "records and information" from the Plaintiff.

## ARGUMENT AND CITATION OF AUTHORITY

<u>Plaintiff is Not Entitled to a Permanent Injunction</u>.

An injunction is a "remedy potentially available only after a plaintiff can make a showing that some independent legal right is being infringed—if the plaintiff's rights have not been violated, he is not entitled to any relief, injunctive or otherwise." *State of Alabama v. United States Army Corps of Engineers*, 424 F.3d 1117 (11th Cir. 2005) (quoting *Klay v. United Healthgroup, Inc.* 376 F.3d 1092, 1098 (11th Cir. 2004)).  An injunction is an extraordinary remedy that "is available not simply when the legal right asserted has been infringed, but only when that legal right has been infringed by an injury for which there is no adequate legal remedy and which will result in irreparable injury if the injunction does not issue." *Alabama v. U.S. Corps of Engineers*, 424 F.3d at 1127.  For Plaintiff to obtain a permanent injunction in the instant action, she must show: (1) that she has prevailed in establishing the violation of the right asserted in her complaint; (2) there is no adequate remedy at law for the

---

[1] A Memorandum of Law in Support of Motion to Enjoin was docketed on October 12, 2022 (Doc. 87).  It is identical to the Memorandum of Law in Support of Motion to Enjoin included as a part of Plaintiff's Motion to Enjoin and Hearing Request. (Doc. 86.)

violation of this right; and (3) irreparable harm will result if the court does not order injunctive relief. *Id*. at 1128. Plaintiff has not made such a showing in this case, and her motion for permanent injunction should be denied.

<u>Plaintiff is Not Entitled to a Preliminary Injunction</u>.

Even if the Court were to treat Plaintiff's motion as one for a preliminary, rather than permanent, injunction, the motion still fails. A "preliminary injunction is a drastic remedy not to be granted unless the movant clearly establishes the 'burden of persuasion' as to all four elements." *Siegel v. LePore,* 234 F.3d 1163, 1176 (11th Cir. 2000); *see also Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) ("a preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." (italics in original)). To prevail on a motion for a preliminary injunction, Plaintiff must demonstrate each of the following: (1) that she has a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered unless the injunction issues; (3) that the threatened injury to her outweighs whatever damage the proposed injunction may cause to Grady, and (4) that if issued the injunction would not be adverse to the public interest. *Siegel*, 234 F.3d at 1176; *All Care Nursing Service, Inc. v. Bethesda Memorial Hosp. Inc.,* 887 F.2d 1535, 1537 (11th Cir.1989). A preliminary injunction is an extraordinary and drastic remedy that should not be

granted unless the movant clearly carries its burden of persuasion on each of these prerequisites. *Suntrust Bank v. Houghton Mifflin Co.*, 252 F.3d 1165 (11th Cir. 2001) (citing *Canal Authority of State of Fla. v. Callaway*, 489 F.2d 567, 573 (5th Cir. 1974)).

Plaintiff has not established – and cannot establish – the prerequisites for injunctive relief, permanent or preliminary, and her motion should be denied. Plaintiff merely accuses Grady of various crimes. What is clear from her motion and brief, however, is that Grady produced medical records to Plaintiff, for she states, "it is clear when reading O'Neill's medical records from Grady and Northside that her medical records are based on information that is not contained in her medical records." (Plaintiff's Memorandum of Law in Support of Motion to Enjoin (Doc. 86 and 87.1), p. 7.) Plaintiff contends, nonetheless, that the medical records "are fraudulent because the records fail to disclose that healthcare decisions were based on false and slanderous information provided without Plaintiff's knowledge or consent." (*Id*. at p. 2.)

<u>Plaintiff is not likely to succeed on the merits of her claim</u>

A substantial likelihood of success on the merits "is generally considered the most important of the four factors" required for injunctive relief. *Deutz Corporation v. Engine Distributors, Inc.*, No. 1:16-cv-01144, 2019 WL 13207639 *1 (N.D. Ga.

November 4, 2019) (quoting *White v. Alcon Film Funs, LLC*, 955 F. Supp. 2d 1381, 1384 (N.D. Ga. 2013). Plaintiff does not have a substantial likelihood of success on the merits. Plaintiff's motion to enjoin is nothing more than an attempt to compel discovery in a case in which the discovery period has not begun. Plaintiff has already prematurely filed a Motion to Compel. (Doc. 58.) Because, however, there are motions to dismiss pending in this action and discovery has not begun, no interrogatories under Fed. R. Civ. P. 33 or requests for production of documents under Fed. R. Civ. P. 34 have been served by any party, including Plaintiff. Yet, Plaintiff has sought to have this Court compel Grady and the other hospital defendants to provide documents and information Plaintiff claims to have requested *outside* this litigation. Plaintiff, having received the hospital defendants' respective briefs in opposition to her motion to compel, has now decided to employ a so-called motion to enjoin in an effort to achieve the goal she apparently now recognizes that she cannot achieve via her premature motion to compel – the production of documents. Both Plaintiff's motion to enjoin and her motion to compel should fail.

<u>Plaintiff has failed to show that she is likely to suffer irreparable harm</u>.

Plaintiff must demonstrate, clearly and unequivocally, that she will suffer irreparable harm unless the Court grants the injunctive relief requested. The irreparable harm requirement is "the single most important prerequisite for the

issuance of a preliminary injunction." *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 356 F.3d 1256, 1258 (10th Cir. 2004). "[T]he moving party must first demonstrate that such injury is likely before the other requirements for the issuance of an injunction will be considered." *Id*.

Because injunctions regulate future conduct, a plaintiff has standing to seek injunctive relief only if she alleges, and ultimately proves, a real and immediate – as opposed to a merely conjectural or hypothetical – threat of future injury. *Church v. City of Huntsville,* 30 F.3d 1332, 1337 (11th. Cir. 1994). Moreover, a preliminary injunction should not be issued because of past harm. *Green v. Roberts,* No. 2:06-CV-0667-WKW, 2008 WL 4767471 *3 (M.D. Ala. October 29, 2008). Here, Plaintiff's motion is clearly based on alleged past harm and stems from a hospital visit that occurred in February 2018. (Complaint (Doc. 1), ¶ 112.) Also, the mere fact that a statute or rule is alleged to have been violated does not lead to a presumption of irreparable harm such that an injunction must issue. *See Amoco Prod. Co. v. Village of Gambell, Alaska,* 480 U.S. 531, 544-545 (1987). Further, an irreparable injury must be an actual and imminent threat, not something that is remote or speculative. *SME Racks, Inc. v. Sistemas Mecanicos Para, Electronica, S.A.*, 243 F. App'x 502, 504 (11th Cir. 2007). Plaintiff has failed to make such a showing.

<u>The balance of equities must tip in favor of Plaintiff</u>.

Plaintiff must also establish that the threatened injury to her outweighs the harm a preliminary injunction may cause to the defendant. *Siegel v. Lepore*, 234 F.3d 1163, 1176 (11th Cir. 2000). Plaintiff has not demonstrated that the balance of equities tip in her favor and thus her motion fails.

<u>An injunction will not serve the public interest</u>.

A plaintiff also bears the burden of showing that the preliminary injunction would serve the public interest. *Baker v. Buckeye Cellulose Corp.,* 856 F.2d 167, 169 (11th Cir. 1988). As with the other elements required for injunctive relief, Plaintiff fails to address how issuing an injunction will serve the public interest.

<u>Expedited Consideration of is not Warranted</u>.

Plaintiff has not shown a good reason why the Court should expedite consideration of her motion to enjoin and hearing request. Further, there is no need for a hearing on this matter, particularly given Plaintiff's complete failure satisfy to requirements for injunctive relief. Accordingly, the Court should consider the motion in the normal course of business.

<u>CONCLUSION</u>

For the foregoing reasons, Grady prays that the Plaintiff's motion be denied.

*Signature Appears on Next Page*

This 25th day of October, 2022.

        Respectfully submitted,
        THOMAS KENNEDY SAMPSON & TOMPKINS LLP


        /s/ *Jeffrey E. Tompkins*
        JEFFREY E. TOMPKINS
        Georgia Bar No. 714608
        EBONEI B. SIMPKINS
        Georgia Bar No. 837066
        Attorneys for Defendant
        Grady Memorial Hospital Corporation


3355 Main Street
Atlanta, Georgia 30337
(404) 688-4503 Telephone
(404) 761-3224 Telecopier
j.tompkins@tkstlaw.com
e.simpson@tkstlaw.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| MAURA O'NEILL, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | |
| NYU LANGONE MEDICAL CENTER, | * | CIVIL ACTION NO. |
| NEW YORK PRESBYTERIAN QUEENES, | * | |
| LENOK HILL HOSPITAL, | * | 1:22-CV-0011-SEG |
| GRADY HEALTH SYSTEM, | * | |
| MOUNT SINAI BETH ISRALE, | * | |
| NORTHSIDE HOSPITAL FORSYTH, and | * | |
| COLLEGE PARK POLICE DEPARTMENT, | * | |
| | * | |
| Defendants. | * | |

**CERTIFICATE OF FONT, TYPE AND SERVICE**

This is to certify that on this 25th day October, 2022, the undersigned electronically filed **Defendant Grady Memorial Hospital Corporation's Response to Plaintiff's Motion to Enjoin and Hearing Request** (in Times New Roman, 14-point type in accordance with L.R. 5.1(C)), with the Clerk of Court using the CM/ECF system and served a copy of the foregoing upon Plaintiff by depositing a true and correct copy of same in the United States Mail with adequate postage affixed thereto, addressed as follows:

10

        Ms. Maura O'Neill
        601 King Street, Suite 200, #465
        Alexandria, Virginia 22314

Further, the CM/ECF system will serve the following counsel of record:

        Michael R. Boorman, Esquire
        Erika J. Harris, Esquire
        Watson Spence LLP
        999 Peachtree Street, N.E.
        Suite 1130
        Atlanta, Georgia, 30309
        mboorman@watsonspence.com
        eharris@watsonspence.com

        Parks K. Stone, Esquire
        Wilson, Elser, Moskowitz, Edelman & Dicker, LLP
        3348 Peachtree Road, N.E.
        Suite 1400
        Atlanta, Georgia 30326
        parks.stone@wilsonelser.com

        Brantley Cole Rowlen, Esquire
        Chase Parker, Esquire
        Lewis Brisbois Bisgaard & Smith LLP
        24 Drayton Street, Suite 300
        Savannah, Georgia 31401
        brantley.rowlen@lbbslaw.com
        chase.parker@lbbslaw.com

This 25th day of October, 2022.

                /s/ Jeffrey E. Tompkins
                JEFFREY E. TOMPKINS