IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MAURA O'NEILL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No.: |
| v. ) | 1:22-CV-0011-SEG |
| ) | |
| NYU LANGONE MEDICAL ) | |
| CENTER, NEW YORK ) | |
| PRESBYTERIAN QUEENS, ) | |
| LENOX HILL HOSPITAL, GRADY ) | |
| HEALTH SYSTEM, MOUNT ) | |
| SINAI BETH ISRAEL, ) | |
| NORTHSIDE HOSPITAL ) | |
| FORSYTH, and COLLEGE PARK ) | |
| POLICE DEPARTMENT, ) | |
| ) | |
| Defendants. ) | |

## DEFENDANT NORTHSIDE HOSPITAL, INC.'S RESPONSE TO PLAINTIFF'S MOTION TO ENJOIN AND HEARING REQUEST

COMES NOW Defendant Northside Hospital, Inc. ("Northside Hospital" or this "Defendant"), and respectfully submits this Response to Plaintiff's Motion to Enjoin and Hearing Request, showing the Court as follows:

### A. Introduction

On October 11, 2022, Plaintiff filed two identical Motions to Enjoin and Hearing Request ("Motion to Enjoin") pursuant to O.C.G.A. § 9-5-1, requesting this

1

Court to enjoin "Northside from continuing to withhold the information Plaintiff requested in her June 2022 letters" related to HIPAA requests for her medical records, or to send Plaintiff "plain language denial letters stating their reasons for denying access to information." (Doc. 86, 87, at 26-27). Although Plaintiff initially indicates that she is seeking a permanent injunction, she cites to conflicting caselaw and standards for both preliminary and permanent injunctions. Nevertheless, whether viewed as a request for a preliminary injunction or a permanent injunction, it is clear that the Court must DENY Plaintiff's motion.[1]

### B. Motion to Enjoin

As a preliminary matter, and as Plaintiff admits, Northside Hospital did provide Plaintiff with her medical records and responded to Plaintiff's June 6, 2022, letter denying that Northside Hospital had a Power of Attorney or authorization to disclose Plaintiff's medical records to a third party. (Doc. 87, at 12). However, she claims that the information in the medical records is inaccurate, and that Northside Hospital is withholding a second set of medical records from her, which she

---

[1] Plaintiff's Motion to Enjoin is replete with outrageous and patently untrue allegations against Defendant, which is a point Defendant will not belabor in this brief inasmuch as the fantastical nature of Plaintiff's assertions is no doubt apparent to the Court. Suffice it to say that Northside Hospital adamantly denies altering or falsifying Plaintiff's records, engaging in fraud, committing criminal acts, or engaging in any improper conduct whatsoever.

erroneously believes because, according to Plaintiff, another hospital Defendant possessed two separate sets of medical records for her.  (Doc. 87, at 6).  As such, there is no continuing violation of any law occurring that can be enjoined.

Under both Georgia and Federal law, preliminary injunctions are an extraordinary remedy and should never be granted except where there is grave danger of impending injury to person or property rights.  O.C.G.A. § 9-5-1; USCS Fed Rules Civ Proc R 65; Thomas v. Mayor of Savannah, 209 Ga. 866, 867 (1953); Benisek v. Lamone, 138 S. Ct. 1942, 1943 (2018).  "Courts cannot restrain that which has already been done," and where it appears from all of the allegations that the acts complained of were "fully consummated," there are no grounds for injunction.  Whipkey v. Turner, 206 Ga. 410, 415 (1950).  "An injunction is limited to prospective relief…[and] a preliminary injunction is completely at odds with a sanction for past conduct that may be addressed by adequate remedies at law.  Alabama v. United States Army Corps of Eng'rs, 424 F.3d 1117, 1133 (11th Cir. 2005).  The purpose of a preliminary injunction is "to preserve the positions of the parties until a trial on the merits can be held," and thus, the harm considered is "necessarily confined to that which might occur in the interval between ruling on the preliminary injunction and a trial on the merits."  Id. at 1133-1134.  Further, a request for an injunction must expressly state that there is a lack of adequate legal remedy,

and in the absence of allegations that a plaintiff is "not possessed of an adequate and complete remedy at law…the petition fails to state a proper cause for the extraordinary equitable remedy of injunction." Chadwick v. Dolinoff, 207 Ga. 702, 703 (1951).

Plaintiff fails to allege that she has no adequate remedy at law, thus her request for an injunction fails on those grounds at the outset. Id.; (See Generally, Doc. 87). Further, much of the allegedly illegal activity by Northside Hospital that Plaintiff refers to in her brief, if true, consists of "fully consummated" actions, which cannot be enjoined. Whipkey, 206 Ga. 410.  She alleges that Northside Hospital improperly included false or baseless opinions regarding her medical care in her medical records, failed to include relevant information in her records, and disclosed and discussed her private health information with Wilder and his attorney. (Doc. 86, at 7). Even if true (which Northside, of course, strongly denies) these are all completed actions that occurred in the past and are not ongoing, and thus cannot be enjoined. Id.  There is no remedy available to Plaintiff that would address an injury which would "occur in the interval between ruling on the preliminary injunction and a trial on the merits." Alabama v. United States Army Corps of Eng'rs, 424 F.3d at 1133.

Even assuming *arguendo* that Plaintiff could overcome these preliminary shortcomings, she would be unable to prove the elements required for a court to

4

grant an injunction. To obtain preliminary injunctive relief, the Plaintiff must prove that (1) there is substantial likelihood of success on the merits; (2) the injunction is necessary to prevent irreparable injury; (3) the threatened injury outweighs the harm the injunction would cause the Defendants; and (4) the injunction would not be adverse to the public interest. Hinely v. Ga. Dep't of Corr., No. 5:12-CV-346 (MTT), 2012 U.S. Dist. LEXIS 157312, at *2 n.1 (M.D. Ga. Nov. 2, 2012) (where plaintiff could not prove the first element necessary for a preliminary injunction, the court refused to even analyze the remaining elements or the additional requirements for a permanent injunction).

The first element requires a showing of a substantial likelihood that Plaintiff can prevail on at least one of the underlying causes of action she asserted. Alabama v. United States Army Corps of Eng'rs, 424 F.3d at 1134 (holding that the district court improperly granted an "injunction based on a showing that plaintiffs were likely to succeed in establishing a violation of an ancillary court order, rather than a showing that they were likely to succeed on the merits of any of their claims"). Similarly here, Plaintiff's Motion to Enjoin does not even discuss the merits of her underlying RICO or fraud claims, but rather asserts that Northside Hospital has violated HIPAA and numerous other state and federal laws related to medical records. (See Generally, Doc. 87). Granting an injunction on these grounds would

be "a misapplication of the legal standard for likelihood of success on the merits." Id. As Plaintiff did not assert that there is a likelihood of success on the merits of her underlying claims in this action, she cannot prove the first element necessary for a preliminary injunction, and this Court need not reach the issue of a permanent injunction. Hinely 2012 U.S. Dist. LEXIS 157312, at *2.

Moreover, as asserted in Northside Hospital's Motion to Dismiss, Plaintiff's Complaint is subject to dismissal on several grounds, and thus, even if Plaintiff had attempted to show a likelihood of success on the merits, she would not have been able to. Id; (Doc. 50). The Complaint is rife with procedural and substantive grounds for dismissal, including failures to: (1) properly serve Defendant, (2) comply with statutes of limitation, (3) serve Defendant within 90 days of filing the complaint, and (4) state a plausible claim for relief. (See Doc. 50-1).

As previously outlined in Defendant's briefing, Plaintiff allegedly effected service on a secretary in the administrative office who was not authorized to accept service, which is improper under both Federal and Georgia law, and has failed to cure her defects in service despite being on notice that such service was improper. Fed. R. Civ. P. 4(h); O.C.G.A. § 9-11-4(e); Crystal Commodore Pippen v. Ga.-Pacific, LLC, No. 1:07-CV-1565-BBM/AJB, 2008 U.S. Dist. LEXIS 126496, at *19 (N.D. Ga. May 20, 2008); Doc. 15, 50-1). Plaintiff also failed to plead her fraud or

RICO claim with particularity. Plaintiffs who allege fraud must "state with particularity the circumstances constituting fraud," and RICO claims "which are essentially a certain breed of fraud claims, must [also] be pled with an increased level of specificity." Fed. R. Civ. P. 9(b); Ambrosia Coal & Constr. Co. v. Pages Morales, 482 F.3d 1309, 1316 (11th Cir. 1997). Yet Plaintiff's Complaint failed to state who made the allegedly fraudulent statements, when they were said, the content of the statements, how they misled her, or how Northside Hospital gained from them. (See Generally, Doc. 1). As such, the Complaint comes nowhere close to meeting the heightened pleadings standard for fraud or RICO claims. See e.g., Price v. Lakeview Loan Servicing, LLC, No. 21-11806, 2022 U.S. App. LEXIS 8007, at *5 (11th Cir. Mar. 28, 2022); Brooks v. Blue Cross & Blue Shield, 116 F.3d 1364 (11th Cir. 1997). Therefore, Plaintiff would be unable to satisfy even the first element required to obtain an injunction, and her Motion to Enjoin and Hearing Request should be denied.

### C. Request for a Hearing

Finally, Plaintiff's request for a hearing should also be denied. Firstly, as it is clear that Plaintiff is not entitled to an injunction, there is no need for a hearing. Moreover, evidentiary hearings on motions for preliminary injunctions are not required where the injunction is "not of the same character, and deals with a matter

lying wholly outside the issues in the suit." Kaimowitz v. Orlando, 122 F.3d 41, 43 (11th Cir. 1997) (upholding district court's denial of injunction and decision not to hold an evidentiary hearing, because the suit was based on a claim of fraud, and the injunction sought relief regarding a First Amendment issue). Again, Plaintiff's suit alleges RICO and fraud violations, yet she requests an injunction for alleged HIPAA violations. (See Doc. 1; 86; 87). Given that the injunction seeks relief completely irrelevant to the underlying suit, Plaintiff's request for a hearing and for injunctive relief should be denied.

### D. Conclusion

For the foregoing reasons, this Defendant respectfully requests that this Court deny Plaintiff's Motion to Enjoin and Hearing Request.

### LOCAL RULE 7.1(D) CERTIFICATION

I hereby certify that this document has been prepared in accordance with Local Rule 5.1(B) of the Northern District of Georgia.

[SIGNATURE FOLLOWS ON NEXT PAGE]

8

Respectfully submitted this 25th day of October, 2022.

**SCRUDDER, BASS, QUILLIAN, HORLOCK, LAZARUS & ADELE LLP**

*/s/ Henry E. Scrudder, Jr.*
_____
Henry E. Scrudder, Jr.
Georgia Bar No.: 632825
Teddy L. Sutherland
Georgia Bar No.: 693189
Sophia K. Welf
Georgia Bar No.: 237556
*Attorneys for Defendant Northside Hospital, Inc.*

900 Circle 75 Parkway
Suite 850
Atlanta, Georgia 30339-3053
Telephone: (770) 612-9200
Facsimile: (770) 612-9201
hscrudder@scrudderbass.com
tsutherland@scrudderbass.com
swelf@scrudderbass.com

## CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically filed the within and foregoing ***DEFENDANT NORTHSIDE HOSPITAL, INC.'S RESPONSE TO PLAINTIFF'S MOTION TO ENJOIN AND HEARING REQUEST*** using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorneys of record:

Erika J. Harris
Watson Spence LLP
999 Peachtree St., NE
Suite 1130
Atlanta, GA  30309
***Attorney for Defendant NYU Langone Hospitals***

Parks K. Stone
Wilson, Elser, Moskowitz, Edelman & Dicker LLP
3348 Peachtree Rd., NE, Suite 1400
Atlanta, GA  30326
***Attorney for New York Presbyterian Hospital/Queens***

S. Chase Parker
Brantley C. Rowlen
Lewis Brisbois Bisgaard & Smith LLP
24 Drayton St., Suite 300
Savannah, GA  31401
***Attorneys for Lenox Hill Hospital***

Jeffrey E. Tompkins
Candance J. Rodgers
Ebonei B. Simpkins
Thomas Kennedy Sampson & Tompkins, LLP
3355 Main St.
Atlanta, GA  30337
***Attorneys for Grady Memorial Hospital***

and by placing a copy of same in the U.S. Mail, postage pre-paid, addressed as follows:

Maura O'Neill
601 King Street
Suite 200-465
Alexandria, VA  22314
***Pro Se Plaintiff***

and that I have sent Ms. O'Neill a courtesy copy of the same via email to moneill@rahillco.com.

This 25th day of October, 2022.

*/s/ Henry E. Scrudder, Jr.*
_____
Henry E. Scrudder, Jr.