UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MAURA O'NEILL, :<br>:<br>    Plaintiff, :<br>:<br>v. :<br>: Civil Action File No.:<br>: 1:22-cv-00011-JPB<br>NYU LANGONE MEDICAL :<br>CENTER, NEW YORK - :<br>PRESBYTERIAN QUEENS, :<br>GRADY HEALTH SYSTEM, :<br>MOUNT SINAI BETH ISRAEL, :<br>NORTHSIDE HOSPITAL :<br>FORSYTH, COLLEGE PARK :<br>POLICE DEPARTMENT, :<br>:<br>    Defendants. | |

## NYU LANGONE'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS AND MOTION FOR PREFILING SCREENING REQUIREMENT

COMES NOW, NYU Langone Hospitals ("NYU Langone"), and, in additional support of its Motion to Dismiss and Motion for Prefiling Screening Requirement, and in response to Plaintiff's Memorandum of Law In Opposition to NYU Langone Hospitals' [*sic*] Motion to Dismiss [Doc. 92], shows this Court as follows:

1

True to Plaintiff's strategy, her Opposition is full of offensive vitriol[1], but completely lacks support from the law or evidence. Plaintiff's "complete abuse of the judicial process" must be put to an end. *O'Neill v. Khuzami*, No. 1:20-CV-04632-JPB, 2022 WL 704696, at *6 (N.D. Ga. Mar. 9, 2022) (Quoting Judge Rudolph E. Greco).

NYU Langone respectfully requests that its motion is granted in full. Its grounds are well supported that: 1) there is no jurisdiction over NYU Langone, 2) Plaintiff's fraud claims fail the heightened pleading requirement, 3) Plaintiff's RICO claims fail the heightened pleading requirement, and 4) a prefiling screening requirement is justified.

## ARGUMENT & CITATION TO AUTHORITY

**A.  There is No Personal Jurisdiction Over NYU Langone.**

**1.  Plaintiff's Complaint is Void of *Any* Allegation of Personal Jurisdiction Over NYU Langone.**

When a defendant moves to dismiss for a lack of personal jurisdiction, the Court examines the claim under a three-step burden shifting process. *Diulus v. Amer. Express Travel Related Svcs. Co.*, 823 Fed. App'x. 843, 848 (11th Cir. 2020). "First, the plaintiff 'bears the initial burden of alleging in the complaint sufficient facts to

---

[1] Without a hint of shame, Plaintiff compares her situation with that of African Americans in this country, invokes the Harvey Weinstein scandal, and name calls our client "the stupid fools at NYU Langone". [Doc. 92, pages 1, 2, and 7].

make out a prima facie case of jurisdiction.' [cit.] Second, *if the complaint alleged sufficient facts*, and 'the defendant challenges jurisdiction by submitting affidavit evidence in support of its position, the burden traditionally shifts back to the plaintiff to produce evidence supporting jurisdiction.' [cit.]" *Id.* [internal citations omitted; emphasis added]. If the plaintiff does not meet the initial burden, the Court does *not* go on to the second step of the process "and the motion should be granted." *Id* at 849.

Plaintiff did not meet her initial burden of "alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction." In *Diulus*, the plaintiffs alleged that the defendant's business was owned, operated, and managed in Turks and Caicos, invited guests to Turks and Caicos, including plaintiffs, and negligently represented that its property in Turks and Caicos was safe. The plaintiffs in *Diulus* attempted to attach affidavits and discovery to their response to their motion to dismiss stating that personal jurisdiction was present. The Court emphasized that where the defendant's motion to dismiss states that the *complaint* does not establish a prima facie case of personal jurisdiction, and the motion does not rely on any affidavits or attach additional documents, the court's review is properly limited to the allegations in the complaint in determining whether a prima facie case of personal jurisdiction was alleged. The Court's review here is properly limited to the

Complaint as well. Plaintiff makes no allegations in her Complaint that a Georgia court has personal jurisdiction over NYU Langone. [Doc. 1]. In fact, Plaintiff's only allegations against NYU Langone in the Complaint are paragraphs 154, 157 and 158, which all state conclusory allegations void of any specific actions by NYU Langone that are relevant to the claims. Plaintiff cannot attach a self-prepared, self-serving exhibit to her response to "establish" alleged contact with Georgia where she failed to do so in her Complaint. [Doc. 92]. The Court's review, being limited to the Complaint, makes said exhibit irrelevant and immaterial to determining whether the Complaint should be dismissed for lack of personal jurisdiction as to NYU Langone.

Where no allegations of fact that personal jurisdiction over NYU Langone are made, no affidavit is needed because Plaintiff has not made a prima facie case for personal jurisdiction. "There [is] no reason for the district court to look elsewhere after the [plaintiff] fail[s] to allege a prima facie case of personal jurisdiction." *Diulus*, at 849.

  **2.** **Exercise of Personal Jurisdiction Over NYU Langone Would Violate Due Process.**

General jurisdiction does not exist because NYU Langone is not "essentially at home" in Georgia. *Ford Motor Co. v. Montana Eighth Jud. Distr. Court*, 141 S. Ct. 1017, 1024 (2021) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*,

4

564 U.S. 915, 919 (2011)). Plaintiff's Complaint is quite clear that NYU Langone "is a health care organization *located in New York*." [Doc. 1, p. 2] [emphasis added].

Specific jurisdiction is not proper as to NYU Langone because the Complaint fails to allege that NYU Langone conducted **any** activity in or had **any** contact with the State of Georgia related to her claims. *See Brantley v. Tiffin Motor Homes, Inc.*, Civil Action No. 1:21-cv-02228-JPB, 2022 WL 444474, *3 (N.D. Ga. Feb. 14, 2022) (quoting *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1355 (11th Cir. 2013); *see also Ford Motor Co.*, at 1024 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)).

Plaintiff's Exhibit A refers to three studies that involved doctors **with privileges** at NYU Langone. This is not evidence that NYU Langone or its employees have sufficient contact with the State of Georgia to confer jurisdiction. Not surprisingly, Plaintiff cites no law that this type of hearsay evidence has been found to be a proper basis for jurisdiction.

Exercise of personal jurisdiction over NYU Langone in Georgia would be inconsistent with due process. Therefore, Plaintiff's Complaint should be dismissed for lack of personal jurisdiction.

    **B.**    **<u>Plaintiff's Fraud Claims Fail the Heightened Pleading Requirement.</u>**

"In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." *Fed. R. Civ. P. 9(b)*. To satisfy this heightened pleading standard, "a plaintiff must allege: '(1) the precise statements, documents, or misrepresentations made; (2) the time, place, and person responsible for the statement; (3) the content and manner in which these statements misled the [plaintiff]; and (4) what the defendants gained by the alleged fraud.'" *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1291 (11th Cir. 2010) (quoting *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1380-81 (11th Cir. 1997)).

NYU Langone's brief cited this law and listed the vague and deficient allegations in Plaintiff's Complaint. [Doc. 16-1, pages 8-10]. Plaintiff has not remedied this problem with a properly Amended Complaint. Instead, Plaintiff attempts to inject additional vague and deficient allegations. These should be ignored. But even if these allegations were considered, they plainly fail the above heightened standard.

### C. **Plaintiff's RICO Claims Fail the Heightened Pleading Requirement.**

To state a claim for RICO, Plaintiff must allege: (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity. *Durham v. Bus. Mgmt. Assocs.*, 847 F.2d 1505, 1511 (11th Cir. 1988) (quoting *Sedima S.P.R.L. Imrex Co.*, 473 U.S. 479, 496 (1985)).

6

Again, NYU Langone's brief cited the correct law and identified the deficiencies of Plaintiff's Complaint. [Doc. 16-1, pages 11-12]. In response, Plaintiff's conflates the proof required for a RICO claim with a statutory cite to the definition of constructive fraud.

First, the statutory definition of constructive fraud is inapplicable to the heightened requirements to establish a RICO claim. Offering no authority or grounds to support Plaintiff's RICO claim, it should be dismissed.

Second, the definition of constructive fraud does not save Plaintiff's fraud claims either. Plaintiff cites no legal authority that a claim for constructive fraud is exempted from the heightened requirements of Fed. R. Civ. P. 9(b). Plaintiff's claims against NYU Langone should be dismissed.

After this detour, Plaintiff's Opposition returns to the RICO claim and again attempts to inject additional allegations. However, again these additional allegations are not part of the Complaint and must be ignored. *See Atlantic Cas. Ins. Co. v. Norris*, 2021 WL 2149221, *4 (M.D. Ga. Jan. 27, 2021) (citing *Diulus*, at 849 ("There [is] no reason for the . . . [court] to look elsewhere after . . . [Petitioner] failed to allege a prima facie case of personal jurisdiction.")). And again, even if considered these fail the standard for RICO claims. The new allegations do not

7

allege (2) an enterprise (3) through a pattern (4) of racketeering activity. *Durham*, 847 F.2d at 1511.

Finally, in Point VIII Plaintiff reargues her request for more time to Amend her Complaint. However, this Court denied Plaintiff's request. [Doc 67, page 3]. Although the Court gave Plaintiff the option requesting the Court's leave under Federal Rule of Civil Procedure 15(a)(2), Plaintiff has failed to do so. *Id.* In fact, Plaintiff states that she will, but has failed to file a proper motion prior to the due date for her response to this Motion to Dismiss. ("Given this court ignored her request, O'Neill will file a motion pursuant to Rule 15(a)(2) and Rule 15(d).") [Doc. 92, page 25]. Plaintiff's claims against NYU Langone should be dismissed.

### D.      A Prefiling Screening Requirement Is Justified.

NYU Langone finishes this brief where it began – Plaintiff's "complete abuse of the judicial process" has been recognized by a prior court and has been put on full display in this litigation. *O'Neill*, 2022 WL 704696, at *6 (Quoting Judge Rudolph E. Greco). In response to this request, Plaintiff erupts with yet another tirade of allegations that are at times offensive, at times incorrect, generally inapplicable, but always consistent with Plaintiff's pattern of abuse of the judicial process.

8

Ms. O'Neill has commenced at least nine lawsuits in Georgia and New York that relate to the facts that are the subject matter of this lawsuit.[2] Over time Plaintiff has sued additional defendants alleging a larger and larger conspiracy theory. To this Defendant's knowledge, Plaintiff has offered no competent proof that a conspiracy exists. A prefiling screening requirement is appropriate. NYU Langone respectfully asks that its motion be granted in full.

This 1st day of November, 2022.

WATSON SPENCE LLP

/s/ Michael R. Boorman
Michael R. Boorman
Georgia Bar No. 067798
999 Peachtree Street, N.E.
Suite 1130
Atlanta, Georgia, 30309
Telephone: (229) 436-1545
mboorman@watsonspence.com
**Attorney for Defendant NYU Langone Hospitals**

---

[2] Those cases are: (1) O'Neill v. Northeast Georgia Medical Center, N.D. Ga., Case No.: 2:21-cv-00125; (2) O'Neill v. John Doe, et al., N.D. Ga., Case No.: 1:19-cv-05122; (3) O'Neill v. Khuzami, N.D. Ga., Case No.: 2:20-cv-04632; (4) O'Neill v. NYU Langone Medical Center, N.D. Ga., Case No. 1:22-cv-00011; (5) O'Neill v. Deutsche Bank Securities, Inc., New York County, Index No. 100334/2018; (6) O'Neill v. New York City Police, New York County, Index No. 155981/2020; (7) O'Neill v. AdMedia Partners, Inc., Queens County, Index No. 704954/2018; (8) O'Neill v. Christopher M. Wilder, Queens County, Index No. 708483/2018; (9) O'Neill v. Christopher M. Wilder, Queens County, Index No. 712235/2018.

## FONT CERTIFICATION

Pursuant to Local Rule 7.1D, I hereby certify that this pleading was prepared using a font and point selection approved by the Court in Local Rule 5.1C.

                                WATSON SPENCE LLP

                                */s/ Michael R. Boorman*
                                Michael R. Boorman
                                Georgia Bar No. 067798

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will automatically send email notification of such filing to the following participant:

Maura O'Neill
601 King Street, Suite 200 #465
Alexandria, VA 22314
moneill@rahillco.com

This 1st day of November, 2022.

*s/ Michael R. Boorman*
Michael R. Boorman
Georgia Bar No. 067798