IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MAURA O'NEILL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No.: |
| v. ) | 1:22-CV-0011-SEG |
| ) | |
| NYU LANGONE MEDICAL ) | |
| CENTER, NEW YORK ) | |
| PRESBYTERIAN QUEENS, ) | |
| LENOX HILL HOSPITAL, GRADY ) | |
| HEALTH SYSTEM, MOUNT ) | |
| SINAI BETH ISRAEL, ) | |
| NORTHSIDE HOSPITAL ) | |
| FORSYTH, and COLLEGE PARK ) | |
| POLICE DEPARTMENT, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT NORTHSIDE HOSPITAL, INC.'S
REPLY BRIEF SUPPORTING ITS MOTION TO DISMISS**

COMES NOW Northside Hospital, Inc. (hereinafter "Northside Hospital" or "this Defendant"), incorrectly identified as "Northside Hospital Forsyth" in Plaintiff's Complaint, and submits this reply brief supporting its motion to dismiss Plaintiff's Complaint, showing the Court as follows:

1

**INTRODUCTION**

On October 18, 2022, Plaintiff filed a Memorandum of Law in Opposition to the Motion to Dismiss from Northside Hospital, Inc. ("Opposition Memo")(Doc. 90).[1] In her Opposition Memo, Plaintiff herself acknowledges that "there are deficiencies in [her] pleadings" and indicates that she "intends to alter her complaint." (Doc. 90, at 4, 23). Plaintiff blames these deficiencies on Northside Hospital. (Id.). However, Plaintiff's attempt to shift the blame to Northside Hospital for the patent inadequacies in her Complaint is completely without merit. As more fully set forth below, Plaintiff's Complaint must be dismissed as she has completely failed to (1) satisfy her burden of showing that Northside Hospital was properly served; (2) refute the point that the her claims are barred by the applicable statutes of limitations; (3) show that her Complaint sufficiently stated a claim for relief for either her RICO or fraud claims, or that she was not required to abide by the heightened pleading standards; or (4) assert any other valid argument that her Complaint should not be dismissed.  As such, her Complaint should be dismissed in its entirety on one of several alternative grounds, as asserted below and in Northside Hospital's Motion to Dismiss. (Doc. 50-1).

---

[1] Defendant notes that, the Opposition Memo is in violation of Local Rule 7.1(D) in that Plaintiff filed a brief over twenty-five (25) pages long without the Court's leave.

## ARGUMENT AND CITATION OF AUTHORITY

### I. Northside Hospital was Not Properly Served

Northside Hospital has previously addressed in its Motion to Dismiss, its Motion to Set Aside Entry of Default, its Response to Plaintiff's Request for a Hearing and Subpoena, and its Response to Plaintiff's Motion to Enjoin and Hearing Request, exactly why service was improper in this case. (Doc. 50, 51, 70, 94, 97). Plaintiff has not asserted any new arguments in her Opposition Memo as to service of process and has simply restated arguments asserted in previous filings. (Doc. 90, at 8-9). As such, Northside Hospital will only briefly remind this Court that service of process on Cheryl Pruitt ("Pruitt"), a secretary without managerial responsibilities who denies being an authorized agent in her affidavit, was insufficient regardless of whether she told the process server Jason Garmon ("Garmon") that she was authorized to accept service.

"Service of process on merely an apparent agent is not sufficient. It must be made on an actual agent."[2]  Standard Guar. Ins. Co. v. Landers, 206 Ga. App. 803,

---

[2] To be clear, Northside Hospital denies that Pruitt was served with the Complaint or told Garmon she was authorized to accept service and denies that Pruitt was even an *apparent* agent of Northside Hospital. However, even if Pruitt were an apparent agent, that would not suffice to satisfy Plaintiff's burden to establish proper service. See e.g., Cases cited in this paragraph, infra; see also, McDaniel v. Dekalb Cty. Watershed Dep't, No. 1:16-CV-04596-SCJ-CMS, 2017 U.S. Dist. LEXIS 232704,

804 (1992); Walker v. MERS, No. 1:08-CV-0377-JEC-JFK, 2009 U.S. Dist. LEXIS 143621, at *11 (N.D. Ga. Jan. 21, 2009); Ross v. Preston, No. 1:08-cv-1811-WSD, 2008 U.S. Dist. LEXIS 127594, at *5-6 (N.D. Ga. Oct. 29, 2008) (finding service on defendants' personal assistants who told the process server they were authorized to accept service was still improper because they were not actual agents); Holmes v. Georgia, No. 1:07-CV-202 (WLS), 2010 U.S. Dist. LEXIS 147275, at *7 (M.D. Ga. Mar. 4, 2010) (service on person in defendant's office who identified herself "as the person in charge of receiving legal documents" for defendant, was insufficient because "service must be made an actual agent" and "service of process on merely an apparent agent is not sufficient"). Given these and the numerous other cases cited in Northside Hospital's previous filings, service on Pruitt was insufficient.

Plaintiff claims that "it was reasonable for the process server to assume that a secretary in administration would be knowledgeable about the procedures followed in legal service" hold no merit. (Doc. 90 at 10). She cites to Sw. Cmty. Hosp. & Med. Ctr., Inc. v. Thompson, 165 Ga. App. 442, 444 (1983), however in that case the secretary "was *often* called upon…to accept service," "*regularly* accepted service on behalf of the corporation and was knowledgeable about the procedures to

---

at *9 (N.D. Ga. Aug. 3, 2017)("Once sufficiency of service has been challenged, Plaintiff has the burden of establishing proper service.").

be used when service did occur," none of which are true in this case. (Emphasis added). Pruitt has never been authorized to accept service. (Doc. 50-2). Plaintiff's Complaint must be dismissed due to insufficient service of process.

## II.     Plaintiff's Claims are Time Barred

Plaintiff also argues that her RICO claims are not time barred under O.C.G.A. § 16-14-8, which has a five-year statute of limitation. (Doc. 90 at 10-11). However, her Complaint contains no mention of any Georgia statute and is plainly devoted exclusively to the Federal RICO Act, which has a four-year statute of limitation. (Doc. 1, at 55-59); (Doc. 90, at 22); 18 U.S.C. § 1962. Further, her claim that the alleged RICO violations are still ongoing is of no consequence, as the statute of limitation begins running from the time that the plaintiff *discovered the injury*. Rotella v. Wood, 528 U.S. 549, 557 (2000). Given that Plaintiff admits the "enterprise…existed and sought to accomplish its purposes since no later than 2005," and that she reported the medical record forgery to NYPD in 2017, her Complaint filed on January 4, 2022, is clearly barred by the statute of limitation. (Doc. 1 ¶ 10, 180).

Further, Plaintiff does not dispute Northside Hospital's arguments that her fraud claims are also barred by a 4-year statute of limitation, or that her Complaint is subject to dismissal for failure to serve Northside Hospital within 90 days of filing

the Complaint. (See Doc. 50-1, at 8-9); Fed. R. Civ. P. 4(m); Copeland v. Miller, 347 Ga. App. 123, 125 (2018); Mann v. Ameris Bank, No. 7:16-CV-146 (WLS), 2017 U.S. Dist. LEXIS 221276, at *7-8 (M.D. Ga. May 11, 2017). Thus, any such arguments are thereby abandoned. Davis v. Thomas, No. 1:20-cv-01062-JPB, 2021 U.S. Dist. LEXIS 32007, at *6 (N.D. Ga. Feb. 22, 2021) ("[w]hen a party fails to respond to an argument or otherwise address a claim, the court deems such argument or claim abandoned.").

## III. Plaintiff Failed to Plead Sufficient Factual Allegations to State a Claim for Relief

### a. Plaintiff's "Control" Argument Regarding Her Fraud and RICO Claims is Without Merit

Plaintiff's assertion that her Complaint is not subject to dismissal based on a failure to meet the heightened pleading standards for fraud because the information missing from her Complaint was in Defendant's exclusive control, also fails. (Doc. 90, at 14-17). Her argument is misplaced because she has repeatedly admitted that Northside Hospital did provide her with a copy of her medical records, and responded to her June 6, 2022, letter stating that it does not have a Power of Attorney on record. (See e.g., Doc. 90, at 23). She even explicitly states in the Opposition Memo that Northside Hospital sent her a copy of her medical record in *May of 2021*. (Id.). As such, the pertinent information that she should have alleged in her

Complaint, such as dates, times, content, and speaker of the alleged fraudulent statements in her medical records, how they misled her, and how Northside Hospital gained from them, was readily available to her in May of 2021, well before she filed her Complaint, and not within Northside Hospital's "exclusive control." Id.; see e.g., DJ Lincoln Enters. v. Google LLC, No. 21-12894, 2022 U.S. App. LEXIS 2051, at *8 (11th Cir. Jan. 24, 2022) (where the complaint failed to meet the heightened pleading standards for fraud, plaintiff's argument regarding exclusive control failed because "even assuming we could relax the pleading requirements…[plaintiff] does not explain how the precise statements [defendant] made are within [defendant's] exclusive control when those very statements were allegedly communicated to [plaintiff]"). Since Plaintiff had the medical records in her possession as of May 2021, she could have easily pleaded the circumstances of the alleged fraud with particularity. Therefore, she is not excused from meeting the heightened pleading standards of Fed. R. Civ. P. 9(b).

Further, even in cases where the defendant does have exclusive control over the alleged fraudulent records and plaintiffs are allowed to plead based on information and belief, the plaintiff must still set forth a factual basis for such beliefs. United States ex rel. Parato v. Unadilla Health Care Ctr., Inc., Civil Action No. 5:07-CV-76(HL), 2010 U.S. Dist. LEXIS 1796, at *39 (M.D. Ga. Jan. 11, 2010) (citing

<u>United States ex rel. Thompson v. Columbia/HCA Healthcare Corp.</u>, 125 F.3d 899, 903 (5th Cir. 1997) (emphasizing that the "control" exception "must not be mistaken for license to base claims of fraud on speculation and conclusory allegations.")). Plaintiff's Complaint fails to meet even this standard because her claims that her records were fraudulent are based on conclusory and speculative allegations. For example, she states "it is not believable that several independently owned hospitals in different states would make the same 'pressured speech' mistake" in her medical records; Northside Hospital failed to comply with federal requirements; and "Wilder's attorney, Watson, called and/or had others call on her behalf." (Doc. 1, ¶¶ 126,146,169). The same is true of her RICO allegations: "the Predator-Protection Enterprise activities affected interstate commerce;" "Defendants agreed to and did conduct and participate in conducting the Predator-Protection Enterprise's affairs through a pattern of racketeering activity for the purpose of defrauding O'Neill;" "fake medical stories…were provided to the police." (Doc. 1, ¶¶ 181-182, 189).[3] These conclusory statements without factual support do not meet even a plausibility pleading standard.

---

[3] When, as here, a Plaintiff's RICO claims are predicated upon alleged fraud, they are subject to the heightened pleading standard of Rule 9(b). <u>See</u> e.g., <u>Mandala v. Tire Stickers, LLC</u>, 829 Fed. Appx. 896, 901 (11th Cir. 2020).

In short, Plaintiff's argument that her allegations should not be held to the heightened pleading standard because Northside Hospital had exclusive control over the records fails on two separate grounds: (1) Plaintiff admits that she also had possession of the medical records; and/or (2) Plaintiff fails to meet even the less stringent standard by pleading a plausible factual basis for the beliefs set forth in her Complaint that contains more than mere speculation or conclusions.

### b. Plaintiff's Complaint Alleged Actual Fraud and She is Not Excused from the Heightened Pleading Standards

Plaintiff's next argument that Northside Hospital confused actual and constructive fraud, and is therefore guilty of fraud by virtue of a fiduciary relationship and a duty to disclose, is misplaced in three respects: (1) as previously argued in Northside Hospital's Reply Brief in Support of its Motion to Set Aside Clerk's Entry of Default, the argument Plaintiff makes and caselaw she cites are irrelevant in this context; (2) her Complaint contains allegations of intentional fraudulent misrepresentation, which constitutes actual, not constructive, fraud; and (3) even if the Complaint can be read as alleging constructive fraud, this is an equitable doctrine and does not support an action in tort for damages. (Doc. 70 at 7).

The caselaw Plaintiff cites to stands for the position that fraud by a physician in medical malpractice actions may serve to toll the statute of limitations because of

the fiduciary relationship between the patient and the physician. (Doc. 90, at 18-20); see e.g., Quattlebaum v. Cowart, 182 Ga. App. 473, 474-75 (1987); (Doc. 70, at 7). Not a single case supports the position that Plaintiff was not required to plead fraud with particularity, and as such, the standard for fraud in the presence of a fiduciary relationship, which Plaintiff asserts should be applied here, is irrelevant.

Additionally, "[w]hether the fraud is actual [or constructive] depends on whether the false representation was made with the purpose and intent to deceive," and the heightened pleading standard of Fed. R. Civ. P. 9(b) applies only to actual and not constructive fraud claims. Gaultney v. Windham, 99 Ga. App. 800, 804, 109 S.E.2d 914, 917 (1959); Alliant Tax Credit Fund 31-A, Ltd. v. Murphy, No. 1:11-CV-00832-RWS, 2011 U.S. Dist. LEXIS 81199, at *14 (N.D. Ga. July 26, 2011). Plaintiff's Complaint, while not explicitly alleging either actual or constructive fraud, claims that "Defendants *willfully* deceived O'Neill, *intending* to harm her and *harming her as intended* in order to aid and abet Wilder," and "*falsif[ied]* medical records to *enable* a serial rapist like Wilder to rape with impunity." (Doc. 1 ¶ 165, 167) (emphasis added). Her Opposition Memo also explicitly states that "there is *no question* it was and is Northside's *specific intent* to lie to O'Neill and fraudulently conceal information." (Doc. 90, at 19) (emphasis added). Given the repeated references to Northside Hospital's *intent to harm and willfully deceive*, Plaintiff was

10

clearly alleging actual fraud, and thus Plaintiff, not Northside Hospital, has confused the two concepts.

Lastly, even if Plaintiff were alleging constructive fraud under O.C.G.A. 23-2-51(b), she pleads for damages in tort and "'innocent' or 'constructive' fraud…exists only as an equitable doctrine and will not support an action in tort for damages." Irvin v. Lowe's of Gainesville, Inc., 165 Ga. App. 828, 830 (1983). Given these facts, Plaintiff is not excused from the heightened pleading standard required for both common law fraud and fraud under the federal RICO statute.

### c. Plaintiff's RICO Claims Fail to Meet the Heightened Pleading Standard as New Facts Asserted for the First Time May Not Be Considered

Plaintiff has not disputed Northside Hospital's argument that her Complaint only vaguely alleged that "defendants" engaged in a pattern of racketeering activity but was devoid of specific allegations for each defendant, which claim is now abandoned. (Doc. 50-1, at 12); Davis v. Thomas, supra, 2021 U.S. Dist. LEXIS 32007, at *6; Brooks v. Blue Cross & Blue Shield, 116 F.3d 1364 (11th Cir. 1997) (a complaint that did not specifically allege how each defendant engaged in RICO violations but grouped all defendants together failed to meet the heightened pleading standard).

11

Instead, Plaintiff now claims in her Opposition Memo that Northside Hospital prevented communication to a law enforcement officer related to commission of sex trafficking and mailed Plaintiff fraudulent medical records in May 2021, none of which was asserted anywhere in Plaintiff's Complaint. (Doc. 90, at 22, see generally Doc. 1). However, new facts or arguments asserted for the first time in a responsive brief and not alleged in a complaint may not be considered by the court on a motion to dismiss. Kennedy v. S. Univ., No. 4:21-cv-172, 2022 U.S. Dist. LEXIS 37756, at *5 n.7 (S.D. Ga. Mar. 3, 2022).

In short, Plaintiff has done nothing to cure the defects in her Complaint as to her RICO claims and has only asserted new allegations which may not be considered by this Court. Kennedy, supra 2022 U.S. Dist. LEXIS 37756, at *5 n.7.

**IV.    Plaintiff Makes Several Irrelevant and Unsupported Arguments**

The remaining arguments in Plaintiff Opposition Memo, (1) that contract provisions are unenforceable if they fail to comply with the law; (2) that the medical records are *ipse dixit* and not admissible; and (3) that Plaintiff "pled intent, not negligence," so no expert affidavit was required, are irrelevant and misplaced. However, in an abundance of caution, Northside Hospital denies that it is violating any statutes or attempting to enforce any illegal contract, as alleged by Plaintiff. (Doc. 90, at 20-22). Northside Hospital also again reminds this Court that it is not

presented with any question concerning admissibility of expert opinions under Rule 702. (See Doc. 70, at 8). Finally, Plaintiff's argument that she pled intent and not negligence and that "the rules governing admissibility of *ipse dixit* medical records were written by lawyers [and] no affidavits were required for lawyers," is, frankly, incoherent. (Doc. 90, at 23-24). She fails to apply the applicable legal standard for when an expert affidavit must be filed contemporaneously with the complaint and does not deny that she alleged professional, as opposed to ordinary, negligence. (See Doc. 50-1, at 13-14). As such, these extraneous arguments give no consideration to whether or not Plaintiff failed to state a claim for relief, properly effected service, or abided by the relevant statutes of limitation, and hold no weight in ruling on the Motion to Dismiss.

**V.      Plaintiff Should Not be Given Leave to Amend her Complaint**

Plaintiff again asserts that she "intends to alter her complaint." (Doc. 90, at 25). Yet, as this Court already noted in denying Plaintiff's request to extend the deadline to file an amended complaint, Plaintiff has not explained precisely why she wants to file an amended complaint or what it would allege, and as Plaintiff still maintains, filing an Amended Complaint "has been a waste of time for Plaintiff and Northside at this juncture." (Doc. 90, at 25; Doc. 67, at 3). Furthermore, the Court explicitly told Plaintiff that she may file an amended complaint only by consent of

the Defendants or by the Court's leave according to Fed. R. Civ. P. 15(a)(2). This rule requires plaintiffs who are seeking leave to amend without the defendant's permission to file a motion, and "[w]here a request for leave to file an amended complaint simply is imbedded within an opposition memorandum, the issue has not been raised properly." Posner v. Essex Ins. Co., 178 F.3d 1209, 1222 (11th Cir. 1999). As this his is exactly what Plaintiff has done in the present Opposition Memo and, Plaintiff should not be allowed to file an amended complaint.

## CONCLUSION

For the foregoing reasons, this Defendant respectfully requests that this Court grant its Motion to Dismiss Plaintiff's Complaint.

## LOCAL RULE 7.1(D) CERTIFICATION

I hereby certify that this document has been prepared in accordance with Local Rule 5.1(B) of the Northern District of Georgia.

[SIGNATURE FOLLOWS ON NEXT PAGE]

Respectfully submitted this 1st day of November, 2022.

**SCRUDDER, BASS, QUILLIAN, HORLOCK, LAZARUS & ADELE LLP**

*/s/Teddy L. Sutherland*

_____
Henry E. Scrudder, Jr.
Georgia Bar No.: 632825
Teddy L. Sutherland
Georgia Bar No.: 693189
Sophia Welf
Georgia Bar No.: 237556
*Attorneys for Defendant Northside Hospital, Inc.*

900 Circle 75 Parkway
Suite 850
Atlanta, Georgia 30339-3053
Telephone: (770) 612-9200
Facsimile: (770) 612-9201
hscrudder@scrudderbass.com
tsutherland@scrudderbass.com
swelf@scrudderbass.com

## CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically filed the within and foregoing DEFENDANT NORTHSIDE HOSPITAL, INC.'S REPLY BRIEF SUPPORTING ITS MOTION TO DISMISS using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorneys of record:

Erika J. Harris
Watson Spence LLP
999 Peachtree St., NE
Suite 1130
Atlanta, GA  30309
*Attorney for Defendant NYU Langone Hospitals*

Parks K. Stone
Wilson, Elser, Moskowitz, Edelman & Dicker LLP
3348 Peachtree Rd., NE, Suite 1400
Atlanta, GA  30326
*Attorney for New York Presbyterian Hospital/Queens*

S. Chase Parker
Brantley C. Rowlen
Lewis Brisbois Bisgaard & Smith LLP
24 Drayton St., Suite 300
Savannah, GA  31401
*Attorneys for Lenox Hill Hospital*

Jeffrey E. Tompkins
Candance J. Rodgers
Ebonei B. Simpkins
Thomas Kennedy Sampson & Tompkins, LLP
3355 Main St.
Atlanta, GA  30337
***Attorneys for Grady Memorial Hospital***

and by placing a copy of same in the U.S. Mail, postage pre-paid, addressed as follows:

Maura O'Neill
601 King Street
Suite 200-465
Alexandria, VA  22314
***Pro Se Plaintiff***

and that I have sent Ms. O'Neill a courtesy copy of the same via email to moneill@rahillco.com.

This 1st day of November, 2022.

                                                      */s/ Teddy L. Sutherland*
                                                      _____
                                                      Teddy L. Sutherland