IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| MAURA O'NEILL, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | |
| NYU LANGONE MEDICAL CENTER, | * | CIVIL ACTION NO. |
| NEW YORK PRESBYTERIAN QUEENES, | * | |
| LENOK HILL HOSPITAL, | * | 1:22-CV-0011-SEG |
| GRADY HEALTH SYSTEM, | * | |
| MOUNT SINAI BETH ISRALE, | * | |
| NORTHSIDE HOSPITAL FORSYTH, and | * | |
| COLLEGE PARK POLICE DEPARTMENT, | * | |
| | * | |
| Defendants. | * | |

## DEFENDANT GRADY MEMORIAL HOSPITAL CORPORATION'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS

COMES NOW Grady Memorial Hospital Corporation ("Grady"), pursuant to

Local Rule 7.1(C), and respectfully submits this reply brief in support of it motion

to dismiss, showing the Court as follows:

### ARGUMENT AND CITATION OF AUTHORITY

Plaintiff's Complaint Fails to State a Claim and Should be Dismissed.

As noted in Grady's memorandum of law in support of its motion to dismiss,

filed more than six months ago, Plaintiff's claims are inadequately pled under both

Fed. R. Civ. P. 8(a)(2) and Fed. R. Civ. P. 9(b).  The same is true today.  And

although Plaintiff has alleged all sorts of conspiracies and improper behavior by Grady and the other defendants in the numerous documents she has filed in this action, she has not cured the patent defect in her complaint.  She has not supported her claims with facts that Grady committed fraud against her or violated the Racketeer Influenced and Corrupt Organizations Act.  She has not stated a plausible claim and has not sufficiently alleged fraud with any degree of particularity, let alone the particularity required by Federal Rule of Civil Procedure 9(b).  Dismissal of a complaint is warranted where, as here, the complaint merely contains "naked assertions devoid of further factual enhancement."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

> Rule 9(b) is satisfied if a complaint sets forth
>
> (1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud.

*Brooks v. Blue Cross & Blue Shield of Fla., Inc*., 116 F.3d 1364, 1380-81 (11th Cir. 1997) (citations and quotations omitted).  Plaintiff has glaringly failed to make the required showing and therefore should be dismissed.  *American Dental Ass'n. v. Cigna Corp*., 605 F.3d 1283, 1291 (11th Cir. 2010).

2

CONCLUSION

For the reasons set forth in Grady's memorandum of law in support of its motion to dismiss, as briefly reiterated above, Grady prays that its motion be granted and that Plaintiff's Complaint be dismissed with prejudice.

This 1st day of November, 2022.

>Respectfully submitted,
>THOMAS KENNEDY SAMPSON & TOMPKINS LLP
>
>/s/ *Jeffrey E. Tompkins*
>JEFFREY E. TOMPKINS
>Georgia Bar No. 714608
>EBONEI B. SIMPKINS
>Georgia Bar No. 837066
>Attorneys for Defendant
>Grady Memorial Hospital Corporation

3355 Main Street
Atlanta, Georgia 30337
(404) 688-4503 Telephone
(404) 761-3224 Telecopier
j.tompkins@tkstlaw.com
e.simpson@tkstlaw.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MAURA O'NEILL,                                    *
                                                  *
        Plaintiff,                                *
                                                  *
v.                                                *
                                                  *
NYU LANGONE MEDICAL CENTER,                       *        CIVIL ACTION NO.
NEW YORK PRESBYTERIAN QUEENES,                    *
LENOK HILL HOSPITAL,                              *        1:22-CV-0011-SEG
GRADY HEALTH SYSTEM,                              *
MOUNT SINAI BETH ISRALE,                          *
NORTHSIDE HOSPITAL FORSYTH, and                   *
COLLEGE PARK POLICE DEPARTMENT,                   *
                                                  *
        Defendants.                               *

## CERTIFICATE OF FONT, TYPE AND SERVICE

This is to certify that on this day the undersigned electronically filed

**Defendant Grady Memorial Hospital Corporation's Reply Brief in Support of**

**its Motion to Dismiss** (in Times New Roman, 14-point type in accordance with L.R.

5.1(C)), with the Clerk of Court using the CM/ECF system and served a copy of the

foregoing upon Plaintiff by via electronic mail, to be followed by depositing a true

and correct copy of same in the United States Mail with adequate postage affixed

thereto, addressed as follows:

4

Ms. Maura O'Neill
601 King Street, Suite 200, #465
Alexandria, Virginia 22314

Further, the CM/ECF system will serve the following counsel of record:

Michael R. Boorman, Esquire
Erika J. Harris, Esquire
Watson Spence LLP
999 Peachtree Street, N.E.
Suite 1130
Atlanta, Georgia, 30309
mboorman@watsonspence.com
eharris@watsonspence.com

Parks K. Stone, Esquire
Wilson, Elser, Moskowitz, Edelman & Dicker, LLP
3348 Peachtree Road, N.E.
Suite 1400
Atlanta, Georgia 30326
parks.stone@wilsonelser.com

Brantley Cole Rowlen, Esquire
Chase Parker, Esquire
Lewis Brisbois Bisgaard & Smith LLP
24 Drayton Street, Suite 300
Savannah, Georgia 31401
brantley.rowlen@lbbslaw.com
chase.parker@lbbslaw.com

This 1st day of November, 2022.

/s/ Jeffrey E. Tompkins
JEFFREY E. TOMPKINS