

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

**MAURA O'NEILL,**

        Plaintiff,

   v.

**NYU LANGONE HOSPITALS,**
**NEW YORK- PRESBYTERIAN**
**HOSPITAL QUEENS, LENOX**
**HILL HOSPITAL, GRADY**
**MEMORIAL HOSPITAL**
**CORPORATION, MOUNT SINAI**
**BETH ISRAEL, NORTHSIDE**
**HOSPITAL, INC., COLLEGE**
**PARK POLICE DEPARTMENT,**

        Defendants.

**CIVIL ACTION FILE NO.:**
1:22-cv-00011-SEG

---

**MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION FOR**
**HEARING AND SUBPOENA**

---

November 3, 2022

Maura O'Neill
601 King Street, Suite 200-#465
Alexandria, VA 22314
moneill@rahillco.com

Maura O'Neill ("Plaintiff") submits this memorandum of law in further support of her Motion for a Hearing and Subpoena. (Docket No. 79).

## INTRODUCTION

On October 6, 2022, Plaintiff served her initial motion for a hearing and subpoena (the "Motion") (Docket No. 79). As described in the Motion, a hearing is necessary because:

(1) Northside Hospital, Inc. ("Northside") lied and falsely claimed Plaintiff's complaint was not properly served on Northside even though the affidavit from Jason Garmon, the process server O'Neill hired, shows the initiating papers were properly served (Docket No. 79-1). At the same time Northside chose not to appear in this court, Northside was instructing its medical records representative, Emily Rohrer, to lie to O'Neill, and fail to provide Plaintiff with the documents she is entitled to see under state and federal law; and

(2) Beth Israel Medical Center ("Beth Israel") lied in an affidavit to set aside entry of default  (Docket No. 55-2) as proven through emails O'Neill possesses from Heather Chamides, a compliance officer with oversight over Beth Israel.

1

Both Northside and Beth Israel filed opposing papers to O'Neill's Motion on October 20, 2022. (Docket Nos. 94 and 95, respectively), and lied in their opposing papers in a truly ridiculous fashion as described below.

The Federal Rules of Civil Procedure ("FCRP" or "Rules") provide that a "court may set aside an entry of default for good cause." FRCP 55(c). To determine "good cause", a court must "consider three factors: (1) whether [the party seeking to set aside the default] engaged in culpable conduct that led to the default; (2) whether [it] had [no] meritorious defense; or (3) whether reopening the default judgment would prejudice" the other party. *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010). This standard, which is the same as is used to determine whether a default judgment should be set aside under Rule 60(b), is disjunctive, such that a finding that any one of these factors is true is sufficient reason for the district court to refuse to set aside the default. *Id.*[1] Here, because Northside and Beth Israel clearly engaged in

---

[1]Beth Israel claimed in a filings that O'Neill applied the incorrect standard in her opposition papers to Beth Israel's Motion to Set Aside Default, and the standard to set aside a default under Rule 55(c) is different than the standard to set aside a default judgment under Rule 60 (b). (Docket No. 84, Page 2, 1). However, Beth Israel is wrong. The standard is the same under Rule 55(c) and Rule 60(b). *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010).

culpable conduct, the entries of default should not be set aside pursuant to Rule 55(c), and a hearing is necessary to give O'Neill an opportunity to impeach witnesses and ensure final judgments of default are entered against Northside and Beth Israel pursuant to Rule 55(b).

In their opposing papers, rather than address the motion to set aside default and the standards under FRCP 55(c), Northside and Beth Israel instead claimed that Plaintiff's hearing and subpoena request was relevant to their motions to dismiss. However, as case law clearly shows, this court should not entertain Defendants' motions to dismiss (Docket Nos. 50 and 55-3) without first addressing the motions to set aside default. (Docket Nos. 51 and 55). Thus, the arguments Northside and Beth Israel advanced regarding their motions to dismiss are procedurally improper, and utterly ridiculous in light of the plethora of case law showing that district courts routinely deny motions to set aside default in circumstances such as those presented here, and the motions to dismiss are irrelevant because Northside and Beth Israel participated in culpable conduct. *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010).

3

In particular, Northside was properly served under the Federal Rules of Civil Procedure, but willfully decided not to appear even though at the same time Northside chose not to appear in this court, Northside was instructing its medical records personnel, Emily Rohrer, to lie to O'Neill, and fail to provide Plaintiff with the documents she is entitled to see under state and federal law. (Docket No. 86, Page 5, ¶2-Page 14, ¶1). In other cases in which defendants have been properly served, but failed to appear, district courts have refused to set aside default judgments. *Alan Neuman Prods., Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988). In this case, in light of the case law and legal precedent, this court should not set aside the default against Northside because Northside was properly served under FRCP and willfully failed to appear.

The Motion filed by Plaintiff was designed to address the obvious shortcomings in the affidavits filed by Northside and Beth Israel in their respective motions to set aside default (Docket Nos. 51 and 55). While Northside and Beth Israel claimed in their opposing papers to the Motion that this court could adjudicate the issues raised in this case based on the affidavits (Docket No. 94,

4

Page 8, ¶1),[2] those claims are clearly false because the affidavits are insufficient, and raise, rather than settle, material issues.  In addition, as clearly shown through case law, a hearing is merited in this action.  As described below, both Northside and Beth Israel lied in their motions to set aside default, and their attempts to divert the court's attention to their motions to dismiss were procedurally improper. *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010).  Thus, a hearing is necessary to ensure this court denies Defendants' motions under FRCP 55(c), does not reverse the order under Rule 55(a), and instead grants Plaintiff's forthcoming motion for default judgment under Rule 55(b).

## LEGAL ARGUMENT

### POINT I:  PLAINTIFF'S COMPLAINT WAS PROPERLY SERVED ON NORTHSIDE.  NORTHSIDE INCOMPETENTLY CITED WRONG AUTHORITY.

In its opposing papers (Docket No. 94), Northside claimed Plaintiff's motion for a hearing should be denied because, according to Northside, "the undisputed

---

[2] Beth Israel stated in its opposing papers to the Motion that Beth Israel incorporated and adopted "the arguments raised in Northside Hospital's response explaining why a hearing is not warranted. Doc. 94 at 3–8." (Docket No. 95, Page 2, Footnote 3).

facts demonstrate that Northside Hospital was not properly served *even if* the Garmon affidavit is taken as true." (Docket No. 94, Page 2, ¶2). However, Northside is wrong, and its claims are stupid. Having to respond to the inane and dishonest claims raised by Northside in its opposing papers (Docket No. 94) has been a waste of Plaintiff's and the court's time given there is a plethora of case law showing Northside is either stupid or blatantly lying.

Specifically, in its opposing papers, Northside claimed that there was no material controversy to be adjudicated at a hearing because only someone authorized to accept service may accept service (Docket No. 94, Page 4, ¶2), and Pruitt was not authorized to accept service. To support this claim, Northside foolishly relied on the case *Ross v. Preston*, No. 1:08-cv-1811-WSD, 2008 U.S. Dist. LEXIS 127594 (N.D. Ga. Oct. 29, 2008). (Docket No. 94, Page 3, ¶2 - Page 5, ¶1). However, there is an obvious and serious flaw in Northside's "logic" in using the *Ross* case because the defendants in the *Ross* case were subject to Georgia's statute for service to an ***individual***, while in Northside's case, Northside is clearly subject to service under the rules for service to a ***corporation***. Thus, Northside's use of the *Ross* case is stupid because the rules for service to a corporation are different than the rules of service to an individual.

6

FRCP 4(h)(1)(B) provides that "a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served" by a plaintiff "delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." FRCP 4(h)(1)(B). Plaintiff's service was made on Pruitt, a secretary in the administrative department at Northside, who told Plaintiff's process server, Garmon, that Pruitt was authorized to accept service.

Northside claims Pruitt is not an officer, a managing or general agent, or any "other agent authorized" to receive service under Rule 4(h)(1)(B). However, federal courts have concluded that service is not strictly limited to such categories of persons, and "service is adequate if it is made upon, ' . . . a representative so integrated with the organization that he will know what to do with the papers.' " *Top Form Mills v. Sociedad Nationale, Inc.*, 428 F.Supp. 1237 at 1251 (S.D.N.Y., 1977); *C & S Indus. v. Noonan South, Inc. 1987 Bankr. Lexis 2517*. Here, Pruitt was such a person. Pruitt was invested with sufficient authority by Northside to make it reasonable for Garmon and Plaintiff to expect that service on Northside would result in a prompt, appropriate response, particularly since Pruitt told

7

Garmon she was authorized to receive service. *C & S Indus. v. Noonan South, Inc. 1987 Bankr. Lexis 2517.*

Likewise, under Rule 4(h)(1)(B), service is effective when made on "a managing or general agent," regardless of whether that person has been separately "authorized by appointment or by law to receive service of process." *See* Wright, *et al.*, 4A Fed. Prac. & Proc. Civ. § 1101 (4th ed.). Thus, service may be effected on a corporation even though the general agent was not specifically authorized by the corporation to accept service. *Stefanakis v. Sociedad Maritima S Nicolas*, S. A., 102 F. Supp. 544 (S.D.N.Y. 1952). This rule incorporates a federal standard, *Allan v. Brown & Root, Inc.*, 491 F. Supp. 398 (S.D. Tex. 1980), and it makes no difference that a person served is not a managing agent under state law if the service is effective under federal law. *Hornstein v. Atchison*, T. & S. F. R. R., 229 F. Supp. 1009 (W.D. Wis. 1964). Thus, Northside's argument that Pruitt was not an authorized agent is moot, and makes no sense under the circumstances. *Sanho Corp. v. Kaijet Tech. Int'l Ltd.*, 2020 U.S. Dist. Lexis 134503 (N.D.Ga. 2020).

Likewise, the courts have also ruled that "Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the action." *Sanho Corp. v. Kaijet Tech. Int'l Ltd.*, 2020 U.S. Dist. Lexis 134503 (N.D.Ga.

2020).  Here, since Pruitt told Garmon she was authorized to receive service, and the initiating papers were left with Northside in April, Northside received sufficient notice of the action, and had a duty to respond within the timeline set by court rules.  Since Northside was validly served under the federal rules, then either this court should order Plaintiff's initiating papers were validly served under Rule 4(h)(1)(B), decline to set aside the default under Rule 55(c), or hold a hearing such that O'Neill has the opportunity to impeach Pruitt and Rohrer, prove Northside is lying, and ensure that a default judgment is entered against Northside under Rule 55(b).

Given Pruitt informed Garmon she was authorized to accept service on behalf of Northside, Garmon arrived at Northside a little after 8:30 A.M., and had all day to serve the initiating papers, it is not reasonable to believe that a state licensed process server hired by Plaintiff would simply drop a 60+ page complaint on a secretary's desk without the secretary noticing.  Thus, the excuse offered by Northside for failing to appear is simply not credible, particularly in light of the fact that at the same time Northside willfully chose to fail to appear in this action, Northside instructed Rohrer, a member of Northside's medical records team, to violate state and federal laws and fail to respond to O'Neill's June 2022 letters

9

even though responding to O'Neill's letters is required by HIPAA and state law

(Docket No. 86, Page 5, ¶2-Page 14, ¶1), (Docket No. 103, Page 55, ¶1-Page 5,

¶18). As a result, of Northside fraudulent conduct under O.C.G.A. § 25-2-53, as

part of the Motion, O'Neill also requested to impeach Rohrer at the hearing, given

Rohrer was clearly directed to violate state and HIPAA laws to harm O'Neill

(Docket No. 103, Page 55, ¶1-Page 5, ¶18), (Docket No. 86, Page 5, ¶2-Page 14,

¶1).

A hearing is clearly warranted when O'Neill's contention is that Northside

has repeatedly lied to O'Neill, including when she was a patient, in her medical

records, and in its filings in this action. Without a hearing, O'Neill will not have

the ability to develop the record. In particular, the hearing offers O'Neill the

opportunity to impeach the witness testimony of Pruitt and Rohrer. Without an

ability to question Pruitt and Rohrer, O'Neill is deprived of her right to due

process. Given the Court is unable to resolve the factual issues based solely on the

affidavits, it is an abuse of discretion to deny an evidentiary hearing. *United States*

*SEC v. Reinhard*, 352 F. App'x 309, 313 (11th Cir. 2009), given courts routinely

use hearings in cases such as this, particularly when there are different stories

about service of process. *United States v. Varmado*, 342 Fed. Appx. 437 (11th Cir.

10

2009).

**POINT II:  GIVEN BETH ISRAEL LIED, A HEARING IS NECESSARY.**

In its opposing papers, Beth Israel claimed, Plaintiff is not entitled "to an evidentiary hearing … A district court may resolve a motion without live testimony." (Docket No. 95, Page 3, ¶1).  However, Beth Israel is wrong.  If factual questions are not readily ascertainable from declarations or, if witnesses or questions of credibility predominate, a district court should hear oral testimony. *United Commercial Ins. Service, Inc. v. Paymaster Corp.*, C.A.9 (Cal.) 1992, 962 F.2d 853.  Here, there is no question Korzenik's affidavit poses more questions than it answers (Docket No. 55-2), and District Courts routinely hold hearings in cases such as this. *United States v. Varmado*, 342 Fed. Appx. 437 (11th Cir. 2009).

There is also no question that Beth Israel's conduct toward Plaintiff constitutes fraud in violation of O.C.G.A. § 23-2-54 as described in the Motion (Docket No. 79, ¶38-42) and Motion to Enjoin (Docket No. 86, Page 5, ¶2-Page 14, ¶1).  Specifically, on June 6, 2022 Plaintiff started sending letters to hospitals, including Northside and Beth Israel, requesting two basic pieces of information:

- Confirmation the hospital does not have, and has never had, any authorization on file that would allow any person or entity to speak to any person at the hospital about O'Neill or receive any information about her medical records or have access to information about her medical care.

- Confirmation the hospital does not have any additional records, data, or information that the hospital used to make decisions about O'Neill's healthcare that are not included in her medical record.

Despite the fact that the two requests for information are incredibly basic, not a single one of the Hospital Defendants fully complied with HIPAA and state laws and responded to O'Neill's request. (Docket No. 103, Page 55, ¶1-Page 5, ¶18).

Given the Hospital Defendants lack of responsiveness, in June 2022, O'Neill went to New York, and spoke to Beth Israel. Beth Israel stated it does not have a Power of Attorney or authorization on file. It also stated the only information it has on record is in O'Neill's medical record, and referred O'Neill to its parent company, Mount Sinai Health System ("MSHS"). However, MSHS refused to respond to O'Neill's requests for information or state whether MSHS has records about O'Neill Beth Israel does not possess even though New York's Public Health Law § 18(2) required the New York Defendants to respond within ten days, and MSHS failed to comply with the law. Likewise, when O'Neill spoke to the medical records department at NYU Langone, she was informed that the Patient Relations team, an arm of NYU's legal team, has additional records about Plaintiff.

Thus, what became obvious is that the Hospital Defendants are maintaining two separate and distinct sets of records. One O'Neill has access to (e.g., the

12

records at Beth Israel) and another O'Neill has been deprived access to (e.g., the records at MSHS) despite the fact that an organizaiton maintaining two sets of books is clearly a red flag showing consciousness of guilt of fraud. Given the fact the Hospital Defendants have two sets of records, it is clear that the Hosptial Defendants purposefully sought to defraud and harm O'Neill despite their fiduciary duties to O'Neill.

Given a motion to set aside default should not be granted if defendant engaged in culpable conduct, *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010), and Beth Israel not only engaged in fraud, but lied and commit fraud in violation of O.C.G.A. § 23-2-54 by instructing Chamides to lie to O'Neill as described in the Motion (Docket No. 79, ¶38-42), a hearing is necessary to give Plaintiff the opportunity to impeach Beth Israel's employees, including Chamides, that have been lying.

As O'Neill will be able to prove at the hearing, Beth Israel's failure to appear was willful, and Beth Israel engaged in culpable conduct. Thus, this court should enter a default judgment under Rule 55(b) given Beth Israel failed to appear, has violated state and federal laws by keeping two sets of medical records Docket No. 86, Page 5, ¶2-Page 14, ¶1), instructed Heather Chamides to use

13

deceptive legalese and lie to Plaintiff (Docket No. 79, ¶38-42), and Korzenik

clearly lied in her affidavit (Docket No. 55-2, ¶19-35).  Given these facts, all of

which can be conclusively determined at a hearing, this court should find Beth

Israel acted willfully, and failed to appear.  When a defendant's default was

willful, a court should enter an order for default judgment.  *International*

*Association of Sheet Metal, Air, Rail & Transportation Workers, Local Union No.*

*71 v. Lovejoy Metals, Inc.*, W.D.N.Y.2020, 2020 WL 6073771.  Such is the case

here, and this court should enter an order declaring Beth Israel willfully defaulted

and intentionally lied to O'Neill.

### POINT III:  DEFEDANT'S CULPABLE CONDUCT PRECLUDES REVERALS OF DEFAULTS.

"[I]f a default judgment is entered as the result of a defendant's culpable

conduct,…we need not consider whether a meritorious defense was shown, or

whether the plaintiff would suffer prejudice if the judgment were set aside."

*Meadows,* 817 F.2d at 521; *Benny v. Pipes,* 799 F.2d 489, 494 (9th Cir.1986),

*amended,* 807 F.2d 1514, *cert. denied,* 484 U.S. 870, 108 S.Ct. 198, 98 L.Ed.2d

149 (1987).  The court's standard is clearly that neither Northside nor Beth Israel

should be relieved of the judgments of default entered against them if they

willfully defaulted.  Here, both Northside and Beth Israel (1) intentionally failed to

14

appear, and (2) lied to O'Neill about her medical records in violation of state and

HIPAA statutes while at the same time refusing to respond to O'Neill's complaint

(Docket No. 1).  O'Neill will be able to prove all these facts at a hearing.  Thus, in

a case such as this, this court, must grant the hearing request, and ensure Plaintiff is

not deprived of her rights.

Here, it is obvious that Northside and Beth Israel knew the Complaint was

filed (Docket No. 1), instructed their respective medical records personnel to lie to

O'Neill (e.g., Rohrer and Chamides), thereby violating state and federal statutes.

(Docket No. 86, Page 5, ¶2-Page 14, ¶1).  Under circumstances such as these,

district courts have denied motions to set aside defaults.  *Alan Neuman Prods., Inc.*

*v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988).  Here, because Northside and

Beth Israel clearly engaged in culpable conduct, the entries of default should not be

set aside, and a hearing is necessary to give O'Neill an opportunity to impeach

witnesses and ensure final judgments of default are entered against Northside and

Beth Israel.

## POINT IV:  DEFEDANTS' MOTIONS TO DISMISS DO NOT ADDRESS ALL CAUSES OF ACTION.

Rule 15(a) states, "A party may amend its pleading once as a matter of

course within…21 days after service of a motion under Rule 12(b)."  FRCP 15(a).

Beth Israel served its Motion to Dismiss under Rule 12(b) on August 19, 2022. (Docket No. 55-3, Page 1, ¶1).  September 9, 2022 was 21 days after August 19, 2022.  Plaintiff timely filed her First Amended Complaint ("FAC") on September 9, 2022 (Docket No. 69).  Neither Northside or Beth Israel responded to the Fourth, Fifth or Sixth Causes of Actions in the FAC in their motions to dismiss. (Docket Nos. 50 and 55-3).  Thus, Northside's and Beth Israel's arguments about the relevance of their motions to dismiss (Docket Nos. 50 and 55-3) are also misplaced given Northside and Beth Israel did not include the Fourth, Fifth or Sixth Causes of Actions in the FAC in their motions to dismiss, among other things.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests the Court **GRANT** the motion and grant such other further relief the Court deems equitable.

## LR 7.1(D) FONT COMPLIANCE CERTIFICATION

The undersigned certifies that the within and foregoing were prepared using Times New Roman 14 point font in accordance with Local Rule 5.1 of the United States District Court for the Northern District of Georgia.

## CERTIFICATE OF SERVICE

16

 

**I HEREBY CERTIFY** that I have this day caused to be served a true and

correct copy of the foregoing by emailing and mailing a copy of the foregoing to

each Defendant at the following addresses:

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
Brantley Rowlen, Esq.
24 Drayton Street, Suite 300
Savannah, GA 31401
Telephone: 912.525.4960
E-Mail:  rowlen@lbbslaw.com
E-Mail:  chase.parker@lewisbrisbois.com

**WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**
Parks Kalervo Stone, Esq.
3348 Peachtree Road NE, Suite 1400
Atlanta, GA 30326
Telephone: 470.419.6651
E-Mail: parks.stone@wilsonelser.com

**WATSON SPENCE LLP**
Michael R. Boorman, Esq.
999 Peachtree Road, N.E., Suite 1130
Atlanta, GA 30309
Telephone: 229.436.1545
E-Mail: mboorman@watsonspence.com

**THOMAS KENNEDY SAMPSON & TOMPKINS, LLP**
Jeffrey Emery Tompkins, Esq.
Candance J. Rodgers, Esq.
3355 Main Street
Atlanta, GA 30337
Telephone: 404.688.4503
E-Mail: j.tompkins@tkstlaw.com
E-Mail: c.rodgers@tkstlaw.com

17

**SCRUDDER, BASS, QUILLIAN, HORLOCK,**
**LAZARUS & ADELE LLP**
Henry E. Scrudder, Jr.
Teddy L. Sutherland
Sophia Welf
900 Circle 75 Parkway
Suite 850
Atlanta, Georgia 30339-3053
Telephone: (770) 612-9200
Facsimile: (770) 612-9201
hscrudder@scrudderbass.com
tsutherland@scrudderbass.com
swelf@scrudderbass.com

**HALL BOOTH SMITH, PC**
Tiffany R. Winks
Georgia Bar No. 626413
Austin Atkinson
Georgia Bar No. 935864
191 Peachtree St. NE
Suite 2900
Atlanta, GA 30303
404-954-5000
twinks@hallboothsmith.com
aatkinson@hallboothsmith.com

in accordance with Rule 5(b)(2)(E).

Dated: Atlanta, GA                Respectfully submitted,
November 3, 2022

                                  BY: _Maura O'Neill_____
                                  Maura O'Neill, Plaintiff
                                  601 King Street, Suite 200-#465
                                  Alexandria, VA 22314
                                  moneill@rahillco.com