UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MAURA O'NEILL, | : |
| Plaintiff, | : |
| v. | : |
| | : Civil Action File No.: |
| NYU LANGONE MEDICAL CENTER, NEW YORK - PRESBYTERIAN QUEENS, GRADY HEALTH SYSTEM, MOUNT SINAI BETH ISRAEL, NORTHSIDE HOSPITAL FORSYTH, COLLEGE PARK POLICE DEPARTMENT, | : 1:22-cv-00011-JPB |
| Defendants. | |

**NYU LANGONE'S RESPONSE TO PLAINTIFF'S MOTION FOR PERMANENT INJUNCTION AND HEARING REQUEST**

COMES NOW, NYU Langone Hospitals ("NYU Langone"), and, in response to Plaintiff's Motion for Permanent Injunction and Hearing Request [Doc. 103], shows this Court as follows:

## Introduction

This is Plaintiff's second attempt at compelling Defendants to respond to her extra-judicial discovery requests. Plaintiff made these same requests in her Motion to Compel. [Doc. 58]. Plaintiff's entire motion centers on letters she sent to the

1

Hospital Defendants in June 2022 requesting medical records and asking questions of the Hospital Defendants. Yet Plaintiff received her medical records from NYU Langone, in 2018 and again in 2022. [Doc. 58, p. 8 and Doc. 103, p. 5-6].

Both Plaintiff's Motion to Compel and this Motion are attempts to make an end run around this Court's Order staying discovery until the Court rules on the Defendants' Motions to Dismiss. [Doc. 42, p.9]. Plaintiff's proposed Order shows that she is seeking discovery:

> **ORDERED** that NYU Langone Hospitals, New York-Presbyterian Hospital Queens, and Mount Sinai Beth Israel will comply with state and federal laws and provide O'Neill with:
>
> - Any and all information [Defendant] used to make decisions about O'Neill's healthcare that is not included in the medical record. If [Defendant] does not have any additional records, data, or information

> that [Defendant] used to make decisions about Maura O'Neill that are not included in Maura O'Neill's medical records from her visit(s) to [Defendant] in 2017/2018, then [Defendant] will provide a simple plain language statement stating it does not have any additional records, data or information that [Defendant] used to make decisions about O'Neill.
> - A statement of whether it [has / does not have], and [has had since (date) / has never had], a medical release form, Power of Attorney, or other authorization on file that would allow any person or entity to speak to any person at [Defendant] about Maura O'Neill or receive any information about Maura O'Neill's medical records or have access to information about Maura O'Neill's medical care.
> - A list of names of all individuals and entities [Defendant] spoke to about O'Neill's health.
> - A detailed statement of all information procured from any third party about O'Neill's health.
> - Documentation showing whether [Defendant] [did/did not] have [an authorization] to speak with law enforcement about O'Neill.

[Doc. 103, p. 25-26].

Plaintiff cannot circumvent this Court's Order and discovery procedures under the under the guise of a motion for injunction. Plaintiff's motion should be denied.

## ARGUMENT & CITATION TO AUTHORITY

**1. Plaintiff Cannot Satisfy Any of the Criteria for a Permanent Injunction.**

For a permanent injunction, Plaintiff must prove: (1) violation of the applicable statute or agreement by the defendants; (2) continuing irreparable injury

3

to the plaintiff in the absence of an injunction; and (3) lack of an adequate remedy at law. *Dunkin' Donuts, Inc. v. Kashi Enterprises, Inc.*, 119 F.Supp. 2d 1363, 1364 (N.D. Ga. Sept 18, 2000); *Newman v. State of Alabama*, 683 F.2d 1312, 1319 (11th Cir. 1982). Plaintiff must show through record evidence that she will suffer an irreparable before the Court may grant an injunction. *See Zedan v. Bailey*, 2019 WL 13194294, n. 5 (M.D. Ga. Dec. 18, 2019); *Dunkin' Donuts*, at 1364; and *TDS Mgmt. v. F.A.J. Corp.*, 2009 WL 10669167, *3 (N.D. Ga. Feb. 25, 2009).

Plaintiff cannot satisfy the three criteria for issue of a permanent injunction. First, Plaintiff seeks premature discovery, clearly this is not a violation of any statute or agreement. Although Plaintiff couches her allegations as violations of HIPAA and various state laws related to medical records, her primary complaint relates to dissatisfaction with the Hospital Defendants' responses to her questions in her letter regarding her records.

Second, Plaintiff fails to identify a valid irreparable harm. According to Plaintiff, she "cannot accurately amend her complaint without the information she requested in her June 2022 letters." [Doc. 103, p.23]. Plaintiff fails to identify additional records she seeks or how that would allow her to "accurately" amend her complaint. *See Specialty Surfaces Int'l, Inc. v. Athletic Surfaces Plus, LLC*, 2013 WL 12101062, *3 (N.D. Ga. Jun 26, 2013). But more importantly, Plaintiff again

ignores this Court's Order. This Court denied Plaintiff's request to extend the time to file an amended complaint under Rule 15(a)(1). [Doc. 67, p. 3]. This Court even explained what Plaintiff must do to try to amend her complaint "[i]f O'Neill wishes to amend the complaint, she may seek either Defendants' consent or this Court's leave, as explained in Federal Rule of Civil Procedure 15(a)(2)." *Id.* Yet Plaintiff has **never** sought leave of the Court to amend her complaint. Plaintiff cannot claim irreparable harm for something she has chosen not to pursue.

Third, Plaintiff failed to prove lack of an adequate remedy at law. If Plaintiff defeats the Motions to Dismiss, discovery will commence. The remedy at law is adequate.

### 2. **Plaintiff's Request for an Injunction is Also Not Proper Because There is Not Personal Jurisdiction Over NYU Langone.**

This motion is also not proper because there is no personal jurisdiction over NYU Langone. [See Docs. 16 and 98]. Without personal jurisdiction a permanent injunction is improper. *See Proliant, Inc. v. Savant HCM, LLC*, 2018 WL 1936528, n. 2 (N.D. Ga. Jan. 25, 2018). Personal jurisdiction is a threshold matter that must be determined before the Court can exercise any power over a defendant. *See Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S.

694, 702-703 (1982). This Court should deny Plaintiff's Motion for Permanent Injunction as moot because personal jurisdiction over NYU Langone is not present.

This 14th day of November, 2022.

                                                  WATSON SPENCE LLP

                                                  */s/ Michael R. Boorman*
                                                  Michael R. Boorman
                                                  Georgia Bar No. 067798
                                                  999 Peachtree Street, N.E.
                                                  Suite 1130
                                                  Atlanta, Georgia, 30309
                                                  Telephone: (229) 436-1545
                                                  mboorman@watsonspence.com
                                                  ***Attorney for Defendant NYU Langone Hospitals***

## FONT CERTIFICATION

Pursuant to Local Rule 7.1D, I hereby certify that this pleading was prepared using a font and point selection approved by the Court in Local Rule 5.1C.

        WATSON SPENCE LLP

        */s/ Michael R. Boorman*
        Michael R. Boorman
        Georgia Bar No. 067798

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will automatically send email notification of such filing to the following participant:

Maura O'Neill
712 H Street, NE, #1707
Washington, DC 20002
moneill@rahillco.com

This 14th day of November, 2022.

*s/ Michael R. Boorman*
Michael R. Boorman
Georgia Bar No. 067798