IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MAURA O'NEILL,<br><br>　　　　Plaintiff,<br><br>v.<br><br>MOUNT SINAI BETH ISRAEL et al.,<br><br>　　　　Defendants. | NO.: 1:22-CV-00011-SEG |

**MOUNT SINAI BETH ISRAEL'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR PERMANENT INJUNCTION**

## SUMMARY OF ISSUES

Plaintiff has sued five hospitals in this litigation, including Defendant Beth Israel.[1] Doc. 1. Although her complaint is not entirely clear, Plaintiff attempts to allege that Defendants were involved in an elaborate scheme to cover up an assault committed by a non-party. *See, e.g.*, *id.* ¶¶ 68–79, 180. She has asserted fraud and civil RICO claims. *Id.* at 49–52, 55–59.

---

[1] Plaintiff named Mount Sinai Beth Israel. This entity's formal name is Beth Israel Medical Center, and to avoid confusion, this filing refers to the hospital as Beth Israel. Counsel for Beth Israel intends to move the Court to correct the style of the case.

Plaintiff contends, among other things, that Beth Israel failed to properly produce medical records Plaintiff says she requested from the hospital before filing suit. *See* Doc. 58 at 9–10, 10 n.8. She has already moved the Court to compel Beth Israel to produce those records. Doc. 58. But because discovery has not begun, Beth Israel responded in opposition, and that motion remains pending. Doc. 65. Plaintiff now seeks an injunction compelling Beth Israel to produce records and to ensure it "do[es] not destroy and records." Doc. 103 at 2.

The Court should deny Plaintiff's motion.

## ARGUMENT

**I.  Plaintiff May Not Seek Early Discovery Through Injunctive Relief.**

An injunction—which is a "drastic remedy"—is proper only when the moving party shows four things:

> (1) a substantial likelihood of success on the merits of the underlying case, (2) the movant will suffer irreparable harm in the absence of an injunction, (3) the harm suffered by the movant in the absence of an injunction would exceed the harm suffered by the opposing party if the injunction issued, and (4) an injunction would not disserve the public interest.

*N. Am. Med. Corp. v. Axiom Worldwide, Inc.*, 522 F.3d 1211, 1217 (11th Cir. 2008); *Vital Pharms., Inc. v. Alfieri*, 23 F.4th 1282, 1291 (11th Cir. 2022) ("A preliminary injunction is an extraordinary and drastic remedy not to be

2

granted unless the movant clearly establishes the burden of persuasion as to the four requisites." (citation and internal quotation marks omitted)).[2] Plaintiff cannot meet this burden.

Plaintiff first asks the Court to issue an injunction compelling Beth Israel to produce records Plaintiff claims Beth Israel has withheld. Doc. 103 at 2. But even assuming Beth Israel failed to produce records to Plaintiff before she filed suit, Plaintiff is not entitled to an injunction compelling production of the records. Among other things, she cannot show she would suffer irreparable harm because there exists an adequate, alternative remedy: Plaintiff may seek an order compelling discovery responses under Rule 37 at the appropriate time. *See Alabama v. U.S. Army Corps of Engineers*, 424 F.3d 1117, 1127 (11th Cir. 2005) (injunctive relief proper only "there is no adequate legal remedy" and when the party will suffer "irreparable injury if the injunction does not issue"); Fed. R. Civ. P. 37. Indeed, she has already tried to do so—albeit prematurely.[3]

---

[2] In her filing, Plaintiff requests a "permanent injunction," Doc. 103 at 2, but she appears to seek a preliminary injunction. Either way, injunctive relief is not proper.

[3] To avoid unnecessarily rehashing arguments, Beth Israel respectfully incorporates its arguments in opposition to Plaintiff's motion to compel. Doc. 65.

Doc. 58. The Court should thus reject Plaintiff's attempt to avoid the discovery process and deny her motion.

Plaintiff also seeks an injunction precluding Beth Israel from destroying records. Doc. 103 at 2. Injunctive relief is improper on this issue, too. As an initial matter, Plaintiff offers only conclusory allegations that Defendants have already "destroyed evidence." Doc. 103 at 3. But all other issues aside, injunctive relief is available only to prevent prospective harm. *Hoop Culture, Inc. v. GAP Inc.*, 648 F. App'x 981, 986 (11th Cir. 2016) ("[P]ast harm is not a basis for preliminary injunctive relief, which requires a showing of likely future injury if an injunction does not issue"). More substantively, Plaintiff has also not shown (and cannot show) that Beth Israel intends to destroy evidence and instead asks the Court to direct Beth Israel to preserve evidence. Beth Israel, however, is already obligated to do so, and Plaintiff is not entitled to an injunction reminding Beth Israel to follow the law. *Howard v. Hart*, No. 3:07-CV-23-JTC, 2007 WL 9710820, at *5 (N.D. Ga. May 30, 2007) ("Directing Defendant essentially to comply with the law is not the proper subject of an injunction."). And even assuming Plaintiff could later show Beth Israel did indeed improperly destroy evidence, her remedy would be spoliation

sanctions.[4] *See Hammond v. 1 Opal, Inc.*, No. 5:19CV547-TKW-MJF, 2019 WL 13199589, at *1 (N.D. Fla. Dec. 9, 2019) (denying request for injunctive relief because the defendant had "a duty to preserve evidence and the Court ha[d] the authority to impose sanctions for violating that duty").

Plaintiff, in sum, has not shown that she is entitled to an injunction, and the Court should reject her request for such relief.

## II.     In Any Event, Personal Jurisdiction Is Lacking.

Even so, "[a] court without personal jurisdiction is powerless to take further action." *Posner v. Essex Ins. Co.*, 178 F.3d 1209, 1214 n.6 (11th Cir. 1999). Thus, a court may not enjoin a party from acting if that party is not subject to personal jurisdiction. *See Greenlight Fin. Tech., Inc. v. Nichols*, No. 1:21-CV-2414-SCJ, 2021 WL 3088976, at *6 (N.D. Ga. July 2, 2021) ("Because this Court lacks personal jurisdiction over Mr. Nichols, and because the injunction entered prior to removal is treated as though it was entered by this Court . . . the injunction must be vacated." (citation and internal quotation marks omitted)).

---

[4] Plaintiff also broadly claims Defendants acted unconstitutionally. *See* Doc. 103 at 2–3. But Plaintiff has not alleged a constitutional claim, identified a constitutional violation, or argued that Beth Israel is a government actor. The Court should thus disregard Plaintiff's assertion.

5

So even if Plaintiff's request for injunctive relief were otherwise proper, Beth Israel is not subject to personal jurisdiction in Georgia. Doc. 55-1 at 4–8; Doc. 55-3 at 3–4. As explained in more detail in Beth Israel's motion to set aside the entry of default against it and its proposed motion to dismiss, Beth Israel (a New York hospital) has virtually no contacts with the State of Georgia. Doc. 55-1 at 6. In any event, Plaintiff premises her claims against Beth Israel on conduct that allegedly occurred in New York and thus bear no relation to Georgia. *Id.* at 6–7; *Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc.*, 593 F.3d 1249, 1267 (11th Cir. 2010) (claims must "arise out of or relate to" a defendant's contacts with a forum state (citation and internal quotation marks omitted)).

## CONCLUSION

The Court should deny Plaintiff's motion for an injunction.

## LOCAL RULE 7.1(D) CERTIFICATE OF COMPLIANCE

Counsel for Mount Sinai Beth Israel certifies that this filing is prepared with one of the font and point selections approved by the Court in Local Rule 5.1(B).

*(Signature on Next Page)*

Respectfully submitted on November 14, 2022.

*/s/ Austin Atkinson*
Tiffany R. Winks
Georgia Bar No. 626413
Austin Atkinson
Georgia Bar No. 935864
HALL BOOTH SMITH, PC
191 Peachtree St. NE
Suite 2900
Atlanta, GA 30303
404-954-5000
twinks@hallboothsmith.com
aatkinson@hallboothsmith.com

## CERTIFICATE OF SERVICE

I hereby certify that I have filed a copy of the foregoing **MOUNT SINAI BETH ISRAEL'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR PERMANENT INJUNCTION** using the Court's CM/ECF system, which will serve counsel of record, and that I served the same on Plaintiff via email at moneill@rahillco.com.

Dated November 14, 2022.

*/s/  Austin Atkinson*
Tiffany R. Winks
Georgia Bar No. 626413
Austin Atkinson
Georgia Bar No. 935864
HALL BOOTH SMITH, PC
191 Peachtree St. NE
Suite 2900
Atlanta, GA 30303
404-954-5000
twinks@hallboothsmith.com
aatkinson@hallboothsmith.com
