IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MAURA O'NEILL,<br><br>Plaintiff,<br>v.<br><br>NYU LANGONE HOSPITALS, NEW YORK- PRESBYTERIAN HOSPITAL QUEENS, LENOX HILL HOSPITAL, GRADY MEMORIAL HOSPITAL CORPORATION, MOUNT SINAI BETH ISRAEL, NORTHSIDE HOSPITAL, INC., COLLEGE PARK POLICE DEPARTMENT,<br><br>Defendants. | CIVIL ACTION FILE NO.:<br>1:22-cv-00011-SEG<br><br> |

**MEMORANDUM OF LAW IN OPPOSITON TO MOTION TO STRIKE**

November 15, 2022

Maura O'Neill
601 King Street, Suite 200-#465
Alexandria, VA 22314
moneill@rahillco.com

Maura O'Neill ("Plaintiff") submits this memorandum of law in opposition to the Motion to Strike filed by New York-Presbyterian Hospital Queens ("NYPQ"). (Docket No. 100).

## INTRODUCTION

Federal Rule of Civil Procedure ("FRCP" or "Rule") 15(a) states, "A party may amend its pleading once as a matter of course within…21 days after service of a motion under Rule 12(b)." *FRCP 15(a)*. Beth Israel Medical Center ("Beth Israel") served its Motion to Dismiss under Rule 12(b) on August 19, 2022. (Docket No. 55-3, Page 1, ¶1). September 9, 2022 was 21 days after August 19, 2022. Plaintiff timely filed her First Amended Complaint ("FAC") on September 9, 2022 (Docket No. 69), 21 days after Beth Israel served its Motion to Dismiss under Rule 12(b).[1]

Case law shows, "where a claim asserted by a plaintiff is against a number of defendants jointly liable for their combined conduct or acts, that to such a claim ' a responsive pleading' is not served until all of the defendants have answered the

---

[1] Plaintiff filed suit against NYU Langone Hospitals ("NYU Langone"), Beth Israel Medical Center ("Beth Israel"), and New York-Presbyterian Hospital Queens, ("NYPQ"), Grady Memorial Hospital Corporation ("Grady") and Northside Hospital, Inc. ("Northside") (together the "Hospital Defendants").

1

claim, not just some of them." Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, 6 Fed. Prac. Proc. Civ. 2d § 1481 (2d ed. 1990); *Pallant v. Sinatra*, 7 F.R.D. 293 (S.D. N.Y. 1945); *Hylton v. Anytime Towing*, CASE NO. 11CV1039 JLS (WMc) (S.D. Cal. Mar. 26, 2012); *Pemrick v. Stracher*, No. 92 CV 959 (CLP) (E.D.N.Y. Nov. 4, 2005). Here, as stated in the Complaint (Docket No. 1), all defendants acted as a RICO enterprise. (Docket No. 1, ¶178-¶195). Thus, as a matter of right, Plaintiff had until the last motion to dismiss pursuant to Rule 12(b)(6) was served by Beth Israel to serve an amended complaint as a right given the Hospital Defendants were jointly liable for the RICO claim. Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, 6 Fed. Prac. Proc. Civ. 2d § 1481 (2d ed. 1990); *Pallant v. Sinatra*, 7 F.R.D. 293 (S.D. N.Y. 1945). Thus, given the Hospital Defendants' joint liability under the RICO statute, Plaintiff's FAC was timely filed against all Hospital Defendants on September 9, 2022, and all Hospital Defendants, except Beth Israel and Northside, failed to timely respond to the FAC.

Despite these facts, on November 1, 2022, NYPQ filed a motion asking this court to strike O'Neill's timely filed FAC, even though O'Neill's FAC was properly filed as a right. (Docket No. 100). Given Plaintiff timely filed her FAC on September 9, 2022 (Docket No. 69), NYPQ's motion to strike should be

dismissed by this court because the motion to strike is procedurally improper given Plaintiff's FAC was properly and timely filed as a right in accordance with Rule 15(a). The court should also note that by failing to respond to Plaintiff's FAC, all Hospital Defendants including NYPQ failed to respond to Counts Four, Five and Six in O'Neill's FAC. (Docket No. 69). Thus, none of the Hospital Defendants motions to dismiss should be granted by this court.

The court should also note that NYPQ's motion to strike also sought to place O'Neill at a substantial and truly unjust disadvantage. Since Beth Israel repeatedly referenced its motion to dismiss (Docket No. 55-3) in its filings (Docket No. 55), by attempting to deprive O'Neill of her rightly filed FAC, NYPQ sought to further strip O'Neill of her rights which is clearly improper and does not serve the interests of justice.

In addition, under Rule 15 (a), a party may amend its complaint without leave of the court after the filing of a motion to dismiss or a motion to strike. *FRCP 15(a)*. Given NYPQ filed a motion to strike, O'Neill will file a Second Amended Complaint ("SAC") under FRCP 15(a).

The Federal Rules adopt a liberal amendment policy. Under Rule 15(a), even when court permission is needed for an amendment, the court "should freely

give leave when justice so requires." FRCP 15(a). In practice, courts may deny leave to make pretrial amendments under Rule 15(a) only for good reason, such as futility. Given amending her complaint will not be futile, O'Neill will also move to amend pursuant to Rule 15(a) and to add new information pursuant to Rule 15(d).

## LEGAL ARGUMENT

### POINT I: DEFEDANTS' HAD RIGHT AND DUTY TO RESOND TO PLAINTIFF'S FAC.

Hospital Defendants had both a right and duty to respond to Plaintiff's amended complaint. FRCP 15(a)(3). Unless the court orders otherwise, the response is due within 14 days after O'Neill served her amended complaint. FRCP 15(a)(3); *Nelson v. Adams USA, Inc.*, 529 U.S. 460, 466, 120 S. Ct. 1579, 146 L. Ed. 2d 530, 46 Fed. R. Serv. 3d 1 (2000). The *right* to respond to an amended complaint is clear, and the Supreme Court has recognized that, under Rule 15 and as a function of due process, defendants must be given a chance to respond to an amended complaint. *Nelson v. Adams USA, Inc.*, 529 U.S. 460, 466–67, 120 S. Ct. 1579, 146 L. Ed. 2d 530, 46 Fed. R. Serv. 3d 1 (2000); *Lucente v. International Business Machines Corp.*, 310 F.3d 243, 260 (2d Cir. 2002); *Wagner v. Choice Home Lending*, 266 F.R.D. 354, 357 (D. Ariz. 2009). Here, Hospital Defendants

4

willfully chose not to respond to O'Neill's FAC, despite the fact O'Neill's amended complaint was timely served within the deadline set by Rule 15.

The Eleventh Circuit has also held that defendants do not simply have a right to respond to amended complaints, but they also have a duty to respond. *Ashley v. Jaipersaud*, 544 Fed. Appx. 827, 829 (11th Cir. 2013). In addition, the Eleventh Circuit held the Eleventh Circuit strictly enforces defendants' duty to respond. *Ashley v. Jaipersaud*, 544 Fed. Appx. 827, 829 (11th Cir. 2013). Here, Hospital Defendants clearly failed to adhere to Eleventh Circuit authority.

### POINT II: PLAINTIFF SHOULD BE ALLOWED TO FILE ANOTHER AMENDED COMPLAINT.

On August 25, 2022, O'Neill served a motion for an extension of time (Docket No. 60) and stated as follow:

> The court should take notice of the fact Plaintiff served a motion to compel each of the hospital Defendants to produce information that The Health Insurance Portability and Accountability Act ("HIPAA") required Defendants to produce, but which each Defendant has failed to produce. Without the information requested in the Motion to Compel, it is worthless for O'Neill to respond to Defendants' motions to dismiss or amend her complaint…given Defendants have failed to comply with HIPAA and send O'Neill the information she requested as described at length in Plaintiff's Motion to Compel.

Hospital Defendants have still failed to comply with HIPAA, and have still failed to send information O'Neill is legally entitled to see under the law as explained at

5

length in prior filings. (Docket No. 58-1, Page 1, ¶2-Page 10, ¶3). Hospital Defendants have falsely claimed that the information HIPAA and state laws plainly state O'Neill has a right to see constitutes "discovery." (Docket Nos. 61, 63, 64, 65). However, Hospital Defendants are clearly lying and fraudulently concealing information from O'Neill.

For example, among other things, 45 CFR § 164.526, gives O'Neill the legal right to amend her medical records. However, as described at length in other filings, Beth Israel and NYU Langone and other Hospital Defendants have fraudulently concealed information from O'Neill by creating two sets of records even though doing so is illegal. (Docket No. 103, Page, 5, ¶1-Page 10, ¶1). As described in prior filings, O'Neill has access to only one set of medical records maintained by Beth Israel and NYU Langone and other Hospital Defendants. (Docket No. 103, Page, 5, ¶1-Page 10, ¶1). Thus, the Hospital Defendants are clearly violating federal statutes by stripping O'Neill of her federally protected rights, including her right to amend her records. 45 CFR § 164.526. Thus, there is

no question that the information O'Neill seeks from Hospital Defendants does not constitute "discovery." (Docket Nos. 61, 63, 64, 65).

Rule 15(a)(2) provides that when a party moves to amend the court "should freely give leave when justice so requires." Applying this flexible standard, one court has stated that "when any defendant appears generally in an action, he is deemed to have made an appearance with the knowledge that amendments are granted liberally and will be allowed and freely given when justice requires it." *Donnelly Garment Co. v. International Ladies' Garment Workers' Union*, 47 F. Supp. 61, 63 (W.D. Mo. 1941).

In addition, plaintiffs should be given the opportunity to amend pursuant to Rule 15(d) when relevant facts the plaintiff could not have known become available after the complaint was filed. Given new information has become available, O'Neill should be afforded an opportunity to amend her complaint.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests the Court **DENY** the motion to strike given it is procedurally improper, and grant such other further relief the Court deems equitable.

## LR 7.1(D) FONT COMPLIANCE CERTIFICATION

The undersigned certifies that the within and foregoing were prepared using Times New Roman 14 point font in accordance with Local Rule 5.1 of the United States District Court for the Northern District of Georgia.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that I have this day caused to be served a true and correct copy of the foregoing by emailing and mailing a copy of the foregoing to each Defendant at the following addresses:

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
Brantley Rowlen, Esq.
24 Drayton Street, Suite 300
Savannah, GA 31401
Telephone: 912.525.4960
E-Mail:  rowlen@lbbslaw.com
E-Mail:  chase.parker@lewisbrisbois.com

**WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**
Parks Kalervo Stone, Esq.
3348 Peachtree Road NE, Suite 1400
Atlanta, GA 30326
Telephone: 470.419.6651
E-Mail: parks.stone@wilsonelser.com

**WATSON SPENCE LLP**
Michael R. Boorman, Esq.
999 Peachtree Road, N.E., Suite 1130
Atlanta, GA 30309
Telephone: 229.436.1545
E-Mail: mboorman@watsonspence.com

**THOMAS KENNEDY SAMPSON & TOMPKINS, LLP**
Jeffrey Emery Tompkins, Esq.
Candance J. Rodgers, Esq.
3355 Main Street
Atlanta, GA 30337
Telephone: 404.688.4503
E-Mail: j.tompkins@tkstlaw.com
E-Mail: c.rodgers@tkstlaw.com

**SCRUDDER, BASS, QUILLIAN, HORLOCK, LAZARUS & ADELE LLP**
Henry E. Scrudder, Jr.
Teddy L. Sutherland
Sophia Welf
900 Circle 75 Parkway, Suite 850
Atlanta, Georgia 30339-3053
Telephone: (770) 612-9200
Facsimile: (770) 612-9201
hscrudder@scrudderbass.com
tsutherland@scrudderbass.com
swelf@scrudderbass.com

**HALL BOOTH SMITH, PC**
Tiffany R. Winks
Georgia Bar No. 626413
Austin Atkinson
Georgia Bar No. 935864
191 Peachtree St. NE
Suite 2900
Atlanta, GA 30303
404-954-5000
twinks@hallboothsmith.com
aatkinson@hallboothsmith.com

Dated: Alexandria, VA
November 15, 2022

Respectfully submitted,

BY: /s/ Maura O'Neill

Maura O'Neill, Plaintiff
601 King Street, Suite 200-#465
Alexandria, VA 22314
moneill@rahillco.com