# UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF GEORGIA
#### 2211 UNITED STATES COURTHOUSE
#### 75 TED TURNER DRIVE, SW
#### ATLANTA, GEORGIA 30303-3361

**KEVIN P. WEIMER**
**DISTRICT COURT EXECUTIVE**
 **AND CLERK OF COURT**

DOCKETING SECTION
**404-215-1655**

April 13, 2023

Clerk of Court
U.S. Court of Appeals, Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, Georgia    30303

       **U.S.D.C. No.: 1:22-cv-11-SEG**
       **U.S.C.A. No.: 00-00000-00**
       **In re:      Maura O'Neill v. NYU Langone Medical Center et al**

      Enclosed are documents regarding an appeal in this matter.   Please acknowledge receipt on the enclosed copy of this letter.

| | |
|---|---|
| **X** | **Certified copies of the Notice of Appeal, Clerk's Judgment, Opinion & Order and Docket Sheet appealed enclosed.** |
|   | This is not the first notice of appeal. Other notices were filed on: . |
| **X** | **There is no transcript.** |
|   | The court reporter is . |
|   | There is sealed material as described below: . |
|   | Other: . |
| **X** | **Fees paid electronically on 4/13/23. (Receipt# 100003000)** |
|   | Appellant has been   leave to proceed *in forma pauperis*. |
|   | This is a bankruptcy appeal.   The Bankruptcy Judge is . |
|   | The Magistrate Judge is . |
| **X** | **The District Judge is Sarah E. Geraghty.** |
|   | This is a **DEATH PENALTY** appeal. |

      Sincerely,

      Kevin P. Weimer
      District Court Executive
      and Clerk of Court

      By: P. McClam
           Deputy Clerk

4months,APPEAL

# U.S. District Court
# Northern District of Georgia (Atlanta)
# CIVIL DOCKET FOR CASE #: <u>1:22–cv–00011–SEG</u>

O'Neill v. NYU Langone Medical Center et al
Assigned to: Judge Sarah E. Geraghty
Cause: 18:1964 Racketeering (RICO) Act

Date Filed: 01/03/2022
Jury Demand: Plaintiff
Nature of Suit: 470 Racketeer/Corrupt Organization
Jurisdiction: Federal Question

**<u>Plaintiff</u>**

**Maura O'Neill**

represented by **Maura O'Neill**
601 King Street, Suite 200, #465
Apt. 1707
Alexandria, VA 22314
PRO SE

V.

**<u>Defendant</u>**

**NYU Langone Medical Center**

represented by **Erika Janae Harris**
Watson Spence LLP
999 Peachtree Street
Suite 1130
Atlanta, GA 30309
678–433–6948
Fax: 229–436–6358
Email: eharris@watsonspence.com
*ATTORNEY TO BE NOTICED*

**Michael R. Boorman**
Watson Spence LLP
999 Peachtree Street, N.E.
Suite 1130
Atlanta, GA 30309
229–436–1545
Email: mboorman@watsonspence.com
*ATTORNEY TO BE NOTICED*

**<u>Defendant</u>**

**New York–Presbyterian Queens**

represented by **Parks Kalervo Stone**
Wilson Elser Moskowitz Edelman & Dicker –Atl
Suite 1400
3348 Peachtree Road NE
Atlanta, GA 30326
470–419–6650
Fax: 470–419–6651

1

Email: parks.stone@wilsonelser.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Lenox Hill Hospital**
*TERMINATED: 10/13/2022*

represented by **Brantley Cole Rowlen**
Lewis, Brisbois, Bisgaard & Smith, LLP
One PPG Place, 28th Floor
Pittsburgh, PA 15222
404–348–8585
Fax: 404–348–8845
Email: rowlen@lbbslaw.com
*ATTORNEY TO BE NOTICED*

**Steven Parker**
Smith, Anderson, Blount, Dorsett,
Mitchell & Jernigan, LLP
150 Fayetteville Street
Suite 2300
Raleigh, NC 27601
919–821–1220
Email: cparker@smithlaw.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Grady Health System**

represented by **Jeffrey Emery Tompkins**
Thomas Kennedy Sampson & Tompkins,
LLP
3355 Main Street
Atlanta, GA 30337
404–688–4503
Email: j.tompkins@tkstlaw.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Mount Sinai Beth Israel**

represented by **Austin Aaron Atkinson**
Hall Booth Smith, P.C. – ATL
Suite 2900
191 Peachtree Street, N.E.
Atlanta, GA 30303–1775
404–954–5000
Email: aatkinson@hallboothsmith.com
*ATTORNEY TO BE NOTICED*

**Tiffany R. Winks**
Hall Booth Smith, P.C. – ATL
Suite 2900
191 Peachtree Street, N.E.
Atlanta, GA 30303–1775
404–954–5000
Fax: 404–954–5020
Email: twinks@hallboothsmith.com

*ATTORNEY TO BE NOTICED*

**Defendant**

**Northside Hospital Forsyth**   represented by   **Henry E. Scrudder , Jr.**
Scrudder, Bass, Quillian, Horlock, Taylor
& Lazarus LLP
Suite 850
900 Circle 75 Parkway, N.W.
Atlanta, GA 30339–3084
770–612–9200
Email: hscrudder@scrudderbass.com
*ATTORNEY TO BE NOTICED*

**Sophia Kathryn Welf**
900 Circle 75 Parkway
Suite 850
Atlanta, GA 30339–3053
770–612–9200
Email: swelf@scrudderbass.com
*ATTORNEY TO BE NOTICED*

**Teddy Lee Sutherland**
Scrudder, Bass, Quillian, Horlock, Taylor
& Lazarus LLP
Suite 850
900 Circle 75 Parkway, NW
Atlanta, GA 30339–3084
770–612–9200
Email: tsutherland@scrudderbass.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**College Park Police Department**
*TERMINATED: 03/14/2023*

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 01/04/2022 | 1 | | COMPLAINT with Jury Demand filed by Maura O'Neill. (Filing fee $402.00, receipt number GAN100135268) (Attachments: # 1 Exhibit – Font Compliance Certification, # 2 Civil Cover Sheet)(eop) Please visit our website at http://www.gand.uscourts.gov/commonly–used–forms to obtain Pretrial Instructions and Pretrial Associated Forms which includes the Consent To Proceed Before U.S. Magistrate form. (Entered: 01/04/2022) |
| 01/26/2022 | 2 | | STANDING ORDER REGARDING CIVIL LITIGATION FOR CASES PROCEEDING BEFORE THE HONORABLE J. P. BOULEE. Signed by Judge J. P. Boulee on 1/26/2022. (cmd) (Entered: 01/27/2022) |
| 01/27/2022 | | | Clerk's Certificate of Mailing as to Maura O'Neill re 2 Standing Order. (cmd) (Entered: 01/27/2022) |

| 02/15/2022 | | NOTICE: Effective immediately, all communications related to cases assigned to Judge Boulee should be directed to 404–215–1410 or CRD_JPB@gand.uscourts.gov. (lwb) (Entered: 02/15/2022) |
|---|---|---|
| 02/15/2022 | | Clerk's Certificate of Mailing re Notice (Other). (lwb) (Entered: 02/15/2022) |
| 04/01/2022 | 3 | Summons Issued as to College Park Police Department. (lwb) (Entered: 04/04/2022) |
| 04/01/2022 | 4 | Summons Issued as to Grady Health System. (lwb) (Entered: 04/04/2022) |
| 04/01/2022 | 5 | Summons Issued as to New York–Presbyterian Queens. (lwb) (Entered: 04/04/2022) |
| 04/01/2022 | 6 | Summons Issued as to Northside Hospital Forsyth. (lwb) (Entered: 04/04/2022) |
| 04/01/2022 | 7 | Summons Issued as to Mount Sinai Beth Israel. (lwb) (Entered: 04/04/2022) |
| 04/01/2022 | 8 | Summons Issued as to Lenox Hill Hospital. (lwb) (Entered: 04/04/2022) |
| 04/01/2022 | 9 | Summons Issued as to NYU Langone Medical Center. (lwb) (Entered: 04/04/2022) |
| 04/15/2022 | 10 | Return of Service Executed by Maura O'Neill. New York–Presbyterian Queens served on 4/4/2022, answer due 4/25/2022. (abm) (Entered: 04/18/2022) |
| 04/15/2022 | 11 | Return of Service Executed by Maura O'Neill. Lenox Hill Hospital served on 4/4/2022, answer due 4/25/2022. (abm) (Entered: 04/18/2022) |
| 04/15/2022 | 12 | Return of Service Executed by Maura O'Neill. NYU Langone Medical Center served on 4/4/2022, answer due 4/25/2022. (abm) (Entered: 04/18/2022) |
| 04/15/2022 | 13 | Return of Service Executed by Maura O'Neill. Mount Sinai Beth Israel served on 4/4/2022, answer due 4/25/2022. (abm) (Entered: 04/18/2022) |
| 04/15/2022 | 14 | Return of Service Executed by Maura O'Neill. Grady Health System served on 4/4/2022, answer due 4/25/2022. (abm) (Entered: 04/18/2022) |
| 04/15/2022 | 15 | Return of Service Executed by Maura O'Neill. Northside Hospital Forsyth served on 4/4/2022, answer due 4/25/2022. (abm) (Entered: 04/18/2022) |
| 04/18/2022 | | Case Reassigned to Judge Sarah E. Geraghty. Judge J. P. Boulee no longer assigned to case. NOTICE TO ALL COUNSEL OF RECORD: The Judge designation in the civil action number assigned to this case has been changed to 1:22–cv–00011–SEG. Please make note of this change in order to facilitate the docketing of pleadings in this case. (abm) (Entered: 04/18/2022) |
| 04/18/2022 | | Clerk's Certificate of Mailing as to Maura O'Neill re Case Reassigned. (abm) (Entered: 04/18/2022) |
| 04/21/2022 | 16 | MOTION to Dismiss for Failure to State a Claim *and Motion for Prefiling Screening Requirement* with Brief In Support by NYU Langone Medical Center. (Attachments: # 1 Brief)(Boorman, Michael) Modified on 4/21/2022 to edit docket text (cavc). (Entered: 04/21/2022) |
| 04/21/2022 | 17 | Corporate Disclosure Statement by Lenox Hill Hospital. (Attachments: # 1 Exhibit Affidavit of Mark A Gloade)(Parker, Steven) (Entered: 04/21/2022) |

| 04/21/2022 | 18 | | Corporate Disclosure Statement by Lenox Hill Hospital. (Attachments: # 1 Exhibit Affidavit of Mark A Gloade, # 2 Exhibit Motion to Dismiss)(Parker, Steven) (Entered: 04/21/2022) |
|---|---|---|---|
| 04/21/2022 | 19 | | Corporate Disclosure Statement by Lenox Hill Hospital.(Parker, Steven) (Entered: 04/21/2022) |
| 04/21/2022 | 20 | | MOTION to Dismiss for Failure to State a Claim by Lenox Hill Hospital. (Attachments: # 1 Exhibit Affidavit of Mark A Gloade)(Parker, Steven) Modified on 4/22/2022 to edit docket text (cavc). (Entered: 04/21/2022) |
| 04/21/2022 | 21 | | NOTICE of Appearance by Brantley Cole Rowlen on behalf of Lenox Hill Hospital (Parker, Steven) Appearing counsel corrected on 6/27/2022 (sap). (Entered: 04/21/2022) |
| 04/22/2022 | 22 | | (DUPLICATE DOCUMENT OF 21 ) NOTICE of Appearance by Brantley Cole Rowlen on behalf of Lenox Hill Hospital (Rowlen, Brantley) Modified on 6/27/2022 (sap). (Entered: 04/22/2022) |
| 04/22/2022 | | | Notification of Docket Correction re 22 Notice of Appearance: Duplicate document of 22 notice. (sap) (Entered: 06/27/2022) |
| 04/25/2022 | 23 | | MOTION to Dismiss with Brief In Support by New York–Presbyterian Queens. (Attachments: # 1 Brief in Support of its Motion To Dismiss, # 2 Exhibit Exhibit 1: Declaration In Support of Motion To Dismiss(Executed Affidavit of Parks K. Stone with Declaration of Vanessa M. Murphy, Esq.))(Stone, Parks) (Entered: 04/25/2022) |
| 04/25/2022 | 24 | | MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM by Grady Health System. (Attachments: # 1 Brief in Support of Defendant Grady Memorial Hospital Corporation's Motion to Dismiss)(Tompkins, Jeffrey) (Entered: 04/25/2022) |
| 05/04/2022 | 25 | | STANDING ORDER REGARDING CIVIL LITIGATION. Signed by Judge Sarah E. Geraghty on 5/4/2022. (sap) (Entered: 05/04/2022) |
| 05/05/2022 | 26 | | MOTION for Extension of Time to File Opposing Papers re 16 , 20 , 23 , 24 and Amended Complaint by Maura O'Neill. (cavc) (Entered: 05/06/2022) |
| 05/05/2022 | 27 | | CERTIFICATE of Compliance by Maura O'Neill (cavc) (Entered: 05/06/2022) |
| 05/05/2022 | 28 | | CERTIFICATE OF SERVICE filed by Maura O'Neill (cavc) (Entered: 05/06/2022) |
| 05/06/2022 | 29 | | NOTICE of Appearance by Erika Janae Harris on behalf of NYU Langone Medical Center (Harris, Erika) (Entered: 05/06/2022) |
| 05/06/2022 | 30 | | CERTIFICATE OF SERVICE by NYU Langone Medical Center.(Boorman, Michael) (Entered: 05/06/2022) |
| 05/12/2022 | | | Clerk's Certificate of Mailing as to Maura O'Neill re 25 Standing Order Regarding Civil Litigation. (sap) (Entered: 05/12/2022) |
| 05/16/2022 | 31 | | RESPONSE re 26 MOTION for Extension of Time to File Answer re 1 Complaint, filed by New York–Presbyterian Queens. (Stone, Parks) (Entered: 05/16/2022) |

| 05/16/2022 | 32 | | Certificate of Interested Persons by New York–Presbyterian Queens. (Stone, Parks) (Entered: 05/16/2022) |
|---|---|---|---|
| 05/17/2022 | 33 | | RESPONSE re 26 MOTION for Extension of Time to File Answer re 1 Complaint, filed by NYU Langone Medical Center. (Boorman, Michael) (Entered: 05/17/2022) |
| 05/17/2022 | 34 | | RESPONSE re 26 MOTION for Extension of Time to File Answer re 1 Complaint, filed by Grady Health System. (Tompkins, Jeffrey) (Entered: 05/17/2022) |
| 06/06/2022 | 35 | | REPLY to Response to Motion re 26 MOTION for Extension of Time to File Answer re 1 Complaint, filed by Maura O'Neill. (rsg) (Entered: 06/07/2022) |
| 06/07/2022 | 36 | | MOTION to Stay *Proceedings* with Brief In Support by NYU Langone Medical Center. (Attachments: # 1 Text of Proposed Order)(Harris, Erika) Modified on 7/5/2022 (sap). (Entered: 06/07/2022) |
| 06/09/2022 | | | Submission of 26 MOTION for Extension of Time to File Opposing Papers to District Judge Sarah E. Geraghty. (sap) (Entered: 06/09/2022) |
| 06/09/2022 | 37 | | CERTIFICATE OF SERVICE by NYU Langone Medical Center.(Harris, Erika) (Entered: 06/09/2022) |
| 06/10/2022 | 38 | | MOTION for Clerks Entry of Default by Maura O'Neill. (rsg) (Additional attachment(s) added on 6/22/2022: # 1 Font Compliance Certification) (adg). (Entered: 06/13/2022) |
| 06/22/2022 | 39 | | RESPONSE re 38 MOTION for Clerks Entry of Default filed by NYU Langone Medical Center. (Attachments: # 1 Exhibit A – 05.06.22 service)(Harris, Erika) (Entered: 06/22/2022) |
| 07/05/2022 | | | Submission of 36 MOTION to Stay *Proceedings* to District Judge Sarah E. Geraghty. (sap) (Entered: 07/05/2022) |
| 07/05/2022 | 40 | | Certificate of Interested Persons and Corporate Disclosure Statement by Maura O'Neill. (rsg) (Entered: 07/07/2022) |
| 07/05/2022 | 41 | | RESPONSE in Opposition re 36 Joint MOTION to Stay *Proceedings* filed by Maura O'Neill. (rsg) (Entered: 07/07/2022) |
| 07/20/2022 | 42 | | ORDER summarizing the rulings in this order as follows: O'Neill's motion for an extension of time to respond to the pending motions to dismiss is GRANTED IN PART. (Doc. 26 .) O'Neill SHALL HAVE until August 8, 2022, to file her responses to the motions to dismiss (Doc. 16, 20, 23, 24). The hospital defendants'motion to stay certain case deadlines pending this Court's ruling on their motions to dismiss is GRANTED IN PART. (Doc. 36 .) The requirements for the parties to conduct the Rule 26(f) early planning conference, file the Joint Preliminary Report and Discovery Plan, and exchange initial disclosures are STAYED pending the Court's ruling on the pending motions to dismiss. The deadline for the parties to complete the Rule 26(f) early planning conference is STAYED until 16 days after the Court issues its ruling on the pending motions to dismiss. The deadline for the parties to serve their initial disclosures and file the Joint Preliminary Report and Discovery Plan is STAYED until 30 days after the Court issues its ruling on the pending motions to dismiss. Defendants Grady Health System and NYU Langone |

| | | | |
|---|---|---|---|
| | | | Medical Center are ORDERED to file their certificates of interested persons and corporate disclosure statements within 7 days of the entry date of this order. O'Neill's motion for the Clerk's entry of default is GRANTED IN PART. (Doc. 38 .) The Clerk is DIRECTED to enter default as to Mount Sinai Beth Israel and Northside Hospital Forsyth. The motion for entry of default as to NYU Langone Medical Center is DENIED. O'Neill is ORDERED to SHOW CAUSE by August 8, 2022, why her claims against College Park Police Department should not be dismissed without prejudice pursuant to Rule 4(m). Signed by Judge Sarah E. Geraghty on 07/20/2022. (rsg) (Entered: 07/20/2022) |
| 07/20/2022 | | | SET ASIDE PER 112 ORDER Clerks Entry of Default as to Mount Sinai Beth Israel, Northside Hospital Forsyth. (rsg) Modified on 3/14/2023 (ane). (Entered: 07/20/2022) |
| 07/20/2022 | | | Clerk's Certificate of Mailing as to Maura O'Neill re 42 Order on Motions, Clerks Entry of Default. (rsg) (Entered: 07/20/2022) |
| 07/21/2022 | 44 | | NOTICE Of Filing Stipulation Regarding Service by Email by Maura O'Neill. (rsg) (Entered: 07/22/2022) |
| 07/22/2022 | 43 | | Certificate of Interested Persons and Corporate Disclosure Statement by NYU Langone Medical Center identifying Other Affiliate NYU Langone Health System for NYU Langone Medical Center. (Boorman, Michael) (Entered: 07/22/2022) |
| 07/22/2022 | 45 | | Notice for Leave of Absence for the following date(s): Aug 24–29, 2022 Sept. 30, 2022, Oct. 3–4, 2022, Nov. 9–15 and 28–29, 2022, Dec. 21–23, 2022, by Jeffrey Emery Tompkins. (Tompkins, Jeffrey) (Entered: 07/22/2022) |
| 07/26/2022 | 46 | | Certificate of Interested Persons by Grady Health System. (Tompkins, Jeffrey) (Entered: 07/26/2022) |
| 08/04/2022 | 47 | | NOTICE of Appearance by Tiffany R. Winks on behalf of Mount Sinai Beth Israel (Winks, Tiffany) (Entered: 08/04/2022) |
| 08/04/2022 | 48 | | NOTICE of Appearance by Austin Aaron Atkinson on behalf of Mount Sinai Beth Israel (Atkinson, Austin) (Entered: 08/04/2022) |
| 08/05/2022 | 49 | | Mail Returned as Undeliverable. Marked as: RTS No Mail Receptacle. Mail sent to Maura O' Neill re 42 Order on Motions. (rsg) (Entered: 08/08/2022) |
| 08/09/2022 | 50 | | MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM with Brief In Support by Northside Hospital Forsyth. (Attachments: # 1 Brief Memo of Law in Support of Motion to Dismiss, # 2 Exhibit Exhibit 1, # 3 Exhibit Exhibit 2)(Scrudder, Henry) (Entered: 08/09/2022) |
| 08/09/2022 | 51 | | MOTION to Set Aside Clerk's Entry of Default with Brief In Support by Northside Hospital Forsyth. (Attachments: # 1 Brief Defendant Northside Hospital, Inc.'s Memo in Support of Motion to Set Aside Default, # 2 Exhibit Exhibit 1, # 3 Exhibit Exhibit 2)(Scrudder, Henry) Modified on 8/10/2022 to edit motion relief. (aaq). (Entered: 08/09/2022) |
| 08/09/2022 | 52 | | Certificate of Interested Persons and Corporate Disclosure Statement by Northside Hospital Forsyth identifying Corporate Parent Northside Health Services, Inc. for Northside Hospital Forsyth. (Scrudder, Henry) (Entered: 08/09/2022) |

| 08/10/2022 | 53 | | NOTICE of Appearance by Teddy Lee Sutherland on behalf of Northside Hospital Forsyth (Sutherland, Teddy) (Entered: 08/10/2022) |
| 08/10/2022 | 54 | | NOTICE of Appearance by Sophia Kathryn Welf on behalf of Northside Hospital Forsyth (Welf, Sophia) (Entered: 08/10/2022) |
| 08/19/2022 | 55 | | MOTION to Set Aside Default with Brief In Support by Mount Sinai Beth Israel. (Attachments: # 1 Brief, # 2 Exhibit A – Affidavit of Deborah Korzenik, # 3 Exhibit Motion to Dismiss and Brief in Support)(Atkinson, Austin) (Entered: 08/19/2022) |
| 08/25/2022 | 56 | | NOTICE of Change of Address for Maura O'Neill (ane) (Entered: 08/26/2022) |
| 08/25/2022 | 57 | | Stipulation Regarding Service by Maura O'Neill. (ane) (Entered: 08/26/2022) |
| 08/25/2022 | 58 | | MOTION to Compel by Maura O'Neill. (Attachments: # 1 Memorandum of Law in Support, # 2 Affidavit In Support)(ane) (Entered: 08/26/2022) |
| 08/29/2022 | 59 | | RESPONSE in Opposition to 51 Motion to Set Aside Clerk's Entry of Default filed by Maura O'Neill. (ane) (Entered: 08/30/2022) |
| 08/29/2022 | 60 | | MOTION to Extend Time by Maura O'Neill. (ane) (Entered: 08/30/2022) |
| 08/31/2022 | 61 | | RESPONSE re 58 MOTION to Compel filed by NYU Langone Medical Center. (Harris, Erika) (Entered: 08/31/2022) |
| 08/31/2022 | 62 | | CERTIFICATE OF SERVICE filed by Mount Sinai Beth Israel (Atkinson, Austin) (Entered: 08/31/2022) |
| 09/08/2022 | 63 | | RESPONSE in Opposition re 58 MOTION to Compel filed by Northside Hospital Forsyth. (Sutherland, Teddy) (Entered: 09/08/2022) |
| 09/08/2022 | 64 | | RESPONSE in Opposition re 58 MOTION to Compel filed by Grady Health System. (Tompkins, Jeffrey) (Entered: 09/08/2022) |
| 09/08/2022 | 65 | | RESPONSE in Opposition re 58 MOTION to Compel filed by Mount Sinai Beth Israel. (Atkinson, Austin) (Entered: 09/08/2022) |
| 09/08/2022 | 66 | | Certificate of Interested Persons And Corporate Disclosure Statement by Mount Sinai Beth Israel. (Atkinson, Austin) Modified text on 9/13/2022 (ane). (Entered: 09/08/2022) |
| 09/09/2022 | 67 | | ORDER granting in part and denying in part O'Neill's 60 Motion for Extension of Time. O'Neill shall have until October 11, 2022, to file her responses to the pending motions to dismiss. Her request to extend the time to file an amended complaint as a matter of course under Rule 15 is DENIED. Signed by Judge Sarah E. Geraghty on 9/9/2022. (ane) (Entered: 09/12/2022) |
| 09/09/2022 | 68 | | STIPULATION Regarding Service by Maura O'Neill. (ane) (Entered: 09/12/2022) |
| 09/09/2022 | 69 | | STRUCK PER 112 ORDER NOTICE Of Filing Proposed First Amended Complaint by Maura O'Neill (ane) Modified on 3/14/2023 (ane). (Entered: 09/12/2022) |
| 09/12/2022 | | | Clerk's Certificate of Mailing as to Maura O'Neill re 67 Order. (ane) (Entered: 09/12/2022) |

| 09/12/2022 | 70 | | REPLY BRIEF re 51 Motion to Set Aside Clerk's Entry of Default filed by Northside Hospital Forsyth. (Sutherland, Teddy) (Entered: 09/12/2022) |
|---|---|---|---|
| 09/13/2022 | | | Submission of 51 Motion to Set Aside Clerk's Entry of Default as to Northside Hospital Forsyth, and 55 MOTION to Set Aside Default as to Mount Sinai Beth Israel to District Judge Sarah E. Geraghty. (sap) (Entered: 09/13/2022) |
| 09/20/2022 | 71 | | RESPONSE re 58 MOTION to Compel filed by New York–Presbyterian Queens. (Stone, Parks) (Entered: 09/20/2022) |
| 09/21/2022 | 72 | | NOTICE of Intent to Reply in Support of 55 MOTION to Set Aside Default *as Necessary* by Mount Sinai Beth Israel (Atkinson, Austin) Modified on text on 9/22/2022 (ane). (Entered: 09/21/2022) |
| 09/26/2022 | 73 | | RESPONSE in Support of 58 MOTION to Compel filed by Maura O'Neill. (rsg) Modified on 11/17/2022 (sap). (Entered: 09/27/2022) |
| 09/26/2022 | 74 | | RESPONSE in Opposition to 55 MOTION to Set Aside Default filed by Maura O'Neill. (rsg) Modified on 11/17/2022 (sap). (Entered: 10/03/2022) |
| 10/06/2022 | 75 | | RESPONSE re 72 NOTICE of Intent to Reply in Support of 55 MOTION to Set Aside Default as Necessary, filed by Maura O'Neill. (rsg) (Entered: 10/07/2022) |
| 10/06/2022 | 76 | | MOTION for Extension of Time to File a Response re: 24 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM , by Maura O'Neill. (rsg) (Entered: 10/07/2022) |
| 10/06/2022 | 77 | | MOTION for Extension of Time to File a Response re: 23 and 50 Motions to Dismiss by Maura O'Neill. (rsg) Modified on 11/17/2022 (sap). (Entered: 10/07/2022) |
| 10/06/2022 | 78 | | MOTION for Extension of Time to File a Response re: 16 Motion to Dismiss for Failure to State a Claim, by Maura O'Neill. (rsg) (Entered: 10/07/2022) |
| 10/06/2022 | 79 | | MOTION for Hearing re 55 MOTION to Set Aside Default , 51 Motion to Set Aside Clerk's Entry of Default, MOTION for Issuance of Subpoena, by Maura O'Neill. (Attachments: # 1 Exhibit A – Affidavit of Jason Garmon, # 2 Exhibit B – Subpoena)(rsg) (Entered: 10/07/2022) |
| 10/07/2022 | 80 | | ORDER granting 78 Motion for Extension of Time. Plaintiff will have until October 18, 2022 to submit opposing papers to the 16 Motion to Dismiss filed by NYU Langone Hospitals. Signed by Judge Sarah E. Geraghty on 10/7/2022. (ane) Modified on 11/17/2022 (sap). (Entered: 10/07/2022) |
| 10/07/2022 | 81 | | ORDER granting 77 Motion for Extension of Time. Plaintiff will have until October 18, 2022 to submit opposing papers to the 23 and 50 Motions to Dismiss filed by Northside Hospital, Inc. and New York–Presbyterian Queens. Signed by Judge Sarah E. Geraghty on 10/7/2022. (ane) Modified on 11/17/2022 (sap). (Entered: 10/07/2022) |
| 10/07/2022 | 82 | | ORDER granting 76 Motion for Extension of Time. Plaintiff will have until October 18, 2022 to submit opposing papers to the 24 Motion to Dismiss filed by Grady Memorial Hospital Corporation. Signed by Judge Sarah E. Geraghty on 10/7/2022. (ane) Modified on 11/17/2022 (sap). (Entered: 10/07/2022) |
| 10/07/2022 | | | |

| | | | |
|---|---|---|---|
| | | | Clerk's Certificate of Mailing as to Maura O'Neill re <u>80</u> Order, <u>81</u> Order, <u>82</u> Order. (ane) (Entered: 10/07/2022) |
| 10/07/2022 | <u>83</u> | | MOTION for Clarification by Mount Sinai Beth Israel. (Atkinson, Austin) (Entered: 10/07/2022) |
| 10/10/2022 | <u>84</u> | | REPLY to Response to Motion re <u>55</u> MOTION to Set Aside Default filed by Mount Sinai Beth Israel. (Atkinson, Austin) (Entered: 10/10/2022) |
| 10/10/2022 | <u>85</u> | | Notice for Leave of Absence for the following date(s): November 28–30, 2022, December 22–23, 2022, January 3–6 and January 9–10, 2023, March 6–15, 2023, April 20–25, 2023 by Jeffrey E. Tompkins. (Sellers, Tiffany) Modified on 12/7/2022 (sap). (Entered: 10/10/2022) |
| 10/11/2022 | <u>86</u> | | MOTION for Permanent Injunction against Grady Memorial Hospital Corporation and all Northside Hospital, Inc. and MOTION for Hearing by Maura O'Neill. (rsg) (Entered: 10/11/2022) |
| 10/11/2022 | <u>87</u> | | Emergency MOTION to Enjoin and Hearing Request by Maura O'Neill. (Attachments: # <u>1</u> Memorandum of Law In Support, # <u>2</u> Text of Proposed Order)(ane) (Entered: 10/12/2022) |
| 10/11/2022 | <u>88</u> | | Notice of Voluntary Dismissal as to Lenox Hill Hospital pursuant to FRCP 41.a.1.i by Maura O'Neill (ane) (Entered: 10/12/2022) |
| 10/12/2022 | | | Submission of <u>88</u> Notice of Voluntary Dismissal, to District Judge Sarah E. Geraghty. (ane) (Entered: 10/12/2022) |
| 10/13/2022 | <u>89</u> | | Clerk's Entry of Dismissal APPROVING <u>88</u> Notice of Voluntary Dismissal as to Lenox Hill Hospital pursuant to Fed.R.Civ.P.41(a)(1)(A)(i) (ane) (Entered: 10/13/2022) |
| 10/13/2022 | | | Clerk's Certificate of Mailing as to Maura O'Neill re <u>89</u> Clerks Entry of Dismissal. (ane) (Entered: 10/13/2022) |
| 10/18/2022 | <u>90</u> | | RESPONSE in Opposition to <u>50</u> MOTION TO DISMISS From Northside Hospital, Inc. filed by Maura O'Neill. (ane) Modified on 11/17/2022 (sap). (Entered: 10/19/2022) |
| 10/18/2022 | <u>91</u> | | RESPONSE in Opposition to <u>24</u> MOTION TO DISMISS from Grady Memorial Hospital Corporation filed by Maura O'Neill. (ane) Modified on 11/17/2022 (sap). (Entered: 10/19/2022) |
| 10/18/2022 | <u>92</u> | | RESPONSE in Opposition to NYU Langone Hospitals' <u>16</u> Motion to Dismiss filed by Maura O'Neill. (ane) Modified on 11/17/2022 (sap). (Entered: 10/19/2022) |
| 10/18/2022 | <u>93</u> | | RESPONSE in Opposition to New York Presbyterian Hospital Queen's <u>23</u> MOTION to Dismiss filed by Maura O'Neill. (ane) Modified on 11/17/2022 (sap). (Entered: 10/19/2022) |
| 10/20/2022 | | | Submission of <u>58</u> MOTION to Compel to District Judge Sarah E. Geraghty. (sap) (Entered: 10/20/2022) |
| 10/20/2022 | <u>94</u> | | RESPONSE re <u>79</u> MOTION for Hearing and MOTION for Issuance of Subpoena by Northside Hospital Forsyth. (Sutherland, Teddy) Modified on 10/20/2022 to correct filing relationship (tas). Modified on 11/17/2022 to |

| | | | |
|---|---|---|---|
| | | | correct filer (sap). (Entered: 10/20/2022) |
| 10/20/2022 | 95 | | RESPONSE in Opposition re 79 MOTION for Hearing re 55 MOTION to Set Aside Default , 51 Motion to Set Aside Clerk's Entry of Default MOTION for Issuance of Subpoena filed by Mount Sinai Beth Israel. (Atkinson, Austin) (Entered: 10/20/2022) |
| 10/25/2022 | 96 | | RESPONSE in Opposition re 86 MOTION for Permanent Injunction MOTION for Hearing, 87 MOTION for Permanent Injunction MOTION for Hearing filed by Grady Health System. (Tompkins, Jeffrey) (Entered: 10/25/2022) |
| 10/25/2022 | 97 | | RESPONSE re 87 MOTION for Permanent Injunction MOTION for Hearing filed by Northside Hospital Forsyth. (Scrudder, Henry) (Entered: 10/25/2022) |
| 10/31/2022 | 103 | | Emergency MOTION for Permanent Injunction and Hearing Request by Maura O'Neill. (ane) (Entered: 11/02/2022) |
| 11/01/2022 | 98 | | REPLY BRIEF re 16 Motion to Dismiss for Failure to State a Claim filed by NYU Langone Medical Center. (Boorman, Michael) (Entered: 11/01/2022) |
| 11/01/2022 | 99 | | REPLY BRIEF re 50 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM filed by Northside Hospital Forsyth. (Sutherland, Teddy) (Entered: 11/01/2022) |
| 11/01/2022 | 100 | | MOTION to Strike *The Amended Complaint* by New York–Presbyterian Queens. (Stone, Parks) (Entered: 11/01/2022) |
| 11/01/2022 | 101 | | REPLY BRIEF re 23 MOTION to Dismiss filed by New York–Presbyterian Queens. (Stone, Parks) Modified on 11/17/2022 (sap). (Entered: 11/01/2022) |
| 11/01/2022 | 102 | | REPLY BRIEF re 24 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM filed by Grady Health System. (Tompkins, Jeffrey) (Entered: 11/01/2022) |
| 11/04/2022 | 104 | | REPLY BRIEF of 79 MOTION for Hearing and Subpoena filed by Maura O'Neill. (ane) Modified on 11/17/2022 (sap). (Entered: 11/07/2022) |
| 11/14/2022 | 105 | | RESPONSE re 103 MOTION for Permanent Injunction MOTION for Hearing filed by NYU Langone Medical Center. (Boorman, Michael) (Entered: 11/14/2022) |
| 11/14/2022 | 106 | | RESPONSE in Opposition re 103 MOTION for Permanent Injunction MOTION for Hearing filed by Mount Sinai Beth Israel. (Atkinson, Austin) (Entered: 11/14/2022) |
| 11/17/2022 | | | Submission of 16 Motion to Dismiss for Failure to State a Claim, 23 MOTION to Dismiss, 24 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM, 50 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM, 79 MOTION for Hearing, 83 MOTION for Clarification (No response filed), 86 MOTION for Permanent Injunction, and 87 MOTION for Permanent Injunction to District Judge Sarah E. Geraghty. (sap) (Entered: 11/17/2022) |
| 11/17/2022 | 107 | | REPLY in Support re 86 and 103 MOTIONS for Permanent Injunction and for Hearing filed by Maura O'Neill. (rsg) Modified on 11/21/2022 (sap). (Entered: 11/18/2022) |
| 11/17/2022 | 108 | | |

| | | | |
|---|---|---|---|
| | | | REPLY in Support re <u>87</u> Emergency MOTION to Enjoin and Hearing Request filed by Maura O'Neill. (rsg) Modified on 11/21/2022 (sap). (Entered: 11/18/2022) |
| 11/21/2022 | | | Submission of <u>100</u> MOTION to Strike The Amended Complaint (No response filed), and <u>103</u> MOTION for Permanent Injunction and for Hearing to District Judge Sarah E. Geraghty. (sap) (Entered: 11/21/2022) |
| 11/21/2022 | <u>109</u> | | RESPONSE in Opposition to <u>100</u> MOTION to Strike *The Amended Complaint* filed by Maura O'Neill. (rsg) Modified on 11/23/2022 (sap). (Entered: 11/22/2022) |
| 11/30/2022 | <u>110</u> | | RESPONSE re <u>103</u> MOTION for Permanent Injunction MOTION for Hearing filed by New York–Presbyterian Queens. (Stone, Parks) (Entered: 11/30/2022) |
| 12/02/2022 | <u>111</u> | | Memorandum of Law in Further Support of <u>103</u> Motion to Enjoin filed by Maura O'Neill. (ane) (Entered: 12/05/2022) |
| 03/14/2023 | <u>112</u> | | ORDER: College Park Police Department is DISMISSED WITHOUT PREJUDICE pursuant to Rule 4(m). New York–Presbyterian's <u>100</u> motion to strike the amended complaint is GRANTED. The Clerk is DIRECTED to STRIKE the <u>69</u> amended complaint from the record. Beth Israel's <u>55</u> motion to set aside the Clerks entry of default is GRANTED. The Clerk is DIRECTED to SET ASIDE the default that was entered as to Beth Israel on July 20, 2022, and to file Beth Israels motion to dismiss (Doc. 55−3) as of the date of this order. Plaintiff shall have until April 18, 2023, to file any response to the motion to dismiss and Beth Israel shall have until April 25, 2023, to file any reply. Beth Israel's motion for clarification is GRANTED. Plaintiff's <u>79</u> motion for an evidentiary hearing and issuance of a subpoena to process server Jason Garmon is DENIED. Northside's <u>51</u> motion to set aside the Clerks entry of default is GRANTED. The Clerk is DIRECTED to SET ASIDE the default that was entered as to Northside on July 20, 2022. NYU Langone and New York–Presbyterian's <u>16</u> , <u>23</u> motions to dismiss for lack of personal jurisdiction are GRANTED. NYU Langone and New York– Presbyterian are DISMISSED WITHOUT PREJUDICE. Their motions to dismiss for failure to state a claim are DENIED AS MOOT. NYU Langone's motion for a prescreening requirement is DENIED. Grady's <u>24</u> motion to dismiss the complaint for failure to state a claim is GRANTED. The Court must afford Plaintiff an opportunity to amend her complaint. Any amended complaint must be filed by April 4, 2023, and it must comply with the instructions set forth in this order. Northside's <u>50</u> motion to dismiss for insufficient service is GRANTED. The claims against Northside are DISMISSED WITHOUT PREJUDICE. Northside's motion to dismiss pursuant to Federal Rule 12(b)(6) for failure to state a claim is DENIED. Plaintiff's <u>58</u> motion to compel is DENIED AS PREMATURE. Plaintiff's <u>86</u> , <u>87</u> , <u>103</u> , motions for permanent injunction and motions for an evidentiary hearing are DENIED. Signed by Judge Sarah E. Geraghty on 3/14/2023. (ane) (Entered: 03/14/2023) |
| 03/14/2023 | <u>113</u> | | MOTION to Dismiss with Brief In Support by Mount Sinai Beth Israel. (ane) (Entered: 03/14/2023) |
| 03/14/2023 | | | Clerk's Certificate of Mailing as to Maura O'Neill re <u>112</u> Order. (ane) (Entered: 03/14/2023) |
| 03/31/2023 | <u>114</u> | | |

| | | | MOTION for Extension of Time to File an Amended Complaint by Maura O'Neill. (Attachments: # 1 Text of Proposed Order)(rsg) (Entered: 04/03/2023) |
|---|---|---|---|
| 04/10/2023 | 115 | | MOTION for Leave of Absence for the following date(s): May 22–26, 2023; May 30–June 8, 2023; August 31–September 6, 2023; November 15–21, 2023; and November 27–29, 2023 by Jeffrey Emery Tompkins. (Attachments: # 1 Text of Proposed Order Proposed Order)(Tompkins, Jeffrey) Modified on 4/11/2023 to add motion (ane). (Entered: 04/10/2023) |
| 04/13/2023 | 116 | | ORDER granting 115 Motion for Leave of Absence by Jeffrey Tompkins. IT IS ORDERED that this Court will excuse Mr. Tompkins from any need to make a personal appearance before the Court for the above–stated time period. However, counsel is not relieved from the filing deadlines for any briefs, motions, or other pleadings. Signed by Judge Sarah E. Geraghty on 4/12/2023. (ane) (Entered: 04/13/2023) |
| 04/13/2023 | | | Clerk's Certificate of Mailing as to Maura O'Neill re 116 Order. (ane) (Entered: 04/13/2023) |
| 04/13/2023 | 117 | | NOTICE OF APPEAL as to 112 Order on Motion to Dismiss for Failure to State a Claim, Order on Motion to Set Aside Default, Order on Motion to Compel, Order on Motion for Hearing, Order on Motion for Issuance of Subpoena, Order on Motion for Clarification, Order on Motion for Permanent Injunction, Order on Motion to Strike, by Maura O'Neill. Filing fee $ 505.00, receipt number 100003000. (pjm) (Entered: 04/13/2023) |
| 04/13/2023 | 118 | | USCA Appeal Transmission Letter to USCA– 11th Circuit re: 117 Notice of Appeal, filed by Maura O'Neill. (pjm) (Entered: 04/13/2023) |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MAURA O'NEILL, | CIVIL ACTION NO. |
| Plaintiff, | 1:22-CV-0011-SEG |
| v. | |
| NYU LANGONE MEDICAL CENTER, NEW YORK-PRESBYTERIAN QUEENS, LENOX HILL HOSPITAL, GRADY HEALTH SYSTEM, MOUNT SINAI BETH ISRAEL, NORTHSIDE HOSPITAL FORSYTH, and COLLEGE PARK POLICE DEPARTMENT, | |
| Defendants. | |

**O R D E R**

Plaintiff Maura O'Neill filed this lawsuit on January 4, 2022, against

Defendants NYU Langone Medical Center, New York-Presbyterian Queens,

Lenox Hill Hospital, Grady Health System, Mount Sinai Beth Israel,

Northside Hospital Forsyth, and College Park Police Department. (Doc. 1.)

She brings claims of common law fraud against the defendant hospitals,

alleging they falsified her medical records, failed to provide her with medical

care, and worked to "aid and abet a sex trafficking operation" after she was

allegedly sexually assaulted on several occasions by a former co-worker,

Christopher Wilder.  Plaintiff further alleges that all defendants were acting in concert with Wilder and others in an enterprise to protect both Wilder's reputation and that of her former employer, Deutsche Bank Securities, Inc., in violation of the federal RICO statute, 18 U.S.C. § 1962(c).

This matter is before the Court on motions to dismiss filed by four of the hospital defendants (Doc. 16, 23, 24, 50), motions to set aside default filed by two of the hospital defendants (Doc. 51, 55), and motions for injunction filed by Plaintiff.  (Doc. 86, 87, 103.)  Plaintiff has also filed three requests for hearings on the various motions (Doc. 79, 87, 103) and a motion to compel (Doc. 58).  There is also a pending motion for clarification (Doc. 83) and a motion to strike (Doc. 100).

## I.    Procedural Background

The complaint was filed on January 4, 2022.  (Doc. 1.)  Both federal question and diversity jurisdiction are alleged.  (*Id*. at 14, Compl. ¶¶ 38, 39.)  The complaint also alleges that because there is subject matter jurisdiction over the federal RICO claim, the Court has supplemental jurisdiction over the state law claims for fraud.  (*Id*. at 14, Compl. ¶ 39.)

The complaint brings claims against seven defendants, six of which are hospitals.  Plaintiff filed proof of service as to the six hospital defendants.[1] (Doc. 10-15.)  Three of the hospital defendants – NYU Langone Medical Center ("NYU Langone"), New York-Presbyterian Queens ("New York-Presbyterian"), and Grady Health System ("Grady") – filed motions to dismiss.  (Doc. 16, 23, 24.)  On July 20, 2022, the Clerk entered default as to two other hospital defendants, Mount Sinai Beth Israel ("Beth Israel") and Northside Hospital Forsyth ("Northside").  (Doc. 42.)  Beth Israel and Northside have since filed motions to set aside the entry of default.  (Doc. 51, 55.)  Beth Israel has provided a motion to dismiss that it requests the Court deem filed if default is set aside. (Doc. 55-3.)  Northside also filed a motion to dismiss, but as a separate docket entry.  (Doc. 50.)

Plaintiff moved for the Clerk's entry of default as to NYU Langone. (Doc. 38.)  She sought the entry of default as a sanction for NYU Langone's failure to properly serve its motion to dismiss on her.   NYU Langone rectified the service issue, and the Court afforded Plaintiff an extension of time to

---

[1] On October 11, 2022, Plaintiff voluntarily dismissed her claims against Lenox Hill Hospital.  (Doc. 89.)  The Clerk approved that notice of voluntary dismissal and terminated Lenox Hill Hospital as a defendant.

respond to the motion to dismiss.  The motion for the Clerk's entry of default as to NYU Langone was accordingly denied. (Doc. 42.)

Plaintiff and NYU Langone subsequently filed a stipulation regarding service in which they agreed to accept service of all documents in the case by email.[2]  (Doc. 57.)  Plaintiff and Beth Israel filed a similar stipulation on September 9, 2022.  (Doc. 68.)  On October 7, 2022, Beth Israel filed a motion seeking "an order clarifying all future response deadlines" after a disagreement arose concerning Beth Israel's deadline to file its reply in support of its motion to set aside the entry of default.  (Doc. 83.)  This confusion arose because of the delay between service of Plaintiff's response and the filing of the response by the Clerk.  The motion states that all defendants join in this request for clarification.  (*Id.* at 3.)

On September 9, 2022, Plaintiff filed an amended complaint which the Clerk construed as a "Notice of Filing Proposed First Amended Complaint." (Doc. 69.)  New York-Presbyterian moved to strike the amended complaint, arguing that it was filed without leave of court.  (Doc. 100.)

---

[2] As a *pro se* litigant, Plaintiff is not permitted to electronically file documents or to receive documents from the Court's electronic filing system. *See* Standing Order No. 19-01 ("Pro se litigants who are not attorneys in good standing admitted to the Bar of this Court must file all documents with the Court in paper form.")

On October 6, 2022, Plaintiff filed a motion requesting a hearing on the pending motions to set aside default. (Doc. 79.) She also requested the issuance of a subpoena to a process server, Jason Garmon, to appear at the hearing. (*Id*.) A few days later, Plaintiff filed two, identical motions seeking permanent injunctions and hearings on her injunction requests. (Doc. 86, 87.) These motions seek to enjoin Grady and Northside from engaging in certain acts, including but not limited to, withholding Plaintiff's medical records. Plaintiff filed a third motion for permanent injunction and hearing on October 31, 2022. (Doc. 103.) This motion seeks a similar injunction against the other hospital defendants – NYU Langone, New York-Presbyterian, and Beth Israel.

## II.    Status of Defendant College Park Police Department

In addition to suing six hospitals, Plaintiff also sued the College Park Police Department. There is no indication on the docket that College Park Police Department has ever been served with the complaint. On July 20, 2022, the Court issued an order directing Plaintiff to show cause why her claims against College Park Police Department should not be dismissed without prejudice for failure to serve the complaint within the time prescribed by Federal Rule of Civil Procedure 4(m). (Doc. 42.) This Rule provides that "[i]f a defendant is not served within 90 days after the

complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time."  Plaintiff has neither responded to the show cause order nor filed proof of service as to College Park Police Department.  The Court therefore DISMISSES College Park Police Department WITHOUT PREJUDICE pursuant to Rule 4(m).  The Clerk is DIRECTED to terminate College Park Police Department as a defendant.

## III.   New York-Presbyterian's Motion to Strike the Amended Complaint (Doc. 100)

On September 9, 2022, Plaintiff filed an amended complaint.  (Doc. 69.)  New York-Presbyterian moved to strike it as being filed without consent or leave of court.  (Doc. 100.)  At issue is whether Plaintiff timely filed her amended complaint "as a matter of course" under Federal Rule of Civil Procedure 15(a)(1).  That rule states:

(1) Amending as a Matter of Course.  A party may amend its pleadings once as a matter of course within:

(A) 21 days after serving it; or

(B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

6

Here, many months passed between the time Plaintiff filed and served her original complaint and the date on which she filed her amended complaint. Since amendment under Rule 15(a)(1)(A) was not timely, she could only amend as a matter of course if she satisfied Rule 15(a)(1)(B). New York-Presbyterian argues that she does not satisfy this rule.

Plaintiff filed a response in opposition to the motion to strike, arguing that her time to amend the complaint as a matter of course under Rule 15(a)(1)(B) did not expire until Beth Israel served its motion to dismiss. (Doc. 109 at 2-3.) She bases this argument on decisions from outside of this circuit that hold that when a claim, such as Plaintiff's federal RICO claim, seeks to hold multiple defendants jointly liable, a responsive pleading is not deemed to have been served to the complaint until all of the defendants have answered.[3] In this Circuit, however, the rule is that "[i]f the case has more than one defendant, and not all have filed responsive pleadings, the plaintiff may amend the complaint as a matter of course with regard to those

---

[3] *See, e.g., Pallant v. Sinatra*, 7 F.R.D. 293, 300 (S.D.N.Y. 1945) ("I am of the opinion that where a claim asserted by a plaintiff is against a number of defendants jointly liable for their combined conduct or acts, that to such a claim 'a responsive pleading' is not served until all of the defendants have answered the claim, not just some of them.")

defendants that have yet to answer." *Williams v. Bd. of Regents of Univ. Sys. Of Ga.*, 477 F.3d 1282, 1291 (11th Cir. 2007).[4]

Here, applying *Williams*, Plaintiff could not amend as a matter of course with respect to New York-Presbyterian, NYU Langone, or Grady, all of which filed motions to dismiss in April 2022, months before Plaintiff filed her amended complaint.  (Doc. 16, 23, 24.)  The amended complaint was thus improper as to the three defendants listed above.  *See, e.g., United States v. Dermatology & Skin Cancer Prevention Ctr., Inc.*, No. 1:12-cv-0184-SCJ, 2013 WL 12109763, at *2 (N.D. Ga. Apr. 11, 2013) (finding that a plaintiff improperly filed an amended complaint without leave because the time for matter-of-right amendments had expired against some though not all defendants); *Lipscomb v. Cronic*, No. 2:11-CV-78-RWS, 2011 WL 6755198, *4 (N.D. Ga. Dec. 22, 2011) (stating that a plaintiff's amended complaint was not "timely as an amendment as a matter of right" and that plaintiff needed

---

[4] *Williams* appears to be good law despite intervening amendment to Rule 15. *United States v. Dermatology & Skin Cancer Prevention Ctr., Inc.*, No. 1:12-cv-0184-SCJ, 2013 WL 12109763, at *2 (N.D. Ga. Apr. 11, 2013) ("While Rule 15(a), as amended on March 26, 2009, now provides a twenty-one day window following the filing of either a responsive pleading or a Rule 12(b) motion for a matter of course amendment, *Williams's* logic still applies.").

leave of court to file an amended complaint, where the time for matter-of-course amendment had passed as to some but not all defendants).

!        Where a plaintiff no longer has the right to amend as a matter of course, the plaintiff is required to obtain either the written consent of the defendants or leave from the court before filing an amended complaint. Fed. R. Civ. P. 15(a)(2).  The Court has not granted such leave, and there is no indication that the defendants consented to the filing of the amended complaint.  Accordingly, the Court GRANTS New York-Presbyterian's motion to strike the amended complaint.  (Doc. 100).  The Clerk is DIRECTED to STRIKE the amended complaint from the record.[5]  (Doc. 69.)

---

[5] The Court has considered that the time for leave to amend as a matter of course with respect to Beth Israel and Northside had not yet passed when Plaintiff filed her amended complaint.  (Both had the Clerk's entry of default entered against them at the time).  In cases in which the time to amend as a matter of course has expired as to some but not all defendants (as occurred here), courts have sometimes permitted the amendment to proceed against some but not all defendants.  *See, e.g., Jenkins v. McCalla Raymer, LLC*, No. 110CV03732CAPAJB, 2011 WL 13318714 (N.D. Ga. Jan. 19, 2011) (finding that plaintiffs improperly filed the amended complaint "as a matter of course" as to three defendants, concluding that the amended complaint would not apply to these defendants, but allowing the amended complaint to proceed as to other defendants).  Here, however, the Court considers that it would create a procedural muddle to permit the amended complaint, but to deem it inapplicable to nearly all defendants.  *See Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) (stating that a district court has inherent authority to manage its own docket to achieve the orderly and expeditious disposition of cases).  In this case, the

9

## IV.    Factual Background

### A. General Allegations

Plaintiff claims that she worked at Deutsche Bank Securities, Inc. ("Deutsche Bank") in New York from 2004 to 2007.  During this period, she alleges that she was sexually harassed by Christopher Wilder, a co-worker. (Doc. 1 at 4, Compl. ¶ 10.)  She further alleges that her employment was terminated in May 2007 after Wilder issued a "she goes or I go" ultimatum to Deutsche Bank.  (*Id*., Compl. ¶ 11.)

Plaintiff alleges that she began working at Lehman Brothers as an investment banker in June 2007.  Wilder allegedly began to stalk Plaintiff and told others that he intended to drug and rape her.  (*Id*. at 5, Compl. ¶¶ 12, 13.)  Plaintiff alleges that on January 6, 2017, Wilder broke into her home and sexually assaulted her.  (*Id*. at 5, Compl. ¶ 15.)   He also allegedly sexually assaulted her on July 28, 2017.  (*Id*. at 17, Compl. ¶ 47.)

Plaintiff alleges that Wilder has engaged in various activities to cover up these alleged assaults, including setting up fake social media and email accounts in her name to support a false impression that they had a

---

better approach is to grant the motion to strike and to give Plaintiff leave to amend.  The Court does both in this order.

relationship.  (*Id*. at 6, Compl. ¶ 17.)  She further alleges that both Wilder and Deutsche Bank have attempted to discredit O'Neill by falsely claiming that Plaintiff experiences a mental health condition.  (*Id*. at 9, 11, 12, Compl. ¶¶ 25, 30, 31.)  According to Plaintiff, several hospitals and their staff members have aided and abetted Wilder by including erroneous information in her medical records, not collecting urine samples to include in her rape kits and failing to run the correct tests on the samples they collected. (*Id*. at 12-13, Compl. ¶¶ 33, 34, 35.)

**B.  Allegations Against NYU Langone**

Plaintiff alleges that she went to NYU Langone for a rape kit. (*Id*. at 50, Compl. ¶ 155.)  It is unclear from the complaint when this event occurred. She further alleges that NYU Langone "failed to run the right tests on the urine samples" she provided, and that as a result, the New York Police Department "closed criminal cases under entirely false pretenses."  (*Id*. at 51-52, Compl. ¶¶ 159, 161.)

**C. Allegations against New York-Presbyterian**

Plaintiff alleges that on December 31, 2017, she woke up feeling nauseous and, after seeing her primary care provider, was diagnosed with a urinary tract infection.  (*Id*. at 28, Compl. ¶ 90.)  She called a toxicologist who advised her to send a urine sample for testing because her symptoms "fit

those of someone who was recovering from the effects of anesthesia." (*Id*. at 29, Compl. ¶ 91.)  On January 1, 2018, Plaintiff went to New York-Presbyterian for testing to determine if she had been given a "rape drug." She alleges that hospital staff falsified a medical record to make it appear as though Plaintiff had a relationship with Wilder.  (*Id*. at 30, Compl. ¶ 94.)

### D. Allegations against Grady

Plaintiff alleges that on January 24, 2018, she flew from New York to Georgia to start work as the chief financial officer of a Georgia company.  (*Id*. at 34, Compl. ¶ 107.)  She alleges that on February 5, 2018, Wilder drugged and sexually assaulted her at an Embassy Suites hotel in Atlanta.  Plaintiff then went to Grady Hospital on February 6, 2018, for a rape kit.  (*Id*. at 35, Compl. ¶ 111.)  Grady allegedly refused to take a urine sample.  (*Id*. at 35, Compl. ¶ 113.)

### E. Allegations against Beth Israel

Plaintiff alleges that the keys to her apartment were stolen on December 9, 2017.  When she went to sleep around 1:00 AM, she was alone in the apartment and the doors were locked.  "She awoke a few hours later with pelvic pain and pain in her toe from where a needle had been inserted."  (*Id*. at 23, Compl. ¶ 69.)   She went to Beth Israel that day for a rape kit.  (*Id*. at 23, Compl. ¶ 70.)  Plaintiff alleges that "agents of Wilder" gave staff at Beth

12

Israel information about her, including that she had sex with Wilder and another man on December 9, 2017.  (*Id*. at 23, Compl. ¶¶ 71, 72.)   Plaintiff further states that she went to Beth Israel in February 2018 following the alleged assault at the Embassy Suites hotel.  (*Id*. at 35, Compl. ¶ 112.)

### F. Allegations against Northside Hospital

Plaintiff alleges that on January 24, 2018, the same day that she flew from New York to Georgia, Wilder stalked her to Georgia and drugged her with opiates.  (*Id*. at 34, Compl. ¶ 107.)  She then went to Northside Hospital for treatment.  (*Id*. at 34, Compl. ¶¶ 107, 108.)  Plaintiff alleges that Northside Hospital Forsyth is "vicariously liable for the intentional torts of Wilder and his agents."  (*Id*. at 54, Compl. ¶ 175.)

### V.   Motions to Set Aside Default (Doc. 51, 55)

Northside and Beth Israel filed motions to set aside the Clerk's entry of default.  (Doc. 51, 55.)  Plaintiff filed a response in opposition to each motion (Doc. 59, 74), and Defendants filed reply briefs (Doc. 70, 84).

### A. Legal Standard

Defaults are viewed with disfavor, and there is a "strong policy of determining cases on their merits."  *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003).  Federal Rule of Civil Procedure 55(c) provides that the Court may set aside an entry of default for "good cause." What

13

constitutes "good cause" is not subject to a precise formula and varies from case to case. *Compania Interamericana Export-Import v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996).  Among other things, the Court may consider (1) whether the party has a meritorious defense, (2) how promptly the party acted to cure the default, (3) whether the default was willful, and (4) whether the non-defaulting party would be prejudiced. *Id.* at 951.  Ultimately, the "district court may set aside an entry of default only if the defaulting party can provide a good reason for the district court to do so." *African Methodist Episcopal Church, Inc. v. Ward*, 185 F.3d 1201, 1202 (11th Cir. 1999).

### B. Beth Israel's Motion to Set Aside Default

Beth Israel has moved to set aside the Clerk's entry of default based on improper service.  (Doc. 55.)   The relevant affidavit of service filed by Plaintiff states that a person named Frite Fils-aime was served at Mt. Sinai Beth Israel, 281 First Avenue, New York City on April 4, 2022. (Doc. 13.) Beth Israel states that Mr. Fils-aime is a security guard who was on duty at the hospital entrance.  (Doc. 55-1 at 2.)  It explains that it implemented a process during the COVID-19 pandemic allowing security guards to receive service and to deliver the documents to the hospital's risk management department.  That department then emailed a copy of the documents to the

14

in-house legal department for the Mount Sinai Health System, of which Beth Israel is part.  (*Id*. at 2-3.)  Due to what Beth Israel characterizes as an "internal misunderstanding," the service documents in this case were not forwarded to the proper division for handling.  (*Id*. at 3.)

Beth Israel contends that default should be set aside for four reasons: (1) this Court lacks personal jurisdiction over it; (2) there is good cause to set aside the default because it "did not willfully disregard its obligation to appear, and it immediately sought to remedy the issue after learning about the entry of default" (*id*. at 9);  (3) it has a meritorious defense to Plaintiff's claims; and (4) setting aside default would not prejudice Plaintiff.  (*Id*. at 11.)

Plaintiff opposes setting aside default, stating, among other things, that Beth Israel's explanation about its internal misunderstanding "is not reasonable and clearly dishonest."  (Doc. 74 at 4.)  She claims that its failure to appear was willful because it had been colluding with Wilder's agents in June and July 2022 to violate HIPAA [the Health Insurance Portability and Accountability Act of 1996] to harm her; thus, it was aware of the lawsuit before the Clerk entered default on July 20, 2022.  (*Id*.)   She argues that

15

setting aside the default will cause "substantial prejudice" to her, but she

does not explain why.[6] (*Id.* at 5.)

---

[6] During briefing on the motion, confusion arose between the parties concerning their response and reply deadlines. The parties have stipulated to electronic service of documents, but as a *pro se* litigant, Plaintiff cannot file her documents using the Court's electronic filing system.  Beth Israel filed a motion requesting that the Court issue an order clarifying all future response deadlines. (Doc. 83.)

The motion for clarification is GRANTED insofar as it can be.  Local Rule 7.1(B), NDGa, states that "[a]ny party opposing a motion shall serve the party's response . . . not later than fourteen (14) days after *service* of the motion. . ." (emphasis added).  A party's response deadline is easily discernable in cases in which both sides are represented by counsel because the date of electronic *filing* and the date of electronic *service* are the same.  In *pro se* cases, however, there is sometimes a gap between the date on which a *pro se* party *serves* another party with a document, and the date on which the same document is *filed* with the Clerk.  The applicable local rule is admittedly confusing as applied to cases involving *pro se* litigants.

Beth Israel wants the Court to order that, going forward, all response times will run from the date of docketing, rather than from the date of service.  The problem is that while the undersigned undoubtedly has authority to waive a local rule, *Segment Consulting Mgmt., Ltd. v. Bliss Nutraceticals, LLC*, No. 1:20-CV-1837-TWT, 2022 WL 252309 (N.D. Ga. Jan. 27, 2022), it is not clear that it can alter this local rule or do so for the life of a particular case.  Considering the foregoing, the best the Court can do is to direct the parties to either file a motion or to contact the Courtroom Deputy Clerk for assistance in the event of future disagreement regarding deadlines.  The matter will be promptly addressed by the Court.

For good measure, the Court further clarifies that a document is considered filed when it is delivered to the Clerk.  Fed. R. Civ. P. 5(d)(2)(B).  *See also Morales v. Astrue*, No. 8:09–cv–1068–T–27TBM, 2009 WL 3697990, at *1 (M.D. Fla. Nov. 3, 2009).  In contrast, e-mailing a document to the opposing party or the Courtroom Deputy Clerk does not constitute "filing" of that document.

The Court finds that there is good cause to vacate the Clerk's entry of default against Beth Israel because Beth Israel has satisfied the good cause criteria set forth above.  *See Compania Interamericana Export-Import*, 88 F.3d at 95.  First, the failure to timely answer Plaintiff's complaint was clearly not willful.  Beth Israel states that due to the global COVID-19 pandemic, it instituted a new procedure whereby a security officer at the hospital entrance accepted service of process.  This new procedure of forwarding the service documents to the appropriate department broke down in this case when an employee in one of the departments started a period of paid time off.  One department mistakenly thought the documents had been forwarded to another, and neither was aware that the documents had not reached the appropriate department.  Under these circumstances, the Court cannot find willfulness.

Beth Israel further promptly moved to set aside default when the failure to answer was discovered.  It has also shown that it has a meritorious defense to Plaintiff's claims.  "[T]o establish a meritorious defense, the moving party must make an affirmative showing of a defense that is likely to be successful."  *In re Worldwide*, 328 F.3d at 1296 (internal quotation omitted).  Beth Israel has submitted a proposed motion to dismiss that it asks the Court to deem filed if default is set aside.  (Doc. 55-3.)  This motion raises

the defenses of lack of personal jurisdiction, statute of limitations, and Plaintiff's purported failure to plead her fraud claim with particularity as required by Federal Rule of Civil Procedure 9.  The Court notes that Beth Israel is in New York, and that Plaintiff alleges that she sought treatment there on December 10, 2017, over four years before she filed her complaint, whereas the statute of limitations for Plaintiff's fraud and RICO claims is four years.  Beth Israel has meritorious defenses for purposes of Rule 55(c).

Although Plaintiff argues that granting Beth Israel's motion to set aside the default would prejudice her, she fails to explain how.  The case is still in the early stages.  The parties' discovery obligations have been stayed pending adjudication of the other defendants' motions to dismiss.  As such, setting aside default will not lead to "discovery difficulties" as Plaintiff alleges.  The absence of any demonstrative prejudice weighs in favor of setting aside default.

The Court accordingly finds good cause to set aside the default.  Beth Israel's motion is GRANTED.  The Clerk is DIRECTED to SET ASIDE the default that was entered as to Beth Israel on July 20, 2022, and to file Beth Israel's motion to dismiss (Doc. 55-3) as of the date of this order.  Plaintiff shall have until April 18, 2023, to file any response to the motion to dismiss and Beth Israel shall have until April 25, 2023, to file any reply.

18

## C. Northside's Motion to Set Aside Default

Northside asks the Court to set aside default because Plaintiff failed to properly serve it with the complaint.  The affidavit of service on Northside states that the process server, Jason Garmon, served "Cheryl Pruitt, Secretary, Admin Office" at 200 Northside Forsyth Drive in Cumming, Georgia with the summons, complaint, and civil cover sheet on April 4, 2022. (Doc. 15.)  Northside argues that this service was insufficient because Ms. Pruitt is not authorized to accept service on Northside's behalf.  (Doc. 51-1 at 2.)  Northside has provided an affidavit from Ms. Pruitt in which she declares that she does not recollect being served with the summons and complaint, does not have authority to accept service on Northside's behalf, and has never accepted service of a lawsuit on Northside's behalf.  (Doc. 51-2 at 3.)  A second affidavit, from Madison Radake, an executive assistant at Northside, declares that Ms. Pruitt "has never been authorized to accept service of legal process on behalf of Northside Hospital, Inc."  (Doc. 51-3 at 3.)

Plaintiff argues in response that her process server, Mr. Garmon, is "willing to testify at a hearing that Pruitt stated she had authority to accept the summons, complaint, and civil cover sheet to initiate this action." (Doc. 59 at 3.)  She further argues that the fact Ms. Pruitt is a secretary does not, by

itself, mean that service was improper.  (*Id*. at 7.)  She also contends that Northside does not have a meritorious defense.  (*Id*. at 10.)

An examination of Northside's brief and the record shows that Northside easily satisfies the Rule 55 good cause criteria discussed above.  It credibly alleges that it never received service, and that it cannot have been "willful" in failing to respond to a complaint that it did not receive.  But even if it had been properly served, good cause for setting aside default would still exist.  Northside took prompt action to address the Clerk's entry of default after it became apprised of it.  And Northside clearly wishes to defend against this lawsuit.  *See, e.g., Woodbury v. Sears, Roebuck & Co.*, 152 F.R.D. 229, 237 (M.D. Fla. 1993) ("[T]he drastic remedy of a default judgment should not be resorted to where a party has made a clear intent to defend."); *see also* 2007 Advisory Committee Notes to Fed. R. Civ. P. 55(a) (stating that "[a]cts that show an intent to defend have frequently prevented a default").[7]

---

[7] Plaintiff requested an evidentiary hearing on Northside's motion to set aside default.  (Doc. 79.)  The Court is certainly empowered to hold such a hearing.  *DIRECTV, Inc. v. Carlson*, No. 1:03CV831-T, 2004 WL 1809917, at *3 (M.D. Ala. Aug. 4, 2004).  However, no such hearing is required, and none is necessary here for the reasons discussed above.  Additionally, the parties have presented notarized affidavits from all the witnesses Plaintiff contends should testify, except Emily Rohrer.  Ms. Rohrer is a medical records representative at Northside who Plaintiff alleges lied to her and failed to respond to her June 2022 letters.  (Doc. 104 at 10.)  Plaintiff wants her to testify so that she can impeach her concerning violations of HIPAA and state

20

In further support of its motion to set aside default, Northside shows that it has meritorious defenses to Plaintiff's claims.  In its motion to dismiss (Doc. 50), it asks the Court to find that service against it has been insufficient.  It further urges the Court to find that Plaintiff's claims are time-barred and do not satisfy the heightened pleadings standards for fraud claims.  The motion to dismiss is sufficient to establish that Northside has meritorious defenses to this action for purposes of Rule 55(c).

Finally, the Court finds that Plaintiff will not be prejudiced by setting aside the default.  She has not moved for default judgment, and no default judgment has been entered.  Discovery has not begun, and any discovery-related obligations will remain stayed pending adjudication of Beth Israel's motion to dismiss.  *See, e.g., McDaniels v. EquityExperts.Org, LLC*, No. 1:18-CV-3535-TCB-JCF, 2019 WL 3526505, at *2 (N.D. Ga. May 14, 2019) (finding

---

laws.  (*Id.* at 11.)  The testimony of Mr. Rohrer, therefore, would have no bearing on the issue of service on Northside.  Testimony from Mr. Garmon as to what Ms. Pruitt may have told him is also irrelevant to the Rule 55 analysis.  The Court DENIES Plaintiff's motion for an evidentiary hearing and issuance of a subpoena to Mr. Garmon.  (Doc. 79.)

Plaintiff's motion also requested an evidentiary hearing on Beth Israel's motion to set aside default.  Because Plaintiff's only proposed witness has already submitted an affidavit (Doc. 55-2) and Plaintiff has not sufficiently explained how live testimony would meaningfully assist the Rule 55 analysis, the motion is therefore also denied to the extent that it seeks an evidentiary hearing on Beth Israel's motion to set aside default.

that there was no prejudice to the plaintiff in setting aside the entry of default where a motion for default judgment had been filed but no evidentiary hearing on the motion had yet been held).

For the foregoing reasons, the Court finds good cause to set aside the default.  Northside's motion is GRANTED.  The Clerk is DIRECTED to SET ASIDE the default that was entered as to Northside on July 20, 2022.

## VI.    Motions to Dismiss (Doc. 16, 23, 24, 50)

Plaintiff brings claims of common law fraud against the New York hospitals (NYU Langone, Beth Israel, and New York-Presbyterian) (Count 1) and the Georgia hospitals (Grady and Northside) (Count 2).  She also brings a federal civil RICO claim against all defendants under 18 U.S.C. § 1962(c) (Count 3).  In Count 3, she alleges that the defendants were associated with a "Predator-Protection Enterprise" whose purpose "was to protect Wilder and D[eutsche] B[ank's] reputation, prevent negative public disclosures about Wilder, the Bank, and D[eutsche] B[ank]'s former employees' criminal acts, and discredit those who might accuse Deutsche Bank and the Bank's former employees of wrongdoing or expose that wrongdoing." (*Id*. at 55-56, Compl. ¶ 180.)  She seeks compensatory damages and punitive damages, as well as her fees, costs, and expenses.  (*Id*. at 60.)

22

The defendants filed motions to dismiss, four of which are before the
Court.  (Doc. 16, 23, 24, 50.)  Some of the defendants' arguments for dismissal
are common across the respective motions.  In the interest of judicial
efficiency, the Court organizes its discussion of the motions by topic below.

### A.  Failure to Allege Sufficient Basis for Personal Jurisdiction

NYU Langone and New York-Presbyterian have both moved to dismiss
the complaint for lack of personal jurisdiction. (Doc. 16, 23.)  The Eleventh
Circuit has stated:

> The determination of personal jurisdiction over a nonresident
> defendant requires a two-part analysis. First, we consider the
> jurisdictional question under the state long-arm statute. If there
> is a basis for the assertion of personal jurisdiction under the state
> statute, we next determine whether sufficient minimum contacts
> exist to satisfy the Due Process Clause of the Fourteenth
> Amendment so that "maintenance of the suit does not offend
> 'traditional notions of fair play and substantial justice.'"
> *International Shoe Co. v. Washington*, 326 U.S. 310. 316, 66 S.Ct.
> 154. 158, 90 L.Ed. 95 (1945) (quoting *Milliken v. Meyer*, 311 U.S.
> 457, 463, 61 S.Ct. 339, 342, 85 L.Ed. 278 (1940)). Only if both
> prongs of the analysis are satisfied may a federal or state court
> exercise personal jurisdiction over a nonresident defendant.

*Madara v. Hall*, 916 F.2d 1510, 1514 (11th Cir. 1990) (citations omitted).

It is incumbent upon Plaintiff to allege facts in her pleadings that show
jurisdiction.  *McNutt v. Gen. Motors Acceptance Corp. of Indiana*, 298 U.S.
178, 182 (1936).  *See also United Techs. Corp. v. Mazer,* 556 F.3d 1260, 1274
(11th Cir. 2009) ("A plaintiff seeking the exercise of personal jurisdiction over

a nonresident defendant bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction.")  Fed. R. Civ. P. 8(a)(1) (requiring a complaint to include a "short and plain statement of the grounds for the court's jurisdiction").

"Where, as here, a defendant moves to dismiss a complaint for lack of personal jurisdiction, the court analyzes the claim under a three-step burden-shifting process."  *Diulus v. Am. Express Travel Related Svcs. Co., Inc.*, 823 F. App'x 843, 848 (11th Cir. 2020).  First, the plaintiff has the initial burden of alleging sufficient facts in the complaint to make out a prima facie case of jurisdiction.  Second, where the complaint alleges sufficient facts and the defendant submits affidavits challenging jurisdiction, the burden shifts back to the plaintiff to produce competent evidence in support of her jurisdictional claims.  Third, where the plaintiff's complaint and supporting evidence conflict with the defendant's affidavit evidence, the Court must construe all reasonable inferences in favor of the plaintiff.  *Id.*

### 1.  Jurisdiction Under Georgia's Long-Arm Statute (State Law Claims)

New York Langone and New York-Presbyterian argue that there is no basis for the assertion of personal jurisdiction under Georgia's long-arm statute.  Georgia's long-arm statute provides for personal jurisdiction over

24

"any nonresident . . . as if he or she were a resident of this state, if in person

or through an agent, he or she:

    (1)    Transacts any business within this state;

    (2)    Commits a tortious act or omission within this state, except
            as to a cause of action for defamation of character arising
            from the act;

    (3)    Commits a tortious injury in this state caused by an act or
            omission outside this state if the tort feasor regularly does
            or solicits business, or engages in any other persistent
            course of conduct, or derives substantial revenue from
            goods used or consumed or services rendered in this state."

O.C.G.A. § 9-10-91.[8]

A review of the complaint shows that Plaintiff has not met her initial

burden to show that either of the New York hospitals transacted business in

Georgia, committed a tortious act or omission in Georgia, or committed a

tortious injury in this state caused by an act or omission outside the state.

The complaint states that NYU Langone "is a health care organization

located in New York" with six inpatient locations in New York.  (Doc. 1 at 2,

Compl. ¶ 2.)  Plaintiff alleges that she went to NYU Langone for a rape kit.

---

[8] *Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc.,* 593 F.3d 1249,
1263 (11th Cir. 2010) ("[C]ourts must apply the specific limitations and
requirements of O.C.G.A. § 9-10-91 literally and must engage in a statutory
examination that is independent of, and distinct from, the constitutional
analysis to ensure that both, separate prongs of the jurisdictional inquiry are
satisfied.")

(Doc. 1 at 50, Compl. ¶ 155.)  She also alleges that NYU Langone did not run certain tests on her urine sample and has refused to provide her with her medical records.  As for New York Presbyterian, the complaint states that it "is a healthcare organization located at 56-45 Main Street, Flushing, NY 11355." (Doc. 1 at 2, Compl ¶ 5.)  Plaintiff alleges that she visited New York Presbyterian on January 1, 2018 "for testing."  (*Id*. at 29-30, Compl. ¶ 92, 93.)  None of these allegations come close to showing a plausible factual basis for personal jurisdiction under the long-arm statute.

In response to the motions to dismiss for personal jurisdiction, Plaintiff has submitted a spreadsheet that she created which purports to show certain clinical research studies that NYU Langone and New York-Presbyterian have conducted in Georgia.  (Doc. 92 at 31, Doc. 93 at 31.)  Plaintiff contends that this spreadsheet shows that NYU Langone and New York-Presbyterian transact business in Georgia.  The problem for Plaintiff is that she is not permitted to assert her basis for personal jurisdiction in a response brief.  It must appear in her complaint.  Having failed plausibly to assert facts showing personal jurisdiction, Plaintiff has not met her burden in step one of the three-step burden shifting process. Accordingly, neither NYU Langone nor New York-Presbyterian was required to submit rebuttal affidavit evidence to challenge jurisdiction.  *See Carmouche v. Carnival Corp.*, 36 F.

Supp. 3d 1335, 1388 (S.D. Fla. 2014) ("*Once* the plaintiff pleads sufficient material facts to form a basis for *in personam* jurisdiction, the burden shifts to the defendant to challenge plaintiff's allegations by affidavits or other pleadings") (emphasis supplied). [9]

Because the Court has found that the exercise of personal jurisdiction under the Georgia long-arm statute would be inappropriate, it need not determine whether the assertion of personal jurisdiction would comport with due process. *See Life Univ., Inc. v. Brain Synergy Inst., LLC*, No. 1:13-cv-1741-SCJ, 2014 WL 12543916, at * 4 (N.D. Ga. Feb. 7, 2014) ("[T]he Court finds that Defendants are not subject to personal jurisdiction under the Georgia Long-Arm statute. It is, therefore, unnecessary to proceed to step two of the analysis and determine whether personal jurisdiction would comport with federal due process.")

### 2. Jurisdiction Pursuant to the Federal RICO Statute's Nationwide Service of Process Provision

Plaintiff has asserted a federal RICO claim against all defendants (Count 3). New York-Presbyterian argues that the RICO allegations are

---

[9] The Court further notes that Plaintiff's spreadsheet contains unidentified source material and hearsay.

insufficient to support personal jurisdiction pursuant to the nationwide service provision of the federal RICO statute.  The Court agrees.

The RICO statute contains a nationwide service of process provision. 18 U.S.C. § 1965(d). "When a federal statute provides for nationwide service of process, it becomes the statutory basis for personal jurisdiction." *Republic of Panama v. BCCI Holdings (Luxembourg) S.A.*, 119 F.3d 935, 942 (11th Cir. 1997).  However, "[p]rior to determining whether a plaintiff may take advantage of RICO's nationwide service of process, the Court must first be satisfied that the plaintiff's allegations give rise to a 'colorable federal claim.'" *Identity Stonghold, LLC v. Zeidner*, No. 8:16-cv-0868-MSS-AAS, 2017 WL 11616431, at *6 (M.D. Fla. Mar. 27, 2017) (quoting *Republic of Panama v. BCCI Holdings (Luxembourg) S.A.*, 119 F.3d 935, 941-42 (11th Cir. 1997)). *See also Courboin v. Scott*, 596 F. App'x 729, 733 (11th Cir. 2014) ("whether a basis exists for exercising personal jurisdiction under RICO depends on whether Courboin has stated a colorable RICO claim").

"To state a claim under RICO a plaintiff must allege each of the following four elements: '(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity.'" *Durham v. Bus. Mgmt. Assocs.,* 847 F.2d 1505, 1511 (11th Cir. 1988) (quoting *Sedima S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 (1985)).  Furthermore, because RICO claims are a type of fraud claim,

they must be pled with specificity under Rule 9(b).  *Ambrosia Coal & Constr.*

*Co. v. Pages Morales*, 482 F.3d 1309, 1316 (11th Cir. 2007).

Plaintiff's complaint fails to plausibly allege a RICO claim for several

reasons.  First, Plaintiff fails to allege facts showing the existence of an

enterprise.  "As the existence of an enterprise is a central element of a

RICO claim, it must be pled with specificity under Rule 9(b)."  *Almanza v.*

*United Airlines, Inc.*, 162 F. Supp. 3d 1341, 1353 (S.D. Ga. 2016) (internal

quotation omitted).  Here, the complaint makes only a conclusory allegation

that the defendants were engaged in a "Predator-Protection Enterprise"

whose purpose "was to protect Wilder's and D[eutsche] B[ank]'s reputation,

prevent negative public disclosures about Wilder, the Bank, and D[eutsche]

B[ank]'s former employees' criminal acts, and discredit those who might

accuse Deutsche Bank and the Bank's former employees of wrongdoing or

expose that wrongdoing." (Doc. 1 at 55-56, Compl. ¶ 180.)  There are no facts

alleging how the enterprise is structured.  Plaintiff does not state how the

defendants are related to each other, nor how they work together to support

the enterprise.  Neither does the complaint explain the defendants'

relationship with Wilder, or why defendants have allegedly engaged in the

enterprise.  In short, the allegations in the complaint do not support an

inference that the defendants banded together as a cohesive unit to protect

Wilder and Deutsche Bank.  "An allegation that a group of defendants has engaged in collective or parallel conduct, by itself, does not plausibly demonstrate that those defendants ever reached an understanding that they would undertake such concerted action." *Almanza*, 162 F. Supp. 3d at 1354.

Next, the allegations in the complaint do not plausibly allege a pattern of racketeering activity.  Plaintiff does not identify which alleged predicate acts of mail fraud were committed by each defendant, nor does the complaint specify when or how this alleged mail fraud was committed.  Simply put, the complaint does not contain "sufficient facts with enough specificity to show probable cause that the predicate acts were committed." *In re Cascade Int'l Secs. Litigation,* 840 F. Supp. 1558, 1582 (S.D. Fla. 1993).[10]

Because the complaint fails to present a colorable RICO claim, the nationwide service of process provision in the RICO statute does not provide

---

[10] In her response to NYU Langone's motion to dismiss, Plaintiff outlines for the first time what she considers to be the predicate acts committed by this defendant. (Doc. 92 at 17-18.)  But the Court should not consider new facts raised in a response brief. *See Joseph v. Barclays Bank Delaware*, No. 1:16-cv-00030-AT-RGV, 2016 WL 11573621, at *6-7 n.10, 11 (N.D. Ga. Aug. 5, 2016).

a basis for exercising personal jurisdiction over either New York Langone or

New York Presbyterian.[11]  *See Courboin*, 596 F. App'x at 733-34.

For the reasons explained above, the Court GRANTS NYU Langone's

and New York Presbyterian's motions to dismiss for lack of personal

jurisdiction.  (Doc. 16, 23.)  NYU Langone and New York Presbyterian are

DISMISSED WITHOUT PREJUDICE as party defendants.  Their motions to

dismiss for failure to state a claim (Doc. 16, 23) are DENIED AS MOOT.  *See,

e.g., Courboin*, 596 F. App'x at 735 (vacating the portion of the district court's

order dismissing the complaint for failure to state a claim after the district

court found no personal jurisdiction over the defendants). [12]

---

[11] In her response to New York-Presbyterian's motion to dismiss, Plaintiff
states that she "can also assert RICO claims against NYPQ under Georgia's
state RICO cause of action."  (Doc. 93 at 15.)  Even reading the complaint
liberally, there is no Georgia RICO claim asserted in it.

[12] NYU Langone moves for a pre-filing screening that would require Plaintiff
to seek leave of court before filing future litigation.  (Doc. 16-1 at 12-13.)  In
support, it states that "Ms. O'Neill has filed at least eight lawsuits in Georgia
and New York related to the same allegations of assault by Mr. Wilder."
(Doc. 16-1 at 13.)  But it does not provide citations to these other cases,
provide information about the claims raised in them, or explain why they are
meritless.  On the current record, the Court declines to impose a pre-
screening requirement.  *Cf. Johnson v. 27th Ave. Caraf, Inc.*, 9 F.4th 1300,
1318 (11th Cir. 2021) (finding a pre-screening requirement to be reasonable
where plaintiff filed over 150 lawsuits in a five-year period, and where it was
shown that he continued to raise certain claims although he "knew them to
be objectively frivolous"); *O'Neal v. Allstate Indem. Ins. Co. Inc.*, No. 20-
14712, 2021 WL 4852222, at *3-4 (11th Cir. Oct. 19, 2021) (upholding district

**B. Insufficient Service (Northside)**

Northside has moved pursuant to Federal Rule of Civil Procedure 12(b)(4) and 12(b)(5) to dismiss the complaint for insufficient service.  (Doc. 50.)  Courts apply a burden-shifting framework when evaluating motions to dismiss for insufficient service.  The initial burden is on the defendant to challenge the sufficiency of service.  *T-12 Entm't, LLC v. Young Kings Enterprises, Inc.,* 36 F. Supp. 3d 1380, 1391-92 (N.D. Ga. 2014).  If the defendant meets this burden, the plaintiff must then submit evidence to rebut it.  *Id.* at 1392.  Where the plaintiff submits such evidence, all reasonable inferences are drawn in the plaintiff's favor.  *Id.* at 1392.

As explained above, Northside submitted two affidavits to establish that Ms. Pruitt was not authorized to accept service on behalf of Northside. (Doc. 51-2, 51-3.)  Plaintiff argues in response that "[g]iven Pruitt is a secretary in the administration department at Northside, it was reasonable for the process server to assume that a secretary in administration would be

---

court's decision to permanently enjoin plaintiff from filing new actions without pre-filing leave of court, where district court: (1) cited 20 cases filed in its district, 39 cases filed in other federal district courts, and 29 federal appeals; (2) evaluated the merits of these cases, "finding many meritless and some incredible"; and (3) afforded plaintiff "multiple opportunities through hearings and briefs to show cause why he should not be sanctioned."). The motion for a prescreening requirement is DENIED without prejudice.

knowledgeable about the procedures followed in legal service and would have

followed Northside's guidelines."  (Doc. 59 at 8.)

But what the process server assumed is irrelevant.  And even if Ms.

Pruitt told Mr. Garmon she was authorized to accept service of process on

behalf of Northside Hospital, that fact would not help Plaintiff.  Federal Rule

of Civil Procedure 4(h)(1)(B) provides that a corporation, partnership, or

association may be served "by delivering a copy of the summons and of the

complaint to an officer, a managing or general agent, or any other agent

authorized by appointment or by law to receive service of process and – if the

agent is one authorized by statute and the statute so requires."  "For

service of process to be proper, the agent so served must be an actual, and not

simply an apparent, agent of the defendant."  *King v. Lumpkin*, No. 1:11-cv-

0549-WSD, 2012 WL 12888676, at *5 (N.D. Ga. Feb. 13, 2012) (internal

quotation omitted).[13]

---

[13] *See also Robinson v. Peck*, No. 1:14–cv–01628–WSD, 2014 WL 5857235, at
*3 (N.D. Ga. 2014) ("Whether Johnson agreed to accept service or not is not
consequential. . .  The determinative factor is whether the person who
accepted service was the defendant's actual agent."); *Ross v. Preston*, No.
1:08-cv-1811-WSD, 2008 WL 11334499, at * (N.D. Ga. Oct. 29, 2008) (finding
that although the defendants' personal assistant told the process server she
was authorized to accept service, service was deficient because defendants
submitted evidence the assistant did not have authority to accept service and
the plaintiff did not present any evidence in rebuttal).

Given the affidavits provided by Northside, the burden has shifted to Plaintiff to show Ms. Pruitt was authorized to accept service. *Reeves v. Wilbanks*, 542 F. App'x 742, 746 (11th Cir. 2013) (stating that when service of process is challenged, the plaintiff has the burden of proving its validity). Plaintiff fails to provide any evidence or argument that rises above the level of pure speculation to show that Ms. Pruitt was authorized to accept service for Northside.

For the foregoing reasons, the Court determines that service on Northside was deficient, and the motion to dismiss is therefore GRANTED. The claims against Northside are DISMISSED WITHOUT PREJUDICE.

Northside has also moved pursuant to Federal Rule 12(b)(6) to dismiss the complaint for failure to state a claim. Its request would require the Court to reach the merits, which it cannot do. *See Jackson v. Warden, FCC Coleman-USP*, 259 F. App'x 181, 182-83 (11th Cir. 2007) (vacating the district court's dismissal of the claims with prejudice for failure to state a claim and remanding the case for judgment dismissing the claims without prejudice for insufficient service); *Pardazi v. Cullman Med. Center,* 896 F.2d 1313, 1317 (11th Cir.1990) ("Service of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when that defendant has not been served.")  That motion is therefore DENIED.

### C. Failure to State a Claim (Grady)

Grady has moved to dismiss Plaintiff's complaint for failing to sufficiently plead her state law fraud claims.  (Doc. 24.)  In Georgia, the elements of fraud are: (1) a false representation by a defendant, (2) scienter, (3) intention to induce the plaintiff to act or refrain from acting, (4) justifiable reliance by plaintiff, and (5) damage to plaintiff.  *Next Century Commc'ns Corp. v. Ellis,* 318 F.3d 1023, 1027 (11th Cir. 2003).

As explained above, Federal Rule of Civil Procedure 9 requires that "a party must state with particularity the circumstances constituting fraud or mistake."  Fed. R. Civ. P. 9(b).  "[U]nder Rule 9(b), the Plaintiffs must allege (1) the precise statements, documents, or misrepresentations made; (2) the time, place, and person responsible for the statement; (3) the content and manner in which these statements misled the Plaintiffs; and (4) what the defendants gained by the alleged fraud."  *Brooks v. Blue Cross and Blue Shield of Florida, Inc.*, 116 F.3d 1364, 1380-81 (11th Cir. 1997).

In the complaint, Plaintiff refers to false representations she alleges that personnel at Grady made.  But she does not specify the contents or dates of the statements, or even how the statements misled her.  To give a few examples, she refers to:

35

> . . . fake information from the fake accounts set-up in messaging apps in [her] name without her knowledge or consent that [she] never used was added into her medical records along with the Trump Has Malaria Defense by hospital personnel seeking to aid and abet Wilder.  (Doc. 1 at 53, Compl. ¶171.)

She further alleges:

> The Trump Has Malaria Defense along with the fake messages from fake accounts were used as cover to ensure Defendants Grady would not collect a urine sample to include in O'Neill's rape kit. (*Id*. at 54, Compl. ¶ 173.)

Plaintiff's fraud allegations go on in this vein. Many are similarly fantastical and difficult to follow.  Put simply, the complaint fails to put defendants on notice of the nature of the fraudulent statements, who made them and when, how Plaintiff was misled, and what the hospitals gained by the alleged fraud.  !!!

Plaintiff argues that she is entitled to a relaxed pleading standard because certain information relating to this lawsuit is within the defendant's exclusive control.  *See Hill v. Morehouse Med. Assocs., Inc.*, No. 02–14429, 2003 WL 22019936, at *3 (11th Cir. Aug. 15, 2003) ("Rule 9(b)'s heightened pleading standard may be applied less stringently, however, when specific factual information [about the fraud] is peculiarly within the defendant's knowledge or control.")  (citations omitted).  But even if the Court were to apply a relaxed pleading standard, the fraud claim is not sufficiently pled.  In addition to the deficiencies discussed above, to the extent that Plaintiff

36

claims that her medical records contain fraudulent statements, her complaint makes clear that she has them in her possession.  Thus, any allegedly false representations therein are already known to her. (*Id.* at 20, 34, 40, 44, 57, Compl. ¶¶ 58, 109, 129, 139, 188.)  The Georgia fraud claim against Grady (Count 2) is insufficiently pled under either pleading standard.[14]

Grady also argues that the fraud claims are time-barred.  (Doc. 24-1 at 10.)  This argument is based on the fact that Plaintiff allegedly visited Grady's facilities on February 6, 2018, yet the summons for Grady was not issued until April 1, 2022, after the statute of limitations has expired.

In Georgia, the statute of limitations for fraud claims is four years. O.G.C.A. § 9-3-31.  *See also Willis v. City of Atlanta*, 595 S.E.2d 339, 343 (Ga. Ct. App. 2004).  "The cause of action [for fraud] accrues when a plaintiff could first institute and maintain [his] action to a successful result." *Slade v. Chrysler Corp.*, 36 F.Supp.2d 1370, 1372 (M.D. Ga. 1998) (citing *Mobley v. Murray Cty.,* 173 S.E. 680 (Ga. 1934)).

Plaintiff bases her fraud claim not just on her February 6, 2018, visit to Grady but also on Grady's alleged falsification of her medical records.  As explained above, the date of the alleged falsification is unclear, and this

---

[14] As for the federal RICO claim against Grady, the Court has explained above that it too is not pleaded with the specificity required by Rule 9.

Court is required to construe the facts in the light most favorable to Plaintiff. Thus, the allegations as presented are insufficient for the Court to determine if the claims are time-barred.

For the reasons explained above, the Court GRANTS Grady's motion to dismiss.  (Doc. 24.)  This Court is compelled by circuit precedent, however, to afford Plaintiff an opportunity to amend her complaint, particularly because she has expressed a desire to do so.  *See, e.g., Epps v. Comm'r, Alabama Dep't of Hum. Res.*, No. 22-10857, 2023 WL 2034253, at *2 (11th Cir. Feb. 16, 2023) (stating that a *pro se* plaintiff must generally be given one chance to amend the complaint before the district court dismisses the action with prejudice); *Watkins v. Hudson*, 560 F. App'x 908, 911 (11th Cir. 2014) ("A court must therefore afford a plaintiff an opportunity to amend his *pro se* complaint before dismissing with prejudice unless the plaintiff expresses a desire not to amend or an amendment would be futile.").  Any amended complaint must be filed by April 4, 2023.

Plaintiff is cautioned that any amended complaint should not be what, in this circuit, is called a "shotgun pleading."  *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018).  The current complaint has many aspects of a shotgun pleading.  The Eleventh Circuit has repeatedly held that so-called "shotgun pleadings" violate Rule 8 by "fail[ing] to one degree or another . . . to

give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Vibe Micro, Inc.*, 878 F.3d at 1295. There are four "rough types or categories" of shotgun pleadings:

> The most common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. The next most common type, at least as far as our published opinions on the subject reflect, is a complaint that does not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief. Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against. The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests.

*Weiland v. Palm Beach County Sheriff's Off.*, 792 F.3d 1313, 1321-23 (11th Cir. 2015) (internal citations omitted). The Eleventh Circuit has advised district courts against tolerating such pleadings on several grounds, including that they make it difficult to anticipate and control the scope of discovery, and "wreak havoc on appellate court dockets." *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 983 (11th Cir. 2008), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).

## VII. Plaintiff's Motion to Compel (Doc. 58)

Plaintiff has filed a motion to compel defendants to respond to various questions and produce various documents.  (Do. 58.)  Defendants filed responses in opposition, arguing that (1) the motion is premature because discovery has not yet begun and (2) the motion is procedurally improper because it seeks documents and information Plaintiff requested outside of this litigation.  (Doc. 61, 63, 64, 65, 71.)

Federal Rule of Civil Procedure 37(a)(1) provides that a party may move for an order compelling disclosure or discovery.  Motions to compel that are filed before the start of discovery are generally considered premature. *See e.g., Robinson v. Johnson*, No.: 6:19-cv-53, 2020 WL 8621521, at *1 (S.D. Ga. Sept. 9, 2020) (denying the plaintiff's motion to compel as premature and noting that the plaintiff can request production of documents and evidence after discovery starts); *Zambuto v. County of Broward*, No. 08–61561–CIV, 2009 WL 546431, at *2 (S.D. Fla. Mar. 4, 2009) (same).  Discovery has not started, and Plaintiff has not provided a sufficient reason why the requested documents are needed imminently.[15]

---

[15] Pursuant to Local Rule 26.2, NDGa, "[t]he discovery period shall commence thirty days after the appearance of the first defendant by answer to the complaint, unless the parties mutually consent to begin earlier."  No answers have been filed, and discovery has not begun.

Plaintiff's motion to compel is accordingly DENIED AS PREMATURE.

(Doc. 58.)

## VIII. Plaintiff's Motions for Permanent Injunctions (Doc. 86, 87, 103)

Plaintiff filed three motions seeking permanent injunctions against the

defendant hospitals. (Doc. 86, 87, 103.)  Two of the motions are identical.

(Doc. 86, 87.)   Those motions seek, among other things, to enjoin Grady and

Northside from withholding information from Plaintiff related to her medical

records.   Grady and Northside filed responses (Doc. 96, 97), and Plaintiff has

filed a reply (Doc. 108.)  Plaintiff's third motion for an injunction seeks to

similarly enjoin NYU Langone, Beth Israel, and New York-Presbyterian and

seeks the same information as requested in Plaintiff's motion to compel and

motion for injunction against Grady and Northside.  (Doc. 103.)

A plaintiff is entitled to a permanent injunction if it can demonstrate:

> (1) that it has suffered an irreparable injury; (2) that remedies
> available at law, such as monetary damages, are inadequate to
> compensate for that injury; (3) considering the balance of
> hardship between the plaintiff and defendant, a remedy in equity
> is warranted; and (4) that the public interest would not be
> disserved by a permanent injunction.

*Angel Flight of Ga., Inc. v. Angel Flight of Am., Inc.*, 522 F.3d 1200, 1208

(11th Cir. 2008).  Plaintiff has not established that she has suffered an

irreparable injury.  She has received medical records from the defendants,

and should this case proceed to the discovery phase, she will have an opportunity to request additional documents and information.  In weighing the balance of hardships, the Court finds that requiring the defendants to comply with Plaintiff's broad requests before discovery starts would present a hardship for defendants.  Furthermore, many of the defendants have now been dismissed and an injunction would not serve the public interest. Plaintiff's motions for permanent injunction are DENIED.  (Doc. 86, 87, 103.) Her requests for an evidentiary hearing on the injunction motions are also DENIED.  (Doc. 86, 87, 103.)

## IX. Conclusion

The rulings in this order are summarized as follows:

- College Park Police Department is DISMISSED WITHOUT PREJUDICE pursuant to Rule 4(m).  The Clerk is DIRECTED to terminate College Park Police Department as a defendant in this case.

- New York-Presbyterian's motion to strike the amended complaint is GRANTED.  (Doc. 100).  The Clerk is DIRECTED to STRIKE the amended complaint from the record.  (Doc. 69.)

- Beth Israel's motion to set aside the Clerk's entry of default is GRANTED.  (Doc. 55.)  The Clerk is DIRECTED to SET ASIDE

42

the default that was entered as to Beth Israel on July 20, 2022,

and to file Beth Israel's motion to dismiss (Doc. 55-3) as of the

date of this order.  Plaintiff shall have until April 18, 2023, to file

any response to the motion to dismiss and Beth Israel shall have

until April 25, 2023, to file any reply.

- Beth Israel's motion for clarification is GRANTED. (Doc. 83.)

- Plaintiff's motion for an evidentiary hearing and issuance of a
  subpoena to process server Jason Garmon is DENIED.  (Doc. 79.)

- Northside's motion to set aside the Clerk's entry of default is
  GRANTED.  (Doc. 51.)  The Clerk is DIRECTED to SET ASIDE
  the default that was entered as to Northside on July 20, 2022.

- NYU Langone and New York-Presbyterian's motions to dismiss
  for lack of personal jurisdiction are GRANTED.  (Doc. 16, 23.)
  NYU Langone and New York-Presbyterian are DISMISSED
  WITHOUT PREJUDICE.  Their motions to dismiss for failure to
  state a claim are DENIED AS MOOT.  (Doc. 16, 23.)  NYU
  Langone's motion for a prescreening requirement is DENIED.
  (Doc. 16.)

- Grady's motion to dismiss the complaint for failure to state a
  claim is GRANTED.  (Doc. 24.)  However, because Plaintiff is *pro*

43

*se*, the Court must afford her an opportunity to amend her complaint.  Any amended complaint must be filed by April 4, 2023, and it must comply with the instructions set forth in this order.  Plaintiff is CAUTIONED that this Court will dismiss any amended complaint that fails to comply with these instructions.

- Northside's motion to dismiss for insufficient service is GRANTED.  (Doc. 50.)  The claims against Northside are DISMISSED WITHOUT PREJUDICE.  Northside's motion to dismiss pursuant to Federal Rule 12(b)(6) for failure to state a claim is DENIED. (Doc. 50.)

- Plaintiff's motion to compel is DENIED AS PREMATURE.  (Doc. 58.)

- Plaintiff's motions for permanent injunction are DENIED.  (Doc. 86, 87, 103.)  Plaintiff's motions for an evidentiary hearing are also DENIED.  (Doc. 86, 87, 103.)

**SO ORDERED** this 14th day of March, 2023.


SARAH E. GERAGHTY
United States District Judge

44

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

APR 1 3 2023

KEVIN P. WEIMER, Clerk
B: _____ Deputy Clerk

MAURA O'NEILL,

      Plaintiff,

v.

NYU LANGONE HOSPITALS,
NEW YORK- PRESBYTERIAN
HOSPITAL QUEENS, LENOX
HILL HOSPITAL, GRADY
MEMORIAL HOSPITAL
CORPORATION, MOUNT SINAI
BETH ISRAEL, NORTHSIDE
HOSPITAL, INC., COLLEGE
PARK POLICE DEPARTMENT,

      Defendants.

CIVIL ACTION FILE NO.:
1:22-cv-00011-SEG

Maura O'Neill appeals to the United States Court of Appeals for the 11th Circuit from the final judgment entered on March 14, 2023.

Dated: Arlington, VA
April 11, 2023

Respectfully submitted,

BY: _Maura O'Neill_____
Maura O'Neill, Plaintiff
601 King Street, Suite 200-#465
Alexandria, VA 22314
moneill@rahillco.com